unserved "discovery declaration" (the "Ghost Motion") and intentionally failed to serve Plaintiff or her counsel in direct violation of California Rule of Court (CRC) 5.125. By intentionally hiding this filing from the docket's service record (**Exhibit 6, Attachment E**), Defendants manufactured a false record of non-compliance. Similarly, throughout 2024 and 2025, Defendants systematically withheld signed Findings and Orders After Hearing (FOAHs) from Plaintiff, preventing her from discovering, reviewing, or objecting to the fraudulent court orders being used to execute asset siphoning.

• **The "Shadow Architect" Ghostwriting Fraud:** Defendants further perpetrated this fraud by maintaining the false pretense that Petitioner Truitt was appearing *pro per* following Defendant Saatjian's tactical withdrawal in January 2026. In reality, Defendant Saatjian continued and continues to act as the "Shadow Architect," ghostwriting complex trial briefs, declarations, and exhibits while allowing Truitt to exploit the benefits of *pro per* status (evasion of Rule 11 accountability and claiming indigence to the state court). This ongoing deception constitutes a persistent fraud upon the Court, as it hides the true operational control of the Enterprise and prevents judicial oversight of the filings. (Exhibits 9, 12).

• **The Unconstitutional Privilege Stripping:** Defendants executed a multi-month scheme of extrinsic fraud to unlawfully pierce Plaintiff's attorney-client

-270-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

privilege. Despite an explicit March 18, 2025, oral ruling preserving the privilege, Defendant submitted fabricated false FOAHs, ultimately coercing the unconstitutional disclosure of unredacted defense billing records. When Plaintiff sought a protective stay from the California Supreme Court, Defendant committed explicit Fraud Upon the Court on July 8, 2025, by actively lying to the tribunal, falsely representing that the Supreme Court had already denied Plaintiff's petition. Defendant subsequently weaponized Plaintiff's own stolen privileged communications to procure $10,000 in void sanctions. (Exhibits 1, 6, 8, 14, 16, 17).

• **The Unconstitutional Taking & Financial Lockout:** Through the procurement of void bifurcations and the unauthorized $150,000 transfer, Defendants executed an unconstitutional taking of the marital estate. Defendants systematically locked Plaintiff out of a multi-million dollar estate, preventing access to borrowing, credit, and the liquidity required to retain counsel. This was a deliberate "starvation" tactic designed to destroy the Plaintiff's credit, exhaust her retirement, and preclude her from seizing investment opportunities, all while forcing her to self-represent against a professional Enterprise. (Exhibits 5, 6, 11, 14, 15, 16, 17).

• **Appellate Obstruction & The "Vexatious Litigant" Gag:** Defendants utilized the unconstitutional "Vexatious Litigant" (VL) order as an instrument of fraud.

-271-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

By misrepresenting Plaintiff's litigation history to the trial court, they procured a gag order specifically designed to strip Plaintiff of her 1st Amendment right to petition, thereby obstructing appellate relief. Defendants coupled this with explicit appellate obstruction—refusing to submit the orders necessary for the Court of Appeal to perfect Plaintiff's appeals—thereby creating a procedural trap to finalize their theft before the appellate court could intervene. (Exhibits 7, 13, 16).

• **Coercion and Attorney Capture:** Defendants utilized extreme psychological coercion and extortion as a tool of fraud. Defendants Schulman and Blado specifically threatened to abandon the Plaintiff mid-litigation unless she signed stipulations ratifying their theft or "took the blame" for the Enterprise's procedural traps. By forcing these signatures under the duress of abandonment, Defendants obtained fraudulent "consents" which they subsequently filed with the Court to mask their extrinsic fraud. (Exhibits 3, 6, 14). **Saatjian's Threats:** Defendant Saatjian explicitly threatened the Plaintiff with District Attorney prosecution, jail, and the loss of custody of her son. These threats are confirmed as extortionate per *Flatley v. Mauro* by legal ethics expert Edward J. McIntyre (Exhibit 3, 4).

193. **The "Shadow Architect" Ghostwriting Fraud:** Defendants further perpetrated this fraud by maintaining the false pretense that Petitioner Truitt was

-272-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

appearing *in pro per* following Defendant Saatjian's tactical withdrawal in January 2026. In reality, Defendant Saatjian continued and continues to act as the "Shadow Architect," ghostwriting complex trial briefs, declarations, and exhibits while allowing Truitt to exploit the benefits of *pro per* status (evasion of Rule 11 accountability and claiming indigence to the state court). This ongoing deception constitutes a persistent fraud upon the Court, as it hides the true operational control of the Enterprise and prevents judicial oversight of the filings. (Exhibits 9, 12).

194. **The Unconstitutional Privilege Stripping:** Defendants executed a multi-month scheme of extrinsic fraud to unlawfully pierce Plaintiff's attorney-client privilege. Despite an explicit March 18, 2025, oral ruling preserving the privilege, Defendant submitted fabricated false FOAHs, ultimately coercing the unconstitutional disclosure of unredacted defense billing records. When Plaintiff sought a protective stay from the California Supreme Court, Defendant committed explicit Fraud Upon the Court on July 8, 2025, by actively lying to the tribunal, falsely representing that the Supreme Court had already denied Plaintiff's petition. Defendant subsequently weaponized Plaintiff's own stolen privileged communications to procure $10,000 in void sanctions. (Exhibits 1, 6, 8, 14, 16, 17).

195. **The Unconstitutional Taking & Financial Lockout:** Through the procurement of void bifurcations and the unauthorized $150,000 transfer,

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

Defendants executed an unconstitutional taking of the marital estate. Defendants systematically locked Plaintiff out of a multi-million dollar estate, preventing access to borrowing, credit, and the liquidity required to retain counsel. This was a deliberate "starvation" tactic designed to destroy the Plaintiff's credit, exhaust her retirement, and preclude her from seizing investment opportunities, all while forcing her to self-represent against a professional Enterprise. (Exhibits 5, 6, 11, 14, 15, 16, 17).

**196. Appellate Obstruction & The "Vexatious Litigant" Gag:** Defendants utilized the unconstitutional "Vexatious Litigant" (VL) order as an instrument of fraud. By misrepresenting Plaintiff's litigation history to the trial court, they procured a gag order specifically designed to strip Plaintiff of her 1st Amendment right to petition, thereby obstructing appellate relief. Defendants coupled this with explicit appellate obstruction—refusing to submit the orders necessary for the Court of Appeal to perfect Plaintiff's appeals—thereby creating a procedural trap to finalize their theft before the appellate court could intervene. (Exhibits 7, 13, 16).

**197. Coercion and Attorney Capture:** Defendants utilized extreme psychological coercion and extortion as a tool of fraud. Defendants Schulman and Blado specifically threatened to abandon the Plaintiff mid-litigation unless she signed stipulations ratifying their theft or "took the blame" for the Enterprise's procedural traps. By forcing these signatures under the duress of abandonment,

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

Defendants obtained fraudulent "consents" which they subsequently filed with the Court to mask their extrinsic fraud. (Exhibits 3, 6, 14). **Saatjian's Threats:** Defendant Saatjian explicitly threatened the Plaintiff with District Attorney prosecution, jail, and the loss of custody of her son. These threats are confirmed as extortionate per *Flatley v. Mauro* by legal ethics expert Edward J. McIntyre (Exhibit 3, 4).

**197a. Damages, Coercion & Civil Liability:** As a direct and proximate result of the Defendants' extreme psychological coercion, attorney capture, extortionate threats, and coordinated acts of duress, Plaintiff suffered severe and continuous injuries to her personal well-being, business, and property. Under applicable federal and state laws, Plaintiff is entitled to full legal remedies, statutory damages, treble damages where applicable, and civil liability against all participating Defendants for these coercive torts, civil rights violations, and underlying predicate acts. (Extortion / Coercion / Fiduciary Breach / Fraudulent Inducement / RICO Predicate Acts) (Exhibits 1 through 20; Section VIII).

**197b. Damages, Direct Proximate Causation, and Civil Liability:** Plaintiff reasonably relied to her detriment upon the integrity of the judicial filings, court records, and the fiduciary duties owed by her legal counsel (Schulman and Blado). Believing that legal proceedings would adhere to statutory disclosure mandates and truthful disclosures, Plaintiff was fraudulently induced into a state of structural

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

defenselessness. This direct reliance and the ensuing deceit proximately caused catastrophic concrete damages, including:

- (1) the direct loss of the **$150,000 unauthorized wire transfer** siphoned from the community estate into Schulman's trust account in October 2024;

- (2) the direct loss of **$115,000** extracted via the forged May 15 and June 24, 2025 FOAHs; and

- (3) the catastrophic forfeiture of Plaintiff's high-level executive career trajectory—specifically the **Executive Vice President (VP) position at State Street Bank** and an elite executive consulting contract with the Fellsway Group—which were forcibly destroyed when the Enterprise's fraudulent sabotage of the Boston relocation trapped Plaintiff in San Diego.

As a direct and proximate result of the Defendants' extreme psychological coercion, attorney capture, extortionate threats, fraudulent inducements, and coordinated acts of duress, Plaintiff suffered severe and continuous injuries to her personal well-being, business, and property. Under applicable federal and state laws, Plaintiff is entitled to full legal remedies, statutory damages, treble damages where applicable, and civil liability against all participating Defendants for these coercive torts, civil rights violations, and underlying predicate acts. (Extortion /

-276-

Coercion / Fiduciary Breach / Fraudulent Inducement / RICO Predicate Acts)

(Exhibits 1 through 20; Section VIII).

## COUNT V: ABUSE OF PROCESS

**(Against ALL Defendants )**

**198. Re-allegation:** Plaintiff re-alleges and incorporates by reference all preceding paragraphs. Plaintiff re-alleges and incorporates by reference all preceding paragraphs. The chronological record of severe emotional distress, terror of imminent homelessness, unconstitutional prior restraints, and procedural due process deprivations itemized in **Exhibit 2** is incorporated herein by reference as the factual and evidentiary foundation establishing the extreme and outrageous conduct, ulterior purposes, and constitutional violations underlying this Count. Defendants committed a severe abuse of process by willfully weaponizing legal procedures for improper, ulterior purposes.

**199. Weaponization of Court Procedures:** Defendants did not utilize court procedures to seek justice; they weaponized them to extort Plaintiff, lock her out of her marital estate, and churn unconscionable fees. By intentionally violating California Rule of Court 5.125 to submit unserved orders, fabricating the FL-180 bifurcation to bypass mandatory disclosures, and utilizing a retaliatory "Vexatious

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

Litigant" motion strictly to silence Plaintiff's exposure of their forgery, Defendants fundamentally corrupted the judicial mechanism.

**200. Ghostwriting as Abuse:** The Enterprise utilized Saatjian's continued, clandestine "ghostwriting" as a core instrument of abuse. By secretly drafting filings, Defendants circumvented ethical scrutiny and avoided professional liability for the malicious, unserved motions filed in the Petitioner's name. This shadow representation allowed the Enterprise to manipulate the trial court while evading the signature accountability and ethical duties required under the California Rules of Court.

**201. Obstruction of Justice and Bad-Faith Delay:** The entire Enterprise— including Defendants Saatjian, Schulman, Blado, and their respective law firms— engaged in a coordinated, multi-front campaign to obstruct justice and systematically circumvent the rule of law. The acts of obstruction, perjury, and bad-faith delay detailed herein are illustrative and not exhaustive; the full scope of the Enterprise's ongoing racketeering activities and its systemic corruption of the judicial process will be fully demonstrated through discovery and presented in detail at trial. (Exhibits 1, 5, 8, 13, 14, 16, 17). This obstruction includes:

- **Perjury, Forgery, and Systematic Deception:** The Enterprise maintained its racketeering activity through a continuous stream of perjury to the tribunal. This includes: (a) Defendant Saatjian's December 2, 2025,

-278-

perjurious declaration denying an active DA investigation; (b) the July 8, 2025, explicit lie in open court where Defendants falsely represented that the California Supreme Court had denied Plaintiff's petition to stay proceedings; and (c) the continuous filing of perjurious FL-180 bifurcation forms and forged FOAHs. These were not mere mistakes; they were calculated lies designed to validate void orders and extract funds from the frozen estate.

- **Weaponization of Status and Service Rules (CRC 5.125):** Defendants leveraged their status as "prestigious" legal practitioners to systematically bypass the adversarial process. By intentionally violating California Rule of Court 5.125 and failing to serve the Plaintiff with motions and orders, they prevented the Plaintiff from ever having an opportunity to contest their illegal filings. They exploited the Court's implicit trust in their professional status to procure "ex parte" results that violated statutory rights, effectively weaponizing their position to ensure the Plaintiff remained in deliberate ignorance of the proceedings.

- **Defiance of Appellate Divestiture (CCP § 916):** Despite the mandatory stay of proceedings created by the filing of Notices of Appeal (CCP § 916), the Enterprise—leveraging Defendant Saatjian's ongoing, clandestine ghostwriting—actively pressured the trial court to continue the "sham trial." By utilizing these shadow-drafted filings, the Enterprise successfully

-279-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

manipulated the tribunal while maintaining the false pretense of *pro per* status, thereby evading Rule 11 accountability. This calculated deception induced the trial court to ignore its jurisdictional divestiture, intentionally creating a procedural trap designed to finalize the Enterprise's theft of the estate before the appellate court could vacate the underlying void orders.

- **Obstructive Tactics in Malpractice Litigation:** In the concurrent Malpractice Action, the Enterprise weaponized the unconstitutional "Vexatious Litigant" (VL) status they fraudulently procured. By moving for —and obtaining—unconscionable "security bonds" in the malpractice case, the Defendants utilized the VL gag to effectively block the Plaintiff from accessing discovery or presenting evidence of the Enterprise's racketeering, a textbook Abuse of Process.

- **The Principle of *Civil Code 3517*:** The Enterprise is engaged in a gross violation of the maxim *nullus commodum capere de sua injuria propria* (no one can profit from their own wrong). The Defendants themselves orchestrated the fraud that led to the Plaintiff's "Vexatious Litigant" status; they now use that same status as a shield to block discovery and obstruct justice in the Malpractice case. They are actively profiting from the procedural "injuries" they created.

-280-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **Bad-Faith Stalling:** Defendants' filing of a Demurrer and Motion to Strike on July 16, 2026, constitutes a transparent attempt to stall proceedings and circumvent this Court's July 6, 2026, Order requiring them to answer the merits. This strategic delay, combined with the intentional withholding of drafted orders in late 2025, constitutes a calculated procedural trap engineered to run out appellate clocks and obstruct Plaintiff's access to justice. (Exhibits 1, 5, 8, 13, 14, 16, 17).

**201a. The VL Gag as Abuse of Process:** Defendants' utilization of the "Vexatious Litigant" motion was a quintessential abuse of process. The motion was not brought in good faith to protect the court; it was brought with the specific, ulterior purpose of silencing the Plaintiff to hide the Enterprise's forgeries and fee-extraction scheme. Using the court's own order to gag a victim of fraud is an abuse of the judicial mechanism that transforms the tribunal into a tool of the racketeering enterprise (Exhibits 7, 8, 10, 16).

**201b. Damages, Abuse of Process & Civil Liability:** As a direct and proximate result of the Defendants' malicious abuse of process, unconstitutional prior restraints, and weaponization of court mechanisms to conceal their underlying predicate acts and thefts, Plaintiff suffered severe and continuous injuries to her business, property, and constitutional rights. Under applicable federal and state laws, Plaintiff is entitled to full legal remedies, statutory damages,

-281-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

treble damages where applicable, and civil liability against all participating Defendants for these tortious acts and civil rights violations. (Abuse of Process / Civil Rights Violations / Fraudulent Concealment / RICO Predicate Acts) (Exhibits 1 through 20; Section VIII).

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

## (Against ALL Defendants)

202. **Re-allegation:** Plaintiff re-alleges and incorporates by reference all preceding paragraphs. Plaintiff re-alleges and incorporates by reference all preceding paragraphs. The chronological record of severe emotional distress, terror of imminent homelessness, unconstitutional prior restraints, and procedural due process deprivations itemized in **Exhibit 2** is incorporated herein by reference as the factual and evidentiary foundation establishing the extreme and outrageous conduct, ulterior purposes, and constitutional violations underlying this CountThe conduct of Defendants was extreme, outrageous, and exceeded all bounds of human decency, executed with the specific intent and/or reckless disregard of the probability to cause severe emotional suffering. (Exhibit 2).

203. **Psychological Terror:** Defendants systematically transmitted written, extortionate threats of criminal prosecution and incarceration to inflict severe

-282-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

psychological distress. As verified by expert testimony, this conduct constitutes a gross violation of the Rules of Professional Conduct and extortion as a matter of law (Exhibit 3). Defendant Saatjian escalated this psychological terror by engineering a state-created danger: orchestrating a forced vehicle exchange while deliberately concealing over $10,000 in severe mechanical defects. When this engineered mechanical failure foreseeably delayed Plaintiff, Defendant weaponized the crisis to transmit written threats of custody deprivation.

**204. Weaponization of Parental Bonds:** Furthermore, Defendants weaponized the minor child's medical and educational stability as financial leverage. By orchestrating a unilateral relocation to Vista and forcing un-noticed, invasive medical vaccinations while Plaintiff was financially paralyzed, Defendants utilized extreme psychological coercion to interfere with Plaintiff's parental bonds. This culminated on January 5, 2026, with the commission of perjury to fraudulently procure an order for law enforcement (Sheriff) intervention, maliciously engineering the imminent threat of armed state violence against Plaintiff. (Exhibits 2, 12, 13).

**204a. The VL Gag as Psychological Terror:** The Enterprise utilized the VL gag order as an instrument of psychological terror. By successfully stripping the Plaintiff of her right to be heard, they trapped her in a cycle of helplessness, knowing she was being defrauded yet legally barred from presenting the evidence

-283-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

of that fraud. This "legal silencing" was intentionally designed to cause, and did cause, profound psychological distress, as it placed the Plaintiff in the position of watching her rights and property be dismantled while she was held gagged by the court (Exhibits 1, 2, 8).

**204b. Threat to Judicial Integrity:** The Defendants' conduct, if left unpunished, fundamentally erodes the integrity of the judicial process. By demonstrating that "prestigious" legal firms can weaponize court orders, manipulate the DA/sheriff's office, and utilize extortion to strip a litigant of her rights including parental rights without consequence, the Enterprise has created a precedent of impunity. This conduct does not merely injure the Plaintiff; it transforms the courtroom from a place of justice into a theater of state-sanctioned harassment. The court's failure to act would validate the Enterprise's belief that they are above the law, thereby inviting future racketeering and systemic abuse. (All Exhibits).

**204c. Cumulative Impact and Permanent Injury:** The totality of these acts—the financial ruin, the extortionate threats, the weaponization of the child, and the court-enforced silence—was calculated to cause, and did cause, the total annihilation of the Plaintiff's peace of mind and sense of security. The Plaintiff has suffered severe, ongoing emotional distress manifested in physical and psychological trauma, the long-term impact of which on her and the minor child is immeasurable. The Defendants acted with the specific intent to destroy the Plaintiff

-284-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

as a viable litigant, and they did so with a level of malice that shocks the conscience, necessitating punitive damages to deter such extreme and outrageous conduct in the future.

**204d. Damages, Severe Emotional Distress & Exhibit Cross-Reference:** As a direct and proximate result of the Defendants' extreme and outrageous conduct, psychological terror, weaponization of parental bonds, extortionate threats, and court-enforced silence, Plaintiff suffered severe, debilitating emotional distress, physical manifestations of trauma, and profound personal injury. Under applicable law, Plaintiff is entitled to full legal remedies, compensatory damages, and punitive damages against all participating Defendants to punish and deter such unconscionable conduct. (Intentional Infliction of Emotional Distress / Outrageous Conduct / Punitive Damages) (Exhibits 1 through 20; Section VIII).

**205. Summary of Claims and Legal Claims Matrix**

The following table and summary encapsulate the Enterprise's coordinated efforts to defraud the Plaintiff, obstruct justice, and systematically strip her of her rights and property.

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

## Summary of Claims and Legal Claims Matrix

| Cause of Action | Core Allegation | Primary Evidence (Exhibits & Matrices) | Legal Threshold / Statute |
|---|---|---|---|
| Count I: Civil RICO | Systematic looting & fee-churning; "Ghost Motions" to facilitate fraud, administrative blockades, and sham trials. | Matrix A(SECTION VIII), Exhibits 1, 2, 3, 5, 6, 6A, 6B, 6C, 6D, 6E, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20 | 18 U.S.C. § 1962(c) |
| Count II: RICO Conspiracy | Coordinated division of labor (Architect/Conduit/Suppressor) to hide theft, launder funds, and subvert justice/appeal. | Matrix A(SECTION VIII), Exhibits 1, 2, 3, 4, 6, 6B, 6C, 6D, 6E, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20 | 18 U.S.C. § 1962(d) |
| Count III: Civil Rights (Bane Act) | Use of threats (DA/Jail) & "VL" gag orders to block access to courts and suppress whistleblower advocacy. | Exhibits 1, 2, 3, 4, 7, 8, 9, 13, 14, 19, 20 | Cal. Civ. Code § 52.1 |
| Count IV: Common Law Fraud (Extrinsic) | Intentional bypass of adversarial process; ghostwriting fraud, FL-180 perjury, and FOAH forgeries. | Matrix A(SECTION VIII), Exhibits 1, 2, 3, 5, 6, 6A, 6E, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20 | Common Law Fraud |
| Count V: Abuse of Process | Weaponization of filings (VL gag, Ghost Motions, security bonds) for ulterior extortion goals. | Exhibits 1, 2, 6, 7, 8, 9, 10, 13, 14, 16, 17, 19, 20 | Abuse of Process |
| Count VI: IIED | Extortionate threats (Custody/Jail), psychological terror, and engineered mechanical failures. | Exhibits 1, 2, 3, 4, 7, 12, 13, 14, 19, 20 | IIED (Extreme/ Outrageous) |

-286-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

**206. Summary Statement of Claims:** This Complaint is not merely an accounting of individual torts; it is a chronicle of a systemic assault on the judicial process. The Defendants, acting as a cohesive Racketeering Enterprise, have systematically dismantled the Plaintiff's ability to access the courts while simultaneously leveraging the court's own processes to facilitate the looting of her estate. By ghostwriting filings, manufacturing procedural "black holes" (such as the Vexatious Litigant gag), and committing perjury to conceal the underlying fraud, the Defendants have transformed the tribunal into a theater of state-sanctioned harassment. This action seeks to dismantle that Enterprise and restore the fundamental integrity of the judicial proceedings that have been subverted.

**207. Conclusion of Causes of Action:** The ongoing "sham trial" and the Enterprise's procedural traps represent an active, hourly deprivation of the Plaintiff's civil and constitutional rights. Each day the Enterprise is permitted to proceed, the Plaintiff suffers irreparable harm, both through the continued depletion of her remaining assets and the further erosion of her parental and constitutional rights. The integrity of the judicial system requires that these actions be exposed and punished. Consequently, Plaintiff respectfully requests that this Court intervene to halt these racketeering activities, vacate the fraudulent orders obtained through extrinsic fraud, and award damages as set forth in the Prayer for Relief.

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

## V. MASTER LITIGATION MATRIX

**208. Overview of Racketeering Activity:** The systematic nature of the misconduct described in the preceding Counts—ranging from pervasive wire fraud and document forgery to the deliberate intentional infliction of emotional distress—establishes that these actions were not mere 'litigation conduct' or isolated professional errors. Instead, they constitute a coordinated criminal campaign carried out by an 'Association-in-Fact' Enterprise. To facilitate the Court's review of this pattern of racketeering activity, the following matrix consolidates the Enterprise's predicate acts, identifying the federal statutes violated and the independent evidentiary record that validates each act as a component of a singular, criminal Association-in-Fact.

**Note:** Under 18 U.S.C. § 1962(d), each Defendant is jointly and severally liable for the collective racketeering activities of the Enterprise, having entered into a "meeting of the minds" to achieve the unified criminal objective of asset extraction and procedural subversion.

.

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

## MASTER LITIGATION MATRIX (COMPREHENSIVE RICO PREDICATE & EVIDENCE INDEX)

| Predicate Act / RICO Violation | Primary Actors | RICO / Federal Statute & Legal Basis | Key Exhibits & Section VIII Integration (Exs. 1–20) | Judicial Validation, Dockets & Court Context |
|---|---|---|---|---|
| **Financial Racketeering, Wire Fraud & Embezzlement** | Saatjian, Schulman, Blado | 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1346 (Honest Services); 18 U.S.C. § 666 (Embezzlement); 18 U.S.C. § 1956 (Money Laundering) | **Section VIII (Master Forensic Matrix A & RICO Claim Matrix)**; Ex. 1 (RICO Ledger); Ex. 2; Ex. 5; Ex. 6 (Att. A, B, D, E); Ex. 10; Ex. 12 (Addleman Forensic Analysis); Exs. 15–18. | **Exhibit 10** (July 6, 2026 Minute Order in *Lancranjan v. Schulman*, Case No. 37-2025-00054361-CU-PN-CTL / Ref: 25CU054361C finding a "meritorious dispute" regarding unauthorized $150k and $115k transfers); Federal RICO Action Case No. 26-CV-02817-BAS-VET. |

-289-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | | |
|---|---|---|---|---|
| **Forged Judicial Instruments & Criminal Forgery** | Saatjian, Schulman, Blado | 18 U.S.C. § 1503 (Obstruction of Justice); 18 U.S.C. § 1621 (Perjury); California Penal Code § 470 (Forgery) | **Section VIII (Master Forensic Matrix A);** Ex. 1; Ex. 3 (McIntyre Ethics Declaration); Ex. 5 (Perjured FL-180 Disclosures); Ex. 6 (Att. A, C, E); Ex. 10; Ex. 14. | **Exhibit 10** validation of forged May 15 and June 24, 2025 FOAHs and false discovery declarations; Active appellate review under Case No. D086958 for extrinsic fraud (*Kougasian v. TMSL*). |
| **Hobbs Act Extortion & Witness Intimidation** | Saatjian, Schulman, Blado | 18 U.S.C. § 1951 (Hobbs Act Extortion); 18 U.S.C. § 1512 (Witness Tampering & Retaliation) | **Section VIII (Master Forensic Matrix A & Supplemental Mappings);** Ex. 1; Ex. 2; Ex. 3 (Ethics Decl. re *Flatley v. Mauro*); Ex. 4 (DA Notice); Ex. 7 (Extortionate Emails); Ex. 12; Ex. 13 (Lee Decl.); Ex. 20. | **Exhibit 3** (Evaluated as "Moral Turpitude" and criminal extortion by expert Edward J. McIntyre); **Exhibit 4** (District Attorney investigation confirmation); Concurrent Federal Civil Rights Action Case No. 26-CV-03765-JES-DEB. |

-290-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Procedural Gagging & Vexatious Litigant (VL) Weaponization | Enterprise Actors & Tribunal Participants | 18 U.S.C. § 1962(c) (Conduct of Enterprise); 42 U.S.C. § 1983; First Amendment Right to Petition | Section VIII (Master Forensic Matrix A); Ex. 1; Ex. 8 (Vexatious Litigant Order / Form VL-115); Ex. 9; Ex. 14; Ex. 19; Ex. 20 (Administrative Blockades & TrueFiling Rejections). | Exhibit 8 (Unconstitutional prior restraint used to suppress whistleblower disclosures); Case No. D086958 (COA Review Grant); Case No. 26-CV-03765-JES-DEB. |
|---|---|---|---|---|
| Obstruction of Justice & Evidence Suppression | All Defendants & Subordinate Actors | 18 U.S.C. § 1503 (Obstruction of Justice); 18 U.S.C. § 1346 (Honest Services Fraud); *Jameson v. Desta* (Court Reporter Violations) | Section VIII (Master Forensic Matrix A); Ex. 1; Ex. 2; Ex. 6 (Att. C); Ex. 8; Ex. 9; Ex. 10; Ex. 12; Ex. 13; Exs. 15–17 (Trial Transcripts); Ex. 19; Ex. 20 (Unrecorded Hearings & Phantom Dockets). | Exhibit 10; Case No. D086958; ongoing state trial court tracks operating in rogue defiance of mandatory statutory stays (CCP § 916). |

-291-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | | |
|---|---|---|---|---|
| **Comprehensive RICO Conspiracy** | All Defendants (Saatjian, Schulman, Blado) | 18 U.S.C. § 1962(d) (RICO Conspiracy); 18 U.S.C. § 1964(c) (Civil Treble Damages) | **Section VIII (Comprehensive Master Forensic Matrix A & RICO Claim Matrices);** Master Exhibits 1 through 20 (Complete Cross-Docket Evidentiary File). | **Exhibit 10** (Judicial validation of coordination); Meeting of the Minds across Family Court (Case No. 23FL000584C), Malpractice Actions (*Lancranjan v. Schulman*, Case No. 25CU054361C; *Lancranjan v. Blado*, Case No. 25CU055956C), Appellate Review (Case No. D086958), Civil Rights (Case No. 26-CV-03765-JES-DEB), and Federal RICO Action (Case No. 26-CV-02817-BAS-VET). |

**209. Summary of Evidence:** The summary provided in the Matrix above confirms that the Enterprise's operations were not merely 'litigation conduct' deserving of deference, but a sustained pattern of federal crimes. This evidentiary record establishes that the Enterprise relied upon the consistent suppression of truth to function. The necessity of federal intervention is therefore not merely a matter of civil dispute, but a constitutional imperative to preserve the integrity of the judicial process.

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

## VI. CONCLUSION: THE NECESSITY OF FEDERAL INTERVENTION

**210. The Hijacking of Justice:** The Plaintiff has presented a clear and convincing record of a professional Enterprise that has hijacked the judicial machinery of the state trial court to commit large-scale financial fraud, civil rights violations, and obstruction of justice. The Defendants have demonstrated that they will not stop of their own volition; their pattern of behavior shows that they view court orders not as mandates, but as obstacles to be bypassed through perjury, forgery, and extortion.

**211. The Subversion of the State Tribunal:** Because the state tribunal has been effectively subverted by the Enterprise's "Shadow Architect" ghostwriting and the weaponization of unconstitutional "Vexatious Litigant" (VL) gag orders, the Plaintiff has been stripped of the ability to protect her own interests through traditional state-court appellate channels. The Enterprise is currently utilizing the Court's own authority to finish the destruction of the Plaintiff's remaining estate and rights.

**212. The Mockery of the Legal Profession:** Most egregiously, this Enterprise is comprised of licensed attorneys and "prestigious" firms—officers of the court sworn to uphold the law—who have instead made a mockery of their profession. They have transformed their legal licensure into a shield for racketeering, leveraging the Court's implicit trust in their status to commit extrinsic fraud and

-293-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

silence opposition. This conduct is not merely an affront to the Plaintiff; it is a direct assault on the integrity of the judicial system itself. If this racketeering pipeline is permitted to operate with impunity, it signals to the citizenry that the courtroom is not a sanctuary of justice, but a marketplace where rights are auctioned to the highest bidder and legal processes are weaponized to facilitate theft.

**213. The Constitutional Crisis:** Plaintiff does not come before this Federal Court seeking the adjudication of a marital dissolution. Rather, Plaintiff urgently petitions this Court to intervene in a severe constitutional crisis and dismantle a Racketeering Enterprise that has entirely hijacked the state judicial apparatus. Defendants did not merely bend the rules of civil procedure; they factually subverted the adversarial process through systemic extrinsic fraud, criminal forgery, and perjury. In doing so, they rendered the state tribunal an unwitting instrument of their extortion, structurally blinding the court to procure unconstitutional gag orders, strip Plaintiff of her 1st Amendment right to petition, and violently sever her 14th Amendment rights without due process.

**214. Exhaustion of Remedies:** Plaintiff did not rush to the federal courthouse. Plaintiff exhaustively attempted to mitigate the catastrophic damages and halt the racketeering activity within the state system. Plaintiff filed numerous emergency and noticed motions to set aside the void, forged orders. When the structurally

-294-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

blinded trial court refused, Plaintiff filed writs of mandate to the California Court of Appeal, petitioned the California Supreme Court, and concurrently filed formal administrative complaints. The Enterprise's response was swift, retaliatory extortion: weaponizing the tribunal to impose a retaliatory "Vexatious Litigant" gag order deliberately engineered to sever Plaintiff's access to the appellate courts and permanently silence her.

215. The "Calculated Retreat": The state court system, paralyzed by the Defendants' forged records, is currently incapable of providing a complete remedy. Defendants will predictably assert that Defendant Saatjian recently substituted out of the underlying family law matter in an attempt to wash his hands of the ongoing harm. This is a bad-faith obfuscation. Defendant's substitution was a calculated retreat; he exited the case only after systematically cementing the extrinsic fraud, extracting the illicit capital, and procuring the unconstitutional gag orders that left Plaintiff utterly defenseless. Withdrawing from the scene after finalizing this financial strangulation does not absolve the completion of a federal crime.

216. The Jurisdictional Imperative: The damages inflicted by this Enterprise are catastrophic, absolute, and ongoing. By illicitly looting hundreds of thousands of dollars to fund their own scheme, Defendants have intentionally driven Plaintiff to financial destitution and the destruction of her career. The state appellate process is fundamentally powerless to award federal treble damages, adjudicate completed

-295-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

federal extortion, or dismantle an active racketeering Association-in-Fact. The state tribunal, having been rendered an unwitting instrument of the Enterprise through forged filings and perjury, is structurally incapable of self-correction. Federal intervention under the Civil RICO Act remains the sole mechanism capable of addressing these federal torts, restoring Plaintiff's constitutional rights, and preventing the permanent laundering of criminal fraud into final, unassailable state judgments. To preserve the integrity of the judicial system and prevent the Enterprise from using the court as a weapon to victimize others, this Court must exercise its plenary equitable and remedial powers to dismantle this predatory pipeline and award the mandatory treble damages necessary to satisfy the requirements of justice. (Civil RICO / RICO Conspiracy / 18 U.S.C. § 1964(c) / Breach of Fiduciary Duty / Fraud Upon the Court / Obstruction of Justice) (Exhibits 1, 3, 6, 8, 9, 10, 14).

***The Judicial Co-Conspirators' Motive: Self-Preservation, Cronyism, and Retaliation.***

**217. The Motive for Judicial Complicity: Cover-Up, Cronyism, and Retaliation**: The participation of state judicial actors in this Enterprise was not born of mere negligence; it was driven by self-preservation, institutional cronyism, and retaliatory animus.

-296-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

- **Cover-up**: First, once the state tribunal permitted the entry of the forged March 18 2025, June 24, 2025 FOAH and all other void orders and the unauthorized asset extractions, the trial judges became structurally invested in covering up the fraud to avoid exposing the court's catastrophic negligence. Vacating the void orders would require admitting that the tribunal was successfully weaponized as a money-laundering apparatus.

- **Cronyism**: Second, the judicial actors sought to protect the Enterprise's "repeat players"—the local attorneys who form the political and professional ecosystem of the family court—at the expense of an unrepresented, financially starved mother.

- **Retaliation:** Finally, as Plaintiff began exercising her First Amendment rights to appeal the void orders (Case No. D086958) and file federal RICO/civil rights actions, the trial court's motive shifted to active retaliation. The judge weaponized Vexatious Litigant gag orders, denied certified court reporters, and forced a "sham trial" track to permanently silence Plaintiff, intentionally blinding the appellate record to shield both the Enterprise and the court from federal scrutiny.

218. **Connection to Injunctive & Companion Civil Rights Relief (Case No. 26-CV-3765-JES-DEB):** While this civil RICO action targets the private enterprise for damages and treble relief, the emergency injunctive relief required to

-297-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

halt this ongoing constitutional injury—specifically anchored by the August 19, 2026 TRO hearing—is being aggressively pursued in Plaintiff's companion civil rights action (*Lancranjan v. Truitt et al.*, Case No. 26-CV-3765-JES-DEB). Because this judicial machinery has been co-opted to protect the Enterprise's fraudulent profits, federal injunctive intervention under the bad-faith *Younger* exception in that companion proceeding is the essential mechanism capable of halting ongoing constitutional injuries and preventing the state forum from permanently laundering criminal conduct into unassailable state judgments.

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands a **TRIAL BY JURY** and prays for Judgment against **ALL Defendants** and all co-conspirators, jointly and severally, as follows:

**1. On the Federal RICO Claims (Counts I, II, & IV):**

- For an award of threefold (treble) the actual damages sustained by Plaintiff as a direct and proximate result of the Enterprise's racketeering activity, pursuant to 18 U.S.C. § 1964(c). As conclusively detailed and calculated in **Exhibit 1**, these concrete injuries to Plaintiff's business and property continue to accrue daily and include, but are not limited to:

  ○ **The Unauthorized $150,000 Extraction:** $150,000.00 representing the capital unlawfully extracted off-record via interstate wire fraud.

  ○ **The Forged FOAH Extractions:** $115,000.00 representing the capital unlawfully extracted via the forged May 15 and June 24, 2025 FOAHs.

-299-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- o **Destruction of Professional Career and Business Operations:** An estimated $250,000.00+ resulting from the Enterprise's coordinated campaign to paralyze Plaintiff's business operations, forcing the forfeiture of highly compensated executive roles, including a Vice President position at State Street Bank, and the abandonment of a finalized contract with the Fellsway Group.

- o **Out-of-Pocket Mitigation Costs and Legal Fees:** In excess of $100,000.00 in forced debt obligations for mandatory legal fees paid to retained professionals and appellate counsel (including trial counsel Ms. T. Healoha Lee) necessitated entirely to mitigate the immediate harm of the ongoing racketeering.

- o **Void Sanctions:** $25,000.00 in void financial penalties procured via extrinsic fraud and stolen privileged communications.

- o **Expert Investigation Fees:** $10,500.00+ already paid to forensic expert Ms. Addleman to uncover the financial concealment, and Legal Ethics Expert Edward J. McIntyre to formally evaluate Defendant's

-300-

extortion, with anticipated future accounting costs exceeding $15,000.00.

- ○ **Deprivation of Use of Capital (Pre-Judgment Interest):** Pre-judgment interest at the maximum allowable statutory rate on all unlawfully extracted capital, reflecting the severe deprivation of the investment utility of Plaintiff's property.

- **Total Treble Damages Demand:** Plaintiff seeks Treble Damages in an amount to be proven at trial, presently calculated to exceed **$1,951,500.00** (representing the trebled sum of Plaintiff's $650,500.00 in base economic injuries), plus the disgorgement and restitution of all illicitly acquired funds and retainers extracted by the Enterprise.

## 2. On the Civil Rights & State Tort Claims (Counts III, V, & VI):

- For all recoverable general and compensatory damages in an amount to be determined at trial, including the above referenced damages and for the severe intentional infliction of emotional distress, psychological terror, engineered physical endangerment, and systemic abuse of process (**As chronologically detailed in Exhibit 2**).

-301-

- For mandatory statutory penalties and damages pursuant to the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1) for the unlawful deprivation of Plaintiff's 1st and 14th Amendment rights via extortionate threats (**As supported by the Expert Declaration in Exhibit 3 and District Attorney communications in Exhibit 4**).

- For Exemplary and Punitive Damages in an amount sufficient to punish Defendants for their malicious, oppressive, and fraudulent and/or reckless conduct, and to permanently deter future abuses of the judicial process.

3. Entering a **Declaratory Judgment** declaring that the orders procured by the Enterprise through extrinsic fraud—specifically the November 12, 2024, Status-Only Judgment, the January 9, 2025, custody order, the December 2, 2025, custody order&Vexatious Litigant order, and all consequent orders and sanctions—are **void** *ab initio* **and unenforceable as a matter of law.** This Court shall exercise its independent equitable jurisdiction to void these instruments, as they were procured via a coordinated campaign of extrinsic fraud, forgery, and the systemic denial of procedural due process that prevented the Plaintiff from fully participating in the adversarial process

-302-

**4. For Preliminary and Permanent Injunctive Relief (The "Emergency Brakes"):**

- **Asset Preservation:** A preliminary injunction immediately freezing the remaining $35,000 in the fiduciary's Schulman trust account, and any other remaining community capital, to prevent further imminent dissipation, extortion, and *ex parte* extractions by the Enterprise pending the resolution of this federal action, as well as the profits obtained by the enterprise as a result of the illegal actions.

- **Dismantling the Enterprise (18 U.S.C. § 1964(a)):** A permanent injunction pursuant to 18 U.S.C. § 1964(a), permanently enjoining Defendants and their co-conspirators from continuing to operate their racketeering enterprise. This includes explicitly enjoining them from engaging in further acts of wire fraud, transmitting extortionate communications, or utilizing off-record electronic filings to unlawfully extract Plaintiff's property.

- **Enjoining Extortionate Leverage (Gag Order Protection):** A preliminary and permanent injunction enjoining Defendants and their co-conspirators (explicitly including fiduciary David Schulman and Matt Blado) from utilizing, enforcing, or weaponizing the fraudulently procured December 2, 2025 pre-filing injunction against Plaintiff as leverage to commit further acts

-303-

of extortion, obstruct Plaintiff's federal civil rights, or facilitate further unauthorized, unopposed extractions of her estate.

- **Enjoining Shadow Representation:** Strictly enjoining Defendant Saatjian from acting as a "Shadow Architect" or ghostwriting any filings in the underlying state court matter.

**5. For Compelled Disclosures and Equitable Discovery:**

- **A.** An Order compelling Defendant Saatjian to produce a verified, sworn declaration under penalty of perjury detailing the nature, extent, authorization, and compensation for all 'ghostwriting' activities performed in relation to the instant litigation, specifically identifying all pleadings, motions, and orders drafted in the name of another but authored by Defendant;

- **B.** A mandatory injunction requiring Defendant Saatjian to provide a full, verified accounting of all communications, coordination, and billing records between Saatjian and all other Co-Conspirators—including opposing counsel, third-party facilitators, and members of the Tribunal—regarding the 'ghostwritten' instruments identified in the Complaint;

- **C.** A mandatory injunction requiring all Defendants, and their respective law firms, to provide a complete, unredacted production of the entire client file

-304-

pertaining to the underlying litigation, including but not limited to: all internal and external email communications, text messages, instant messages, correspondence, metadata, and draft versions of all filings, discovery requests, and exhibits, covering the period from the inception of the case to the present, in order to expose the full scope of the Enterprise's coordination, collusion, and extrinsic fraud against the Plaintiff;

- **D.** An Order compelling the preservation of all electronic data and physical records related to the aforementioned litigation and communications, prohibiting the destruction, alteration, or concealment of any potential evidence relevant to this RICO action.

**6. For General Relief:**

- For costs of suit incurred herein.

- For reasonable attorney's fees pursuant to 18 U.S.C. § 1964(c) and Cal. Civ. Code § 52.1.

- For pre-judgment and post-judgment interest at the maximum legal rate.

- For such other and further relief as this Honorable Court deems just and proper.

-305-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

**DEMAND FOR JURY TRIAL** Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED: July 17, 2026

Cristina M. Lancranjan, Plaintiff, In Pro Per

-306-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

**VIII. APPENDIX: MASTER FORENSIC MATRIX A & MASTER CHRONOLOGICAL RICO CLAIM MATRIX (Chronology of Racketeering, Extrinsic Fraud, Constitutional Deprivation, Statutory Chronology & Case Law Cross-Reference)**

**ROADMAP SUMMARY: SECTION VIII APPENDIX**

Section VIII serves as the comprehensive evidentiary and legal bridge between the underlying state-court proceedings and the federal RICO claims. It provides a systematic framework demonstrating that the Defendants' violations of California procedural mandates and constitutional due process rights were not isolated legal errors, but the specific instruments and predicate acts ("the how") used to achieve their racketeering objectives ("the ends")—namely, the unlawful seizure and liquidation of the marital estate.

**I. THE STATUTORY & CONSTITUTIONAL NEXUS FRAMEWORK/ MASTER FORENSIC MATRIX A**

The appendix anchors the civil RICO claims by mapping state-level statutory and constitutional violations directly to federal predicate acts under 18 U.S.C. § 1961 et seq.:

- **Statutory Violations as Predicate Acts**: Intentional violations of mandatory service rules (such as California Rule of Court [CRC] 5.125) and the

-307-

electronic transmission of unserved, fabricated filings constitute **Federal Wire Fraud (18 U.S.C. § 1343)**.

- **Constitutional Deprivations as Injury**: Fourteenth Amendment Due Process violations (such as denying financial parity or enforcing unconstitutional "Vexatious Litigant" gag orders) served to render the Plaintiff structurally defenseless, directly facilitating the unauthorized seizure of community assets and causing direct injury to business and property under **18 U.S.C. § 1964(c)**.

## II. MASTER CHRONOLOGICAL RICO CLAIM MATRIX (SUMMARY TABLE)/*MASTER CHRONOLOGICAL RICO CLAIM MATRIX: LANCRANJAN v. SAATJIAN, et al*

The following matrices synthesizes the chronological progression of the Enterprise's playbook, mapping key dates, actors, predicate acts, concrete damages, and supporting evidence as detailed in the Master Forensic Appendix

## III. SUPPLEMENTAL TO FORENSIC MATRIX A & GRANULAR DETAILS SECTION: CHRONOLOGICAL MAPPING OF STATE-CREATED DANGER & RICO PREDICATE ACTS

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

# I. THE STATUTORY & CONSTITUTIONAL NEXUS FRAMEWORK/ MASTER FORENSIC MATRIX A: CHRONOLOGY OF RACKETEERING, EXTRINSIC FRAUD, AND CONSTITUTIONAL DEPRIVATION

This matrix integrates the chronology of the underlying family law proceedings with the federal RICO predicate acts, establishing how the Enterprise utilized state court violations as the "means" to achieve federal racketeering "ends."

## THE NEXUS BETWEEN RIGHTS VIOLATIONS AND RICO RACKETEERING

The Defendants' systematic violation of California statutory mandates (e.g., Mandatory Disclosure, Notice, and Service requirements) and federal constitutional rights (14th Amendment Due Process) are not collateral consequences of litigation. Rather, they are the instrumental predicate acts through which the Enterprise achieved its racketeering objectives.

- **Statutory Violations as Predicate Acts:** By intentionally violating mandatory service rules (CRC 5.125) and transmitting unserved, fabricated filings via electronic mail/wires, the Defendants committed **Federal Wire Fraud (18 U.S.C. § 1962)**. The violation of the statute is the "how" (the means), and the execution via the electronic interstate system is the "crime" (the RICO predicate).

-309-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **Constitutional Violations as Proof of Injury:** The 14th Amendment Due Process violations (such as denying parity or the right to be heard via 'Vexatious Litigant' gag orders) were the "hammer" that rendered the Plaintiff structurally defenseless. This defenselessness allowed the Enterprise to commit its ultimate RICO objective: the unauthorized seizure of the community estate, which constitutes a direct 'injury to business or property' under the RICO Act (18 U.S.C. § 1964(c)).

## APPENDIX: MASTER FORENSIC MATRIX A

**FORENSIC CHRONOLOGY TABLE**

| Date | Factual Event & Violation | Strict Statutory Law / Court Rule | RICO Predicate Acts (18 U.S.C. § 1961) | Controlling Constitutional & Case Law |
|---|---|---|---|---|
| 01/19/23 - Present | Illegal seizure of marital estate ($190k liquid; $150k transfer; $700k+ stocks/ Cerevance). | FC §§ 721, 1101 | **Wire Fraud / Embezzlement** | 14th Amendment Due Process |
| 10/15/24 | "Ghost Motion" Ambush: Unserved discovery motion. | CRC 5.125 / CCP §§ 1010, 1015 | **Mail Fraud / Wire Fraud / Obstruction** | 14th Amend. (Due Process); *Lippel* |

-310-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Description | Statute | Claim | Authority |
|---|---|---|---|---|
| 10/24/24 | Unauthorized $150k wire siphon via quid pro quo. | FC § 2040; RPC 1.15 | **Wire Fraud / Money Laundering** | 14th Amend. (Substantive Due Process) |
| 11/05/24 | Perjury on FL-180; void bifurcation. | FC § 2105 | **Perjury / Fraud upon the Court** | *In re Marriage of Park* |
| 01/09/25 | Custodial disruption via extrinsic fraud. | FC § 3020 | **Extortion / Obstruction of Justice** | *Troxel v. Granville* |
| 03/18/25 | Retainer theft ($15k) & attorney abandonment. | RPC 1.16; Bus. & Prof. § 6068 | **Embezzlement / Honest Services Fraud** | *Seagondollar*; 14th Amend. |
| 07/11/25 | Forgery of FOAH ($115k siphon). | Penal Code § 470 | **Wire Fraud / Criminal Forgery** | *Rochin v. Pat Johnson* |
| 10/25-05/26 | Appeals pending regarding void orders and extrinsic fraud (Case D086958). | CCP § 916(a) | **Ongoing Racketeering** | *Varian v. Delfino* (Appellate Stay) |
| 12/02/25 | Weaponization of "Vexatious Litigant" (VL) gag. | CCP § 391.7 | **Witness Intimidation / Obstruction** | 1st Amend. (Right to Petition) |

-311-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/22/26 | Blado Malpractice Action Stayed GRANTED (per May 22 order).25CU055956C. | CCP § 916 | Ongoing Racketeering / Conspiracy | *Paul v. Adam* (Mandatory Stay) |
|---|---|---|---|---|
| 06/16/26 – 06/25/26 | **Federal RICO Retaliation & Docket Weaponization:** Opposing party Brett Truitt in 23FL000584C family Case files retaliatory reply declaration explicitly targeting Plaintiff's federal RICO action, coercing state tribunal enforcement to suppress defenses and push vocational evaluation orders ahead of the June 25 hearing. (Exhibit 19) | FC § 4331; CCP § 2023.030 | Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)) | 14th Amend. (Procedural Due Process); 1st Amend. (Right to Petition / Retaliation) |

-312-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 06/15/26 – 07/03/26 | **State Court Administrative Blockade, Judicial Complicity & Cover-Up for August Sham Trial (Exhibit 20):** Court clerks, trial judge (Ferrara), and Presiding Judge / (Miller) systematically reject Plaintiff's emergency ex parte applications, notice of automatic stay (CCP § 916), and defensive responsive declarations, weaponizing the contested Vexatious Litigant (VL) order as an unconstitutional de facto gag order. Conducts an unrecorded evidentiary blackout on June 25, denies a certified court reporter (*Jameson v. Desta*), and steamrolls toward an August "sham trial" to launder the Enterprise's prior fraud.(Exhibit 20) | CCP §§ 391.7, 916(a); CRC Rules 1.58, 2.956 | Obstruction of Justice (18 U.S.C. § 1503); Fraud Upon the Court | 14th Amend. (Due Process / Access to Courts); *Jameson v. Desta*; *Varian v. Delfino* |

-313-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| Date | Description | | | |
|---|---|---|---|---|
| 06/16/26 – 08/28/26 | **Synchronized Cross-Docket Enterprise Harassment & August "Sham Trial" Execution:** Across both the family law docket (Case 23FL000584C) and civil malpractice actions, the Enterprise synchronized its attack. Opposing parties and co-conspirators forced through the June 25 vocational evaluation hearing without mandatory statutory notice or service (violating CCP § 1005 and CRC Rule 5.125). Concurrently, the state tribunal advanced toward an August 2026 "sham trial" in direct, ultra vires defiance of the self-executing automatic appellate stay under CCP § 916(a) (Consolidated Case D086958, which legally encompasses and stays all foundational support, property, and custody orders). This cross-docket machinery was shielded by unconstitutional Vexatious Litigant gag orders and administrative filing | CCP §§ 916(a), 1005, 391.7; FC § 4331; CRC Rules 3.1300, 5.125 | Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343) | 14th Amend. (Procedural Due Process & Access to Courts); 1st Amend. (Right to Petition / Retaliation); *Varian v. Delfino* (Mandatory Stay) |

-314-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/26/26 | Filing of 1983 Federal Civil Rights Action (Case 26-CV-3765-JES-DEB). | 42 U.S.C. § 1983 | **State-Created Danger** | *DeShaney v. Winnebago County* |
|---|---|---|---|---|
| 07/06/26 | Schulman Malpractice Order: Judicial finding of "meritorious dispute." Case 25CU054361C (Exhibit10) | CCP § 473(d) | **Obstruction of Justice / Fraud on Court** | *Collateral Estoppel* |
| 07/15-16/26 | Bad-faith discovery service and Demurrer despite pending stay motion RE Schulman Malpractice Case 25CU054361C | *Paul v. Adam* | **Abuse of Process / Ongoing Racketeering** | *Paul v. Adam* |
| 08/14/26 | Motion for Stay under *Paul v. Adam* to halt harassment RE Schulman Malpractice Case 25CU054361C | *Paul v. Adam* | **Abuse of Process / Conspiracy** | *Paul v. Adam* |
| 08/19/26 | Federal TRO (Case 26-CV-3765-JES-DEB) issued. | 18 U.S.C. § 1964 | RICO Injunctive Relief | 14th Amendment (Due Process) |

-315-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 08/24-28/26 | Scheduled "Sham Trial" in defiance of appellate stay and pending federal oversight E Case 23FL000584C family Case | CCP § 916(a) | **Obstruction / Conspiracy** | *Varian v. Delfino* (Void ab initio) |
|---|---|---|---|---|

## STRATEGIC SUMMARY FOR THE COURT

The forensic matrix above documents a continuous and escalating campaign. The Defendants are not merely litigating; they are rushing to finalize a "sham trial" (August 24-28, 2026) to immunize their past racketeering acts—specifically the unauthorized wire extractions and the forgery of judicial orders—before the appellate court or this federal court can vacate the underlying nullities.

The active malpractice action (*Lancranjan v. Schulman*, Case No. 25CU054361C), the family law proceedings (Case No. 23FL000584C), and the federal civil rights action (Case No. 26-CV-3765-JES-DEB) collectively demonstrate that the Enterprise's "criminal footprint" is pervasive, systemic, and entirely immune to piecemeal state-court correction. The recent July 2026 filings—including bad-faith demurrers and simultaneous discovery abuses—reveal a continuous, malicious attempt to exhaust Plaintiff's resources even while the state tribunal remains legally

-316-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

divested of subject matter jurisdiction under both the *Paul v. Adam* mandate and the mandatory CCP § 916 appellate stay.

To demonstrate how the civil malpractice defense dockets and the family law proceedings operate as a single, coordinated racketeering enterprise, Plaintiff incorporates the following consolidated pleading narrative:

**Cross-Docket Racketeering: Synchronized Harassment Across Family and Civil Courts**

- **The Unified Enterprise Strategy:** Defendants attempt to artificially fragment their conduct by separating the family law proceedings (Case No. 23FL000584C) from the related civil malpractice and security bond actions. However, the evidentiary record proves a synchronized, cross-docket campaign of harassment. While co-conspirators deploy bad-faith demurrers, simultaneous discovery demands, and security bond motions on the civil side (Exhibit 14), the family law tribunal simultaneously executes unserved, statutorily defective discovery tracks—such as the June 25, 2026 vocational hearing conducted in absolute violation of CCP § 1005 and CRC Rule 5.125.

- **Defiance of Appellate Jurisdiction (Case No. D086958):** Both dockets operate in open, lawless defiance of the mandatory, self-executing automatic stay under California Code of Civil Procedure § 916(a). Because

-317-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

Consolidated Case D086958 encompasses and embraces all core foundational orders (including the void bifurcation judgment and property siphons), the trial court was entirely divested of subject matter jurisdiction. Pressing forward with trial tracks while divested of jurisdiction constitutes an ultra vires act and a structural fraud upon the court.

- **The August "Sham Trial" as a Laundering Mechanism:** The scheduled August 2026 financial and custody trials are not legitimate adjudications; they are engineered "sham trials." Designed under the ghostwritten direction of co-defendant Peter Saatjian and enforced by judicial co-conspirators who blocked Plaintiff's defensive filings via unconstitutional Vexatious Litigant gag orders (Exhibit 20), this trial track is a predatory mechanism built solely to launder the Enterprise's prior forgery, perjury, and multi-million-dollar capital extractions into a final judicial decree—permanently insulating the racketeering syndicate from federal accountability.

This comprehensive chronology provides the definitive roadmap of an active, dangerous enterprise that requires immediate federal equitable intervention.

This supplemental matrix demonstrates that the state court litigation is a calculated business model designed for asset extraction and systemic fee-churning. The July 6, 2026, Order in *Lancranjan v. Schulman* (Case No. 25CU054361C) is a pivotal

-318-

event: the Superior Court denied the Defendant's security motion, explicitly found the Plaintiff's malpractice claims "meritorious," and ordered Defendant Schulman to substantively respond to the Complaint.

Despite this judicial mandate, Defendant Schulman immediately pivoted to a bad-faith strategy: filing a Demurrer and serving aggressive discovery demands in a transparent attempt to bypass the Court's order and exhaust the Plaintiff's remaining resources. This conduct—occurring while a Motion for Stay is pending for hearing on August 14, 2026 (pursuant to *Paul v. Adam*)—confirms that the Enterprise is actively defying state-court directives. The active malpractice case (Case No. 25CU054361C) and the federal civil rights action (Case 26-CV-3765) demonstrate that the Enterprise's "criminal footprint" is pervasive and immune to piecemeal state-court correction. The recent July 2026 filings (Demurrer and discovery abuse) show a continued, bad-faith attempt to exhaust the Plaintiff's resources even while the state tribunal is legally divested of jurisdiction under the *Paul v. Adam* stay. This chronology provides the definitive roadmap of an active, dangerous enterprise that requires immediate federal equitable intervention.

**NOTICE TO THE COURT REGARDING MATRIX A**

1. **Illustrative Nature of Evidence:** The exhibits and predicate acts detailed in this matrix are illustrative and not exhaustive. The Plaintiff, appearing *In Pro*

-319-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

*Per*, submits these records to provide the Court with a definitive roadmap of the Enterprise's racketeering activity.

2. **Reservation of Rights:** Plaintiff reserves the right to amend, supplement, or expand this matrix as further evidence is obtained through the federal discovery process. Plaintiff intends to prove the full scope of this "Meeting of the Minds" and the Enterprise's systemic corruption of the judicial process through additional evidence to be presented at trial.

3. **Request for Adverse Inference:** Defendants possess the full chain of communications regarding their coordination, which they have thus far refused to produce. Their refusal to provide the complete record of their "Adversarial Theater" is an act of evidence suppression. Plaintiff respectfully requests that the Court draw an adverse inference that the withheld documents contain further, even more egregious evidence of the conspiracy and RICO violations alleged herein.

4. **Pro Se Authority:** Plaintiff *In Pro Per* asserts her right to personally testify regarding these exhibits. These documents represent the primary evidentiary backbone of the Verified Complaint and, when coupled with Plaintiff's testimony, will demonstrate that this matter is not a standard domestic dispute, but a sophisticated racketeering enterprise masquerading as a legal proceeding

-320-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

## II. MASTER CHRONOLOGICAL RICO CLAIM MATRIX (SUMMARY TABLE)/*MASTER CHRONOLOGICAL RICO CLAIM MATRIX: LANCRANJAN v. SAATJIAN, et al*

**SECTION a: APPENDIX - MASTER FORENSIC MATRIX A & STATUTORY CHRONOLOGY** with **Master Chronological RICO Claim Matrix**

To bridge the granular evidentiary record with the statutory requirements of federal racketeering law, **the following Master Chronological RICO Claim Matrix establishes the systematic progression of the Enterprise's criminal scheme.** This matrix maps the specific, date-specific predicate acts—ranging from the foundational October 2024 unauthorized wire transfers and unserved "ghost motions" to the ongoing June–July 2026 administrative blockades, unrecorded evidentiary blackouts, and retaliatory preclusion orders—directly to their corresponding federal statutory violations under 18 U.S.C. § 1961 *et seq.* By tracing this chronological evolution, the matrix demonstrates that the Defendants' actions were never isolated professional errors or routine family law disputes, but rather a coordinated, multi-year project executed to extract capital, suppress whistleblowers, and unlawfully launder fraudulent instruments into unassailable state-court judgments before the scheduled August 2026 trial tracks can moot federal review.

-321-

**MASTER CHRONOLOGICAL RICO CLAIM MATRIX: LANCRANJAN v. SAATJIAN, et al.** Advisory Note:*This matrix is not exhaustive and represents only a summary of some of the predicate acts of the enterprise. Full details, supporting documentation, and comprehensive evidence is provided at the end of this verified Complaint and will be provided/updated to court, as incorporated by reference into Matrix A, Exhibit 1, and the verified complaint.*

| Date / Time frame | Enterprise & Actors | Pattern of Racketeering Activity (Predicate Acts & Conduct) | Injury / Concrete Damages (Per Date) | Supporting Exhibits & Referenced Court Records |
|---|---|---|---|---|
| Jan. 2023 – Present | Defendants Peter Saatjian, fiduciary David Schulman, Matt Blado, and co-conspirators. | **Extortionate Leverage, Systemic Wire Fraud, & RICO Conspiracy:** Defendant Saatjian orchestrated and accelerated baseline financial starvation of Plaintiff, utilizing continuous wire fraud, perjury, and extortion to lock Plaintiff out of her $1,000,000+ estate. | Complete deprivation of liquid capital, loss of use and investment yields; massive out-of-pocket mitigation costs. Total base damages > $650,500.00; Mandatory Total Treble Damages Demand > $1,951,500.00 (18 U.S.C. § 1964(c)). | • **Exhibits:** Exhibit 1 (RICO Ledger), Exhibit 2 (Emotional Distress Ledger), Exhibit 3 (McIntyre Ethics Decl.) <br><br> • **Courts:** U.S. District Court (SDCA, Case No. 26-cv-02817-BAS-VET); San Diego Superior Court (Case No. 23FL000584C) |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | | |
|---|---|---|---|---|
| Oct. 3, 15, 24, & Late Oct. 2024 | Defendants Fiduciary Schulman, Blado and Defendant Saatjian. | **Abuse of Process, Extrinsic Fraud, Fraud Upon the Court, Breach of Fiduciary Duty, & 14th Amendment Due Process Deprivation:** Weaponized *ex parte* procedures; froze estate without knowledge; filed unnoticed/unserved "discovery declaration" (ghost motion) on Oct 15 to manufacture false non-compliance; converted short-cause relocation hearing into multi-day trial. | Total deprivation of procedural due process (14th Amendment); severe procedural prejudice; intentional inflation of defensive litigation; severe emotional distress regarding sabotage of Boston relocation and executive career destruction. | • **Exhibits:** Exhibit 6 (Attachment E - Register of Actions confirming no Proof of Service), Exhibit 10 (July 6, 2026 Minute Order)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |
| Oct. 22 & Nov. 12, 2024 | Defendant Saatjian. Defendants Fiduciary Schulman and Blado | **Federal Wire Fraud (18 U.S.C. § 1343) & Perjury:** Transmitted fraudulent FL-180 Bifurcation Judgment via interstate wires; committed perjury by marking "Stipulation" without Plaintiff's signature and swearing mandatory financial disclosures were exchanged. | Fraudulent concealment of a $1,000,000+ estate; permanent deprivation of property rights. | • **Exhibits:** Exhibit 5 (FL-180 Bifurcation Judgment), Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |

-323-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Defendant | Fraud Type | Damages | Exhibits/Courts |
|---|---|---|---|---|
| Nov. 5, 2024 (Signed Mar. 18, 2025) | Defendant Saatjian and Defendant fiduciary Blado. | **Federal Wire Fraud & Extrinsic Fraud:** Coerced Plaintiff to ratify $150,000 theft piecemeal; submitted false FOAH; intentionally withheld service bypassing CRC 5.125 to subvert adversarial process. | Unlawful cover-up of the $150,000 theft; escalation of mitigation legal fees. | • **Exhibits:** Exhibit 3, Exhibit 6 (Attachment A), Exhibit 15 (March 18, 2025 Transcript) <br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Jan. 7 & Jan. 9, 2025 | Defendant Saatjian and Defendant fiduciary Blado. | **Federal Wire Fraud & Due Process Deprivation:** Procured void financial sanctions relying entirely on unserved Oct 15 ghost motion; submitted false unserved FOAH stripping 14th Amendment parental decision-making rights. | $3,500 in void financial sanctions. | • **Exhibits:** Exhibit 1, Exhibit 6, Exhibit 16 (January 9, 2025 Transcript) <br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Feb. 4, 2025 | Defendant Saatjian and Defendant fiduciary Blado. | **Federal Wire Fraud (18 U.S.C. § 1343) & Perjury:** Transmitted fraudulent declarations via interstate wires; committed perjury swearing Plaintiff failed to provide mandatory disclosures while concealing December 2024 service. | $1,500 in void financial penalties; forced escalation of out-of-pocket legal mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 10 <br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-324-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | Defendant | | | |
|---|---|---|---|---|
| **Feb. – June 2025** | Defendant Saatjian and Defendant fiduciary Blado. | **Extortionate Leverage & Manufactured Crises:** Advised unilateral breach of cooperative medical/ geographic agreements while Plaintiff was financially paralyzed by asset freeze, using resulting terror as leverage. | $6,500 ($1,500 on Feb 4, 2025 and $5,000 on March 18, 2025) in void sanctions and extreme escalation of mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 2 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| **Mar. 18 & Apr. 29, 2025** | Defendant Saatjian and Defendant fiduciary Blado. | **Extrinsic Fraud & Destruction of Privilege:** Withheld FOAH despite March 18 oral ruling preserving privilege; submitted fabricated FOAH claiming privilege was waived; fiduciary extracted $15,000 retainer. | $5,000 in void sanctions; unconstitutional destruction of evidentiary privilege; $15,000 wasted retainer. | • **Exhibits:** Exhibit 1, Exhibit 6, Exhibit 17 (April 29, 2025 Transcript) <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| **May 12–19, 2025** | Defendant Saatjian. | **Extrinsic Fraud & Deprivation of a Fair Trial:** Executed evidentiary hearing by ambush with late-served exhibits; illicitly obtained and weaponized constitutionally protected, privileged employment records (dating back to 2018) to sabotage interstate relocation. | Destruction of executive career trajectory; forfeiture of Vice President position at State Street Bank (in excess of $150,000 value). | • **Exhibits:** Exhibit 1, Exhibit 2 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-325-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| May 15 & June 24, 2025 | Defendant Saatjian. | **Federal Wire Fraud (18 U.S.C. § 1343) & Criminal Forgery:** Physically typed Plaintiff's signature onto May 15 and June 24 FOAHs without consent; transmitted forgeries via interstate wires to extract community funds directly to his firm. | $115,000 unlawfully extracted and converted via forgery. | • **Exhibits:** Exhibit 3 (McIntyre Decl.), Exhibit 6 (Attachment A - Primary Forgery)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| --- | --- | --- | --- | --- |
| May 20, 2025 | Defendant Saatjian. | **Obstruction of Justice & Extrinsic Fraud:** Intentionally withheld and refused to draft mandatory FOAH following tribunal directive to freeze marital assets, leaving estate vulnerable to unauthorized extractions. | Proximate facilitation of the $115,000 unlawful extraction; forced escalation of out-of-pocket mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-326-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| June 10 & July 8, 2025 | Defendant Saatjian. | **Deprivation of Constitutional Rights (Evidentiary Privilege) & Wire Fraud:** Weaponized April FOAH to strip attorney-client privilege; transmitted false statements re: appellate writs and Supreme Court petitions; forced unredacted defense billing disclosures. | Absolute destruction of constitutional attorney-client privilege; massive accumulation of out-of-pocket appellate and writ litigation costs. | • **Exhibits:** Exhibit 1, Exhibit 9 (Appellate Records)<br><br>• **Courts:** Court of Appeal (Case No. D086316 / D086958); CA Supreme Court (Case No. S291306); U.S. Supreme Court |
| Aug. 28 & Sept. 2, 2025 | Defendant Saatjian. | **Systemic Wire Fraud & Weaponized Eviction Filings:** Transmitted 1,600-page unindexed document dump; advanced filings attempting to terminate Plaintiff's apartment lease to render her unhoused. | Intentional destabilization of physical jurisdiction; forced emergency mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Sept. 4, 2025 & Jan. 28, 2026 | Defendant Saatjian. | **Federal Wire Fraud & Obstruction of Justice (18 U.S.C. § 1512):** Executed procedural ambush transmitting evidentiary-void *ex parte* application via interstate wires to cancel scheduled April 2026 evidentiary hearing. | Severe out-of-pocket mitigation costs (retaining trial counsel to defend against ambush); ongoing deprivation of frozen capital. | • **Exhibits:** Exhibit 1, Exhibit 13 (Lee Decl.)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-327-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Sept. 10, 2025 | Defendant Saatjian. | **Extortionate Leverage & Deprivation of Due Process:** Weaponized structurally blinded state tribunal to penalize Plaintiff for seeking protective orders, procuring punitive financial penalties. | $5,000 in void, retaliatory financial penalties extracted. | • **Exhibits:** Exhibit 1, Exhibit 3 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086512) |
| --- | --- | --- | --- | --- |
| Oct. 26 & Nov. 21, 2025 | Defendant Saatjian. | **Federal Extortion (18 U.S.C. § 1951):** Transmitted written emails threatening District Attorney prosecution and manufacturing restraining orders if civil claims not abandoned (confirmed as extortion/moral turpitude by Edward J. McIntyre). | Extreme infliction of emotional terror; severe, compounding out-of-pocket mitigation costs for appellate and writ litigation. | • **Exhibits:** Exhibit 3 (McIntyre Decl.), Exhibit 4 (DA Email Confirmation), Exhibit 7 (Extortionate Emails) <br><br> • **Courts:** U.S. District Court (SDCA); San Diego District Attorney's Office |

-328-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | | |
|---|---|---|---|---|
| Nov. 6 & Dec. 2, 2025 | Defendant Saatjian. | **Witness Tampering & Obstruction of Justice (18 U.S.C. § 1512) & Wire Fraud:** Defied court order to transmit indexed compendium to forensic expert Addleman by dumping unindexed data; withheld key asset records; submitted false declarations. | Severe escalation of forensic expert fees; suppression of forensic evidence; absolute deprivation of capital needed for trial defense. | • **Exhibits:** Exhibit 1, Exhibit 12 (Addleman Forensic Analysis & Decl.)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Nov. 18 & Nov. 20, 2025 | Defendant Saatjian. | **Wire Fraud & Deprivation of Due Process:** Exploited dark record (no court reporter) to ambush Plaintiff with stolen unredacted privileged attorney bills, procuring void monetary penalties. | $10,000 in void monetary sanctions procured through stolen privilege. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-329-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Dec. 2, 2025 | Defendant Saatjian. | **1st/14th Amendment Deprivation:** Procured baseless, unconstitutional "Vexatious Litigant" pre-filing injunction/ gag order to strip 1st Amendment right to petition. | Total deprivation of 1st Amendment access to courts; thousands in forced appellate mitigation fees. | • **Exhibits:** Exhibit 1, Exhibit 8 (Vexatious Litigant Order), Exhibit 9 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |
|---|---|---|---|---|
| Jan. 5 & Jan. 28, 2026 | Defendant Saatjian. | **Extortionate Leverage, Perjury, & Procedural Ambush:** Transmitted false declarations concealing residential disclosures to procure Sheriff intervention; utilized bad-faith *ex parte* applications to bypass evidentiary hearings. | Extreme psychological terror; forced emergency legal mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 13 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-330-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Party | Description | Harm | Exhibits/Courts |
|---|---|---|---|---|
| Mar. 3 & Mar. 24, 2026 | Defendant Saatjian et al.. | **Culmination of Financial Defenselessness:** Successfully weaponized 17-month campaign of wire fraud and extortion to render Plaintiff completely destitute and unrepresented at final trial. | Absolute deprivation of Equal Protection and Due Process; successful execution of financial starvation scheme. | • **Exhibits:** Exhibit 1, Exhibit 10, Exhibit 13 (Lee Decl.) <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| April 21, 2026 | Non-party former spouse / Enterprise co-conspirators. | **Foreseeable Execution of RICO Conspiracy (18 U.S.C. § 1962(d)):** Transmitted unilateral *ex parte* application via interstate wires under VL gag order protection to extract remaining $35,000 from fiduciary trust account. | Imminent threat of total capital liquidation; severe escalation of emergency out-of-pocket mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 10 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C and Case No. 25CU054361C) |
| May 20 – May 22, 2026 | Successor Judge Ferrara. | **Fiduciary Abandonment & Successor Judicial Ambush:** Releases trial counsel under duress right before trial tracks while enforcing financial starvation. | Structural isolation of pro se litigant. | • **Exhibits:** Exhibit 13, Exhibit 14, Exhibit 19, Exhibit 20 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-331-

| Date | Actor | Act | Harm | Evidence |
|---|---|---|---|---|
| May 22, 2026 | Judge Ferrara and Saatjian (Shadow Architect). | **Vocational Sabotage & Ghostwriting Fraud:** Grants *ex parte* compelling vocational evaluation; ignores unrefuted metadata evidence proving Defendant Saatjian is ghostwriting filings for Truitt while claiming pro se status | Active fraud upon the court; judicial protection of unrepresented ghostwriter. | • **Exhibits:** Exhibit 14, Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| May 22, 2026 | Court Clerks / Tribunal-Judge Ferrara | **The Verbatim Record Embargo:** Hand-writing "Not Reported" to ban physically present certified court reporters from recording trial tracks | *M.L.B. v. S.L.J.* structural blinding of the trial record. | • **Exhibits:** Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| June 10 – June 25, 2026 | Trial Tribunal. | **Vexatious Litigant Weaponization:** Summarily refuses to accept responsive declarations from Plaintiff while permitting abuser to proceed with unserved filings (May 27 RFO for June 25). | Per se denial of opportunity to be heard; violation of *John v. Superior Court* | • **Exhibits:** Exhibit 8, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-332-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| June 15 – July 3, 2026 | Presiding Judge/ Laura H. Miller, Clerk's Office, Judge Ferrara. | **State Court Administrative Blockade & Rejection of Defensive Filings (Exhibit 20):** Systematic rejection of emergency *ex parte* applications, CCP § 916 notice of stay, and responsive declarations using Form VL-115 as de facto gag order. | 14th Amendment access-to-courts blockade; absolute administrative shutdown. | • Exhibits: Exhibit 8, Exhibit 20 (Attachments A–F)<br><br>• Courts: San Diego Superior Court (Case No. 23FL000584C) |
| --- | --- | --- | --- | --- |
| June 16 – June 25, 2026 | Brett Truitt ( Saatjian /Shadow Architect )and Trial Tribunal. | **Federal RICO Retaliation & Docket Weaponization:** Truitt files retaliatory Reply Declaration explicitly targeting Plaintiff's May 4, 2026 federal RICO lawsuit, coercing tribunal to push unserved vocational orders. | 1st Amendment retaliation for exercising federal petition rights. | • Exhibits: Exhibit 19 (Attachments A–C)<br><br>• Courts: San Diego Superior Court (Case No. 23FL000584C) |
| June 18, 2026 | Trial Tribunal. | **State-Created Danger & Judicial Embargo:** Summarily denies emergency *ex parte* detailing child endangerment and financial collapse via VL status embargo. | Violation of *DeShaney* state-created danger doctrine. | • Exhibits: Exhibit 8, Exhibit 20<br><br>• Courts: San Diego Superior Court (Case No. 23FL000584C) |

-333-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Actor | Event | Effect | Exhibits / Courts |
|---|---|---|---|---|
| June 25, 2026 | Judge Ferrara. | **The Final Fruit (Asymmetrical Preclusion Order & Evidentiary Blackout):** Unrecorded hearing in rogue defiance of D086958; bans court reporter (*Jameson v. Desta* violation); rejects physical papers; issues preclusion order barring all defense evidence. | Complete structural nullification of defense capability; final laundering phase. | • **Exhibits:** Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| July 2, 2026 | Defendant Fiduciary Schulman. | **Schulman Security Bond Weaponization:** Malpractice defendant Schulman weaponizes security bond requirement (CCP § 391.1) to create an artificial pay-to-play barrier blocking Plaintiff's access to court. | 1st 1st Amendment Weaponization of VL and Discriminatory procedural barrier preventing pursuit of malpractice claims. | • **Exhibits:** Exhibit 10, Exhibit 14 (Part A)<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |
| July 6, 2026 | San Diego Superior Court (Case 25CU054361C) | **Schulman Malpractice Order ("Meritorious Dispute"):** Superior Court denies security motion, finds malpractice claims "meritorious," and orders Schulman to respond (Exhibit 10). | Judicial validation of core financial extractions and document forgeries; application of collateral estoppel. | • **Exhibits:** Exhibit 10 (Minute Order), Exhibit 14 (Part B)<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |

-334-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | | |
|---|---|---|---|---|
| July 6 – July 13, 2026 | Trial Tribunal and Appellate Clerk (L. Silva). | **Formal Notice of Related Federal Actions & Appellate Blockade (Exhibit 20):** Plaintiff serves Notice of Related Federal Actions and RICO/1983 filings in 23FL000584C; appellate clerk TrueFiling rejects filings under pretextual hurdles | Multi-tiered administrative obstruction across trial and appellate forums. | • **Exhibits:** Exhibit 9, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |
| July 15 – July 16, 2026 | Defendant Schulman. | **Bad-Faith Discovery Demands & Demurrer:** Serves aggressive discovery demands and files Demurrer in active defiance of pending *Paul v. Adam* stay motion to exhaust remaining resources. | Continued bad-faith exhaustion of plaintiff's resources. | • **Exhibits:** Exhibit 14 (Parts C, D, E)<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |
| Aug. 14, 2026 | San Diego Superior Court. | **Scheduled Motion for Stay under Paul v. Adam:** Pending hearing to halt ongoing overlapping litigation harassment | Ongoing litigation waste and abuse of process. | • **Exhibits:** Exhibit 14<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |

-335-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Aug. 19, 2026 | U.S. District Court (SDCA, Case No. 26-CV-3765-JES-DEB). | **Federal Civil Rights TRO Hearing:** Scheduled temporary restraining order hearing addressing state-created danger, unconstitutional extractions, and 1st/14th Amendment retaliation under 42 U.S.C. § 1983. | Federal intervention to halt ongoing constitutional injuries | • **Exhibits:** Exhibit 14 (Part G), Exhibit 20 <br><br> • **Courts:** U.S. District Court (SDCA, Case No. 26-CV-3765-JES-DEB) |
| Aug. 24 – Aug. 28, 2026 | Trial Tribunal and Enterprise Actors. | **The Trial of Deprivation (August Sham Trial):** Scheduled full trial on all issues proceeding in rogue defiance of CCP § 916(a) automatic appellate stay while Plaintiff is stripped of counsel, discovery, and defense rights. | Imminent final laundering of fraudulent instruments into unassailable state decrees; catastrophic loss of property and parental rights. | • **Exhibits:** Exhibit 1, Exhibit 8, Exhibit 9, Exhibit 20 <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |

**SECTION b: APPENDIX - MASTER FORENSIC MATRIX A & STATUTORY CHRONOLOGY**

**The Nexus Between Rights Violations and RICO Racketeering**

The Defendants' systematic violation of California statutory mandates (e.g., Mandatory Disclosure, Notice, and Service requirements) and federal constitutional rights (14th Amendment Due Process) are not collateral

-336-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

consequences of litigation. Rather, they are the instrumental predicate acts through which the Enterprise achieved its racketeering objectives.

- **Statutory Violations as Predicate Acts:** By intentionally violating mandatory service rules (CRC 5.125) and transmitting unserved, fabricated filings via electronic mail/wires, the Defendants committed Federal Wire Fraud (18 U.S.C. § 1343). The violation of the statute is the "how" (the means), and the execution via the electronic interstate system is the "crime" (the RICO predicate).

- **Constitutional Violations as Proof of Injury:** The 14th Amendment Due Process violations (such as denying parity or the right to be heard via 'Vexatious Litigant' gag orders) were the "hammer" that rendered the Plaintiff structurally defenseless. This defenselessness allowed the Enterprise to commit its ultimate RICO objective: the unauthorized seizure of the community estate, which constitutes a direct 'injury to business or property' under the RICO Act (18 U.S.C. § 1964(c)).

-337-

**Forensic Chronology Table (Statutes & Case Law Cross-Reference)**

| Date | Factual Event & Violation | Strict Statutory Law / Court Rule | RICO Predicate Acts (18 U.S.C. § 1961) | Controlling Constitutional & Case Law |
|---|---|---|---|---|
| 01/19/23 – Present | Illegal seizure of marital estate ($190k liquid; $150k transfer; $700k+ stocks/Cerevance). | FC §§ 721, 1101 | Wire Fraud / Embezzlement | 14th Amendment Due Process |
| 10/15/24 | "Ghost Motion" Ambush: Unserved discovery motion. | CRC 5.125 / CCP §§ 1010, 1015 | Mail Fraud / Wire Fraud / Obstruction | 14th Amend. (Due Process); *Lippel* |
| 10/24/24 | Unauthorized $150k wire siphon via quid pro quo. | FC § 2040; RPC 1.15 | Wire Fraud / Money Laundering | 14th Amend. (Substantive Due Process) |
| 11/05/24 | Perjury on FL-180; void bifurcation. | FC § 2105 | Perjury / Fraud upon the Court | *In re Marriage of Park* |
| 01/09/25 | Custodial disruption via extrinsic fraud. | FC § 3020 | Extortion / Obstruction of Justice | *Troxel v. Granville* |
| 03/18/25 | Retainer theft ($15k) & attorney abandonment. | RPC 1.16; Bus. & Prof. § 6068 | Embezzlement / Honest Services Fraud | *Seagondollar*; 14th Amend. |
| 07/11/25 | Forgery of FOAH ($115k siphon). | Penal Code § 470 | Wire Fraud / Criminal Forgery | *Rochin v. Pat Johnson* |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 10/25 – 05/26 | Appeals pending regarding void orders and extrinsic fraud (Case D086958). | CCP § 916(a) | Ongoing Racketeering | *Varian v. Delfino* (Appellate Stay) |
|---|---|---|---|---|
| 12/02 /25 | Weaponization of "Vexatious Litigant" (VL) gag. | CCP § 391.7 | Witness Intimidation / Obstruction | 1st Amend. (Right to Petition) |
| 05/22 /26 | Blado Malpractice Action Stayed GRANTED (per May 22 order, Case No. 25CU055956C). | CCP § 916 | Ongoing Racketeering / Conspiracy | *Paul v. Adam* (Mandatory Stay) |
| 06/16 /26 – 06/25 /26 | Federal RICO Retaliation & Docket Weaponization: Truitt files retaliatory reply declaration targeting federal RICO action, coercing state tribunal to push unserved vocational evaluation orders. | FC § 4331; CCP § 2023.030 | Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)) | 14th Amend. (Procedural Due Process); 1st Amend. (Right to Petition / Retaliation) |
| 06/15 /26 – 07/03 /26 | State Court Administrative Blockade & Cover-Up for August Sham Trial: Court clerks, Judge Ferrara, and Presiding Judge Miller reject emergency *ex parte* filings and notices of stay, weaponizing Form VL-115 as de facto gag order; unrecorded evidentiary blackout and court reporter denial (*Jameson v. Desta*). | CCP §§ 391.7, 916(a); CRC Rules 1.58, 2.956 | Obstruction of Justice (18 U.S.C. § 1503); Fraud Upon the Court | 14th Amend. (Due Process / Access to Courts); *Jameson v. Desta*; *Varian v. Delfino* |

-339-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Event | Statute/Rule | Claim | Authority |
|---|---|---|---|---|
| 06/16 /26 – 08/28 /26 | Synchronized Cross-Docket Enterprise Harassment & August "Sham Trial" Execution: Cross-docket attacks advancing toward August 2026 "sham trial" in direct, ultra vires defiance of CCP § 916(a) stay. | CCP §§ 916(a), 1005, 391.7; FC § 4331; CRC Rules 3.1300, 5.125 | Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343) | 14th Amend. (Procedural Due Process & Access to Courts); 1st Amend.; *Varian v. Delfino* (Mandatory Stay) |
| 06/26 /26 | Filing of 1983 Federal Civil Rights Action (Case No. 26-CV-3765-JES-DEB). | 42 U.S.C. § 1983 | State-Created Danger | *DeShaney v. Winnebago County* |
| 07/06 /26 | Schulman Malpractice Order: Judicial finding of "meritorious dispute" (Case No. 25CU054361C, Exhibit 10). | CCP § 473(d) | Obstruction of Justice / Fraud on Court | Collateral Estoppel |
| 07/15 – 07/16 /26 | Bad-faith discovery service and Demurrer despite pending stay motion re: Schulman Malpractice Case No. 25CU054361C. | *Paul v. Adam* / CRC 3.1332 | Abuse of Process / Ongoing Racketeering | *Paul v. Adam* |
| 08/14 /26 | Scheduled Motion for Stay under *Paul v. Adam* to halt harassment in Schulman Malpractice Case No. 25CU054361C. | *Paul v. Adam* / CCP § 916 | Abuse of Process / Conspiracy | *Paul v. Adam* |

-340-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;**
**DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | | |
|---|---|---|---|---|
| 08/19 /26 | Federal TRO Hearing (Case No. 26-CV-3765-JES-DEB): Scheduled temporary restraining order hearing addressing state-created danger and constitutional deprivations. | 42 U.S.C. § 1983; 18 U.S.C. § 1964 | RICO Injunctive Relief | 14th Amendment (Due Process); *DeShaney* |
| 08/24 – 08/28 /26 | Scheduled "Sham Trial" in defiance of appellate stay and pending federal oversight (Case No. 23FL000584C). | CCP § 916(a) | Obstruction / Conspiracy | *Varian v. Delfino* (Void ab initio) |

## III. SUPPLEMENTAL TO FORENSIC MATRIX A & GRANULAR DETAILS SECTION: CHRONOLOGICAL MAPPING OF STATE-CREATED DANGER & RICO PREDICATE ACTS (of SECTION VIII OF THE VERIFIED COMPLAINT )

This supplemental matrix is included to provide the Court with an even more granular, date-specific breakdown of the Enterprise's operations, demonstrating that the state court litigation was never a bona fide legal dispute, but rather a calculated business model designed for asset extraction and systemic fee-churning.

***NOTICE OF INCORPORATION BY REFERENCE**: Plaintiff hereby incorporates by reference the comprehensive record filed in the related action, Lancranjan v. Truitt et al., Case No. 26-CV-03765-JES-DEB, as if fully set forth herein. Plaintiff maintains the physical originals of these exhibits and hereby provides notice that said records are available for the Court's review upon demand, and will be formally entered into the evidentiary record during discovery and trial proceedings. Plaintiff further reserves the right to physically append*

-341-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

*supplemental exhibits to this Complaint as the litigation progresses and as necessary to facilitate the Court's review.*

**EXECUTIVE SUMMARY: THE ENTERPRISE'S RACKETEERING MODUS OPERANDI: This supplemental matrix is included to demonstrate that the state court litigation was never a bona fide legal dispute, but rather a calculated business model designed for asset extraction and systemic fee-churning.**

- **Relevance to RICO:** The abuse endured by the Plaintiff—spanning from the initial $150k-$700k financial siphons to the weaponized use of "Vexatious Litigant" orders—constitutes a deliberate pattern of racketeering. Each procedural "ambush" (e.g., the Ghost Motions, the service violations) was an instrumental predicate act of **Wire Fraud, Extortion, and Obstruction of Justice** (18 U.S.C. § 1961) used to manufacture legal costs that enriched the Enterprise.

- **The Costs Imposed:** The Enterprise intentionally inflicted severe financial and professional damage upon the Plaintiff, using the state tribunal as a "hammer" to extract liquidity and neutralize the Plaintiff's defenses. The specific acts of malfeasance detailed in the chronology below directly correlate to the financial injuries and the destruction of the Plaintiff's professional livelihood, proving the Enterprise's malicious intent to use the judicial system to facilitate its federal crimes.

-342-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **The RICO Pattern:** The chronology below proves that this conduct was continuous, pervasive, and defies the "domestic relations" defense; it is a sophisticated criminal scheme masquerading as family law litigation.

**Current Judicial Context:** The July 6, 2026, Order in *Lancranjan v. Schulman* (Case No. 25CU054361C) is a pivotal event: the Superior Court denied the Defendant's security motion, explicitly found the Plaintiff's malpractice claims "meritorious," and ordered Defendant Schulman to substantively respond to the Complaint (Exhibit 10). Despite this judicial mandate, Defendant Schulman immediately pivoted to a bad-faith strategy: filing a Demurrer and serving aggressive discovery demands in a transparent attempt to bypass the Court's order and exhaust the Plaintiff's remaining resources. This conduct—occurring while a Motion for Stay is pending for hearing on August 14, 2026 (pursuant to *Paul v. Adam*)—confirms that the Enterprise is actively defying state-court directives. The active malpractice case (Case No. 25CU054361C) and the federal civil rights action (Case 26-CV-3765) demonstrate that the Enterprise's "criminal footprint" is pervasive and immune to piecemeal state-court correction. These recent July 2026 filings show a continued, bad-faith attempt to exhaust the Plaintiff's resources even while the state tribunal is legally divested of jurisdiction under the *Paul v. Adam* stay. This chronology provides the definitive roadmap of an active, dangerous enterprise that requires immediate federal equitable intervention.

-343-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

# SUPPLEMENTAL to FORENSIC MATRIX A: CHRONOLOGICAL MAPPING OF STATE-CREATED DANGER & RICO PREDICATE ACTS

| Date | Factual Event & Violation Block | Strict Statutory Law / Court Rule Violated | RICO Predicate Acts (18 U.S.C. § 1961)/ Controlling Constitutional & Case Law Precedent |
|---|---|---|---|
| 01/19/23 – 12/23 | **Father starts the litigation / Mother an abandoned and financially stranded Defendant:** Unilateral seizure of $189,000 in liquid assets and illicit wire transfer of $150,000. Between April 2023 and the end of 2023, Defendant liquidated Vividion corporate stocks and deposited the proceeds exclusively into his personal accounts. He entirely abandoned his 4-year-old child and the financially stranded stay-at-home mother, paying zero statutory child or spousal support (covering only the lease). This financial starvation was weaponized to strip the mother of her defense funds and execute coercive control. This event constitutes the Enterprise's 'Initial Capital Extraction,' weaponizing the theft of community assets to manufacture the Plaintiff's structural defenselessness, effectively transforming shared marital property into a private 'war chest' to fund subsequent racketeering operations. | **Cal. Fam. Code § 2040 (ATROs):** Absolute violation of mandatory asset freezes.<br><br>**Cal. Fam. Code §§ 721 & 1101:** Breach of fiduciary duty and deliberate impairment of community estate.<br><br>**Cal. Fam. Code §§ 3900 & 4053:** Willful failure to fulfill mandatory child and spousal support duties.<br><br>**Cal. Fam. Code § 6320(c):** Domestic violence via financial coercive control. | Wire Fraud (18 U.S.C. § 1343); Money Laundering (18 U.S.C. § 1956); Extortion (18 U.S.C. § 1951);<br><br>**14th Amendment (Due Process & Equal Protection):** Unconstitutional taking and deprivation of property; State-ratified financial vulnerability and engineered defenselessness. |

-344-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 05/31/24 | FCS Recommendation: Neutral Family Court Services expert formally recommends granting Plaintiff's move-away request to Boston, officially documenting her as the child's "primary attachment."<br><br>The Enterprise weaponized this event via subsequent July *ex parte* filings and fabricated allegations of non-compliance to preemptively destroy Plaintiff's credibility, thereby extorting litigation fees and shielding the Enterprise from the expert's findings. | Cal. Fam. Code § 3011: Best interest of the child mandate. | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d));<br><br>14th Amendment (Substantive Due Process / Parental Liberty): *In re Marriage of Burgess* (13 Cal. 4th 25) (Primary custodial parent's presumptive right to relocate). |

-345-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/13/2024 | **Oral Asset Freeze & Trial Setting:** Court orally orders a freeze on marital assets (which opposing counsel intentionally omits from the unserved written order) and schedules the move-away trial for Nov 2024. **The Trapdoor Protocol (FOAH Omission):** Court orally orders asset freeze; Saatjian (Counsel) intentionally omits this from the written FOAH to create an "enforcement vacuum." **This was the Enterprise's "Trapdoor Protocol," where the drafter (Saatjian) and ratifier (Schulman) conspired to omit material terms, effectively weaponizing the FOAH to circumvent the court's oral mandate and facilitate the subsequent illicit seizure of assets.** | **Cal. Rules of Court, Rule 5.125:** Bad-faith false drafting and failure to serve accurate Findings and Orders After Hearing (FOAH) by opposing party/atty. | RICO Predicate Acts (18 U.S.C. § 1961): Wire Fraud (18 U.S.C. § 1343); Fraud Upon the Court (Obstruction) **14th Amendment (Procedural Due Process):** Judicial ratification of financial concealment and destruction of the "equality of arms." |
|---|---|---|---|

-346-

| | | | |
|---|---|---|---|
| 07/24/24 | **Manufacture Alienation:** Opposing counsel files a bad-faith, emergency ex parte fabricating "parental alienation" strictly to sabotage and override the sealed, neutral FCS report.<br><br>**Manufactured Parental Alienation:** Bad-faith emergency *ex parte* filing fabricating claims to suppress the sealed, neutral FCS report. Intentionally engineered to obstruct custody findings, manufacture protracted litigation, and generate illegitimate "churning" fees.<br>**The Manufactured Alienation Ambush:** Opposing counsel (Saatjian) files bad-faith *ex parte* fabricating "parental alienation" to sabotage the neutral FCS report. **This filing was Saatjian's 'Initial Fee-Churning Protocol,' where the Enterprise engineered a fabricated emergency to force the Plaintiff into an expensive defensive posture, thereby generating illegal, baseless litigation fees through bad-faith motion practice.** | **Cal. Code Civ. Proc. § 128.5:** Frivolous tactics and bad-faith actions intended to cause unnecessary delay and harassment. | RICO Predicate Acts (18 U.S.C. § 1961): Extortion (18 U.S.C. § 1951 - Hobbs Act); Obstruction of Justice<br><br>**(Retaliation):** Weaponization of the emergency docket to harass a protective mother; **14th Amendment** (Substantive Due Process). |

-347-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 10/02/24 | THE ORIGIN OF THE CONSPIRACY (Deposition of Mr Truitt) :The $150k Trust Extraction: Unauthorized siphoning of frozen community funds without client signature or court order (Exhibit 6B&C). **The Origin of the Enterprise & The "Funded Chest":** Unauthorized $150k Trust Extraction; establishment of a liquid war chest to fund systemic litigation abuse and sabotage all rights including the move-away rights.<br><br>This illicit extraction served as the Enterprise's 'Architectural Bifurcation'—the intentional, illicit separation of community assets to create a self-sustaining slush fund. This capital became the engine for all subsequent fee-churning and litigation sabotage, allowing the Enterprise to sustain its racketeering operation through the misappropriated estate itself. | **Cal. Rules of Prof. Conduct 1.15(c)** (Trust fund management); **Cal. Family Code ATROs** (Asset freeze). | **RICO Predicate Acts (18 U.S.C. § 1961):** **Embezzlement (18 U.S.C. § 656/ Analogous); Money Laundering (18 U.S.C. § 1956); Wire Fraud;**<br><br>**Penal Code § 506** (Embezzlement by fiduciary); **42 U.S.C. § 1983** (Unconstitutional taking of property). |

-348-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 10/03/24 | THE ORIGIN OF THE CONSPIRACY (The Quid Pro Quo): Attorney Schulman intentionally pulls the protective asset-freeze *ex parte* off the calendar in direct exchange for the $150,000 unauthorized wire transfer. He threatens to abandon Plaintiff if she refuses to sign the theft, entirely fails to propound the discovery she provided him in mid-September, and colludes with opposing counsel via email to delay the move-away trial to churn fees for 2-3 days litigation rather than 3 h scheduled hearing with a Recomanded FCS and presumptive rights to move for the Mother.<br><br>The Quid Pro Quo Conspiracy: Counsel colludes to drop asset-freeze to facilitate $150k unauthorized wire transfer under threat of legal abandonment; engineers client default to churn fees. This collusion functioned as the **Enterprise's 'Disarmament Protocol.'** By trading the asset freeze for the wire transfer, the Enterprise intentionally stripped the Plaintiff of her financial and strategic defenses, creating the 'manufactured default' necessary to monetize the ensuing litigation through endless fee-churning. | The Poisonous Seed: This extra-judicial collusion directly dropped Plaintiff's legal shield. By withholding the discovery responses Plaintiff had already completed, Schulman intentionally manufactured the appearance of client non-cooperation. **Cal. Rules of Prof. Conduct 1.7 & 1.15(c)** (Conflict of Interest & Trust Violations); **18 U.S.C. § 1951** (Hobbs Act Extortion).**18 U.S.C. § 1951** (Hobbs Act Extortion). **42 U.S.C. § 1985(3)** (Civil Rights Conspiracy). | RICO Predicate Acts (18 U.S.C. § 1961): Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503)<br><br>**42 U.S.C. § 1985(3) (Civil Rights Conspiracy):** A private attorney acting in concert with opposing counsel to engineer a client's default and steal assets operates as a racketeering enterprise. **Parity Destruction:** transferring without authorization or signed stipulation community trust funds to a fiduciary under duress permanently broke the "equality of arms." It left Plaintiff financially starved and unable to retain ongoing expert(s) accounting tracing. **The Drop of the Shield:** This extra-judicial collusion stripped Plaintiff of her legal defenses and parity funds, opening the door for the opposing party to execute the discovery ambush. |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 10/15/24 | **THE POISONOUS ROOT:** (4th Amendment Due Process Clause (Notice and Opportunity to be Heard)) The **"Ghost Motion" Ambush:** Filing a discovery sanctions motion without serving the defending party to manufacture an intentional default. **Credibility Assassination & Systemic Deprivation:** The Enterprise weaponized this fake default to cancel the November move-away hearing, illegally expand the litigation, and brand Plaintiff as "non-compliant." This unserved motion is the direct foundational root that caused the $25,000 in retaliatory sanctions, the unconstitutional stripping of attorney-client privilege, the sabotage of Plaintiff's career relocation, the severing of her custody rights, and the state-engineered destitution that left her completely defenseless<br><br>The **"Ghost Motion" Ambush:** Filing discovery sanctions motion without service to manufacture a "default," enabling the illegal seizure of $25k and the weaponization of the docket.<br><br>The Enterprise weaponized this 'Ghost Motion' as the 'Foundational Deceit'—a strategic, bad-faith maneuver designed to manufacture a false administrative record of non-compliance, which they then exploited to trigger punitive sanctions, justify asset seizures, lost of attorney client privilege , 'legalize' the subsequent dismantling of the Plaintiff's defense. | **Cal. Rules of Court (CRC) Rule 5.125; Cal. Code of Civil Procedure (CCP) §§ 1010 & 1015** (Mandatory service). **The Poisonous Root: Because no service was executed, the state court never acquired Personal Jurisdiction. Under _In re Marriage of Lippel_, this unserved motion is a jurisdictional nullity, rendering every subsequent order built upon it void _ab initio_** | **RICO Predicate Acts (18 U.S.C. § 1961):** Mail/Wire Fraud (18 U.S.C. § 1341/1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy<br><br>**14th Amendment Procedural Due Process (Manufactured Default):** Because Plaintiff was never served, the court lacked Personal Jurisdiction. _In re Marriage of Lippel_ (1990) 51 Cal.3d 1160 (An order is void _ab initio_ if issued without lawful service). |

-350-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;**
**DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 10/24/24 | **FIRST FRUIT: Move-Away Delay Blockade: The Move-Away Ambush:** Opposing counsel weaponizes the manufactured discovery "non-compliance" (engineered with Schulman) via an *ex parte* to alter the move-away from a 3-hour hearing to a massive, multi-day trial. Despite Plaintiff's counsel formally opposing this as an 11th-hour delay tactic that would severely prejudice Plaintiff, the tribunal allowed the arbitrary cancellation of the long-scheduled 3-hour move-away trial. This delay was based entirely on the unserved "ghost motion" and allowed opposing counsel to push the hearing into a multi-day trial track while Plaintiff was intentionally frozen out of her funds.<br><br>**The Move-Away Delay Blockade:** Collusion to weaponize manufactured "discovery non-compliance" via *ex parte* to force a multi-day trial track, deliberately inducing financial attrition and prolonging the custody separation.<br>This blockade served as the **Enterprise's 'Fee-Churning Engine,'** where they weaponized a multi-day trial schedule to generate hundreds of thousands in illegitimate fees, effectively 'legalizing' their prior $150,000 theft by converting it into a litigation 'war chest,' while simultaneously forcing the Plaintiff to incur hundreds of thousands in debt to mitigate the Enterprise's fraudulent attrition. | **Cal. Family Code § 7501** (Presumptive right to relocate). **Cal. Rules of Court 3.1200** (Improper use of ex parte for trial calendaring). **First Tainted Branch:** Pushing a 3-hour hearing into a multi-day trial track while Plaintiff was frozen out of her funds was a deliberate act of bad-faith attrition. Furthermore, as explicitly noted in Plaintiff's opposition, the discovery weaponized to justify this delay pertained to financial issues entirely unrelated to the move-away request. | **RICO Predicate Acts (18 U.S.C. § 1961):Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d))**<br><br>**14th Amendment Substantive Due Process (Liberty Interest);** *In re Marriage of Burgess* **(1996) 13 Cal.4th 25** (Prima facie right of primary caretaker to move absent proven detriment); **14th Amendment Liberty Interest. \*\*The *Burgess* Violation:** The court unconstitutionally ignored Plaintiff's presumptive right to relocate under *Burgess* as the primary custodial parent. By granting this *ex parte* delay, the state tribunal weaponized its own docket, giving her abuser months to abuse her and the minor, and providing him the necessary time to manufacture a hostile local counter-record through state-sponsored attrition. |

-351-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 10/29/24 | Extrinsic Fraud via "Shadow Representation" & Overt Act of Conspiracy: The "Post Hoc" (After-the-Fact) Fraud. Opposing counsel used the *unserved* October 15 "Ghost Motion" to secure the October 24 *ex parte* that delayed the move-away. Serving Attorney Blado on October 29 was a panicked, retroactive attempt to "cure" their jurisdictional defect.; "Post Hoc" Cover-up / Shadow Representation: Retroactive, panicked attempt to "cure" lack of personal jurisdiction; overt act of conspiracy to maintain a fraudulent jurisdictional foothold. The "Jurisdictional Laundering" Cover-up: Retroactive, panicked service of Attorney Blado to "cure" the unserved "Ghost Motion." This event functioned as the Enterprise's 'Jurisdictional Laundering' operation, where they utilized retroactive, *post hoc* service to 'launder' a legally void, unserved motion into a valid jurisdictional anchor, weaponizing the court docket to retroactively validate their prior frauds and insulate the Enterprise from future jurisdictional challenges. | The "Post Hoc" (After-the-Fact) Fraud: Opposing counsel used the *unserved* October 15 "Ghost Motion" to secure the October 24 *ex parte* that delayed the move-away. Serving Blado on October 29 was a panicked, retroactive attempt to "cure" their jurisdictional defect-The "Meeting of the Minds" (The Conspiracy):Deliberate circumvention of mandatory service requirements to manufacture a fraudulent jurisdictional foothold | RICO Predicate Acts (18 U.S.C. § 1961):Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Mail/Wire Fraud  **14th Amendment Procedural Due Process (Fraud on the Court):** Blado's secret appearance later manufactured the illusion of "Personal Jurisdiction" for the trial court.; **The Legal Impact:** Blado's secret appearance on Jan 7 2025 manufactured the illusion of "Personal Jurisdiction" for the trial court. **42 U.S.C. § 1983 (Judicial Ratification):**Plaintiff formally notified Judge Morris of this exact betrayal in her March 4/7, 2025 letters. When Judge Morris ignored the letter and sanctioned Plaintiff anyway, he ratified the conspiracy, proving the state tribunal was operating in badfaith |

-352-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 11/05/24 | **SECOND FRUIT: Support Hearing Pretext Ambush:** Imputing false minimum wage to a full-time homeschooling mother and Harvard Extension student without notice or an evidentiary basis. **The Fraudulent FOAH Ratification:** Opposing counsel drafted a fraudulent proposed Findings and Order After Hearing (FOAH) which was *never served* on Plaintiff for review. The judge signed this unserved, void order on March 18, 2025, and it was not served on Plaintiff until April 7, 2025. The court then explicitly refused to set aside this void order on May 15, 2025. **Pendente Lite Cancellation (The 2026 Ambush):** Continuing the systemic financial starvation, the court arbitrarily canceled Plaintiff's long-scheduled *pendente lite* support hearing (set for April 2026) via a baseless *ex parte* on January 28, 2026. The tribunal executed this bad-faith cancellation *after* previously slashing Plaintiff's support in June 2025 to accommodate Defendant Truitt's intentional, willful unemployment. Since that June 2025 reduction, the court has categorically refused to hear Plaintiff, subjecting her to relentless financial abuse and forcing her to borrow funds merely to survive until the anticipated April 2026 evidentiary hearing. The January 28 cancellation operated as a clear overt act of conspiracy, permanently stripping her of any avenue for financial survival. | **Cal. Family Code § 217** (Mandatory live testimony rights); **CCP § 1005** (Notice mandates). **California Family Code § 2105** (Strict Disclosure Mandate):**California Family Code § 2337** (Bifurcation Protections): **Cal. Fam. Code § 217** (Mandatory live testimony rights); **CCP § 1005** (Notice mandates). **Cal. Rules of Court 5.125:** Enforcement of an unserved, un-reviewed FOAH. **CCP § 473(d):** Categorical refusal to set aside a void, unserved order on May 15, 2025. | RICO Predicate Acts (18 U.S.C. § 1961): Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)) **14th Amendment Procedural Due Process:** Unilateral imputation of income absent notice or an evidentiary hearing and the judicial ratification of an unserved, forged order. **14th Amendment Equal Protection (Financial Starvation)***In re Marriage of Keech* (1999) 75 Cal.App.4th 860 (Forcing an indigent party to litigate without funds violates the Family Code baseline). **42 U.S.C. § 1983 (Judicial Ratification)** on March 18 2025 of false unserved order |

-353-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/05 /24 | intentional, willful unemployment. Since that June 2025 reduction, the court has categorically refused to hear Plaintiff, subjecting her to relentless financial abuse and forcing her to borrow funds merely to survive until the anticipated April 2026 evidentiary hearing. The January 28 cancellation operated as a clear overt act of conspiracy, permanently stripping her of any avenue for financial survival.<br><br>**Support Hearing Pretext Ambush":** Systemic financial starvation via unserved "Fraudulent FOAH" and arbitrary cancellation of support hearings. Judicial ratification of void orders (CCP 473(d)).<br><br>**The Enterprise** orchestrated a 'Shadow Representation' collusion, wherein Blado substituted into the matter yet failed to file a single declaration— evading the scrutiny required of an attorney of record—to intentionally prejudice the Plaintiff's defense and provide Saatjian a 'ghost ally' to execute his ambush tactics. | Cal. Fam. Code §§ 217, 2105; CRC 5.125 | **RICO Predicate Acts (18 U.S.C. § 1961):** **Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))**<br><br>**42 U.S.C. § 1983 (Civil Rights Conspiracy & Judicial Ratification):** The court's March 18, 2025 signing of the unserved order, its May 15, 2025 refusal to vacate it, the June 2025 support reduction rewarding willful underemployment, and the January 28, 2026 arbitrary *ex parte* cancellation of the survival hearing constitute a systemic, state-sponsored campaign of financial strangulation and bad-faith conspiracy. |

-354-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/12/24 | THIRD FRUIT THE LOCKOUT: Perjurious FL-180 Judgment:Perjurious FL-180 Judgment: Defendant file a status-only judgment, falsely swearing under penalty of perjury that a mutual "stipulation" existed and that final disclosures were complete. **Judicial Complicity, $10k Retaliation & Custody Threat:** Upon receiving formal notice of the perjury, the court affirmatively refused to set aside the void bifurcation on November 20, 2025 (Exhibit B). By ignoring the extrinsic fraud, the tribunal actively ratified the manufactured lockout. Furthermore, the court aggressively retaliated against Plaintiff for exposing the perjury by levying a **$10,000 sanction**, categorically refusing to provide emergency survival funds, and unconstitutionally threatening to sever Plaintiff's custody of her son if she could not afford to care for him. | **The Poisonous Trunk:** Family Code § 2105 strictly prohibits a status judgment without full financial disclosures. Pushing this through via extrinsic fraud strips the judgment of all constitutional validity.**Cal. Family Code § 2105** (Absolute mandate for Final Declarations of Disclosure before judgment).**Cal. Code Civ. Proc. § 473(d):** The court's categorical refusal to set aside a facially void judgment procured by perjury.**Cal. Code Civ. Proc. § 2023.030:** Weaponizing sanctions to execute a retaliatory penalty. | **14th Amendment Due Process (Unconstitutional Taking & Deprivation of Rights):***Kougasian v. TMSL, Inc.* (9th Cir. 2004) (Extrinsic fraud that blocks a party from their day in court voids the instrument ab initio). **1st Amendment (Retaliation):** The $10,000 sanction operates as a punitive financial extraction designed to punish Plaintiff for exposing the fraud.**Financial Starvation & Family Destitution:** This void bifurcation legally locked Plaintiff out of a $1,000,000+ estate. It allowed the abuser to conceal assets and unilaterally fund his attorneys ($250k+), guaranteeing Plaintiff could not afford to fight the impending ambushes. The court's refusal to redress this fraud directly inflicted severe financial and emotional trauma on the minor child, forcing the family to rely on borrowed funds for basic survival and engineering absolute structural defenselessness. |
|---|---|---|---|

-355-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/12 /24 | **The Lockout / Perjurious FL-180:** Defendant files status-only judgment falsely swearing to a "stipulation." **The Enterprise weaponized this perjurious judgment to achieve 'Absolute Financial Sequestration,' effectively laundering its control over the $1,000,000+ estate, utilizing the court's retaliatory sanctions to strip the Plaintiff of her remaining liquidity, and transforming the tribunal into a private collection agency to fund the Enterprise's ongoing litigation abuse.** | FC § 2105; CCP 473(d); CCP 2023.030 | **RICO Predicate Acts (18 U.S.C. § 1961):** Perjury (18 U.S.C. § 1621); Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy |

-356-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 01/07 /25 | **Forth FRUIT &Shadow Representation Sanctions:** Attorney Blado attends a sanctions hearing based on the unserved Oct. 15 motion without informing Plaintiff, filing unauthorized papers, imposing financial penalties based on the unserved unopposed motion while ignoring attorney fault and malpractice.<br><br>**Shadow Representation" & Overt Act of Conspiracy:** Attorney Blado attends sanctions hearing regarding unserved Oct. 15 "Ghost Motion" to validate the fraudulent default, extract funds, and shield the Enterprise from liability. **This event functioned as the Enterprise's 'Validation Loop,' where Blado's shadow appearance provided the crucial procedural theater needed to transform an unserved, void motion into a binding financial judgment. This collusion—a definitive 'Meeting of the Minds'—allowed the Enterprise to leverage the court's authority to extract funds that directly subsidized their own litigation costs, while simultaneously using the fraudulent record to insulate the Enterprise from accountability for their prior malpractice and fraud.** | **Cal. Code of Civil Procedure § 473(b)&473(d) due to unserved Oct 15 2024 ghost discovery motion**(Mandatory relief from default based on attorney mistake/ neglect). 14th Amendment Equal Protection.<br>**Poisoned Fruit:** This order is a nullity because a court cannot levy sanctions on an unserved underlying motion. Blado's shadow representation was used to validate a fake docket and hide his own malpractice | **5th & 14th Amendment Substantive Due Process** (Arbitrary state deprivation of property based on fraud)**&14th Amendment Equal Protection. Void Sanctions:** This order is void because it relies on the unserved Oct. 15 motion. The court weaponized a fake procedural error to extract funds from a financially starved mother.<br><br>**RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d))** |

-357-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 01/09 /25 | **FIFTH FRUIT: Custody & School Status Quo Destruction.** Unconstitutionally modifying the child's educational structure without an evidentiary hearing. **The Unserved Order &Extrinsic Fraud:**This ruling was drafted, pushed through, and signed *without any lawful service to Plaintiff before or after the order*. Furthermore, the order was procured via direct extrinsic fraud: the opposing party committed perjury regarding his tax filing status to artificially lower support obligations, conceal financial data, and hide assets. **Homeschool status quo Destruction:** Unconstitutionally modifying the child's educational structure without an evidentiary hearing or an open clinical inquiry. Furthermore, the court unilaterally destroyed the custodial status quo, actively violating Plaintiff's presumptive right to relocate to Boston as the primary custodial parent (as established by the May 31, 2024, neutral FCS recommendation). | **Poisoned Fruit: Cal. Family Code § 3064** (Ex parte/ summary custody changes strictly prohibited absent immediate physical harm).Family Code § 3064 strictly forbids summary changes to a child's educational status quo absent immediate physical harm. **Pushing an unserved order through is a per se due process violation. Cal. Fam. Code § 217:** Refusal to conduct a mandatory live evidentiary hearing or receive competent testimony.**Cal. Fam. Code § 7501:** Primary custodial parent's presumptive right to change the residence of the child. **Cal. Fam. Code § 217:** Refusal to conduct a mandatory live evidentiary hearing.**CCP §§ 1010 & 1015:** Pushing an unserved order through is a *per se* due process and jurisdictional violation. | **14th Amendment (Equal Protection & Procedural Due Process):** State-sanctioned creation of a "two-tiered" justice system; Ratification of perjured evidence to manufacture an unconstitutional financial penalty. *Troxel v. Granville* **(2000) 530 U.S. 57** (Fundamental 14th Amendment right of fit parents to direct the upbringing and education of children). **State-Created Danger:** Because the order was completely unserved, Plaintiff was denied her right to defend her child. The court inflicted severe psychological trauma on the minor child without jurisdiction or notice. The complete lack of service means the court operated without personal jurisdiction. **Ratification of perjured evidence** (tax filing status) to hide financial data and manufacture an unconstitutional financial penalty constitutes absolute **Fraud on the Court** |

-358-

| 01/09/25 | Fifth Fruit" / The Educational Lockout/ Coordinated Status Quo Destruction- Conspiracy to Target Parental Rights (18 U.S.C. § 1962(d)): Perjury regarding tax filing status to artificially lower support; *ex parte* modification of custody/ schooling via unserved order, bypassing evidentiary hearing.<br><br>**This unserved order represents the Enterprise's 'Coup against Parental Rights,' where the Defendants conspired to weaponize the court's docket to bypass the neutral FCS recommendation and execute a total collapse of the Plaintiff's defense. By colluding to force through an unserved, perjurious order, they facilitated systemic medical, legal, and financial abuse— intentionally inflicting trauma on the minor child while permanently severing the Plaintiff's parental rights to eliminate the primary barrier to their unchallenged looting of the estate.** | Cal. Fam. Code § 3064; § 217; CCP §§ 1010/1015 | **RICO Predicate Acts (18 U.S.C. § 1961):** Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)) |

-359-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 02/04/25 | Retaliatory Sanctions & Asymmetrical Disclosure Standard: The tribunal levies a punitive $1,500 sanction against Plaintiff based on false, unverified declarations regarding financial disclosures. The court executes this penalty against an indigent mother while concurrently ignoring incontrovertible evidence that the Defendant himself completely failed to provide his own mandatory updated disclosures prior to securing the void bifurcation. **Sixth Fruit / Retaliatory Sanctions & Asymmetrical Disclosure / Conspiracy to Enforce Inequality:Retaliatory Sanctions & The Gaslighting Cycle: Court levies $1,500 sanction for alleged disclosure non-compliance. The Enterprise doubled down on the foundational fraud by weaponizing the very disclosure standards they falsely claimed to have met to secure the void bifurcation; by enforcing this 'asymmetrical compliance' to sanction the Plaintiff while ignoring the Defendant's material failures, they successfully operationalized a profitable fee-churning cycle that exploited the Plaintiff's state of total, state-sanctioned abuse.** | Cal. Fam. Code §§ 2104 & 2105: Mandatory financial disclosure requirements (weaponized and selectively enforced against Plaintiff). Cal. Code Civ. Proc. § 2023.030: Misuse of discovery sanctions to execute a retaliatory penalty rather than cure a defect. | **RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343)** **14th Amendment (Equal Protection & Procedural Due Process):** State-sanctioned creation of a "two-tiered" justice system; Ratification of perjured evidence to manufacture an unconstitutional financial penalty. |

-360-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 03/04/25-03/18/25 | **THE RATIFICATION & WHISTLEBLOWER IGNORED: Formal Notice to the Court.** Acting as an abused, self-represented single mother navigating a hostile legal labyrinth alone, Plaintiff submitted desperate, formal written pleas to the Court (Exhibit 1). These letters explicitly exposed the Schulman/Blado attorney sabotage, the complete lack of lawful service, and the suppression of mandatory financial disclosures.<br><br>**Judicial Suppression as Obstruction of Justice (18 U.S.C. § 1503:** Rather than protect the vulnerable, unrepresented mother who was actively whistleblowing on attorney fraud, the court affirmatively chose to ignore the documented evidence of malpractice and proceeded to ratify the ambush, trapping her and her minor child in a state-engineered legal nightmare. The Tribunal's refusal to act upon formal notice of extrinsic fraud constitutes an **Overt Act of Conspiracy.** This silence was not judicial discretion; it was the essential enforcement mechanism of the Racketeering Enterprise. By providing 'Judicial Cover' for the Defendants' sabotage, the Tribunal solidified the Enterprise's control over the litigation, allowing the Defendants to continue the financial and custodial lockout. This coordination proves that the Enterprise operated not *in front of* the Court, but *through* the Court, transforming the judicial process into an instrument of racketeering. | **Cal. Code Civ. Proc. § 473(b):** Mandatory relief from default/ sanctions due to attorney fault, mistake, or neglect (which the tribunal actively ignored despite formal written notice).<br><br>**Cal. Fam. Code §§ 2104 & 2105:** Ratifying proceedings despite the documented lack of mandatory financial disclosures.<br><br>**Cal. Rules of Professional Conduct:** Ignoring documented evidence of attorney sabotage and extrinsic fraud against a self-represented litigant. | **RICO Predicate Acts** (18 U.S.C. § 1961):Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))<br>**42 U.S.C. § 1983 (Civil Rights Conspiracy & Judicial Complicity):** The court was placed on actual, documented notice of the extrinsic fraud and malpractice, but affirmatively chose to ignore it, directly ratifying the constitutional deprivation.**14th Amendment Procedural Due Process (Denial of Fair Tribunal):** The court's refusal to act on formal notice of extrinsic fraud demonstrates active judicial complicity.**State-Created Danger:** The court weaponized the extreme power imbalance between a self-represented, abused single mother and a coordinated legal enterprise. By ignoring her pleas for procedural protection under CCP § 473(b), the State affirmatively stripped her of her defenses and engineered her absolute destitution and legal paralysis |

-361-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | |
|---|---|---|
| **Judicial Suppression as Obstruction of Justice (18 U.S.C. § 1503):** The Tribunal's deliberate refusal to act upon formal notice of extrinsic fraud functioned as a "corrupt" impediment to justice. The Court served as the Enterprise's essential enforcement mechanism, creating an operational cycle: (1) Enterprise commits fraud; (2) Plaintiff provides formal notice; (3) Court suppresses notice; (4) Enterprise continues asset extraction. This cycle confirms the Tribunal's integration into the racketeering workflow; **The Ratification & Whistleblower Ignored:** Court suppresses formal notice of extrinsic fraud. **This event marks the Enterprise's 'Systemic Integration'—the pivotal moment where the Tribunal transformed from a biased arbiter into the Enterprise's operational 'Headquarters.' By engineering a closed-loop workflow—where the Enterprise commits fraud and the Tribunal affirmatively suppresses all 'Whistleblower' notice of that fraud—the Defendants solidified the Court as an indispensable participant in the racketeering operation, effectively guaranteeing that the Enterprise could execute its asset-extraction strategy with absolute judicial immunity.** | CCP § 473(b); FC §§ 2104, 2105 | **RICO Predicate Acts (18 U.S.C. § 1961):**Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)) |

-362-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 03/18/25 | Prejudgment & Asset Theft Ratification: The judge explicitly threatens Plaintiff's move-away credibility on the record due to the manufactured discovery defaults. The court allowed Attorney Blado to substitute out, absconding with the only $15k parity for the move-away trial, leaving Plaintiff destitute while the opposing party hoarded millions.Engineered Destitution & Parity Blockade: The court actively ratified the financial starvation of Plaintiff by allowing Attorney Blado to substitute out and abscond with the only $15,000 designated for Plaintiff's move-away trial representation. The tribunal left Plaintiff completely destitute and structurally defenseless on the eve of trial, while simultaneously permitting the abusive opposing party to unilaterally hoard a multi-million-dollar marital estate unchecked. **Prejudgment & Asset Theft Ratification: Judge prejudges credibility; Blado absconds with last $15k parity funds on eve of trial. The Enterprise executed its 'Scorched-Earth Extraction' protocol, weaponizing the tactical withdrawal of counsel to siphon the Plaintiff's final liquid funds on the eve of trial. The benefit was 'Total Tactical Dominance': the Enterprise successfully liquidated the Plaintiff's last defense asset, leaving her structurally incapacitated for the upcoming trial, while simultaneously insulating themselves from liability** | Cal. Family Code § 2030: Mandatory obligation to ensure parity and award litigation fees to the indigent spouse to ensure access to justice.<br><br>Cal. Family Code §§ 721 & 1100: Strict fiduciary duty of highest good faith; the court actively facilitated the breach of this duty by allowing the hoarding of community assets.<br><br>Judicial Code of Conduct, Canon 3(B)(5): A judge shall perform judicial duties without bias or prejudice (violated by prejudging a litigant's credibility based on a void, unserved motion). | RICO Predicate Acts (18 U.S.C. § 1961):Extortion (18 U.S.C. § 1951); Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503)<br><br>4th Amendment Procedural Due Process (Judicial Bias & Prejudgment): Threatening a litigant's credibility before a trial based on an unserved, jurisdictionally void "default" demonstrates explicit judicial bias and the denial of a fair, impartial tribunal.<br><br>14th Amendment Equal Protection (Financial Starvation): State-sponsored creation of a "two-tiered" justice system. *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295: Reversible error to allow one spouse to bankrupt the other through asymmetric funding and litigation abuse.1st Amendment (Access to Courts): By ratifying the theft of Plaintiff's $15,000 trial fund and denying access to the estate, the court weaponized indigence to execute an absolute blockade of Plaintiff's constitutional right to access the courts. |

-363-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 03/18/25 | The Final Extraction / Engineered Destitution: Prejudgment "Asset Theft" ratification; tribunal permits attorney to abscond with remaining $15k trial funds, inducing absolute destitution on eve of trial while shielding massive hoarded assets.<br><br>**This extraction marked the Enterprise's 'Operational Culmination,' ensuring the successful neutralization of the Plaintiff's last defense asset. By stripping the Plaintiff of all remaining parity funds on the eve of trial, the Enterprise achieved its strategic mandate: total impunity. This allowed the Defendants to convert the state tribunal into a rubber-stamp authority for their ongoing asset seizure, guaranteeing an unopposed 'victory' while simultaneously immunizing their prior fraudulent conduct from any possible legal challenge.** | FC §§ 2030, 721, 1100; Canon 3(B) (5) | **RICO Predicate Acts (18 U.S.C. § 1961):Extortion (18 U.S.C. § 1951); Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503);**<br><br>**4th Amendment Procedural Due Process (Judicial Bias & Prejudgment):** |

-364-

| 04/09/25 | CRC 5.125 Violation & The "Two-Tiered" Justice Admission: Opposing counsel secretly files a fabricated FOAH forcing the turnover of unredacted privileged legal bills, bypassing client review. The judge explicitly refused to sanction or reprimand the attorney for intentionally violating due process service rules, declaring on the record that this is "the process with self-represented litigants." **"Two-Tiered" Admission / Privileged Bill Seizure:** Secret filing of fabricated FOAH to force turnover of unredacted legal bills; judicial admission that the court applies a discriminatory procedural track for self-represented litigants.; judge defends discriminatory track. **This event operationalized the Enterprise's 'Discriminatory Compliance Protocol,' where opposing counsel utilized secret filings and electronic wire fraud to bypass mandatory meet-and-confer rules, weaponizing the Tribunal's open admission of a 'two-tiered' system to illegally seize privileged legal** | **California Rules of Court, Rule 5.125** (Mandatory meet-and-confer on order text); **Privileged Information Statutes : Attorney-Client Privilege (Cal. Evid. Code §§ 950–962); Attorney Work Product Doctrine (Cal. Civ. Proc. Code § 2018.030); Privileged Document Protections (Cal. Civ. Proc. Code § 2031.285); California Constitution, Article I, Section 1 (Right to Privacy)** | **RICO Predicate Acts (18 U.S.C. § 1961):Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))** <br><br> **14th Amendment Procedural Due Process (Enforcement of unserved orders creates a discriminatory, two-tiered system):** Forcing compliance with secret or unserved orders issued without notice, while denying basic rights to a hearing or mandatory meet-and-confer mandates (such as CRC 5.125), violates due process and institutionalizes an unconstitutional, discriminatory two-tiered judicial system. <br><br> **Fourteenth Amendment, U.S. Constitution (Procedural Due Process):** Protects against the arbitrary state-sanctioned seizure of private papers or the enforcement of unserved orders, prohibiting a discriminatory "two-tiered" system that strips litigants of foundational constitutional protections; **Fourth Amendment (Protection Against Unreasonable Seizures):** The Fourth Amendment's core prohibitions extend to government-compelled seizures of private documents, records, and personal papers; |
|---|---|---|---|

-365-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 04/29 /25 | **Unconstitutional Privilege Stripping & Coercion:** The court strips Plaintiff of her core attorney-client privilege without a noticed motion or an evidentiary crime-fraud basis via a *sua sponte* ambush ("meeting of the minds" conspiracy). The court tried to coerce Plaintiff to accept a piecemeal of the $150k theft; when she refused, the court retaliated by denying all parity funds for the upcoming move-away trial, shockingly claiming *pro se* litigants do not need to be served. **The RICO Inference: A neutral judge does not unilaterally strip a litigant's attorney-client privilege unless they are actively coordinating with the opposing party to gain tactical information.** By initiating this "ambush" without a motion or evidentiary basis, the Tribunal proved it was aligned with the Enterprise's objective: **to disarm the victim before the trial. Meeting of the Minds:** This indicates the Tribunal and the Enterprise were operating under a shared, unwritten understanding: *The law does not protect the Plaintiff; the law* | **Cal. Evidence Code § 954** (Absolute sanctity of the attorney-client privilege). **Cal. Fam. Code § 6320(c)** (Financial coercive control). | **RICO Predicate Acts (18 U.S.C. § 1961):Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))** <br><br> **4th Amendment Unreasonable Seizure** (The unlawful siphoning of defense records on the eve of trial creates an unconstitutional trial by ambush) **4th Amendment Unreasonable Seizure:** Affirmative refusal to stay the unconstitutional, forced turnover of Plaintiff's unredacted defense records. **14th Amendment (Substantive Due Process):** Finalization of the State-Created Danger and engineered destitution. |
|---|---|---|---|

-366-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/07 /25 | **Judicial Complicity, Privilege Stripping, and Trial by Ambush Ratification/Ex Parte Denial & Reconsideration Refusal:** The court summarily denies Plaintiff's emergency request to freeze misappropriated community assets and affirmatively refuses to reconsider the unconstitutional taking of her attorney-client privilege executed on April 29 2025.**Ratification of Trial by Ambush & Corporate Sabotage:** The court ignored evidence that opposing counsel bypassed Plaintiff to harass her formal service agent and illegally ambushed Plaintiff with 45 late-served exhibits just 6 days prior to the move-away trial. These exhibits included illegally obtained, confidential communications regarding her former employer (State Street) deliberately designed to destroy her career and relocation prospects.**State-Sponsored Destitution:** The court refused to freeze the assets even after Defendant Truitt explicitly admitted under oath that he was now "unemployed," ensuring he could continue draining the marital estate to fund his legal abuse while Plaintiff remained entirely starved of parity. **The state tribunal functioned as an operational enforcement arm of the RICO Enterprise—protecting asset drains, stripping attorney-client privilege to obstruct justice, executing career-destroying economic sabotage via eve-of-trial data dumps, and weaponizing financial | **Cal. Fam. Code § 6320(c)** (Financial coercive control).<br><br>**Cal. Evidence Code § 954:** Forced waiver and seizure of absolute attorney-client privilege.<br><br>**Cal. Rules of Court, Rule 5.125:** Ratification of continuous service violations and intimidation tactics.<br><br>**CCP § 1005:** Allowing an evidentiary data dump of 45 trial exhibits on the immediate eve of trial. | **RICO Predicate Acts (18 U.S.C. § 1961):Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343)**<br><br>**14th Amendment Substantive Due Process (State-Created Danger):** Finalization of the engineered destitution. By allowing an unemployed abuser to hoard and drain the estate while denying the victim survival funds, the court executed severe financial coercive control.<br><br>**14th Amendment Procedural Due Process (Trial by Ambush):** Permitting a massive evidentiary ambush 6 days prior to trial guaranteed Plaintiff could not mount a defense.<br><br>**4th Amendment Unreasonable Seizure:** Affirmative refusal to stay the unconstitutional, forced turnover of Plaintiff's unredacted defense records. |
|---|---|---|---|

-367-

| 05/12/25-05/19/25 | **Factual Event & Procedural Violation Block:** The state tribunal forced an unrepresented pro se litigant—coerced into self-representation by the court's malicious refusal of statutory litigation parity—into a predatory trial ambush. The court admitted 45 late-served, unconstitutionally seized privileged exhibits just five court days prior to trial (in direct violation of CCP § 1005), categorically refused Plaintiff's Motions in Limine, and allowed opposing counsel to introduce evidence without providing exhibit binders or permitting contemporaneous objections. Furthermore, the court illegally ignored and shifted the established legal standard under *In re Marriage of Burgess* to a surprise *de novo* trial framework after Plaintiff had fully prepared for the noticed standard. Subjected to unchecked in-court abuse while her witnesses were actively intimidated, Plaintiff was completely blocked from mounting a defense or presenting evidence.<br><br>**Enterprise Nexus & Legal Impact:** The Enterprise and court weaponized kangaroo-court trial conditions—admitting unconstitutionally seized privileged evidence, suppressing witnesses, and subverting legal standards—to systematically dismantle Plaintiff's defense and permanently insulate their fraud and multi-million-dollar asset-extraction scheme from accountability. | **Cal. Fam. Code § 7501 & *In re Marriage of Burgess*:** Illegal deviation from the primary custodial parent's presumptive right to relocate. **Cal. Evidence Code § 500:** Illegal shifting of the burden of proof (changing the legal standard to *de novo* without notice on the day of trial).**CCP § 1005:** Violation of evidentiary timelines.**Cal. Rules of Court:** Permitting the introduction of evidence without providing mandatory exhibit binders or allowing contemporaneous objections. | **RICO Predicate Acts (18 U.S.C. § 1961):Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343); 14th Amendment Fair Trial Guarantee (Procedural Due Process):**Systemic court-facilitated coercive control via engineered destitution.**14th Amendment Procedural Due Process (Deprivation of Fair Trial):** Systemic court-facilitated coercive control via engineered destitution and trial by ambush. Changing the burden of proof on the day of trial and denying a litigant the ability to view or object to evidence is the definition of a fundamentally unfair tribunal. **14th Amendment Substantive Due Process (Liberty Interest):** *In re Marriage of Burgess* (1996) 13 Cal.4th 25 (Prima facie right of primary caretaker to move).**4th Amendment (Unreasonable Seizure):** Admission of the 45 late-served exhibits constituted the judicial laundering of unconstitutionally seized, privileged defense records.**1st Amendment (Access to Courts & Witness Suppression):** Permitting the active intimidation of Plaintiff's witnesses unconstitutionally chilled her right to present a defense and access the courts. |

-368-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 05/15/25 | **THE KANGAROO COURT**(Leading into 05/16/25 Trial)**THE RATIFICATION: Refusal to Set Aside.** Plaintiff formally asked the court to set aside the void Jan. 9th orders and the forged FOAHs due to lack of service and extrinsic fraud. *The Court refused.****Court Reporter Sabotage:** The court reporter agency abruptly cancels on the indigent Plaintiff to exclusively contract with the fully funded abuser for May 16 2025. he court forces Plaintiff to rely on the opposing party's privately hired reporter, destroying the neutrality of the official record. <br><br>**The Appellate Blockade & Court Reporter Sabotage:** Judicial ratification of void FOAHs; coordinated cancellation of neutral court reporting to force reliance on abuser's privately funded reporter, destroying record neutrality. **Enterprise Nexus & Legal Impact:** The Enterprise and corrupt court actors weaponized administrative sabotage— coordinating the cancellation of neutral court reporting to monopolize the record through the abuser's privately funded reporter, refusing to vacate forged instruments, and enforcing structural disenfranchisement—to insulate their fraudulent asset extractions from appellate review and perpetuate the racketeering scheme under color of law | **CCP § 473(d):** Absolute duty to strike down orders void on their face or for lack of service. Refusing to set aside unserved orders completes the extrinsic fraud loop.<br><br>**Gov. Code § 69956 & Cal. Rules of Court:** Strict mandates requiring the neutrality, independence, and impartiality of official court reporters.<br><br>**Cal. Fam. Code § 2030:** The court weaponized the lack of parity, allowing the abuser to use hoarded community funds to financially monopolize the court reporter agency. | **14th Amendment Procedural Due Process (Destruction of the Neutral Record):** Forcing a self-represented, indigent mother to rely on her abuser's privately funded reporter strips the tribunal of impartiality and corrupts the trial record *ab initio*. **1st Amendment Right to Petition (The Appellate Blockade):** By actively refusing to cure the lack of service and corrupting the trial transcript, the trial judge transitioned from making a procedural "error" to actively participating in a cover-up. Without a neutral, verified transcript, Plaintiff is unconstitutionally blocked from perfecting an appeal. The judge actively ratified the fraud. **42 U.S.C. § 1983 (Judicial Ratification&Civil Rights Conspiracy):** The judge's refusal to vacate the forged FOAHs and complicity in the court reporter sabotage cemented the **State-Created Danger** and engineered destitution. |

-369-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/15/25 | **Enterprise Nexus & Legal Impact:** The Enterprise and corrupt court actors weaponized administrative sabotage—coordinating the cancellation of neutral court reporting to monopolize the record through the abuser's privately funded reporter, refusing to vacate forged instruments, and enforcing structural paralysis.<br><br>**Administrative Sabotage & Record Monopoly (The How):** Coordinated between private counsel and corrupt tribunal actors to cancel neutral court reporting services in violation of Government Code § 69956 and CRC rules; forced reliance on a privately funded reporter paid via hoarded community funds (violating Fam. Code § 2030 parity); and refused to vacate unserved, forged instruments (FOAHs) in direct defiance of the mandatory duty under CCP § 473(d).<br>**Shielding Fraud & Creating a Blackout (The Why):** To corrupt and control the verbatim record, establishing an evidentiary "blackout" (*Jameson v. Desta* violations) that permanently blocks appellate oversight, while | **CCP § 473(d):** Absolute duty to strike down orders void on their face or for lack of service. Refusing to set aside unserved orders completes the extrinsic fraud loop.<br><br>**Gov. Code § 69956 & Cal. Rules of Court:** Strict mandates requiring the neutrality, independence, and impartiality of official court reporters.<br><br>**Cal. Fam. Code § 2030:** The court weaponized the lack of parity, allowing the abuser to use hoarded community funds to financially monopolize the court reporter agency. | **RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503):** Executed through the coordinated cancellation of neutral court reporting, the corruption of the official trial record, and the refusal to vacate forged instruments (FOAHs) to prevent oversight.; **Conspiracy (18 U.S.C. § 1962(d)):** Coordinated administrative and judicial action between private counsel and court actors to weaponize financial disparities, monopolize the court reporter agency, and shield underlying financial frauds.**Wire Fraud (18 U.S.C. § 1343):** Utilizing rigged, unrecorded, and manipulated tribunal workflows to legally launder prior wire-fraudulent asset extractions into binding judicial orders. |

-370-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/15/25 | THE KANGAROO COURT; HE COVER-UP: Court Reporter Sabotage: The court reporter agency abruptly cancels on the indigent Plaintiff to exclusively contract with the fully funded abuser for May 16 2025. he court forces Plaintiff to rely on the opposing party's privately hired reporter, destroying the neutrality of the official record. Judicial Coercion: On the eve of trial, the judge weaponized Plaintiff's lack of counsel, repeatedly reminding her "you don't have a lawyer" while refusing to release parity funds unless she acquiesced to the court's specific pre-distribution terms, ultimately denying the funds entirely and leaving her to face the trial unrepresented.<br><br>Enterprise Nexus & Legal Impact: The Enterprise's racketeering business model depends on finality —the finality of their fraud. By creating an "Appellate Blockade" through the corruption of the court record and the engineered denial of counsel via financial starvation, the Defendants and judicial co-conspirators guaranteed that their fraudulent orders could never be challenged. This was not a procedural error; it was the execution of a coordinated plan of Obstruction of Justice to seal the record against Plaintiff, ensuring the Enterprise could retain its ill-gotten assets and custodial control | Cal. Government Code § 69952 (Court's duty to provide official record-keeping for indigent litigants).<br><br>Cal. Family Code § 2030: Mandatory duty to ensure parity in legal representation, which the court violated by withholding funds and forcing Plaintiff into trial without counsel. | RICO Predicate Acts (18 U.S.C. § 1961):Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343)<br><br>14th Amendment Equal Protection. *M.L.B. v. S.L.J.*(A state tribunal cannot force a financially starved mother to rely on her abuser's paid agents for an appellate record; this is a structural Equal Protection violation).This structural deprivation violates both the Equal Protection Clause and the Procedural Due Process Clause This structural deprivation creates a fundamentally unfair proceeding.;The Legal Standard:The Conspiracy Element-the trial judge actively created a "Structurally Asymmetrical Tribunal. 42 U.S.C. § 1983 (Civil Rights Conspiracy): The trial judge actively created a "Structurally Asymmetrical Tribunal," participating in the cover-up by ratifying the monopolization of the court reporter. |

-371-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 05/16/25 | **THE KANGAROO COURT:** <u>Illegal Striking of the 1st Statement of Disqualification (SOD)</u> **(Exhibit 1)** Plaintiff filed a formal Statement of Disqualification against Judge Morris, citing severe bias and his complicity in the $150,000 theft from the community estate. In an egregious usurpation of jurisdiction, Judge Morris acted as a judge in his own case, illegally self-striking the SOD to maintain absolute control over the rigged move-away trial.<br><br>**The Kangaroo Court / Usurpation of Jurisdiction:** Judge illegally self-strikes Statement of Disqualification (SOD) alleging his own complicity in extrinsic fraud; operates as judge in his own case to facilitate the "Trial by Ambush." **The Judicial Blinding (Conspiracy Overt Act):** Judge illegally self-strikes Statement of Disqualification alleging his own complicity in extrinsic fraud. This act of "self-insulation" served as the primary instrument for the Enterprise to blind the court to the ongoing racketeering, ensuring the | Cal. Code of Civil Procedure § 170.3: Mandatory statutory requirement to refer *any* challenged disqualification to an independent, outside judge. A challenged judge has absolutely no jurisdiction to strike an SOD alleging their own bias or complicity in extrinsic fraud. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))<br><br>**14th Amendment Procedural Due Process (Denial of an Impartial Tribunal):**<br><br>*Tumey v. Ohio* (1927) 273 U.S. 510: A judge cannot rule on their own alleged bias or criminality. Acting as a judge in one's own case is a *per se* due process violation that voids all subsequent rulings.<br><br>**Structural Error/*ultra vires*: By illegally self-striking the SOD, the judge operated completely outside of his lawful jurisdiction, rendering the entire May 16 move-away trial a constitutionally void "Kangaroo Court."** |

-372-

| | | | |
|---|---|---|---|
| 05/16/25 | This *ultra vires* judicial self-insulation served as a critical overt act in furtherance of the RICO conspiracy. The Enterprise required a compromised, "shielded" adjudicator to blind the tribunal to ongoing racketeering and ensure that the "Move-Away Ambush" trial proceeded without exposing the underlying $150,000 asset siphoning or prior forgeries. By usurping jurisdiction to maintain control of the bench, the tribunal functioned as an active *ultra vires* instrument of the Enterprise, protecting its members from accountability and perpetuating the fraudulent scheme under color of law. | | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)) |

-373-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 05/20/25 | THE KANGAROO COURT:THE FINANCIAL STARVATION MANDATE & PARITY BLOCKADE: Following the move-away trial, the court authorized the ex-spouse to drain community assets to pay his attorneys while systematically denying Plaintiff any parity to retain counsel.**Weaponization of the Estate:** The judge explicitly allocated $5,000 per month from the community estate directly to opposing counsel. Simultaneously, when Plaintiff desperately begged for funds to hire an attorney, stating she was "stranded" and "about to be homeless" with "no money left" while her abuser hoarded over $700,000, the judge categorically refused. The judge unconstitutionally trapped her in a catch-22, ruling: "I can't award attorney's fees when you don't yet have an attorney or a retainer". **The Financial Starvation Mandate: Judge forces a "Catch-22" (no retainer = no fees); weaponizes the estate to fund the abuser while blocking the Plaintiff. This ruling functions as a core RICO Overt Act, establishing the Tribunal's role as the Enterprise's 'Financial Enforcer' by weaponizing procedural paradoxes to execute Hobbs Act extortion and maintain the victim's structural defenselessness** | **Cal. Family Code § 2032:** Parity awards must reflect the parties' relative financial circumstances and access to capital.

**Cal. Family Code §§ 721 & 1100:** Fiduciary duty mandates. The court actively endorsed the abuser's unilateral hoarding of the $288k liquid assets and the $150k trust, violating the mandate to protect community property from asymmetric depletion. | **RICO Predicate Acts (18 U.S.C. § 1961):Hobbs Act Extortion (18 U.S.C. § 1951); Conspiracy (18 U.S.C. § 1962(d));** 14th Amendment **Equal Protection (Financial Starvation):** The systematic weaponization of a community estate to defund a victim's safety dockets.

**1st Amendment (Access to the Courts):** By authorizing the abuser to seamlessly fund his legal attack machine from marital assets while denying Plaintiff the exact same access because she could not afford the initial retainer, the state engineered an insurmountable barrier to justice.

**Substantive Due Process (State-Created Danger):** The court actively stripped Plaintiff of all financial defenses, trapping her in a cycle of state-sponsored destitution and ensuring her total structural defenselessness. |

-374-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/20/25 | **Enterprise Nexus & Legal Impact:** The financial starvation mandate served as a primary operational mechanism of the Enterprise's racketeering model. By weaponizing the state tribunal as a financial enforcer—allocating community capital to fund the abuser's legal team while enforcing an impossible "catch-22" parity blockade against the indigent Plaintiff—the co-conspirators ensured that the marital estate functioned exclusively as a captive fund for the Enterprise's fee-churning pipeline. This state-engineered destitution and denial of access to the courts completed the loop of Hobbs Act extortion, permanently insulating the Enterprise's prior thefts and ongoing asset extractions from effective defense or judicial review under color of law | **Cal. Family Code § 2032:** Parity awards must reflect the parties' relative financial circumstances and access to capital.<br><br>**Cal. Family Code §§ 721 & 1100:** Fiduciary duty mandates. The court actively endorsed the abuser's unilateral hoarding of the $288k liquid assets and the $150k trust, violating the mandate to protect community property from asymmetric depletion. | **RICO Predicate Acts** (18 U.S.C. § 1961):Hobbs Act Extortion (18 U.S.C. § 1951); Conspiracy (18 U.S.C. § 1962(d)) |
|---|---|---|---|

-375-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 05/21/25 – 05/22/25 | **THE EX PARTE DENIAL & PRIVILEGE STRIPPING:** Plaintiff filed a desperate Ex Parte Application to stay the unconstitutional turnover of her privileged defense records and to set aside the fraudulently entered FOAHs. The court summarily denied all relief without a hearing.<br><br>**Sua Sponte Seizure & No Evidentiary Hearing:** The court cemented its demand for Plaintiff's unredacted attorney bills *sua sponte*, categorically refusing to hold a live evidentiary hearing. The judge stripped Plaintiff's fundamental privilege based entirely on the documented lies of Defendant's attorney (the false claim of a "complete failure to respond"), deliberately ignoring Plaintiff's December 10, 2024, discovery response that explicitly asserted the privilege | **Cal. Evid. Code § 954 & § 912(a):** Unlawful destruction of the absolute Attorney-Client Privilege. Waiver requires voluntary disclosure, which never occurred. **Cal. Rules of Court, Rule 5.125:** The court ratified forged FOAHs that deliberately bypassed mandatory service, review, and objection procedures. **Cal. Code Civ. Proc. § 1008:** The court acted entirely in excess of its jurisdiction by *sua sponte* reversing its own March 18th ruling without a noticed motion, new facts, or lawful authority. **Bus. & Prof. Code § 6068(d) / CRPC Rule 3.3:** The court endorsed opposing counsel's flagrant breach of the duty of candor, rewarding the intentional submission of false statements and forged orders. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).'<br><br>**4th Amendment Procedural Due Process (Denial of Evidentiary Hearing & Fraud Upon the Court):** Stripping a litigant of fundamental, absolute privileges *sua sponte*—without affording them a live evidentiary hearing to contest the opposing party's perjury and fabricated documents—constitutes a structurally void tribunal and a total collapse of due process.<br><br>**4th Amendment (Unreasonable Seizure):** Ordering the forced turnover of unredacted defense bills based entirely on opposing counsel's fraudulent misrepresentations constitutes a state-sponsored, unconstitutional search and seizure of protected legal files. *Catalina Island Yacht Club v. Superior Court* (2015) 242 Cal.App.4th 1116: Establishes that serving a late response asserting privilege *before* a motion to compel is heard preserves the privilege. The court deliberately ignored controlling precedent to execute the seizure. |

-376-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/21/25 – 05/22/25 | **Enterprise Nexus & Legal Impact:** The Enterprise weaponized the state tribunal's *sua sponte* seizure of absolute attorney-client privilege to strip Plaintiff of her legal defense strategy. By subverting evidentiary standards and utilizing perjured representations to execute an unconstitutional search and seizure of protected files, the co-conspirators advanced their racketeering scheme, ensuring that critical evidence of prior financial extractions and forgeries remained permanently suppressed and shielded from federal and appellate review. | Cal. Evid. Code § 954 & § 912(a): Unlawful destruction of the absolute Attorney-Client Privilege. Waiver requires voluntary disclosure, which never occurred. **Cal. Rules of Court, Rule 5.125:** The court ratified forged FOAHs that deliberately bypassed mandatory service, review, and objection procedures. **Cal. Code Civ. Proc. § 1008:** The court acted entirely in excess of its jurisdiction by *sua sponte* reversing its own March 18th ruling without a noticed motion, new facts, or lawful authority. **Bus. & Prof. Code § 6068(d) / CRPC Rule 3.3:** The court endorsed opposing counsel's flagrant breach of the duty of candor, rewarding the intentional submission of false statements and forged orders. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)). |

-377-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 05/21/25 – 05/22/25 | The Privilege Stripping / Intel-Gathering Ambush: Court denies stay on document turnover; *sua sponte* strips privilege based on false claims. **This act functions as a core RICO Overt Act, demonstrating the Tribunal's role as the Enterprise's 'Intel-Gatherer' by weaponizing *sua sponte* rulings to forcibly strip the Plaintiff's legal defenses, thereby facilitating the Enterprise's surveillance of her litigation strategy.**<br><br>As demonstrated by the May 21–22, 2025 privilege-stripping ambush, the state tribunal functioned not as an independent judicial body, but as an institutional arm of the racketeering enterprise—weaponizing sua sponte rulings to conduct unauthorized surveillance of Plaintiff's legal strategy, thereby establishing the precise 'structural vehicle' and overt acts required to sustain a civil RICO claim under 18 U.S.C. § 1962(c) and (d). | Cal. Evid. Code § 954; CCP § 1008; Bus. & Prof. Code § 6068(d) | **RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343); Enterprise Capture & "Meeting of the Minds" (18 U.S.C. § 1962(c)): It establishes that the tribunal's machinery was co-opted and weaponized as a "structural vehicle" for the enterprise, acting as an internal intelligence unit to secure unfair litigation advantages** |

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 05/27/25-05/29/25 | **THE APPELLATE ESCAPE ATTEMPT (DENIED MAY 25, 2025 CASE D086112 1500 PAGES WOTH EXHIBITS): Writ of Mandate Filed.** Plaintiff formally escalated the trial court's absolute usurpation of jurisdiction to the Court of Appeal, filing a Verified Petition for Writ of Mandate and a Request for an Immediate Stay.<br><br>**Challenging the Void Tribunal:** The writ explicitly challenged the trial judge's illegal, *ex parte* self-striking of Plaintiff's 1st Statement of Disqualification (SOD). By refusing to transfer the SOD to an independent, neutral judge, the trial court knowingly forced the unrepresented Plaintiff to endure a fundamentally void, multi-day move-away trial under extreme duress and before a demonstrably hostile, challenged jurist.<br><br>**The Appellate Blockade Protocol:** Plaintiff files Writ of Mandate to challenge void SOD self-strike. This escalation represents the Enterprise's 'Appellate Blockade' protocol, an Overt Act of Conspiracy where the Enterprise utilized the procedural delay of the Writ to finalize the 'Move-Away Ambush' before any neutral judicial review could intervene. | **Cal. Code Civ. Proc. § 170.3(c)(5):** Absolute statutory prohibition against a challenged judge ruling on their own disqualification. The judge had a mandatory duty to refer the challenge to an outside jurist.<br><br>**Cal. Code Civ. Proc. § 170.4(d):** Establishes that a judge has no power to act on the merits of a case after a formal statement of disqualification is filed.<br><br>**Cal. Rules of Court, Rule 8.486:** Procedural mechanism invoked to stop a trial court acting in excess of its jurisdiction. | **RICO Predicate Acts (18 U.S.C. § 1961)**Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))<br><br>**14th Amendment Procedural Due Process (Denial of an Impartial Tribunal):***Catchpole v. Brannon* (1995) 36 Cal.App.4th 237: A cumulative pattern of judicial conduct revealing bias deprives a litigant of a fair trial. Forcing a financially starved mother to stand trial before a judge who illegally struck his own disqualification violates the absolute baseline of Due Process. The entire move-away trial was conducted without lawful jurisdiction.<br><br>**1st Amendment Right to Petition (Exhaustion of Remedies):** The writ to the COA was a desperate, constitutionally protected act to seek redress from a lower court operating entirely outside its lawful jurisdiction, establishing that the State was formally notified of the civil rights violations as they occurred. |

-379-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/27/25-05/29/25 | **Enterprise Nexus & Legal Impact:** The Appellate Blockade protocol served as a strategic delay mechanism for the Enterprise. By forcing the Plaintiff to expend scarce resources on emergency appellate writs to challenge *ultra vires* disqualification self-strikes, the co-conspirators exploited the procedural processing window to finalize the "Move-Away Ambush" trial unhindered, thereby obstructing justice and insulating their ongoing fraudulent asset extractions from timely external oversight under color of law.<br><br>The Appellate Blockade protocol served as a strategic delay mechanism for the Enterprise, scaling into a total, systemic failure of appellate oversight. By summary denying this comprehensive 1,500-page petition—and compounding it with the summary denial of seven subsequent emergency writs, all stemming from the Court of Appeal's threshold refusal to review the trial judge's illegal, *ultra vires* self-strike of the 1st Statement of Disqualification (SOD)— | **Cal. Code Civ. Proc. § 170.3(c)(5):** Absolute statutory prohibition against a challenged judge ruling on their own disqualification. The judge had a mandatory duty to refer the challenge to an outside jurist.<br><br>**Cal. Code Civ. Proc. § 170.4(d):** Establishes that a judge has no power to act on the merits of a case after a formal statement of disqualification is filed.<br><br>**Cal. Rules of Court, Rule 8.486:** Procedural mechanism invoked to stop a trial court acting in excess of its jurisdiction. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)). |

-380-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/27/25-05/29/25 | This sequence of seven summary denials created an unconstitutional "safe harbor" for the trial court. It signaled to the Enterprise that their *ultra vires* procedural subversions and "Move-Away Ambush" trial tracks would go completely unchecked by higher oversight. By refusing to intervene or enforce mandatory disqualification statutes (CCP § 170.3), the appellate courts became part of the structural breakdown, obstructing justice, sealing the record, and successfully insulating the Enterprise's ongoing fraudulent asset extractions from external correction under color of law. | Cal. Code Civ. Proc. § 170.3(c)(5): Absolute statutory prohibition against a challenged judge ruling on their own disqualification. The judge had a mandatory duty to refer the challenge to an outside jurist.  Cal. Code Civ. Proc. § 170.4(d): Establishes that a judge has no power to act on the merits of a case after a formal statement of disqualification is filed.  Cal. Rules of Court, Rule 8.486: Procedural mechanism invoked to stop a trial court acting in excess of its jurisdiction. | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)). |

-381-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/06/25 | **DVRO Denial & Rental Embargo Blockade:** The court summarily denied Plaintiff's emergency *ex parte* application for a Domestic Violence Restraining Order (DVRO) and emergency financial relief without a live evidentiary hearing.**The Eviction Ambush:** Plaintiff explicitly placed the court on formal notice that she had only $2,000 remaining, owed $7,000 in rent, and was facing imminent eviction and homelessness with her minor child. Despite documented evidence of physical coercion against the child (forced medical interventions) and explicit financial strangulation, the court affirmatively refused to release *any* of the $700,000 in community assets hoarded by the unemployed opposing party. The court actively trapped Plaintiff in a financial death spiral.<br><br>**The 'Collection Agency for Abuse' / DVRO Denial:** Court denies emergency financial relief while Defendant hoards $700k. **This ruling confirms the Tribunal's role as the Enterprise's 'Financial Enforcer,' systematically weaponizing the denial of survival funds to catalyze the Plaintiff's homelessness and ensure her absolute subordination to the Enterprise.** | **Cal. Family Code § 6320(c):** Explicit statutory recognition that coercive financial control constitutes actionable domestic abuse.<br><br>**Cal. Family Code § 217:** Refusal to conduct a mandatory live evidentiary hearing or receive oral testimony prior to denying emergency domestic violence protection.<br><br>**Cal. Family Code §§ 2040 (ATROs) & 1100:** The court weaponized the Automatic Temporary Restraining Orders —strictly enforcing the asset freeze to starve the Plaintiff of rent money, while simultaneously allowing the abuser to drain the exact same estate unchecked. | **RICO Predicate Acts (18 U.S.C. § 1961):**Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d))<br>**14th Amendment Substantive Due Process (State-Created Danger):** By affirmatively using its judicial power to freeze Plaintiff's access to her own community property while she faced imminent eviction, the court did not merely fail to protect her; it actively engineered conditions of homelessness and child peril. The state tribunal transformed from a neutral arbiter into an active instrument of the abuser's coercive control.<br><br>**14th Amendment Equal Protection (Asymmetrical Tribunal):** Creating a "two-tiered" justice system where the abuser is permitted to illegally hoard and drain $700,000 in marital assets to fund his litigation, while the victim is barred from accessing those exact same assets to prevent the eviction of her and her child.<br><br>**14th Amendment Procedural Due Process:** Denying emergency domestic violence protection and survival funds without a meaningful opportunity to be heard or present live testimony. |

-382-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/06/25 | **Enterprise Nexus & Legal Impact:** The summary denial of the DVRO and emergency rental relief served as a brutal operational milestone for the Enterprise, unmasking the state tribunal's role as a literal "Collection Agency for Abuse" and the Enterprise's "Financial Enforcer." By selectively weaponizing Automatic Temporary Restraining Orders (ATROs)—strict enforcement of the asset freeze to starve the indigent mother of survival and rent money while turning a blind eye to the abuser hoarding and draining $700,000 in marital assets—the tribunal actively engineered conditions of homelessness and child peril. This state-sponsored financial death spiral completed the loop of Hobbs Act extortion (18 U.S.C. § 1951), utilizing imminent eviction and destitution as coercive levers to break the victim's will, strip her of any capacity to maintain a legal defense, and secure the Enterprise's unhindered looting of the estate under color of law. | **Cal. Family Code § 6320(c):** Explicit statutory recognition that coercive financial control constitutes actionable domestic abuse.<br><br>**Cal. Family Code § 217:** Refusal to conduct a mandatory live evidentiary hearing or receive oral testimony prior to denying emergency domestic violence protection.<br><br>**Cal. Family Code §§ 2040 (ATROs) & 1100:** The court weaponized the Automatic Temporary Restraining Orders —strictly enforcing the asset freeze to starve the Plaintiff of rent money, while simultaneously allowing the abuser to drain the exact same estate unchecked. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)). |

-383-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/10/25 | **The Unconstitutional "Catch-22" & 4th Amendment Seizure Ratification:** Plaintiff formally requested relief under CCP § 473(b) and (d), seeking to vacate the void, *sua sponte* April 29th ruling that unconstitutionally stripped her attorney-client privilege based on the false premise of a "complete failure to respond" to discovery.<br><br>The tribunal not only refused to vacate the void order but actively trapped the self-represented Plaintiff in an unconstitutional "catch-22". The judge explicitly demanded that Plaintiff surrender the exact same privileged communications (the unredacted attorney emails) to the court to "prove" her prior attorney's malpractice before he would grant statutory relief. By forcing Plaintiff to waive her absolute privilege to secure her right to a defense, the court actively ratified the unconstitutional seizure of her trial files. | **Cal. Evidence Code § 954:** The absolute, unbending protection of the attorney-client privilege.<br><br>**Cal. Code Civ. Proc. § 473(b) & (d):** The court's affirmative duty to cure attorney malpractice and strike down orders void for lack of jurisdiction/ mistake of fact.<br><br>**Cal. Code Civ. Proc. § 1008:** The court acted in excess of its jurisdiction by engaging in an improper, *sua sponte* reconsideration of its own March 18th ruling without new facts or a noticed motion | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Witness Tampering/ Privacy Suppression (18 U.S.C. § 1512); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**4th Amendment Unreasonable Seizure:** Affirmative refusal to stay the unconstitutional, forced turnover of Plaintiff's unredacted defense records. Demanding a victim surrender her privileged files to "prove" her right to keep them privileged constitutes an egregious, state-sponsored unlawful seizure.<br><br>**14th Amendment Procedural Due Process (The Unconstitutional Condition):** The government cannot condition the granting of a statutory right (relief under § 473(b)) on the forfeiture of a fundamental constitutional right (absolute privilege and privacy). |

-384-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/10 /25 | **Enterprise Nexus & Legal Impact:** The unconstitutional "Catch-22" and ratification of the 4th Amendment seizure served as a critical operational tactic for the Enterprise. By leveraging the state tribunal to condition statutory relief upon the complete forfeiture of absolute attorney-client privilege, the court provided the co-conspirators with a state-enforced mechanism to strip the Plaintiff of her confidential defense strategy. This forced surrender of protected files directly advanced the RICO conspiracy by destroying the victim's ability to mount an effective defense against the fraudulent extractions, ensuring the Enterprise's prior forgeries, embezzlement, and fee-churning activities remained permanently shielded and unassailable under color of law | **Cal. Evidence Code § 954:** The absolute, unbending protection of the attorney-client privilege.<br><br>**Cal. Code Civ. Proc. § 473(b) & (d):** The court's affirmative duty to cure attorney malpractice and strike down orders void for lack of jurisdiction/ mistake of fact.<br><br>**Cal. Code Civ. Proc. § 1008:** The court acted in excess of its jurisdiction by engaging in an improper, *sua sponte* reconsideration of its own March 18th ruling without new facts or a noticed motion | **Cal. Evidence Code § 954:** The absolute, unbending protection of the attorney-client privilege.<br><br>**Cal. Code Civ. Proc. § 473(b) & (d):** The court's affirmative duty to cure attorney malpractice and strike down orders void for lack of jurisdiction/ mistake of fact.<br><br>**Cal. Code Civ. Proc. § 1008:** The court acted in excess of its jurisdiction by engaging in an improper, *sua sponte* reconsideration of its own March 18th ruling without new facts or a noticed motion |
|---|---|---|---|

-385-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/17/25 – 06/18/25 | **PROCEDURAL SABOTAGE & THE EVICTION BRINK:** Plaintiff filed an emergency *ex parte* application exposing three immediate crises: (1) Opposing counsel's secret, *ex parte* submission of the disputed April 29th FOAH directly to the judge, bypassing mandatory objection hearings; (2) The opposing party's secret relocation/move initiated with only 24 hours' notice; and (3) Plaintiff's imminent eviction and homelessness due to court-engineered litigation costs.<br><br>**The Financial Control Mandate:** The judge summarily denied all substantive relief. The court refused to strike the illegally submitted FOAH, refused to enforce the 45-day relocation notice, and explicitly refused to release parity funds to the Plaintiff. Instead, the court authorized exactly $6,995 of community funds to be paid *directly to the landlord*. The court ensured Plaintiff was not on the street, but intentionally left her entirely destitute, withholding all access to liquid funds necessary for food, utilities, or legal representation. | **Cal. Rules of Court, Rule 5.125:** The court ratified opposing counsel's willful violation of mandatory procedures by allowing the secret submission of a disputed FOAH without a noticed hearing.**Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant violation of the mandatory 45-day written notice requirement for relocation.<br><br>**Cal. Family Code § 2030:** Denial of parity. The court refused to award attorney fees to the indigent Plaintiff while the opposing party utilized frozen assets to secure a new lease.<br><br>**CCP § 473(d):** Refusal to vacate the void, unconstitutional April 29th discovery order | **RICO Predicate Acts (18 U.S.C. § 1961):** Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Substantive Due Process (State-Created Danger):** By intercepting Plaintiff's community property and routing it directly to a landlord while denying her any actual liquid capital, the state tribunal executed the ultimate act of financial coercive control. The court engineered a condition where the mother and child were physically housed but actively starved of the resources required for basic survival and constitutional defense.**14th Amendment Procedural Due Process:** Ratifying opposing counsel's secret, *ex parte* submission of a disputed trial order, intentionally bypassing the mandatory noticed hearing designed to protect litigants from forged orders.**14th Amendment Equal Protection (Asymmetrical Enforcement):** The court permitted the abuser to secretly relocate and fund a new lease from frozen marital assets with zero consequences, while strictly denying the victim access to those exact same assets to hire an attorney. |

-386-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 06/17/25 – 06/18/25 | **Enterprise Nexus & Legal Impact:** The procedural sabotage and eviction brink served as a sophisticated operational mechanism for the Enterprise to enforce total financial subordination under color of law. By validating opposing counsel's secret, *ex parte* submission of a disputed FOAH in direct violation of CRC Rule 5.125—while simultaneously routing the victim's own community funds exclusively to a landlord to prevent visible homelessness while withholding all liquid survival and legal funds—the state tribunal acted as an active instrument of the co-conspirators. This state-sponsored financial starvation and procedural manipulation completed the loop of Wire Fraud (18 U.S.C. § 1343) and Hobbs Act Extortion (18 U.S.C. § 1951), ensuring the indigent mother was stripped of any financial capacity to hire counsel or mount a defense against the ongoing asset extractions, thereby safeguarding the Enterprise's fee-churning pipeline. | **Cal. Rules of Court, Rule 5.125:** The court ratified opposing counsel's willful violation of mandatory procedures by allowing the secret submission of a disputed FOAH without a noticed hearing.**Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant violation of the mandatory 45-day written notice requirement for relocation.<br><br>**Cal. Family Code § 2030:** Denial of parity. The court refused to award attorney fees to the indigent Plaintiff while the opposing party utilized frozen assets to secure a new lease.<br><br>**CCP § 473(d):** Refusal to vacate the void, unconstitutional April 29th discovery order | **RICO Predicate Acts (18 U.S.C. § 1961):** Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)). |

-387-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/17/25 – 06/18/25 | **THE VISTA RELOCATION AMBUSH & CHILD ENDANGERMENT:** Right in the middle of the move-away trial—while actively using the court to block Plaintiff's lawful relocation request—Defendant secretly and unilaterally moved to Vista without the mandatory 45-day notice. | **Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant, bad-faith violation of the mandatory 45-day written notice requirement for relocation. | **14th Amendment Equal Protection (The Asymmetrical Relocation Standard):** The court created a flagrantly unconstitutional "two-tiered" justice system. The court subjected the mother to strict scrutiny, asset-freezing, and a multi-day trial for her relocation request, while giving the father a free pass to secretly relocate and drastically alter the child's life with zero judicial scrutiny or sanctions. **14th Amendment Substantive Due Process (State-Created Danger to the Minor):** By refusing to enforce the 45-day notice rule and allowing the abuser to dictate a punishing Mon/Wed/Fri/Sun commute, the court actively subjected a 6-year-old child to physical exhaustion, emotional harm, and endangerment. The state tribunal transformed from a protector of the child's best interests into an active instrument of the abuser's coercive control. |
|  | **The Grueling Commute & Judicial Complicity:** The court affirmatively refused to sanction Defendant, halt the move, or protect the minor child. Instead, the court ratified a punishing new status quo, forcing the 6-year-old child to endure an exhausting, multi-hour commute to Vista every Monday, Wednesday, Friday AND SUNDAY return. The court knowingly subjected the minor child to physical exhaustion and psychological harm, while simultaneously inflicting severe financial harm on the destitute Plaintiff through skyrocketing transportation/gas costs. | **Cal. Family Code § 3020:** The absolute mandate to protect the health, safety, and welfare of the child. The court violated this by ratifying an abusive, hours-long weekly commute for a kindergartener. **Cal. Family Code § 271:** Refusal to sanction the abuser's blatant bad-faith, unilateral disruption of the custodial status quo. |  |

-388-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/17/25 – 06/18/25 | **Enterprise Nexus & Legal Impact:** The Vista relocation ambush and ratification of the grueling commute served as a powerful operational instrument of psychological attrition and financial exhaustion for the Enterprise. By shielding the abuser's blatant violation of the mandatory 45-day relocation notice under Cal. Family Code § 3024 while simultaneously forcing a punishing, hours-long weekly commute on a kindergartener, the state tribunal actively co-opted child welfare proceedings into a tool of coercive control. This state-sponsored child endangerment and logistical sabotage completed the loop of Hobbs Act Extortion (18 U.S.C. § 1951), weaponizing geographic distance and skyrocketing transit costs to drain the indigent mother's remaining financial resources, destroy her capacity to maintain an effective trial defense, and secure the Enterprise's unhindered fee-churning objectives under color of law. | **Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant, bad-faith violation of the mandatory 45-day written notice requirement for relocation.<br><br>**Cal. Family Code § 3020:** The absolute mandate to protect the health, safety, and welfare of the child. The court violated this by ratifying an abusive, hours-long weekly commute for a kindergartener.<br><br>**Cal. Family Code § 271:** Refusal to sanction the abuser's blatant bad-faith, unilateral disruption of the custodial status quo. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)). |
|---|---|---|---|

-389-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/17/25 – 08/20 25 | **THE VISTA AMBUSH & COMMUTE TORTURE:** Right in the middle of the move-away trial, Defendant secretly and unilaterally moved to Vista without the mandatory 45-day notice.<br><br>**The Stacked Commute & State-Sanctioned Child Abuse:** The court affirmatively refused to halt the move. In August 2025, the court compounded this abuse by forcing the child into "Learning Choice" school based entirely on the void, unserved January 9th order. This created an impossible, torturous schedule for a 6-year-old: being driven to Vista on Monday, Wednesday, Friday, and returning Sunday, stacked with a 30-45 minute commute to school on Tuesday, Thursday, and Friday. The court intentionally subjected the minor child to extreme physical exhaustion and psychological harm, while bleeding the destitute Plaintiff through skyrocketing transportation costs based on void orders and based on no rights to the Mother re school choice including. | **Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant, bad-faith violation of the mandatory 45-day written notice requirement for relocation.<br><br>**Cal. Family Code § 3020:** The absolute mandate to protect the health, safety, and welfare of the child. The court violated this by ratifying a physically abusive, hours-long weekly commute for a kindergartener.<br><br>**CCP § 473(d) (Void Orders):** The court enforced the August school enrollment based entirely on the void, unserved Jan. 9th order—acting without jurisdiction to inflict further harm. | **14th Amendment Substantive Due Process (State-Created Danger to the Minor):** By refusing to enforce the 45-day notice rule and stacking the Vista commute with a forced school commute, the court actively subjected a 6-year-old child to physical exhaustion, emotional harm, and endangerment. The state tribunal transformed into an active instrument of the abuser's coercive control.<br><br>**14th Amendment Equal Protection (The Asymmetrical Relocation Standard):** The court subjected the mother to strict scrutiny, asset-freezing, and a multi-day trial for her relocation request, while giving the father a free pass to secretly relocate and drastically alter the child's life with zero judicial scrutiny. |

-390-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/17/25 – 08/20/25 | **Enterprise Nexus & Legal Impact:** The Vista relocation ambush and ratification of the stacked commute torture served as a devastating operational instrument of psychological attrition and financial exhaustion for the Enterprise.<br><br>By shielding the abuser's blatant violation of the mandatory 45-day relocation notice under Cal. Family Code § 3024 while enforcing a punishing, multi-hour weekly and school commute on a kindergartener based on a void, unserved order (CCP § 473(d)), the state tribunal actively co-opted child welfare proceedings into a tool of coercive control. This state-sponsored child endangerment and logistical sabotage completed the loop of Hobbs Act Extortion (18 U.S.C. § 1951), weaponizing geographic distance and skyrocketing transport costs to drain the indigent mother's remaining financial resources, destroy her capacity to maintain an effective trial defense, and secure the Enterprise's unhindered fee-churning objectives under color of law. | **Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant, bad-faith violation of the mandatory 45-day written notice requirement for relocation.<br><br>**Cal. Family Code § 3020:** The absolute mandate to protect the health, safety, and welfare of the child. The court violated this by ratifying a physically abusive, hours-long weekly commute for a kindergartener.<br><br>**CCP § 473(d) (Void Orders):** The court enforced the August school enrollment based entirely on the void, unserved Jan. 9th order—acting without jurisdiction to inflict further harm. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)). |

-391-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/17/25 – 08/2025 | **The Ultimate Appellate Blockade:** Plaintiff desperately sought emergency intervention at every level of the judiciary to stop the child endangerment. She filed *ex parte* applications, a Writ to the Court of Appeal, a Petition to the California Supreme Court, and finally an Emergency Petition to the U.S. Supreme Court. Every single court summarily denied the requests. The entire judicial system ratified the abuse.<br><br>**Enterprise Nexus & Legal Impact: The "Ultimate Appellate Blockade" served as the systemic insulation mechanism for the Enterprise's racketeering model. By securing summary, unreasoned denials across every tier of the state appellate structure— including the Court of Appeal, the California Supreme Court, and the U.S. Supreme Court—the Enterprise was granted an unconstitutional "safe harbor." This complete institutional stonewalling obstructed justice (18 U.S.C. § 1503) by sealing the corrupt trial record, neutralizing the victim's right to petition, and successfully insulating the Enterprise's ongoing fraudulent extractions, forgeries, and child endangerment tactics from external correction under color of law, thereby cementing the absolute necessity of federal intervention.** | **Cal. Family Code § 3024:** The court affirmatively ignored the opposing party's blatant, bad-faith violation of the mandatory 45-day written notice requirement for relocation.<br><br>**Cal. Family Code § 3020:** The absolute mandate to protect the health, safety, and welfare of the child. The court violated this by ratifying a physically abusive, hours-long weekly commute for a kindergartener.<br><br>**CCP § 473(d) (Void Orders):** The court enforced the August school enrollment based entirely on the void, unserved Jan. 9th order— acting without jurisdiction to inflict further harm. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Procedural Due Process (Absolute Exhaustion of Remedies):** The successive, summary denials by the Court of Appeal, CA Supreme Court, and U.S. Supreme Court establish the complete and absolute failure of the appellate system to cure a structural constitutional deprivation. This fully exhausts all state and appellate remedies, cementing the foundation for federal intervention under **42 U.S.C. § 1983**. |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/06/25 & 09/10/25 | STATE-SPONSORED CHILD ENDANGERMENT: The DVRO Denials. Plaintiff filed desperate, evidence-backed Domestic Violence Restraining Order (DVRO) requests to protect her 6-year-old son from documented physical and medical abuse. The court summarily denied both the June 6 and Sept. 10, 2025 emergency protections, actively ignoring concrete evidence of harm.<br><br>**Enterprise Nexus & Legal Impact:** The summary denial of emergency DVRO protections served as a severe operational instrument of psychological attrition and coercive control for the Enterprise. By ignoring documented police interventions, misdemeanor charges, and medical battery to reject child safety dockets on June 6 and September 10, 2025, the state tribunal weaponized child welfare proceedings into a tool of terror. This state-sponsored child endangerment completed the loop of Hobbs Act Extortion (18 U.S.C. § 1951) and Obstruction of Justice (18 U.S.C. § 1503), utilizing the mother's protective terror and the child's vulnerability as coercive levers to break her resilience, drain her remaining emotional and financial resources, and eliminate any capacity to maintain an effective legal defense against the Enterprise's ongoing asset extractions under color of law. | **Cal. Family Code § 3020:** The absolute, overarching statutory mandate to protect the health, safety, and welfare of the child. The court flagrantly violated this by abandoning a 6-year-old to a documented abuser. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Substantive Due Process (State-Created Danger):** By affirmatively denying DVRO protections despite actual, documented knowledge of police interventions, misdemeanor charges, and medical battery against a minor, the state tribunal actively placed a 6-year-old child in grave, foreseeable physical and psychological danger. The court stripped the mother of her ability to protect her child and handed the child directly to his abuser. |

-393-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/06 /25 & 09/10 /25 | **Medical Battery & Judicial Gaslighting:** Defendant unilaterally and forcefully pinned the terrified child down for vaccinations without Plaintiff's knowledge or consent, after changing pediatricians to fabricate a fraudulent claim of "non-compliance" against Plaintiff. Instead of protecting the child from this medical battery, the court gaslit Plaintiff at the move-away trial, blaming the protective mother for "non-cooperation" while rewarding the abuser's unilateral medical violence.<br><br>**Ratification of Physical Violence:** Plaintiff explicitly presented the court with evidence of Defendant's physical abuse during custody exchanges (July 2024), where Defendant violently hurt the child to force compliance, resulting in Plaintiff calling the police and Defendant being charged with a misdemeanor. The court affirmatively ignored the police reports, the misdemeanor charges, and the child's severe trauma, abandoning the minor child to an unchecked abuser. | **Cal. Family Code § 6203 (DVPA):** Conduct that "disturbs the peace of the child" or causes physical harm constitutes domestic violence.<br><br>**Cal. Family Code § 3044:** Mandatory rebuttable presumption against awarding custody to a perpetrator of domestic violence. The court ignored police reports and misdemeanor charges to bypass this strict statutory mandate. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**4th Amendment Equal Protection (Asymmetrical Enforcement):** The court created a fundamentally rigged tribunal by punishing the protective mother for fabricated "non-compliance," while simultaneously granting the abusive father absolute judicial immunity for committing medical battery and physical assault.<br><br>**14th Amendment Procedural Due Process:** Summarily dismissing documented evidence of child abuse and police intervention without providing the protective parent a fair, impartial evidentiary hearing to secure a DVRO. |

-394-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/06/25 & 09/10/25 | **Enterprise Nexus & Legal Impact:** The systematic suppression of child safety evidence, the denial of a proper evidentiary hearing, and the imposition of punitive sanctions on September 10, 2025, for protecting her child and herself served as a brutal operational instrument of psychological attrition and financial extortion for the Enterprise. By actively bypassing Cal. Family Code § 3044 and stripping Plaintiff of her absolute right to be heard, the state tribunal transformed into an active instrument of the abuser's coercive control. This state-sponsored gaslighting and penalization of protective mothering completed the loop of Hobbs Act Extortion (18 U.S.C. § 1951) and Obstruction of Justice (18 U.S.C. § 1503) —weaponizing manufactured compliance penalties and retaliatory fines to break the victim's resilience, drain her remaining financial resources, and ensure her absolute subordination to the Enterprise's fee-churning pipeline under color of law. | **Cal. Family Code § 6203 (DVPA):** Conduct that "disturbs the peace of the child" or causes physical harm constitutes domestic violence.<br><br>**Cal. Family Code § 3044:** Mandatory rebuttable presumption against awarding custody to a perpetrator of domestic violence. The court ignored police reports and misdemeanor charges to bypass this strict statutory mandate. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**4th Amendment Equal Protection (Asymmetrical Enforcement):** The court created a fundamentally rigged tribunal by punishing the protective mother for fabricated "non-compliance," while simultaneously granting the abusive father absolute judicial immunity for committing medical battery and physical assault.<br><br>**14th Amendment Procedural Due Process:** Summarily dismissing documented evidence of child abuse and police intervention without providing the protective parent a fair, impartial evidentiary hearing to secure a DVRO. |
|---|---|---|---|

-395-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/20/25-10/302025 | (Denied Sept. 2025) THE FINAL APPELLATE BLOCKADE: CA Supreme Court Petition. Following the Court of Appeal's summary denial of her MAY 28 2025 Writ, Plaintiff escalated the unconstitutional deprivation of her rights by filing a Petition for Review and an Urgent Application for an Immediate Stay with the California Supreme Court (Case No. S291306).

**Systemic Deliberate Inaction:** Despite the verified emergency regarding the forced turnover of unredacted, privileged defense records and a trial conducted by an illegally acting judge, the CA Supreme Court refused to issue a ruling or stay for months. This deliberate appellate paralysis stranded the unrepresented Plaintiff, forcing her to seek emergency relief from the U.S. Supreme Court before the CA Supreme Court finally issued a denial in September. | **Cal. Rules of Court, Rule 8.500(b)(1):** Mandates review to settle important questions of law. The court ignored the systemic impact of a trial court stripping a self-represented litigant's absolute privilege and illegally self-striking a disqualification statement.

**Cal. Code Civ. Proc. § 170.3(d):** The exclusive remedy of writ review was rendered entirely illusory by the appellate courts' summary denials and systemic delays. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).: **1st Amendment (Right to Petition & Access to Courts):** The state supreme court's months-long delay on an emergency civil rights petition effectively operated as a denial of meaningful access to the courts, silencing the voice of a self-represented mother.

**14th Amendment Procedural Due Process (Exhaustion of State Remedies):** This filing and the subsequent systemic delay establish the complete exhaustion of state appellate remedies. It proves the state court system, up to its highest level, failed to provide a corrective mechanism for the trial court's structural errors, cementing the federal **14th Amendment Substantive Due Process (State-Created Danger):** The appellate courts' refusal to intervene ratified the trial court's engineered destitution and "Kangaroo Court" proceedings, cementing the state-sponsored harm. |

-396-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/20/25-10/302025 | Enterprise Nexus & Legal Impact: The Systemic Deliberate Inaction by the California Supreme Court served as the ultimate capstone to the Enterprise's "Appellate Blockade." By actively stalling a ruling for months on severe constitutional violations—specifically the unconstitutional stripping of attorney-client privilege and the actions of a disqualified judge—the state's highest court provided the Enterprise with the necessary procedural shield to finalize its "Kangaroo Court" proceedings and execute its financial extractions unhindered.<br><br>This systemic appellate paralysis effectively functioned as an Obstruction of Justice (18 U.S.C. § 1503), permanently sealing the corrupt trial record and insulating the co-conspirators. Legally, this total structural failure definitively establishes the absolute exhaustion of all available state remedies, transforming the state-created danger into a finalized constitutional injury and cementing the foundation for federal intervention under 42 U.S.C. § 1983 and the Civil RICO Act. | Cal. Rules of Court, Rule 8.500(b)(1): Mandates review to settle important questions of law. The court ignored the systemic impact of a trial court stripping a self-represented litigant's absolute privilege and illegally self-striking a disqualification statement.<br><br>Cal. Code Civ. Proc. § 170.3(d): The exclusive remedy of writ review was rendered entirely illusory by the appellate courts' summary denials and systemic delays | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).: 1st Amendment (Right to Petition & Access to Courts): The state supreme court's months-long delay on an emergency civil rights petition effectively operated as a denial of meaningful access to the courts, silencing the voice of a self-represented mother.<br><br>14th Amendment Procedural Due Process (Exhaustion of State Remedies): This filing and the subsequent systemic delay establish the complete exhaustion of state appellate remedies. It proves the state court system, up to its highest level, failed to provide a corrective mechanism for the trial court's structural errors, cementing the federal 14th Amendment Substantive Due Process (State-Created Danger): The appellate courts' refusal to intervene ratified the trial court's engineered destitution and "Kangaroo Court" proceedings, cementing the state-sponsored harm. |

-397-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 06/24/25 | **Factual Event & Procedural Violation Block:** The state tribunal, having deliberately starved the indigent Plaintiff of parity and survival funds, weaponized her destitution to force her into accepting a fraction of her own estate ($105,000) built on fake accounting. "Financial Extortion": This distribution was built entirely on fraudulent accounting that ignored over $1 million that the abuser had unilaterally taken. Plaintiff was forced to accept this distribution under the immediate, state-engineered duress of starvation, homelessness, and the inability to mount a legal defense. Furthermore, this coerced payout was engineered for a dark, dual purpose: to force the Plaintiff to retroactively legitimize the illegal $150,000 siphoning executed by Schulman and Saatjian in October 2024, protect Schulman's baseless $36,500 lien against her estate for no legal reason, and finance new, continuous litigation for the Enterprise while flatly denying parity to the Plaintiff. Although Plaintiff only accepted the distribution on the express, court-agreed condition that she would be permitted to bring in a forensic expert at trial to litigate relocation and breach of fiduciary duty, Defendant Saatjian committed outright forgery and extrinsic fraud by drafting and submitting a false Findings and Orders After Hearing (FOAH) that omitted this essential protective condition and forged her consent when she objected. | **Cal. Civil Code § 1567:** Defect of consent due to systemic duress and coercion. Agreements extracted under the threat of destitution lack lawful consent.<br><br>**Cal. Family Code ATROs:** The court ratified the abuser's unilateral hoarding of community property while using the ATROs strictly as a weapon to starve the Plaintiff. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**5th & 14th Amendment (Unconstitutional Taking):** The state-sponsored laundering of a multi-million dollar asset pool into the abuser's exclusive control, using the judicial process to execute an unconstitutional taking of Plaintiff's property.<br><br>**14th Amendment Substantive Due Process:** Weaponizing the threat of starvation and homelessness to coerce a litigant's consent to a fractional, rigged distribution. |

-398-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/24/25 | **Enterprise Nexus & Legal Impact:** The coerced $105,000 distribution served as a masterclass in Enterprise laundering and Hobbs Act Extortion (18 U.S.C. § 1951). By manufacturing extreme financial destitution and withholding statutory parity, the state tribunal forced an unrepresented litigant into a rigged distribution designed to achieve three illicit objectives: (1) retroactively immunize and legitimize the unauthorized $150,000 October 2024 trust siphoning by Schulman and Saatjian; (2) secure a financial war chest to fund ongoing, continuous litigation for the Enterprise while protecting Schulman's baseless $36,500 lien; and (3) bypass explicit court agreements by substituting a forged, unserved FOAH that stripped out trial protections for forensic expert testimony and relocation remedies.<br><br>**As formally evaluated by legal ethics expert Edward J. McIntyre (Exhibit 3), this bad-faith fabrication of judicial instruments and exploitation of duress constitutes actionable moral turpitude and criminal extortion, completing the loop of Wire Fraud (18 U.S.C. § 1343) and Obstruction of Justice (18 U.S.C. § 1503) to launder capital theft into an enforceable judicial record under color of law.** | **Cal. Civil Code § 1567:** Defect of consent due to systemic duress and coercion. Agreements extracted under the threat of destitution lack lawful consent.<br><br>**Cal. Family Code ATROs:** The court ratified the abuser's unilateral hoarding of community property while using the ATROs strictly as a weapon to starve the Plaintiff. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Wire Fraud (18 U.S.C. § 1343); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**5th & 14th Amendment Unconstitutional Taking:** The state-sponsored laundering of a multi-million-dollar asset pool into the abuser's exclusive control, using the judicial process to execute an unconstitutional taking of Plaintiff's property.<br><br>**14th Amendment Substantive Due Process:** Weaponizing the threat of starvation, imminent eviction, and homelessness to coerce a litigant's consent to a fractional, rigged distribution while shielding prior embezzlement. |

-399-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| Date | Event | Legal Basis | Claims |
|---|---|---|---|
| 07/08/25 | **THE RECONSIDERATION BLOCKADE: Ratification of the Privilege Trap.** Plaintiff filed a Motion for Reconsideration and presented the court with irrefutable, hard documentary evidence (her December 10, 2024 discovery response) proving that she *had* explicitly asserted attorney-client privilege. This definitively proved the court's April 29th "waiver" ruling was based on a completely false premise ("complete failure to respond"). **Judicial Complicity:** Plaintiff also exposed the systemic FOAH forgery and the "disappearing" court orders. The court affirmatively ignored this exculpatory evidence, refused to correct its factual error, denied the CCP § 473(d) request to vacate the void orders, and finalized the unconstitutional trap forcing the turnover of Plaintiff's privileged defense files by July 10. | **CCP § 1008:** The court abused its discretion by refusing to reconsider an order despite being presented with new, indisputable documentary facts proving the original order was based on a judicial mistake of fact. **CCP § 473(d):** Absolute duty to vacate void orders. The court actively refused to cure a voidable order made in excess of its jurisdiction. **Cal. Evid. Code § 954:** Unlawful destruction of the absolute Attorney-Client Privilege. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)). **14th Amendment Procedural Due Process (Denial of a Meaningful Hearing):** When a tribunal is presented with definitive documentary proof that its ruling relies on a factual impossibility, and it refuses to correct the error, it ceases to be a neutral arbiter and becomes a "Sham Tribunal." **4th Amendment (Unreasonable Seizure):** By refusing to correct the factual error, the court knowingly ratified the illegal seizure of Plaintiff's most protected defense records for the opposing party's benefit. |

-400-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 07/08/25 | Enterprise Nexus & Legal Impact: The "Reconsideration Blockade" and ratification of the privilege trap served as a critical operational tactic for the Enterprise to dismantle the victim's defense strategy under color of law. **By ignoring indisputable documentary proof that the initial privilege waiver order was built on a false premise and refusing to grant relief under CCP § 1008 and § 473(d), the state tribunal actively co-opted its administrative powers to enforce the forced surrender of unredacted attorney communications. This state-sponsored unconstitutional seizure and denial of a meaningful hearing completed the loop of Obstruction of Justice (18 U.S.C. § 1503) and Wire Fraud (18 U.S.C. § 1343), providing the co-conspirators with full** visibility into the victim's confidential trial strategies, destroying her capacity to mount an effective defense against the fraudulent extractions, and safeguarding the Enterprise's ongoing fee-churning pipeline. | **CCP § 1008:** The court abused its discretion by refusing to reconsider an order despite being presented with new, indisputable documentary facts proving the original order was based on a judicial mistake of fact.

**CCP § 473(d):** Absolute duty to vacate void orders. The court actively refused to cure a voidable order made in excess of its jurisdiction.

**Cal. Evid. Code § 954:** Unlawful destruction of the absolute Attorney-Client Privilege. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).

**14th Amendment Procedural Due Process (Denial of a Meaningful Hearing):** When a tribunal is presented with definitive documentary proof that its ruling relies on a factual impossibility, and it refuses to correct the error, it ceases to be a neutral arbiter and becomes a "Sham Tribunal."

**4th Amendment (Unreasonable Seizure):** By refusing to correct the factual error, the court knowingly ratified the illegal seizure of Plaintiff's most protected defense records for the opposing party's benefit. |

-401-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | |
|---|---|---|
| 07/09/25 – 07/11/25 | **THE APPELLATE ABANDONMENT & PRIVILEGE DESTRUCTION:** Facing the trial court's draconian July 10 deadline to surrender privileged defense records, Plaintiff filed simultaneous emergency petitions to the Court of Appeal (Case No. D086316) and the California Supreme Court (Case No. S291306) begging for an immediate stay. **Administrative Sabotage: On July 10, the COA summarily denied the writ. Simultaneously, the CA Supreme Court actively delayed ruling on the emergency stay by instead issuing an administrative "fee waiver deficiency" notice, intentionally running out the clock on Plaintiff's constitutional protections. The Irreversible Seizure: With the appellate courts affirmatively refusing to intervene, the trial court's July 10 deadline expired. On July 11, 2025, to avoid a finding of contempt and further punitive sanctions, Plaintiff was forced under severe duress to surrender her unredacted, privileged attorney billing statements to her abuser's counsel. The state definitively destroyed Plaintiff's absolute defense privilege.** | **Cal. Evid. Code § 954:** The absolute, irrevocable destruction of the Attorney-Client Privilege via state coercion. **Cal. Code Civ. Proc. § 923:** The appellate courts' categorical refusal to issue a stay to preserve the subject matter of the litigation, allowing irreparable harm to occur while review was pending. |


| Date | Event | California Authority | Federal Claims |
|---|---|---|---|
| 07/09/25 – 07/11/25 | **THE APPELLATE ABANDONMENT & PRIVILEGE DESTRUCTION:** Facing the trial court's draconian July 10 deadline to surrender privileged defense records, Plaintiff filed simultaneous emergency petitions to the Court of Appeal (Case No. D086316) and the California Supreme Court (Case No. S291306) begging for an immediate stay. **Administrative Sabotage: On July 10, the COA summarily denied the writ. Simultaneously, the CA Supreme Court actively delayed ruling on the emergency stay by instead issuing an administrative "fee waiver deficiency" notice, intentionally running out the clock on Plaintiff's constitutional protections. The Irreversible Seizure: With the appellate courts affirmatively refusing to intervene, the trial court's July 10 deadline expired. On July 11, 2025, to avoid a finding of contempt and further punitive sanctions, Plaintiff was forced under severe duress to surrender her unredacted, privileged attorney billing statements to her abuser's counsel. The state definitively destroyed Plaintiff's absolute defense privilege.** | **Cal. Evid. Code § 954:** The absolute, irrevocable destruction of the Attorney-Client Privilege via state coercion. **Cal. Code Civ. Proc. § 923:** The appellate courts' categorical refusal to issue a stay to preserve the subject matter of the litigation, allowing irreparable harm to occur while review was pending. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)). **4th Amendment (Unreasonable Seizure):** The state-compelled surrender of highly confidential, privileged legal defense files to an opposing party under the threat of contempt constitutes an unconstitutional search and seizure. **14th Amendment Procedural Due Process (Denial of Meaningful Appellate Review):** The California Supreme Court weaponized an administrative fee waiver defect to stall an emergency constitutional stay, ensuring the irreversible destruction of Plaintiff's rights before they could be heard on the merits. |

-402-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 07/09/25 – 07/11/25 | Enterprise Nexus & Legal Impact: The appellate abandonment and forced privilege destruction served as a critical enforcement mechanism for the Enterprise to strip the victim of her legal armor. By combining summary denials from the Fourth District Court of Appeal with the California Supreme Court's deliberate delays and weaponized administrative fee-waiver hurdles, the state appellate bodies collaborated to compel the surrender of unredacted, privileged defense billing files. This state-compelled breach completed the loop of Obstruction of Justice (18 U.S.C. § 1503) and Wire Fraud (18 U.S.C. § 1343), successfully exposing the victim's litigation strategy to the co-conspirators, eliminating her capacity to mount an effective defense against ongoing fraudulent extractions, and protecting the Enterprise's fee-churning pipeline under color of law. | Cal. Evid. Code § 954: The absolute, irrevocable destruction of the Attorney-Client Privilege via state coercion.

Cal. Code Civ. Proc. § 923: The appellate courts' categorical refusal to issue a stay to preserve the subject matter of the litigation, allowing irreparable harm to occur while review was pending. | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).

4th Amendment (Unreasonable Seizure): The state-compelled surrender of highly confidential, privileged legal defense files to an opposing party under the threat of contempt constitutes an unconstitutional search and seizure.

14th Amendment Procedural Due Process (Denial of Meaningful Appellate Review): The California Supreme Court weaponized an administrative fee waiver defect to stall an emergency constitutional stay, ensuring the irreversible destruction of Plaintiff's rights before they could be heard on the merits. |

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 07/11 /25 | THE CRIMINAL FOAH FORGERY & WIRE FRAUD (Exhibit F&P): Opposing counsel escalated from systemic procedural misconduct to outright criminality. Opposing counsel physically typed Plaintiff's signature onto the June 24 FOAH without her knowledge, authorization, or consent. **Extortion Under Color of Official Right:** This criminally forged legal instrument was then submitted to the court to illegally siphon an additional $115,000 from the trust/estate into the abuser's control. The state tribunal accepted and ratified this forged instrument, completing the theft. | California Rules of Professional Conduct 3.3 & 8.4: Egregious violation of the duty of candor toward the tribunal, constituting dishonesty, fraud, deceit, and reckless misrepresentation. **Cal. Penal Code § 470:** The physical forgery of a legal instrument to defraud another of property. | RICO Predicate Acts (18 U.S.C. § 1961): Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion under color of official right (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); RICO Conspiracy (18 U.S.C. § 1962(d)). **8 U.S.C. § 1951 (Hobbs Act Extortion):** Extortion under color of official right via the physical forgery of legal instruments. **18 U.S.C. § 1343 (Wire Fraud):** Transmitting forged legal documents electronically to execute a scheme to defraud Plaintiff of her property. **14th Amendment Procedural Due Process (Fraud Upon the Court):** The court's acceptance and ratification of a forged signature to transfer $115,000 constitutes the ultimate collapse of procedural due process. |
|---|---|---|---|

-404-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 07/11/25 | **Enterprise Nexus & Legal Impact:** The criminal forgery of the June 24 FOAH and subsequent electronic wire transmission served as a foundational execution engine for the Enterprise's capital-theft model. By fabricating the victim's signature and bypassing mandatory service and review under California Rules of Court Rule 5.125, the co-conspirators weaponized the state tribunal to launder the unlawful seizure of $115,000 from community funds.<br><br>**As formally evaluated and verified by legal ethics expert Edward J. McIntyre (Exhibit 3), this systematic fabrication of court documents and submission of false judicial instruments constitutes actionable "Moral Turpitude" in direct violation of Business and Professions Code § 6106 and CRPC Rule 3.3. This state-ratified forgery completed the loop of Federal Wire Fraud (18 U.S.C. § 1343) and Hobbs Act Extortion (18 U.S.C. § 1951), providing the Enterprise with unhindered liquid capital to fuel its ongoing fee-churning pipeline while permanently blinding the tribunal to the underlying financial crimes under color of law.** | **California Rules of Professional Conduct 3.3 & 8.4:** Egregious violation of the duty of candor toward the tribunal, constituting dishonesty, fraud, deceit, and reckless misrepresentation.<br><br>**Cal. Penal Code § 470:** The physical forgery of a legal instrument to defraud another of property. | **RICO Predicate Acts (18 U.S.C. § 1961):** Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion under color of official right (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>**8 U.S.C. § 1951 (Hobbs Act Extortion):** Extortion under color of official right via the physical forgery of legal instruments.<br><br>**18 U.S.C. § 1343 (Wire Fraud):** Transmitting forged legal documents electronically to execute a scheme to defraud Plaintiff of her property.<br><br>**14th Amendment Procedural Due Process (Fraud Upon the Court):** The court's acceptance and ratification of a forged signature to transfer $115,000 constitutes the ultimate collapse of procedural due process. |

-405-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 08/05 /25 | **THE IN-CHAMBERS BLACKOUT**: Denial of Emergency Child Protection. Plaintiff filed an urgent *ex parte* and a comprehensive 20-page evidentiary declaration seeking a Domestic Violence Restraining Order (DVRO) and an immediate stay of a void school order. The evidence documented that a 6-year-old child was suffering acute exhaustion and illness from being forced into a 3-to-4.5-hour daily commute due to the abuser's unilateral, unapproved relocation and void school order.<br><br>**The Covert Dismissal**: On August 5, 2025, the trial court summarily denied the application. The judge executed this denial completely *in chambers*—categorically refusing to hold a hearing, denying Plaintiff any opportunity to speak, and ensuring no court reporter was present to document the dismissals. In a hand-written note, the judge falsely proclaimed that "Nothing in this application supports emergency court intervention," willfully blinding the tribunal to documented, severe physical and psychological child endangerment. | **Cal. Family Code § 3064**: Absolute failure to issue emergency *ex parte* orders when presented with documented evidence of immediate, irreparable harm to a minor child.<br><br>**Cal. Rules of Court, Rule 5.151**: The court abused its discretion by determining that the severe physical exhaustion and endangerment of a 6-year-old child did not constitute an "emergency."<br><br>**Cal. Family Code § 6320**: Refusal to adjudicate or hear evidence of coercive control and domestic abuse designed to disturb the peace of the mother and child. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Procedural Due Process (Denial of Hearing & Record):** Dismissing a heavily documented emergency child endangerment petition behind closed doors—without affording the protective parent a live hearing or a court reporter to preserve the record for appeal—constitutes a structurally void tribunal and a total collapse of due process.<br><br>**14th Amendment Substantive Due Process (State-Created Danger):** The court's affirmative refusal to intervene in a dangerous, medically contraindicated commute created by its own prior void orders and the abuser's unilateral actions constitutes state-sponsored child endangerment. |

-406-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 08/05/25 | **Enterprise Nexus & Legal Impact:** The "In-Chambers Blackout" on August 5, 2025, served as a crucial institutional cover-up for the Enterprise, utilizing an unrecorded, off-the-record dismissal to shield state-sanctioned child endangerment and prevent the creation of a verifiable appellate record. By dismissing a heavily documented 20-page emergency child endangerment petition behind closed doors without a hearing or a court reporter—in direct violation of Cal. Family Code § 3064 and Rule 5.151—the state tribunal actively co-opted child welfare dockets to protect the abuser. This covert denial completed the loop of Obstruction of Justice (18 U.S.C. § 1503) and Conspiracy (18 U.S.C. § 1962(d)), weaponizing administrative secrecy to suppress evidence of physical and psychological harm, exhaust the victim's emotional and financial endurance, and safeguard the Enterprise's ongoing fee-churning pipeline under color of law. | **Cal. Family Code § 3064:** Absolute failure to issue emergency *ex parte* orders when presented with documented evidence of immediate, irreparable harm to a minor child.<br><br>**Cal. Rules of Court, Rule 5.151:** The court abused its discretion by determining that the severe physical exhaustion and endangerment of a 6-year-old child did not constitute an "emergency."<br><br>**Cal. Family Code § 6320:** Refusal to adjudicate or hear evidence of coercive control and domestic abuse designed to disturb the peace of the mother and child. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Procedural Due Process (Denial of Hearing & Record):** Dismissing a heavily documented emergency child endangerment petition behind closed doors—without affording the protective parent a live hearing or a court reporter to preserve the record for appeal—constitutes a structurally void tribunal and a total collapse of due process.<br><br>**14th Amendment Substantive Due Process (State-Created Danger):** The court's affirmative refusal to intervene in a dangerous, medically contraindicated commute created by its own prior void orders and the abuser's unilateral actions constitutes state-sponsored child endangerment. |

-407-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | |
|---|---|---|
| 08/04/25 – 08/08/25 | **THE AUGUST BLOCKADE: Absolute Exhaustion of State Remedies.** The state trial court continued to enforce the void, unserved January 9th school order, compounding the "State-Created Danger" by forcing a 6-year-old child into a medically contraindicated, torturous cross-county commute to Vista for 4 days (1h one way)and 3 days To Clairmont Slearnign School Plaintiff denied school decision (30min one way). | **Cal. Family Code § 3020:** The overarching statutory mandate to protect the health, safety, and welfare of the child, completely abandoned by both the trial and appellate courts. |

| | RICO Predicate Acts column |
|---|---|

**THE AUGUST BLOCKADE: Absolute Exhaustion of State Remedies.** The state trial court continued to enforce the void, unserved January 9th school order, compounding the "State-Created Danger" by forcing a 6-year-old child into a medically contraindicated, torturous cross-county commute to Vista for 4 days (1h one way)and 3 days To Clairmont Slearnign School Plaintiff denied school decision (30min one way).

The trial court denied an emergency stay of this abuse on August 5, 2025. **The Ultimate Appellate Blackout:** Plaintiff executed a comprehensive exhaustion of all highest-level remedies to halt the child endangerment: **Aug 7, 2025:** Filed an Emergency Application for a Stay with the **United States Supreme Court. Aug 7, 2025:** Filed a Verified Petition for Writ of Supersedeas with the **Court of Appeal** (Case No. D086512). **Aug 8, 2025:** The COA summarily denied the writ in a single sentence. **Ratification of Abuse:** The complete, summary refusal of the entire appellate system to halt the documented physical exhaustion and emotional abuse of a minor child cements the absolute failure of the state tribunal system.

**Cal. Family Code § 3020:** The overarching statutory mandate to protect the health, safety, and welfare of the child, completely abandoned by both the trial and appellate courts.

**Cal. Code Civ. Proc. § 923:** Failure of the appellate court to utilize its inherent power to issue a Writ of Supersedeas to prevent severe, irreparable harm to a minor child during a pending appeal.

**RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).

**14th Amendment Substantive Due Process (State-Created Danger):** By summarily denying all emergency writs and stays, the appellate courts ratified and became complicit in the trial court's affirmative placement of a minor child in a position of extreme, foreseeable physical and psychological danger.

**14th Amendment Procedural Due Process (Absolute Exhaustion):** The successive, summary denials from the highest courts of the state (and emergency filings to the US Supreme Court) definitively establish the complete exhaustion of all state remedies, proving the state forum is structurally incapable of curing constitutional deprivations, thereby cementing the absolute necessity of **42 U.S.C. § 1983** federal intervention.

-408-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | |
|---|---|---|
| 08/04/25 – 08/08/25 | **Enterprise Nexus & Legal Impact: The "August Blockade" and the subsequent summary appellate denials across the state appellate tiers and emergency filings served as an essential institutional shield for the Enterprise's racketeering model. By coordinating across trial and appellate levels to stonewall emergency stays on medically contraindicated child commutes, the judicial system locked down the forum. This complete appellate stonewalling constitutes Obstruction of Justice (18 U.S.C. § 1503), sealing the corrupt trial record, neutralizing judicial oversight, and insulating the Enterprise's ongoing fraudulent extractions and abuse under color of law, while cementing absolute state-level exhaustion to clear the procedural path for federal civil rights and RICO intervention.** | **Cal. Family Code § 3020:** The overarching statutory mandate to protect the health, safety, and welfare of the child, completely abandoned by both the trial and appellate courts.

**Cal. Code Civ. Proc. § 923:** Failure of the appellate court to utilize its inherent power to issue a Writ of Supersedeas to prevent severe, irreparable harm to a minor child during a pending appeal. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).

**14th Amendment Substantive Due Process (State-Created Danger):** By summarily denying all emergency writs and stays, the appellate courts ratified and became complicit in the trial court's affirmative placement of a minor child in a position of extreme, foreseeable physical and psychological danger.

**14th Amendment Procedural Due Process (Absolute Exhaustion):** The successive, summary denials from the highest courts of the state (and emergency filings to the US Supreme Court) definitively establish the complete exhaustion of all state remedies, proving the state forum is structurally incapable of curing constitutional deprivations, thereby cementing the absolute necessity of **42 U.S.C. § 1983** federal intervention. |

-409-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 08/11 /25 – 10/06 /25 | **THE MOVE-AWAY SABOTAGE & APPELLATE RESCUE:** On August 11, 2025, Judge Morris issued a Final Statement of Decision denying Plaintiff's request to relocate to Boston with her minor child. Despite explicitly acknowledging Plaintiff as the lifelong primary caregiver—and completely ignoring the court's own FCS expert who recommended the move be granted—the judge weaponized fabricated credibility findings to label the move a "bad faith" attempt to frustrate contact.<br><br>**Denial of Hearing on Objections:** Prior to the final ruling, Plaintiff timely filed comprehensive objections to the court's tentative decision and formally requested an evidentiary hearing to present oral arguments on the record. Judge Morris completely ignored the request for a hearing and unilaterally signed the final order on August 11, shutting Plaintiff out of the process.<br><br>**The Expedited Appeal: Recognizing the severe judicial overreach and deprivation of rights, Plaintiff filed a Notice of Appeal on October 6, 2025.** | **Cal. Family Code § 7501:** Explicitly grants a parent entitled to custody the right to change the residence of the child, subject to the power of the court to restrain a removal that would prejudice the rights or welfare of the child. **Cal. Rules of Court, Rule 3.1590(k):** Mandates that any party may make proposals as to the content of the statement of decision. The judge's refusal to hold the requested hearing on Plaintiff's formal objections before finalizing the order constituted a direct violation of procedural rules | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud / Extrinsic Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Substantive Due Process (Fundamental Parenting Rights):** The right of a fit, primary custodial parent to direct the upbringing and residence of their child is a fundamental constitutional right. The court arbitrarily denied this right based on a retaliatory "bad faith" narrative rather than a showing of actual detriment.<br><br>**14th Amendment Procedural Due Process (Denial of Hearing):** Refusing to hold a requested hearing on formal objections before entering a final, life-altering judgment strips the litigant of their fundamental right to be heard at a meaningful time. *In re Marriage of Burgess* **(1996) 13 Cal.4th 25:** The definitive California Supreme Court precedent establishing that a primary physical custodian has a presumptive right to relocate. The burden is strictly on the non-moving parent to prove *significant detriment.* Judge Morris unconstitutionally flipped this burden onto the Plaintiff. |

-410-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 08/11/25 – 10/06/25 | **Enterprise Nexus & Legal Impact:** The "Move-Away Sabotage" served as a primary structural objective for the Enterprise, ensuring that the primary custodial parent was geographically trapped in San Diego to facilitate ongoing litigation, asset drainage, and unconscionable fee-churning. By completely ignoring neutral FCS expert recommendations, flipping the burden of proof under *Burgess*, and unilaterally signing a final decision without a hearing on formal objections in direct violation of CRC Rule 3.1590(k), the state tribunal weaponized custody adjudication to break the victim's resilience and commit a fraud upon the court.

This state-sanctioned procedural bypass was far more than a mere legal error; it constituted an overt act in furtherance of an ongoing criminal enterprise—functioning as a vital laundering mechanism under Obstruction of Justice (18 U.S.C. § 1503) and RICO Conspiracy (18 U.S.C. § 1962(d)) to rush through unassailable judgments, conceal prior forgeries and unserved "ghost motions," destroy the victim's lucrative executive career trajectory (such as the State Street VP position), and lock down her resources to secure the Enterprise's ongoing financial extractions under color of law. | **Cal. Family Code § 7501:** Explicitly grants a parent entitled to custody the right to change the residence of the child, subject to the power of the court to restrain a removal that would prejudice the rights or welfare of the child.

**Cal. Rules of Court, Rule 3.1590(k):** Mandates that any party may make proposals as to the content of the statement of decision. The judge's refusal to hold the requested hearing on Plaintiff's formal objections before finalizing the order constituted a direct violation of procedural rules | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud / Extrinsic Fraud (18 U.S.C. § 1343); Conspiracy (18 U.S.C. § 1962(d)).

**14th Amendment Substantive Due Process (Fundamental Parenting Rights):** The right of a fit, primary custodial parent to direct the upbringing and residence of their child is a fundamental constitutional right. The court arbitrarily denied this right based on a retaliatory "bad faith" narrative rather than a showing of actual detriment.

**14th Amendment Procedural Due Process (Denial of Hearing):** Refusing to hold a requested hearing on formal objections before entering a final, life-altering judgment strips the litigant of their fundamental right to be heard at a meaningful time. *In re Marriage of Burgess* (1996) 13 Cal.4th 25: The definitive California Supreme Court precedent establishing that a primary physical custodian has a presumptive right to relocate. The burden is strictly on the non-moving parent to prove *significant detriment*. Judge Morris unconstitutionally flipped this burden onto the Plaintiff. |

-411-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 08/28/25 | THE DISCOVERY BLACKOUT & JUDICIAL INTIMIDATION: Plaintiff filed a Motion to Compel after opposing counsel explicitly refused to meet and confer regarding the concealment of community assets and post-separation 401(k) deposits. The court summarily denied the motion to protect the abuser's financial suppression.**Shielding Concealed Assets:** The judge categorically refused to compel records regarding the abuser's Cerevance employment, falsely ruling they were "not relevant" by locking Plaintiff into a disputed date of separation, thereby actively facilitating the abuser's breach of fiduciary duty.

**Threats of Physical Removal: When Plaintiff attempted to clarify the record and present her evidence, Judge Morris became overtly hostile, commanding her to "STOP" and threatening her with the bailiff: *"I'm going to have to have you sit in the back, and I don't want to have to do that."* He concluded the hearing by mocking Plaintiff's constitutional right to petition, stating on the record: *"Everybody goes away mad. Just go away.* | **Cal. Code Civ. Proc. § 2031.310 & § 2023.010:** The court explicitly rewarded opposing counsel's bad-faith refusal to meet and confer and ratified the intentional withholding of dispositive financial discovery.

**Cal. Family Code § 2102 & § 1100:** The court actively shielded the abuser from his absolute, non-delegable fiduciary duty to provide a full accounting of post-separation community assets and 401(k) deposits.

**Cal. Code of Judicial Ethics, Canon 3(B)(4):** A judge shall be patient, dignified, and courteous to litigants. Threatening a pro se mother with the bailiff and telling her to "Just go away" is a profound ethical breach. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud / Fraudulent Concealment (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).

**14th Amendment Procedural Due Process (Hostile & Biased Tribunal):** A judge who utilizes courtroom security to threaten and silence a litigant attempting to enter evidence into the record abandons all neutrality. This transforms the court from a hall of justice into a venue of state-sponsored intimidation, rendering the hearing structurally void.

**1st Amendment (Right to Petition):** The judge's declaration to "Just go away" combined with the threat of physical removal constitutes a direct, retaliatory chilling of Plaintiff's fundamental right to petition the government for redress of grievances.*In re Marriage of Feldman (2007) 153 |

-412-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 08/28 /25 | **Enterprise Nexus & Legal Impact:** The "Discovery Blackout & Judicial Intimidation" served as a vital protective mechanism for the Enterprise, ensuring that millions in concealed assets (such as Cerevance employment and post-separation 401(k) deposits) remained shielded from forensic discovery and tracing. By summarily denying the Motion to Compel under the pretext of a disputed separation date and utilizing courtroom security to threaten and silence the self-represented victim with physical removal ("sit in the back" / "Just go away"), the state tribunal abandoned all neutrality. This state-sanctioned judicial intimidation completed the loop of Obstruction of Justice (18 U.S.C. § 1503) and RICO Conspiracy (18 U.S.C. § 1962(d))—functioning as a direct overt act in furtherance of the criminal enterprise to block the exposure of embezzlement, chill 1st Amendment petition rights, and secure the Enterprise's ongoing financial extractions under color of law | **Cal. Code Civ. Proc. § 2031.310 & § 2023.010:** The court explicitly rewarded opposing counsel's bad-faith refusal to meet and confer and ratified the intentional withholding of dispositive financial discovery.<br><br>**Cal. Family Code § 2102 & § 1100:** The court actively shielded the abuser from his absolute, non-delegable fiduciary duty to provide a full accounting of post-separation community assets and 401(k) deposits.<br><br>**Cal. Code of Judicial Ethics, Canon 3(B)(4):** A judge shall be patient, dignified, and courteous to litigants. Threatening a pro se mother with the bailiff and telling her to "Just go away" is a profound ethical breach. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud / Fraudulent Concealment (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Procedural Due Process (Hostile & Biased Tribunal):** A judge who utilizes courtroom security to threaten and silence a litigant attempting to enter evidence into the record abandons all neutrality, transforming the court from a hall of justice into a venue of state-sponsored intimidation and rendering the proceeding structurally void.<br><br>**1st Amendment (Right to Petition):** The judge's declaration to "Just go away" combined with the threat of physical removal constitutes a direct, retaliatory chilling of Plaintiff's fundamental right to petition the government for redress of grievances. |

-413-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 09/02 /25 | **THE DUE PROCESS BLOCKADE: Ratification of Void Orders & Court Reporter Intimidation.** Plaintiff brought a verified petition to set aside the foundational January 7, 2025, discovery/sanctions order as *void ab initio* because opposing counsel never served her attorney of record, depriving the court of personal jurisdiction. The judge summarily denied the motion to protect the opposing counsel's extrinsic fraud. **Judicial Defiance of Law:** Judge Morris categorically refused to address the lack of service, instead denying the motion to vacate the void order on the legally fabricated basis that it was "not timely" because it was "a year out". **Weaponizing Indigence:** When Plaintiff attempted to object, the judge overtly threatened to strip her of her fundamental right to a court record based on her financial status, stating on the record: *"next time you ask for a court reporter, I'm just going to let them know to say no. Okay? You're on a fee waiver court reporter."*. **Denial of Statement of Decision** | **Cal. Code Civ. Proc. § 473(d):** The court willfully violated the absolute statutory rule that an order void on its face for lack of jurisdiction can be attacked and stricken *at any time*. **Cal. Code Civ. Proc. § 1015:** The court ratified the failure to serve the attorney of record, functionally endorsing procedural fraud. **Cal. Code Civ. Proc. § 632:** Unlawful refusal to issue a mandatory written Statement of Decision on controverted issues upon timely request by a party. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud / Extrinsic Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)). **14th Amendment Equal Protection & Access to Courts:** The judge's explicit threat to revoke Plaintiff's access to a fee-waiver court reporter as a means of courtroom control is a severe constitutional violation. (See *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), establishing that the state cannot weaponize a litigant's indigence to block their access to the appellate record). **14th Amendment Procedural Due Process (Ratification of Extrinsic Fraud):** By enforcing an unserved, jurisdictionally void order based on a fabricated statute of limitations ("untimely"), the tribunal ceased to function as a court of law, completely depriving Plaintiff of due process. *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228: Establishes that a void order is a "dead thing" that can be stricken at any time; the judge's "untimely" ruling acted in direct defiance of controlling appellate precedent. |

-414-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 09/02/25 | Enterprise Nexus & Legal Impact: The "Due Process Blockade" on September 2, 2025, served as a critical systemic safeguard for the Enterprise, ensuring that foundational void orders and unserved discovery traps remained shielded from being stricken under CCP § 473(d). By explicitly refusing to acknowledge a total lack of personal jurisdiction, weaponizing the victim's indigence to threaten the revocation of a fee-waiver court reporter, and enforcing a jurisdictionally dead order under a fabricated "untimely" standard, the state tribunal actively co-opted its judicial power to cover up opposing counsel's extrinsic fraud. This state-sponsored procedural sabotage was far more than a mere legal error; it constituted an overt act in furtherance of an ongoing criminal enterprise—functioning as a vital laundering mechanism under Obstruction of Justice (18 U.S.C. § 1503) and RICO Conspiracy (18 U.S.C. § 1962(d)) to protect prior fraudulent extractions, chill 1st and 14th Amendment access to courts and appellate records, and secure the Enterprise's continued fee-churning pipeline under color of law. | Cal. Code Civ. Proc. § 473(d): The court willfully violated the absolute statutory rule that an order void on its face for lack of jurisdiction can be attacked and stricken *at any time*.

Cal. Code Civ. Proc. § 1015: The court ratified the failure to serve the attorney of record, functionally endorsing procedural fraud.

Cal. Code Civ. Proc. § 632: Unlawful refusal to issue a mandatory written Statement of Decision on controverted issues upon timely request by a party. | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503); Wire Fraud / Extrinsic Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).

14th Amendment Equal Protection & Access to Courts: The judge's explicit threat to revoke Plaintiff's access to a fee-waiver court reporter as a means of courtroom control is a severe constitutional violation. (See *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), establishing that the state cannot weaponize a litigant's indigence to block their access to the appellate record).

14th Amendment Procedural Due Process (Ratification of Extrinsic Fraud): By enforcing an unserved, jurisdictionally void order based on a fabricated statute of limitations ("untimely"), the tribunal ceased to function as a court of law, completely depriving Plaintiff of due process. *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228: Establishes that a void order is a "dead thing" that can be stricken at any time; the judge's "untimely" ruling acted in direct defiance of controlling appellate precedent. |

-415-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 09/02/25 | THE DUE PROCESS BLOCKADE: Ratification of Void Orders & Appellate Obstruction&Weaponizing Indigence: While denying Plaintiff Sept 2n 2025 relief, the court heard Defendant's retaliatory RFO to terminate Plaintiff's lease and seize her vehicle. The judge explicitly GRANTED the abuser's request to seize Plaintiff's car. When Plaintiff objected to the proceedings, the judge overtly threatened to strip her of her fee-waiver court reporter, stating: *"next time you ask for a court reporter, I'm just going to let them know to say no."*<br><br>Denial of Statement of Decision: To prevent appellate review of his illegal rulings, the judge summarily refused Plaintiff's mandatory request for a Statement of Decision, stating, *"no. We're not doing this"* and falsely claiming he had already provided one. Also the court refused to sign the order to obstruct Plaintiff's appeals rights. | Cal. Code Civ. Proc. § 473(d): Willful violation of the absolute rule that an order void on its face for lack of jurisdiction can be attacked and stricken *at any time*.Cal. Code Civ. Proc. § 632: Unlawful refusal to issue a mandatory written Statement of Decision on controverted issues upon timely request **Cal. Rules of Court, Rule 5.125:** The court actively ratified unserved, fraudulent FOAHs to uphold its void rulings. **California Family Code § 2581 (Community Property Presumption); California Family Code § 2550 (Equal Division Mandate)California Family Code § 2040 (Violation of ATROs);California Family Code §** | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Equal Protection & Access to Courts:** The judge's explicit threat to revoke Plaintiff's access to a fee-waiver court reporter to silence her advocacy is a severe constitutional violation. (See *M.L.B. v. S.L.J.,* 519 U.S. 102 (1996)).<br><br>**1st Amendment (Right to Petition) & Appellate Blockade:** The court's deliberate refusal to sign the final order, combined with the refusal to issue a Statement of Decision, constitutes an intentional, bad-faith administrative blockade designed to unconstitutionally strip Plaintiff of her right to petition the appellate court. **14th Amendment Procedural Due Process (Arbitrary Deprivation of Property); 14th Amendment Substantive Due Process (State-Created Danger & Abuse of Process):Collateral Estoppel / Res Judicata (Finality of Orders)** |

-416-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 09/02/25 | **Enterprise Nexus & Legal Impact:** The "Due Process Blockade" on September 2, 2025, served as an essential operational safeguard for the Enterprise, ensuring that illegal rulings, vehicle seizures, and asset extractions remained completely insulated from higher judicial scrutiny.<br><br>**By summarily refusing a mandatory Statement of Decision with the directive *"no. We're not doing this,"* falsely claiming a prior issuance, and deliberately refusing to sign the order to cut off appellate tracks, the state tribunal weaponized its administrative powers to erect an impenetrable appellate blockade. This state-sanctioned procedural bypass was far more than a mere legal error; it constituted an overt act in furtherance of an ongoing criminal enterprise— functioning as a vital laundering mechanism under Obstruction of Justice (18 U.S.C. § 1503) and RICO Conspiracy (18 U.S.C. § 1962(d)) to block the exposure of prior forgeries, chill 1st and 14th Amendment access to courts, and secure the Enterprise's ongoing financial extractions under color of law.** | **Cal. Code Civ. Proc. § 473(d):** Willful violation of the absolute rule that an order void on its face for lack of jurisdiction can be attacked and stricken *at any time*.**Cal. Code Civ. Proc. § 632:** Unlawful refusal to issue a mandatory written Statement of Decision on controverted issues upon timely request<br><br>**Cal. Rules of Court, Rule 5.125:** The court actively ratified unserved, fraudulent FOAHs to uphold its void rulings. **California Family Code § 2581 (Community Property Presumption); California Family Code § 2550 (Equal Division Mandate)California Family Code § 2040 (Violation of ATROs);California Family Code § 6320 (Domestic Violence Prevention Act)** | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Equal Protection & Access to Courts:** The judge's explicit threat to revoke Plaintiff's access to a fee-waiver court reporter to silence her advocacy is a severe constitutional violation. (See *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)).<br><br>**1st Amendment (Right to Petition) & Appellate Blockade:** The court's deliberate refusal to sign the final order, combined with the refusal to issue a Statement of Decision, constitutes an intentional, bad-faith administrative blockade designed to unconstitutionally strip Plaintiff of her right to petition the appellate court. **14th Amendment Procedural Due Process (Arbitrary Deprivation of Property); 14th Amendment Substantive Due Process (State-Created Danger & Abuse of Process):Collateral Estoppel / Res Judicata (Finality of Orders)** |

-417-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 09/04/25 | **THE CALENDAR WEAPONIZATION & DENIAL OF PENDENTE LITE RELIEF:** Plaintiff appeared for her properly noticed Consolidated Request for Order (RFO) seeking critical *pendente lite* relief—including emergency child support, housing stability, and protection from destitution. The judge categorically refused to hear the merits of the motion. Instead, the court issued a coercive ultimatum: Plaintiff could either pick "one topic" to be heard that day, or the entire matter would be delayed to a full-day evidentiary hearing seven months later, on April 6, 2026. This forced delay effectively starved Plaintiff, pushing her to the brink of homelessness while she was forced to borrow funds to survive.

**The Bait-and-Switch Cancellation (Jan 28, 2026):** After enduring months of this court-imposed financial starvation waiting for the April 6th hearing, the judge permitted the abuser's counsel to file a procedurally improper *ex parte* application on January 26, 2026, to cancel the April hearing altogether. Over Plaintiff's formal objections, the judge granted the cancellation on January 28, 2026, folding Plaintiff's emergency survival needs into a distant trial date and permanently denying her any meaningful interim relief | **Cal. Family Code § 3600 & § 4320:** The statutory mandate of *pendente lite* (temporary) support is to maintain stability and prevent destitution pending trial. The court actively weaponized its calendar to bypass this statutory duty.

**Cal. Rules of Court, Rule 5.92:** Unlawful refusal to hear a properly filed RFO based solely on the judge's arbitrary refusal to allocate time.

**Cal. Rules of Court, Rule 3.1202(c):** Entertaining an *ex parte* application to cancel a long-standing evidentiary hearing when no actual emergency existed. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).

**14th Amendment Procedural Due Process (Denial of a Meaningful Hearing):** Due process requires the opportunity to be heard "at a meaningful time and in a meaningful manner." A judge cannot use arbitrary calendar congestion to infinitely delay, and ultimately cancel, hearings on fundamental survival rights (housing, child support, and legal parity).*In re Marriage of Witt* (1987) 196 Cal.App.3d 1428: Precedent establishing that the primary purpose of temporary support is to maintain the status quo and provide for immediate stability. The trial court's actions acted in direct defiance of this mandate by using delays to inflict financial ruin.

**14th Amendment Substantive Due Process (State-Created Danger):** By blocking *pendente lite* relief and facilitating the abuser's *ex parte* cancellation, the court actively participated in pushing a mother and child into homelessness and financial destitution. |

-418-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 09/04/25 | Enterprise Nexus & Legal Impact: The "Calendar Weaponization & Bait-and-Switch Cancellation" served as a primary systemic mechanism of financial attrition and coercive control for the Enterprise, utilizing manufactured court delays to weaponize destitution. By forcing a cruel ultimatum (choosing a single topic or enduring a seven-month delay for *pendente lite* support) in direct defiance of Cal. Family Code § 3600 and *In re Marriage of Witt*, and subsequently executing a bait-and-switch cancellation of the April 6, 2026 hearing via an improper *ex parte* application on Jan 28 2026, the state tribunal intentionally plunged the self-represented victim into financial ruin and homelessness. This state-sanctioned procedural sabotage was far more than a mere legal error; it constituted an overt act in furtherance of an ongoing criminal enterprise—functioning as a vital laundering mechanism under Obstruction of Justice (18 U.S.C. § 1503), Hobbs Act Extortion (18 U.S.C. § 1951), and RICO Conspiracy (18 U.S.C. § 1962(d)) to crush the victim's capacity to litigate, suppress financial accountability, and secure the Enterprise's ongoing capital extractions under color of law. | Cal. Family Code § 3600 & § 4320: The statutory mandate of *pendente lite* (temporary) support is to maintain stability and prevent destitution pending trial. The court actively weaponized its calendar to bypass this statutory duty.<br><br>Cal. Rules of Court, Rule 5.92: Unlawful refusal to hear a properly filed RFO based solely on the judge's arbitrary refusal to allocate time.<br><br>Cal. Rules of Court, Rule 3.1202(c): Entertaining an *ex parte* application to cancel a long-standing evidentiary hearing when no actual emergency existed. | RICO Predicate Acts (18 U.S.C. § 1961): Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).14th Amendment Procedural Due Process (Denial of a Meaningful Hearing): Due process requires the opportunity to be heard "at a meaningful time and in a meaningful manner." A judge cannot use arbitrary calendar congestion to infinitely delay, and ultimately cancel, hearings on fundamental survival rights (housing, child support, and legal parity).*In re Marriage of Witt* (1987) 196 Cal.App.3d 1428: Precedent establishing that the primary purpose of temporary support is to maintain the status quo and provide for immediate stability. The trial court's actions acted in direct defiance of this mandate by using delays to inflict financial ruin. 14th Amendment Substantive Due Process (State-Created Danger): By blocking *pendente lite* relief and facilitating the abuser's *ex parte* cancellation, the court actively participated in pushing a mother and child into homelessness and financial destitution. |

-419-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 09/10 /25 | THE PHANTOM DOCKET & DVRO STRIP: Plaintiff filed a heavily documented application for a Domestic Violence Restraining Order (DVRO) to protect herself and her minor child from ongoing coercive control, financial devastation, and forceful physical handling during exchanges. The court summarily denied the DVRO without conducting a proper evidentiary hearing. **Retaliatory Victim-Blaming & Sanctions:** Instead of evaluating the evidence of abuse, the judge admonished Plaintiff for failing to "come to grips" with her abuser's "new normal." The court then weaponized the statute to arbitrarily sanction Plaintiff **$5,000** for daring to seek protection, labeling her DVRO request "frivolous" without establishing any factual findings. administratively barred from filing an appeal. To date, the trial court has deliberately withheld its signature from the final order, intentionally obstructing Plaintiff's right to perfect an appeal | **Cal. Family Code § 217:** Strict statutory mandate requiring the court to receive live, competent testimony and hold an evidentiary hearing on contested family law matters, entirely bypassed by the court.<br><br>**Cal. Family Code § 6344:** Maliciously weaponized by the court to impose punitive financial sanctions on a domestic violence victim seeking protection.<br><br>**Cal. Rules of Court, Rule 5.125:** Abuse of process via the intentional delay of appealable records. | **RICO Predicate Acts (18 U.S.C. § 1961):** Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>**1st Amendment Retaliation:** Muzzling a whistleblower filing for state protection. The $5,000 sanction functioned as an unconstitutional, retaliatory tax on Plaintiff's fundamental right to petition the government for safety.<br><br>**14th Amendment Procedural Due Process (Appellate Blockade):** The court's bad-faith refusal to sign the final order for 8+ months structurally foreclosed Plaintiff's right to an immediate appeal, unilaterally destroying her due process rights. *Varian Medical Systems v. Delfino* (2005) 35 Cal.4th 180: The definitive California Supreme Court precedent condemning the manipulation of court dockets to thwart appellate jurisdiction and the resulting loss of the "state safety valve". |

-420-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;**
**DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 09/10 /25 | Enterprise Nexus, State-Created Abuse & RICO Importance: The "Phantom Docket & DVRO Strip" on September 10, 2025, represents a cornerstone racketeering act within the Enterprise's operational model. This event is critically important as a RICO act because it weaponizes State-Created Abuse: by officially abandoning a mother and child to documented danger while financially penalizing them for seeking safety, the state tribunal actively transforms into a coercive extortion engine. The imposition of a retaliatory $5,000 fine combined with a "Phantom Docket" (deliberately withholding the judge's signature for over 8 months now, to block appellate review) creates an inescapable financial and legal trap. This tactic satisfies the core elements of Hobbs Act Extortion (18 U.S.C. § 1951) and Obstruction of Justice (18 U.S.C. § 1503) by Financial Muzzling, Destroying the State Safety Valve and Institutionalizing Impunity: Criminalizing self-defense and protective mothering under color of law to ensure the continuous flow of capital extraction for the Enterprise's fee-churning pipeline. | Cal. Family Code § 217: Strict statutory mandate requiring the court to receive live, competent testimony and hold an evidentiary hearing on contested family law matters, entirely bypassed by the court.<br><br>Cal. Family Code § 6344: Maliciously weaponized by the court to impose punitive financial sanctions on a domestic violence victim seeking protection.<br><br>Cal. Rules of Court, Rule 5.125: Abuse of process via the intentional delay of appealable records and withholding of signatures. | RICO Predicate Acts (18 U.S.C. § 1961): Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>1st Amendment Retaliation: Muzzling a whistleblower/protective parent filing for state protection. The $5,000 sanction functioned as an unconstitutional, retaliatory tax on Plaintiff's fundamental right to petition the government for safety.<br><br>14th Amendment Procedural Due Process (Appellate Blockade): The court's bad-faith refusal to sign the final order for 8+ months structurally foreclosed Plaintiff's right to an immediate appeal, unilaterally destroying her due process rights in direct violation of *Varian Medical Systems v. Delfino* (2005) 35 Cal.4th 180 (condemning the manipulation of court dockets to thwart appellate jurisdiction and destroy the "state safety valve"). |

-421-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 09/10/25 | **The Phantom Docket:** To shield this victim-blaming and retaliatory sanction from higher court review, the judge unlawfully refused Plaintiff's request for a Statement of Decision. Opposing counsel submitted a legally deficient "Notice of Ruling" instead of a formal order, and the court intentionally left the final order unsigned for over 8 months now(still unsigned). This engineered a "phantom docket," trapping Plaintiff in a state where she was actively punished but administratively barred from filing an appeal. To date, the trial court has deliberately withheld its signature from the final order and explicitly refused to issue the mandatory Statement of Decision required by Cal. C.C.P. § 632. By permitting opposing counsel to file a 'Notice of Ruling' to trigger the appellate clock while simultaneously refusing to sign the actual appealable order, the trial court engineered a 'Phantom Docket.' This bad-faith administrative blockade constructively denied Plaintiff her 14th Amendment right to meaningful appellate review and acted as an unconstitutional prior restraint on her 1st Amendment right to petition for a redress of grievances | Cal. Code Civ. Proc. § 632 (Refusal of Statement of Decision): This statute makes it a mandatory duty for the court to issue a Statement of Decision explaining the factual and legal basis for its ruling when a party makes a timely request. The judge's refusal to do so, while allowing the opposing party to file a Notice of Ruling, is a direct violation of this mandate. **California Rules of Court, Rule 5.125 (Bypassing FOAH Requirements):** The Court's Duty and/or The Prevailing Party: | **RICO Predicate Acts (18 U.S.C. § 1961):** **Hobbs Act Extortion (18 U.S.C. § 1951); Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).; 14th Amendment Procedural Due Process (Constructive Denial of Appellate Rights; 1st Amendment Retaliation (Right to Petition for Redress)** |

-422-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 09/10/25 | **Enterprise Nexus & Legal Impact:** The "Phantom Docket" and subsequent appellate collusion by the Court of Appeal to deny the apple without a proper order and refusing to mandate the Trial court to issue a proper order, served as a masterclass in institutional racketeering protection. By operating as a tag-team administrative blockade—where the trial court intentionally leaves an order unsigned to create a jurisdictional dead-end, and the appellate court summarily denies the appeal while refusing to mandate a proper order—the judicial system weaponized its own procedural defects against the victim. This state-sanctioned circular trap completed the loop of Obstruction of Justice (18 U.S.C. § 1503) and RICO Conspiracy (18 U.S.C. § 1962(d)), functioning as a vital laundering mechanism to shield the Enterprise's retaliatory financial sanctions, block judicial oversight, and secure ongoing capital extractions under color of law. | **Cal. Code Civ. Proc. § 632:** Mandatory duty for the court to issue a Statement of Decision explaining the factual and legal basis for its ruling when a party makes a timely request.<br><br>**Cal. Rules of Court, Rule 5.125:** Exploitation of findings and orders after hearing requirements to bypass accountability and weaponize administrative defaults. | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)).<br><br>**14th Amendment Procedural Due Process (Constructive Denial of Appellate Rights):** A coordinated judicial blockade where the trial court withholds a signature to prevent appeal, and the appellate court summarily rejects the appeal for lack of a signature while refusing to compel one, completely destroying due process.<br><br>**1st Amendment Retaliation (Right to Petition for Redress):** Using circular administrative traps to penalize a litigant and block all access to higher-court review for challenging retaliatory sanctions. |

-423-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 09/10/25 – 10/27/25 | **Absolute Appellate Failure:** The judge intentionally refused to sign a p[roper DVRO denial order and a stm of decision. When Plaintiff appealed, the Court of Appeal (COA) dismissed the appeal without prejudice due to the lack of a signed order, and the COA affirmatively refused to mandate the trial court to write one. **Enterprise Nexus & The RICO Playbook (Systemic Failure):** This sequence exemplifies the textbook **RICO Playbook of Systemic Failure**, where judicial co-conspirators weaponize administrative bureaucracy as an offensive racketeering weapon. | **Cal. Family Code § 217:** Strict statutory mandate req the court to receive live, competent testimony and hold an evidentiary hearing on contested matters, entirely bypassed by the court.**Cal. Family Code § 6344:** Maliciously weaponized by the court to impose punitive financial sanctions on a domestic violence victim seeking protection.**Cal. Code Civ. Proc. § 632:** Unlawful refusal to issue a mandatory written Statement of Decision on controverted issues upon timely request. **Cal. Rules of Court, Rule 5.125:** Abuse of process via the intentional refusal to prepare or sign an appealable FOAH | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion (18 U.S.C. § 1951); RICO Conspiracy (18 U.S.C. § 1962(d)). **1st Amendment Retaliation:** Muzzling a whistleblower filing for state protection. The $5,000 sanction functioned as an unconstitutional, retaliatory tax on Plaintiff's fundamental right to petition the government for safety.**14th Amendment Procedural Due Process (Constructive Denial of Access to Courts):** The trial court's bad-faith refusal to sign the final drafted order structurally foreclosed Plaintiff's right to an appeal, unilaterally destroying her due process rights.**The 42 U.S.C. § 1983 (Absolute Exhaustion)/Futility of State Remedies:** The fact that Plaintiff did the court's job for them by drafting the FOAH on October 27, 2025, and the judge still refused to sign it—coupled with the COA's dismissal and refusal to issue a mandate—is the ultimate proof for federal civil rights intervention. |

-424-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 09/10/25 – 10/27/25 | By executing a coordinated tag-team gridlock—where the trial judge deliberately withholds a signature to prevent appellate jurisdiction, and the appellate court dismisses the appeal *because* of that missing signature while refusing to exercise its supervisory mandate to compel one—the Enterprise creates an inescapable, corrupt loop. Even when the victim breaks the administrative barrier by filing the proper processes, the court's refusal to sign proves that the "justice system" has been co-opted into a closed-circuit protection racket. This manufactured legal vacuum constitutes **Obstruction of Justice (18 U.S.C. § 1503)** and RICO Conspiracy, functioning as the ultimate laundering mechanism to shield retaliatory financial sanctions, block judicial oversight, and secure the Enterprise's ongoing capital extractions under color of law while cementing absolute state-level futility for federal intervention under 42 U.S.C. § 1983. | **Cal. Family Code § 217:** Strict statutory mandate req the court to receive live, competent testimony and hold an evidentiary hearing on contested matters, entirely bypassed by the court.**Cal. Family Code § 6344:** Maliciously weaponized by the court to impose punitive financial sanctions on a domestic violence victim seeking protection.**Cal. Code Civ. Proc. § 632:** Unlawful refusal to issue a mandatory written Statement of Decision on controverted issues upon timely request. **Cal. Rules of Court, Rule 5.125:** Abuse of process via the intentional refusal to prepare or sign an appealable FOAH | **RICO Predicate Acts (18 U.S.C. § 1961):** Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud (18 U.S.C. § 1343); Hobbs Act Extortion (18 U.S.C. § 1951); RICO Conspiracy (18 U.S.C. § 1962(d)). |

-425-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 10/06/25 – 05/05/26 | **THE PHANTOM DOCKET & § 916 APPELLATE SABOTAGE (Exhibit Exhibits 8, 9, and 20 (Attachments A–F):** Following Plaintiff's October 6 appeal, the trial court blatantly ignored the automatic appellate stay, continuing to issue hostile rulings in excess of its jurisdiction. To systematically destroy Plaintiff's appellate rights on all remaining matters, the judge engineered a "signature blockade," refusing to sign final orders to trick the Court of Appeal (COA) into dismissing Plaintiff's appeals for lack of an appealable record. **The Secret Signings & COA Override:** Months after the COA administratively dismissed the appeals "without prejudice," the trial court would secretly sign and back-door the FOAHs into the court registry. Plaintiff relentlessly tracked the docket, exposed the phantom orders, and successfully petitioned the COA Presiding Judge to override the trial court's trap: **Oct 29 Appeal (re: Sept 2 Void Orders Denial):** Judge refused to sign. COA dismissed. Plaintiff located the signed order on Jan 12, 2026. COA Presiding Judge GRANTED appeal on April 13, 2026., 2026.• **Nov 18 & 20 Hearings (Appeals on Nov 21 2025):** Judge refused to sign the order. COA dismissed the Appel without prejudice in Jan 2026. Plaintiff located the signed FOAHs on Feb 11, 2026. COA GRANTED appeal on merits on April 30, 2026. **Dec 2** **Vexatious Litigant Gag Order:** Judge refused to sign. Resubmitted in Feb 2026. COA GRANTED appeal. **Dec 2 Custody Modification:** Judge withheld signature until April 15, 2026. COA GRANTED appeal on May 5, 2026. | **Cal. Code Civ. Proc. § 916:** Willful violation of the automatic stay of trial court proceedings. The trial court maliciously acted in areas divested of its jurisdiction upon the perfection of Plaintiff's appeals.  **Cal. Rules of Court, Rule 5.125:** The judge weaponized the preparation and signing of FOAHs, manipulating the court registry to intentionally sabotage mandatory appellate deadlines.  **Cal. Code of Judicial Ethics, Canon 3(B)(8):** A judge shall dispose of all judicial matters fairly, promptly, and efficiently. | **RICO Predicate Acts (18U.S.C. § 1961):** Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud via electronic docket manipulation (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)). **14th Amendment Procedural Due Process (Appellate Blockade/ Phantom Docket):** Intentionally hiding signed orders from the public docket to manufacture the administrative dismissal of valid appeals constitutes a bad-faith, structural deprivation of access to the courts.  **1st Amendment (Right to Petition):** The trial court's manipulation of signatures acted as an unconstitutional prior restraint on the right to seek appellate redress.*Varian Medical Systems v. Delfino* (2005) **35 Cal.4th 180:** The definitive California Supreme Court precedent establishing that a trial court is entirely divested of subject matter jurisdiction over matters embraced in or affected by an appeal under § 916. All actions taken by the trial judge in violation of the stay are fundamentally void. |

-426-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 10/06/25 – 05/05/26 | Enterprise Nexus, RICO Playbook Pattern & Legal Impact: The "Phantom Docket & § 916 Appellate Sabotage" illustrates a core operational pattern of the RICO Playbook of Systemic Failure, where judicial co-conspirators weaponize administrative gridlock and jurisdictional defiance as an offensive racketeering weapon. By deliberately violating statutory automatic stays under CCP § 916, executing signature blockades to trigger wrongful appellate dismissals, and secretly back-dooring signed orders months later after dismissals are secured, the Enterprise weaponized the court registry itself to block oversight. This coordinated docket manipulation constitutes actionable Obstruction of Justice (18 U.S.C. § 1503) and Wire Fraud (18 U.S.C. § 1343)— functioning as a vital laundering mechanism to insulate prior fraudulent orders, chill 1st and 14th Amendment rights, and safeguard the Enterprise's ongoing capital extractions under color of law. | Cal. Code Civ. Proc. § 916: Willful violation of the automatic stay of trial court proceedings. The trial court maliciously acted in areas divested of its jurisdiction upon the perfection of Plaintiff's appeals.

Cal. Rules of Court, Rule 5.125: The judge weaponized the preparation and signing of FOAHs, manipulating the court registry to intentionally sabotage mandatory appellate deadlines.

Cal. Code of Judicial Ethics, Canon 3(B)(8): A judge shall dispose of all judicial matters fairly, promptly, and efficiently. | RICO Predicate Acts (18 U.S.C. § 1961): Obstruction of Justice / Fraud Upon the Court (18 U.S.C. § 1503); Wire Fraud via electronic docket manipulation (18 U.S.C. § 1343); RICO Conspiracy (18 U.S.C. § 1962(d)). 14th Amendment Procedural Due Process (Appellate Blockade/Phantom Docket): Intentionally hiding signed orders from the public docket to manufacture the administrative dismissal of valid appeals constitutes a bad-faith, structural deprivation of access to the courts.

1st Amendment (Right to Petition): The trial court's manipulation of signatures acted as an unconstitutional prior restraint on the right to seek appellate redress. Varian Medical Systems v. Delfino (2005) 35 Cal.4th 180: The definitive California Supreme Court precedent establishing that a trial court is entirely divested of subject matter jurisdiction over matters embraced in or affected by an appeal under § 916. All actions taken by the trial judge in violation of the stay are fundamentally void. |

-427-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 10/15/25-10-20/25 | **U.S. Supreme Court Escalation & Denial (NO 25-6059 and No 256150)):** Having exhausted all state remedies, Plaintiff filed a Petition for a Writ of Certiorari and an Emergency Application for a Stay with the United States Supreme Court to halt the state-created danger, warning the Court that she was being forced to litigate against an attorney actively under criminal investigation for extortion. Despite the clear constitutional crisis and the structural collapse of due process, the U.S. Supreme Court summarily denied the certiorari petition and emergency stay on January 12, 2026. | **28 U.S.C. § 2101(f) & Sup. Ct. R. 23:** Governs the issuance of a stay of state court proceedings pending the disposition of a writ of certiorari. | **14th Amendment Procedural Due Process:** Deprivation of the fundamental right to an impartial tribunal and access to the courts, forcing a litigant to proceed to trial before a disqualified judge.<br><br>*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009): The U.S. Supreme Court precedent establishing that a judge acting as a "judge in his own cause" presents a clear, structural constitutional violation of the Due Process Clause.<br><br>*In re Murchison*, 349 U.S. 133 (1955): A fair trial in a fair tribunal is a basic requirement of due process; forcing a litigant to proceed against an attorney actively under criminal investigation for extorting them destroys structural fairness |

-428-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 10/22/25 – 10/28/25 | **THE CONTEMPT TRAP & DENIAL OF EMERGENCY RELIEF:** On October 22, 2025, the older Audi vehicle—which the court had relegated to Plaintiff after arbitrarily awarding the newer BMW to the abuser on September 2—suffered a catastrophic mechanical failure requiring $9,434.10 in repairs. Indigent and stranded, Plaintiff notified the abuser, who refused to co-parent and instead responded with threats of court action if she did not somehow transport the child hours away to his Vista residence.<br><br>**Litigation Abuse & Court Complicity:** Plaintiff filed a heavily documented emergency *ex parte* application seeking repair costs, a temporary vehicle swap, or alternative transport funds so she could physically comply with court orders and get the minor child to school. Opposing counsel maliciously delayed the filing by falsely claiming "medical leave," only to immediately resume sending threatening emails | **Cal. Rules of Court, Rule 5.151:** The court maliciously abused its discretion by refusing to issue emergency orders when presented with indisputable evidence of irreparable harm (the physical inability to transport a child to school or custody exchanges).<br><br>**Cal. Family Code § 271:** The court's absolute refusal to sanction opposing counsel and the abuser for refusing to co-parent during a mechanical emergency and instead using the breakdown to threaten custody litigation | RICO Predicate Acts & Statutory Nexus (18 U.S.C. § 1961):**1. Hobbs Act Extortion (18 U.S.C. § 1951; 2. Obstruction of Justice (18 U.S.C. § 1503)&3. RICO Conspiracy (18 U.S.C. § 1962(d);**<br><br>**14th Amendment Procedural Due Process (The "Impossibility" Trap):** The Constitution forbids a court from demanding compliance with an order while simultaneously denying the litigant the physical or financial means to comply. By leaving Plaintiff stranded and subject to the abuser's threats of contempt, the court structurally deprived her of due process.**14th Amendment Substantive Due Process (State-Created Danger):** The trial court actively engineered this crisis by stripping Plaintiff of the reliable family vehicle (the BMW) on Sept 2, leaving her with a defective car. When the defective car predictably failed, the court's refusal to intervene constituted an affirmative act of state-sponsored child endangerment and coercive control. |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 10/22/25 – 10/28/25 (*The Contempt Trap & Denial of Emergency Relief*) | **Engineered Mechanical Crisis & Procedural Delay:** The court-relegated Audi suffered a catastrophic $9,434.10 failure. Indigent Plaintiff requested emergency repair funds or a temporary vehicle swap; opposing counsel falsely claimed "medical leave" to delay while the abuser issued extortionate threats of contempt and custody deprivation. **Enterprise Playbook & State-Created Danger:** The Enterprise and tribunal weaponized an engineered logistical trap. By stripping Plaintiff of the reliable BMW on Sept 2 and refusing emergency relief on the broken Audi, the court created an impossible "compliance trap"—forcing non-compliance to manufacture a pretext for contempt, custody seizure, and financial punishment. | **Cal. Rules of Court, Rule 5.151:** The court maliciously abused its discretion by refusing to issue emergency orders when presented with indisputable evidence of irreparable harm (the physical inability to transport a child to school or custody exchanges). **Cal. Family Code § 271:** The court's absolute refusal to sanction opposing counsel and the abuser for refusing to co-parent during a mechanical emergency and instead using the breakdown to threaten custody litigation | RICO Predicate Acts & Statutory Nexus (18 U.S.C. § 1961):1. **Hobbs Act Extortion (18 U.S.C. § 1951):** Leveraging manufactured mechanical failure and threats of custody loss to coerce surrender of rights. **2. Obstruction of Justice (18 U.S.C. § 1503):** Corruptly withholding emergency judicial relief to penalize the pro se litigant. **3. RICO Conspiracy (18 U.S.C. § 1962(d)):** Coordinated timing between counsel's bad-faith delays and tribunal denials. |

-430-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 10/22/25 – 10/28/25 | **Asymmetric Judicial Discretion & The Compliance Trap: The trial court summarily denied Plaintiff's meritorious *ex parte* application. Having rushed to award the newer BMW to the abuser weeks prior, the court completely abandoned the stranded mother and child, endorsing the abuser's extortion and manufacturing a false pretext for "contempt of court.** **The Enterprise Playbook (Two-Tier Enforcement): The tribunal systematically applied differential standards— expeditiously granting assets/relief to the abuser while blocking all emergency relief for the victim. This created an intentional "impossibility trap," using the threat of contempt to coerce surrender of rights and property.** | **Cal. Rules of Court, Rule 5.151:** The court maliciously abused its discretion by refusing to issue emergency orders when presented with indisputable evidence of irreparable harm (the physical inability to transport a child to school or custody exchanges). **Cal. Family Code § 271:** The court's absolute refusal to sanction opposing counsel and the abuser for refusing to co-parent during a mechanical emergency and instead using the breakdown to threaten custody litigation | **1. Hobbs Act Extortion (18 U.S.C. § 1951):** Weaponizing manufactured distress and contempt threats to extort compliance. **2. Obstruction of Justice (18 U.S.C. § 1503):** Corruptly denying emergency relief to penalize the pro se litigant. **3. RICO Conspiracy (18 U.S.C. § 1962(d)):** Institutional coordination. **4. 14th Amendment (Substantive Due Process / State-Created Danger):** Affirmative creation of danger. |

-431-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 10/26/25 (Written Extortionate Threat & Judicial Cover-Up) | **Extortionate DA Threats & Judicial Protectionism:** Defendant Saatjian transmitted a written email threatening a fabricated report to the District Attorney to coerce Plaintiff into abandoning her active civil appeals. Instead of disqualifying Saatjian for gross ethical breaches, the trial court protected the enterprise, refused disqualification, and retaliated by gagging, sanctioning, and stripping Plaintiff of her remaining rights.

**The Institutional Cover-Up:** This event proves the tribunal's active integration into the racketeering enterprise. By refusing to disqualify Saatjian and turning its machinery against the victim—issuing gag orders, imposing retaliatory sanctions, and stripping due process rights—the court acted as a shield to cover up the enterprise's forgeries, financial thefts, and obstruction of appellate review.Exhibits 1, 3, 4, 7, 8, 9, 10; Section VIII (Master Forensic Matrix A & RICO Claim Matrix). | **California Rules of Professional Conduct 3.10(a)** (Threatening criminal charges to gain civil leverage). | *Flatley v. Mauro* (2006) 39 Cal.4th 299 (Criminal extortion falls completely outside the protection of any state litigation privilege).

**1. Hobbs Act Extortion (18 U.S.C. § 1951):** Leveraging threats of criminal prosecution (*Flatley v. Mauro*) to force the surrender of civil appeals.

**2. Obstruction of Justice (18 U.S.C. § 1503):** Corruptly refusing disqualification and weaponizing gag orders/sanctions to suppress exposure of fraud.

**3. RICO Conspiracy (18 U.S.C. § 1962(d)):** Active collusion between counsel and court actors.

**4. Constitutional Violations:** 1st Amendment (Prior Restraint / Gag) & 14th Amendment (Due Process Deprivation). |
|---|---|---|---|

-432-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/03/25-11/06/25 (The Extortion Blockade & Expert Suppression) | **THE EXTORTION BLOCKADE & EXPERT SUPPRESSION:** Plaintiff filed emergency *ex parte* applications (Nov 3 and Nov 6) to disqualify Defendant's counsel, Peter Saatjian, and stay all proceedings. The filings were based on Saatjian's documented written threat to report Plaintiff to the District Attorney for "perjury" if she did not "accept the court's valid orders and move on". **The Expert Declaration (Exhibit 3) :** Plaintiff provided the court with a sworn declaration from a certified legal ethics expert and former State Bar Special Deputy Trial Counsel (Exhibit 3), who definitively concluded that Saatjian's threat was a flagrant violation of the Rules of Professional Conduct and constituted extortion. | **Cal. Rules of Professional Conduct, Rule 3.10(a):** Prohibits threatening criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute. The court actively shielded this violation. **Cal. Penal Code § 519:** Extortion. The court ratified the use of criminal threats as a valid litigation tactic. **Cal. Code of Judicial Ethics, Canon 3(D)(2):** Mandates that a judge must take appropriate corrective action whenever a judge has reliable information that a lawyer has violated the Rules of Professional Conduct. *Flatley v. Mauro* **(2006) 39 Cal.4th 299:** The definitive California Supreme Court precedent establishing that an attorney's threat to report an opposing party to criminal agencies to gain an advantage in a civil matter constitutes "extortion as a matter of law" and is not protected activity. The trial court's refusal to act on this constituted a direct defiance of Supreme Court mandate. | **14th Amendment Procedural Due Process (Structurally Biased Tribunal):** A judge who intentionally mischaracterizes a litigant's pleading to shield opposing counsel from criminal extortion charges has abandoned absolute judicial neutrality. This creates a structurally biased tribunal where a fair hearing is constitutionally impossible. **Deprivation of First Amendment Rights (Retaliatory Prior Restraint):** Weaponizing Vexatious Litigant pre-filing orders to silence Plaintiff's lawful exposure of attorney extortion constitutes an unconstitutional prior restraint and direct retaliation for exercising protected First Amendment rights to petition the government and report crimes. |

-433-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/03/25-11/06/25 | **Judicial Complicity & Intentional Mischaracterization:** To protect opposing counsel, Judge Morris deliberately refused to hold a hearing. On Nov 4, the judge falsely documented the motion to disqualify counsel as an "improper repeat challenge" to disqualify the *judge* himself, intentionally mischaracterizing the pleading to avoid ruling on the extortion. When Plaintiff re-filed on Nov 6 with the expert declaration, the judge denied the motion *in chambers* without a reporter, ruling that an attorney committing criminal extortion against a pro se mother "does not present facts demonstrating an emergent need" for court intervention.<br><br>**Suppression of Uncontroverted Ethics Expert Evidence:** Plaintiff filed emergency *ex parte* applications to disqualify opposing counsel Peter Saatjian and stay proceedings, supported by a sworn declaration from certified legal ethics expert Edward J. McIntyre (Exhibit 3) proving criminal extortion under *Flatley v. Mauro*. The trial court shielded Saatjian, ignored mandatory judicial reporting duties, and suppressed the expert's findings | **Cal. Rules of Professional Conduct, Rule 3.10(a):** Prohibits threatening criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute. The court actively shielded this violation.<br><br>**Cal. Penal Code § 519:** Extortion. The court ratified the use of criminal threats as a valid litigation tactic. **Cal. Code of Judicial Ethics, Canon 3(D)(2):** Mandates that a judge must take appropriate corrective action whenever a judge has reliable information that a lawyer has violated the Rules of Professional Conduct. *Flatley v. Mauro* (2006) 39 Cal.4th 299: The definitive California Supreme Court precedent establishing that an attorney's threat to report an opposing party to criminal agencies to gain an advantage in a civil matter constitutes "extortion as a matter of law" and is not protected activity. The trial court's refusal to act on this constituted a direct defiance of Supreme Court mandate. | RICO Predicate Acts & Statutory Nexus (18 U.S.C. § 1961): **Interstate Wire Fraud (18 U.S.C. § 1343):** Executed via the unauthorized, unserved $150,000 transfer from marital/community accounts into private trust/attorney accounts and ongoing electronic filings of forged Findings and Orders After Hearing (FOAHs) and void Bifurcation (FL 180 Exhibit B);<br><br>**Extortion (18 U.S.C. § 1951 / State Law):** Executed via Peter Saatjian's written threats to report Plaintiff to the San Diego District Attorney for "perjury" to coerce surrender; and<br><br>**Obstruction of Justice (18 U.S.C. § 1503):** Executed via coordinated actions to destroy the appellate and evidentiary record, including court reporter sabotage, administrative docket-blocking, and weaponizing retaliatory vexatious litigant orders; |

-434-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/05/25 -11/06/25 | **THE DISQUALIFICATION TRAP & ADMINISTRATIVE BLOCKADE:** On November 5, 2025, Plaintiff e-filed a mandatory, time-sensitive "Second Verified Statement of Disqualification for Cause" (2nd SOD) against Judge Morris. **Judicial Fraud & Record Falsification:** On November 6, Judge Morris issued an *ex parte* minute order striking the disqualification. To justify striking it without a hearing, the judge committed an act of deliberate record falsification: he maliciously mischaracterized Plaintiff's November 3 motion to disqualify *opposing counsel* as a motion against the judge himself, thereby allowing him to fraudulently label this 2nd SOD an "improper repeat challenge."<br><br>**The Clerk's "Under Review" Sabotage:** Concurrently, the Superior Court Clerk's Office engaged in active administrative obstruction. The clerk refused to immediately file-stamp the 2nd SOD, trapping it in an "Under Review" status for days. Because a judge's order striking a disqualification can *only* be challenged via a Writ of Mandate within a strict 10-day window, the clerk's refusal to provide a file-stamped copy effectively blocked Plaintiff from physically filing her appellate petition, actively assisting the judge in insulating his fraudulent order from higher court review. | **Cal. Code Civ. Proc. § 170.4(c) (3):** The judge weaponized this statute to strike the statement by intentionally falsifying the procedural history of Plaintiff's prior filings.<br><br>**Cal. Code Civ. Proc. § 170.3(d):** The clerk's administrative delay actively sabotaged Plaintiff's strict 10-day statutory deadline to seek appellate review via a Writ of Mandate.<br><br>**Mandatory Ministerial Duty:** Clerks possess absolutely no discretionary authority to delay, review, or refuse properly formatted filings. | **14th Amendment Procedural Due Process (Denial of an Impartial Tribunal & Access to Courts):** The coordinated effort between the judge (falsifying the record to strike the challenge) and the clerk (withholding the file-stamp to block the appeal) constitutes a severe, two-tier structural deprivation of due process, permanently trapping Plaintiff before a demonstrably biased tribunal. **1st Amendment (Right to Petition):** The clerk's administrative blockade functioned as an unconstitutional prior restraint on Plaintiff's right to petition the appellate court for an emergency writ.<br><br>***Rojas v. Superior Court* (2004) 33 Cal.4th 407:** The definitive California Supreme Court precedent establishing that a court clerk has a "plain ministerial duty" to file papers and may not arbitrarily delay or refuse them. |

-435-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/05/25 -11/06/25 | **The Judicial-Administrative Enterprise Nexus:** The corrupt coordination between the trial judge (falsifying the record to illegally strike disqualification challenges) and court administrative staff (withholding file-stamps to block appellate review) demonstrates that the court's administrative machinery functioned as an operational arm of the racketeering enterprise.<br><br>**Protecting the Racketeering Scheme:** This institutional blockade was executed to maintain absolute control over the docket, preventing any neutral jurist or appellate court from unmasking the underlying $150,000 wire extractions, document forgeries, and attorney extortion.<br><br>**Obstruction of Justice (18 U.S.C. § 1503):** Deliberately falsifying judicial minute orders and weaponizing administrative backlogs to block appellate review constitute overt acts of obstruction of justice designed to impede federal oversight and protect enterprise co-conspirators from civil and criminal accountability. | | RICO Violations:<br>**Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice through the deliberate falsification of judicial minute orders, record alteration, and the weaponization of administrative backlogs to block appellate review and federal oversight.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts designed to shield ill-gotten financial extractions, suppress whistleblower disclosures, and insulate co-conspirators from liability.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial, administrative, and private actors to coordinate record falsification, obstruct statutory remedies, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

-436-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 11/05/25 – 01/08/26 | **THE COA DIRECTIVE & THE COERCED DISMISSAL:** Seeking relief from the trial court's active protection of opposing counsel's criminal extortion, Plaintiff filed emergency writs with the Court of Appeal (COA). On November 5, 2025, the COA denied the emergency stay but explicitly directed that the denial was *without prejudice* to Plaintiff filing a properly noticed motion to disqualify in the trial court. Plaintiff strictly followed the COA's directive, filing the formal motion supported by a certified ethics expert's declaration.<br><br>**The Threat of Abandonment & Duress:** Recognizing the lethal threat of the properly noticed disqualification motion, the trial court and opposing counsel orchestrated a pressure campaign to bury it. Days before the January 8, 2026 hearing, Plaintiff was cornered by the court and her newly retained counsel (Ms. Lee). (Exhibit X) | **Cal. Rules of Professional Conduct, Rule 1.16:** Weaponizing the threat of immediate withdrawal to coerce a client into abandoning a meritorious, COA-sanctioned motion constitutes severe ethical misconduct and coercion.<br><br>**Cal. Rules of Professional Conduct, Rule 1.2:** Unlawful usurpation of the client's absolute right to determine the objectives of representation and whether to settle or dismiss a claim.<br><br>**Cal. Bus. & Prof. Code § 6068:** Abandonment of the duty to protect the client, acting instead to protect an opposing attorney from the consequences of criminal extortion. | **14th Amendment Procedural Due Process (Coerced Waiver of Rights):** A fundamental violation of due process occurs when a litigant is forced to abandon their right to petition the court under the threat of state-sanctioned retaliation or the sudden deprivation of legal counsel. A stipulation signed under extreme duress and the threat of abandonment is constitutionally void.<br><br>***In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281:** Precedent establishing that a trial court fundamentally destroys the fairness of a proceeding and denies due process when it acts to silence a litigant or coerce them into abandoning their claims.<br><br>**14th Amendment Substantive Due Process (State-Created Danger):** Forcing a domestic violence survivor to choose between dropping criminal extortion charges against her abuser's attorney or facing a complex trial entirely unrepresented is a state-engineered deprivation of civil rights. |

-437-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/05/25 – 01/08/26 | Plaintiff was subjected to extreme duress and issued an ultimatum: stipulate to dismiss the disqualification motion *with prejudice* to protect the opposing attorney, or Ms. Lee would immediately withdraw, leaving Plaintiff defenseless on the eve of trial.<br><br>The Cover-Up Stipulation: Under severe coercion and the threat of total legal abandonment, an illicit stipulation was drafted by the abuser's counsel to permanently erase his extortion from the record, directly circumventing the COA's directive.<br><br>Between November 5, 2025, and January 8, 2026, the enterprise—comprising opposing counsel, captured judicial actors, and compromised retained counsel (Ms. Lee)—engineered a coercive pressure campaign and cover-up stipulation that weaponized the threat of immediate legal withdrawal under extreme duress to force Plaintiff to dismiss a meritorious disqualification motion *with prejudice* in direct circumvention of a Court of Appeal directive, violating Cal. Rules of Professional Conduct Rules 1.16 and 1.2 and Cal. Bus. & Prof. Code § 6068 while inflicting severe Fourteenth Amendment Procedural and Substantive Due Process deprivations (coerced waiver of rights and state-created danger), thereby utilizing the court's administrative and judicial machinery as an operational arm of the enterprise to obstruct justice, erase criminal extortion from the record, and insulate co-conspirators from accountability. | **Cal. Rules of Professional Conduct, Rule 1.16:** Weaponizing the threat of immediate withdrawal to coerce a client into abandoning a meritorious, COA-sanctioned motion constitutes severe ethical misconduct and coercion.<br><br>**Cal. Rules of Professional Conduct, Rule 1.2:** Unlawful usurpation of the client's absolute right to determine the objectives of representation and whether to settle or dismiss a claim.<br><br>**Cal. Bus. & Prof. Code § 6068:** Abandonment of the duty to protect the client, acting instead to protect an opposing attorney from consequences of criminal extortion. | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by orchestrating a coerced, illicit stipulation under threat of total legal abandonment to permanently erase criminal extortion from the judicial record and circumvent an appellate mandate.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise—including coordinated actions with legal counsel—to execute a continuous pattern of racketeering acts designed to shield ill-gotten financial extractions, suppress whistleblower disclosures, and insulate co-conspirators from liability.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial, administrative, and private legal actors to coordinate coercive legal abandonment, falsify or scrub the record, and maintain a closed procedural loop that perpetuates the enterprise's racketeering |

-438-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/06/25 | **THE RECORD ERASURE & TRIAL CONTINUANCE BLOCKADE:** Plaintiff appeared for a critical Request for Order (RFO) to continue the January 2026 trial. Plaintiff had provided a sworn declaration from her forensic accounting expert proving that trial preparation was impossible because the abuser was intentionally withholding financial discovery.<br><br>**Falsification of the Record:** From the bench, Judge Morris read his illegal order striking Plaintiff's 2nd Statement of Disqualification. Although Plaintiff requested a court reporter to document the proceedings and the judge's abusive, retaliatory conduct, the court subsequently falsified the official record by actively refusing to acknowledge that a court reporter was present. | **Gov. Code § 68081 / Cal. Rules of Court:** Willful falsification of the court record by officially stating falsely that the presence of a court reporter who was physically there was not reported, executed solely to suppress the creation of an appealable transcript.**Cal. Code Civ. Proc. § 170.4(d):** Absolute loss of subject matter jurisdiction. Once the disqualification statement was filed, the judge had zero legal authority to preside over the RFO to continue the trial.**Cal. Rules of Court, Rule 3.1332:** Malicious denial of a trial continuance despite a documented showing of absolute good cause (an expert's inability to testify due to the opposing party's discovery obstruction). | **14th Amendment Procedural Due Process (Destruction of the Appellate Record):** By officially erasing the court reporter from the docket, the judge committed an unconstitutional administrative act designed to physically prevent the generation of a transcript, structurally foreclosing Plaintiff's fundamental right to appellate review.<br><br>**14th Amendment Due Process (Trial by Ambush):** Forcing a litigant to trial while actively shielding the abuser's refusal to produce mandatory financial discovery completely destroys the right to a fair hearing.<br><br>***Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389:** The definitive precedent establishing that denying a continuance when it prevents a party from fairly presenting their case (e.g., lack of expert preparation due to discovery withholding) constitutes a reversible denial of constitutional due process. |

-439-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/06/25 | On November 6, 2025, presiding Judge Christopher S. Morris executed an illegal trial continuance blockade and record erasure during a Request for Order hearing to continue the January 2026 trial, wherein— acting in the clear absence of subject matter jurisdiction under Cal. Civ. Proc. Code § 170.4(d) after a disqualification statement was filed— Judge Morris maliciously denied a trial continuance despite documented good cause (*Oliveros v. County of Los Angeles*) and willfully falsified the official record in violation of Gov. Code § 68081 by officially lying that the physical presence of a court reporter was not there to suppress the generation of an appealable transcript, thereby weaponizing the court's judicial machinery as an operational arm of the enterprise to destroy the appellate record, enforce a trial by ambush, and inflict severe structural deprivations of Fourteenth Amendment Procedural Due Process | Gov. Code § 68081 / Cal. Rules of Court: Willful falsification of the court record by officially stating falsely that the presence of a court reporter who was physically there was not reported, executed solely to suppress the creation of an appealable transcript. Cal. Code Civ. Proc. § 170.4(d): Absolute loss of subject matter jurisdiction. Once the disqualification statement was filed, the judge had zero legal authority to preside over the RFO to continue the trial. Cal. Rules of Court, Rule 3.1332: Malicious denial of a trial continuance despite a documented showing of absolute good cause (an expert's inability to testify due to the opposing party's discovery obstruction). | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by willfully falsifying the official record—that official court reporter were not present when she was to suppress the generation of an appealable transcript—to destroy the appellate record and insulate co-conspirators from review.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts designed to shield ill-gotten financial extractions, force trials by ambush, and obstruct federal and appellate oversight.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private actors to coordinate record erasure, bypass jurisdictional disqualifications, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme |

-440-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/06/25-Jan 5 2026 | Proceeding Under Duress (Trial by Ambush); On and after November 6, 2025, operating entirely in excess of jurisdiction after being served with a disqualification statement, Judge Morris forced Plaintiff to proceed under extreme duress by ignoring her forensic accountant's declaration from Nov 5 2025, refusing to stay the trial, and instead ordering opposing counsel to provide a limited discovery index (Exhibit V)—which opposing counsel weaponized by dumping an unverified index and filing intimidating, defamatory declarations (see Ms. Addleman declaration, Exhibit 13)—culminating in an ambush at the December 2, 2025 sham trial where the court executed the retaliatory vexatious litigant (VL) gag order, subsequently denied Plaintiff's new forensic accountant declaration on December 19, 2025 Extortionate EX Parte hearing and refusing to accept Plaintiff's response and declaration (see ROA still not in the Court Records/cover -up) it by the Court , and forced her toward a sham trial on January 5, 2026, which only halted after Plaintiff borrowed emergency funds to retain new counsel, Ms. Lee, **thereby weaponizing the court's judicial machinery as an operational arm of the enterprise to execute a trial by ambush, suppress financial disclosures, and inflict severe structural deprivations of Fourteenth Amendment Procedural Due Process** | Gov. Code § 68081 / Cal. Rules of Court: Willful falsification of the court record by officially stating falsely that the presence of a court reporter who was physically there was not reported, executed solely to suppress the creation of an appealable transcript.Cal. Code Civ. Proc. § 170.4(d): Absolute loss of subject matter jurisdiction. Once the disqualification statement was filed, the judge had zero legal authority to preside over the RFO to continue the trial.Cal. Rules of Court, Rule 3.1332: Malicious denial of a trial continuance despite a documented showing of absolute good cause (an expert's inability to testify due to the opposing party's discovery obstruction). | **RICO Violations: Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by forcing a trial by ambush, ignoring expert forensic disclosures, weaponizing defamatory filings, and executing retaliatory vexatious litigant gag orders to silence whistleblower oversight and federal review. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts designed to shield hidden assets, suppress financial discovery, and insulate co-conspirators from liability.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private legal actors to coordinate sham trial dates, exploit discovery dumps, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 11/06/25 – 11/17/25 | **THE SECOND ILLEGAL STRIKE & EXHAUSTION OF APPELLATE REMEDIES:** After Plaintiff filed her formal Second Statement of Disqualification on Nov 5th 2025 (based on the new, dispositive facts of opposing counsel's criminal extortion), the trial judge acted entirely without jurisdiction by taking the bench on November 6, 2025, and summarily striking the 2nd SOD himself.<br><br>**Seeking emergency protection from this void act, Plaintiff filed another Verified Petition for Writ of Mandate and a request for an immediate stay of all trial court proceedings with the Court of Appeal (Case No. D087126 Exhibit Q). Despite the clear jurisdictional defect of a judge ruling on his own disqualification, the COA summarily denied the petition and the request for an immediate stay on November 17, 2025. Having been denied relief by the trial and appellate courts, Plaintiff subsequently escalated the matter by filing with the California Supreme Court to preserve her fundamental rights which summarily denied it as well.** | **Cal. Code Civ. Proc. § 170.3(c) (5):** Absolute prohibition against a challenged judge hearing or passing upon any question of fact or law concerning their own disqualification.<br><br>**Cal. Code Civ. Proc. § 170.4(b):** Improperly striking a timely SOD as "successive" when it explicitly alleged new, dispositive facts that arose *after* the first challenge.<br><br>**Cal. Code Civ. Proc. § 170.3(c) (4):** Failure to file a verified answer within the 10-day statutory limit results in disqualification by operation of law. | **14th Amendment Procedural Due Process:** Deprivation of the fundamental right to an impartial tribunal and access to the courts, forcing a litigant to proceed to trial before a disqualified judge.<br><br>*Lewis v. Superior Court* (1988) 198 Cal.App.3d 1101: Establishes that a judge who strikes a timely SOD based on new facts acts in excess of jurisdiction, rendering the strike order a "jurisdictional error" and fundamentally void.<br><br>*Christie v. City of El Centro* (2006) 135 Cal.App.4th 767: Once timely challenged, a judge's further participation is strictly limited to statutorily prescribed procedures; any other rulings are void |

-442-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 11/06/25 – 11/17/25 | Between November 6 and November 17, 2025, presiding Judge Christopher S. Morris executed a second illegal strike of Plaintiff's timely Second Statement of Disqualification (2nd SOD)—acting entirely in excess of jurisdiction and in direct violation of Cal. Code Civ. Proc. § 170.3(c)(5) and § 170.4(b) (by taking the bench to pass upon a challenge against himself and ignoring mandatory disqualification by operation of law under § 170.3(c)(4) and *Christie v. City of El Centro*)—while appellate courts summarily denied emergency relief (Case No. D087126), **forcing Plaintiff to exhaust remedies up to the California Supreme Court, thereby utilizing the court's judicial and administrative machinery as an operational arm of the enterprise to maintain a disqualified, biased jurist on the bench, obstruct statutory disqualification mandates, and inflict severe structural deprivations of Fourteenth Amendment Procedural Due Process.** | **Cal. Code Civ. Proc. § 170.3(c)(5):** Absolute prohibition against a challenged judge hearing or passing upon any question of fact or law concerning their own disqualification. **Cal. Code Civ. Proc. § 170.4(b):** Improperly striking a timely SOD as "successive" when it explicitly alleged new, dispositive facts that arose *after* the first challenge. **Cal. Code Civ. Proc. § 170.3(c)(4):** Failure to file a verified answer within the 10-day statutory limit results in disqualification by operation of law. | **RICO Violations: Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by taking the bench in direct violation of statutory disqualification bars to illegally strike a valid Second Statement of Disqualification and insulate corrupt rulings from appellate correction. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts designed to shield ill-gotten financial extractions, bypass mandatory statutory disqualifications, and insulate co-conspirators from liability. **RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and appellate actors to coordinate jurisdictional overreaches, suppress statutory disqualifications, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

-443-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 11/06/25 – 11/19/25 | **California Supreme Court Denial:** Exhausting her state appellate remedies, Plaintiff immediately filed a Verified Petition for Review and Request for Immediate Temporary Stay with the California Supreme Court (Case No. S294010). Plaintiff explicitly warned the Supreme Court that the trial judge was disqualified by operation of law and that an emergency stay was urgently required to prevent irreparable harm. In a final systemic failure to correct the trial court's jurisdictional overreach, Chief Justice Guerrero and the California Supreme Court summarily denied the petition for review and the application for a stay on November 19, 2025. | **Cal. Code Civ. Proc. § 170.3(c)(5):** Absolute prohibition against a challenged judge hearing or passing upon any question of fact or law concerning their own disqualification.<br><br>**Cal. Code Civ. Proc. § 170.4(b):** Improperly striking a timely SOD as "successive" when it explicitly alleged new, dispositive facts that arose *after* the first challenge.<br><br>**Cal. Code Civ. Proc. § 170.3(c)(4):** Failure to file a verified answer within the 10-day statutory limit results in disqualification by operation of law. | **14th Amendment Procedural Due Process:** Deprivation of the fundamental right to an impartial tribunal and access to the courts, forcing a litigant to proceed to trial before a disqualified judge. *Lewis v. Superior Court* (1988) 198 Cal.App.3d 1101: Establishes that a judge who strikes a timely SOD based on new facts acts in excess of jurisdiction, rendering the strike order a "jurisdictional error" and fundamentally void. *Christie v. City of El Centro* (2006) 135 Cal.App.4th 767: Once timely challenged, a judge's further participation is strictly limited to statutorily prescribed procedures; any other rulings are void |

-444-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/06/25 – 11/19/25 | Between November 6 and November 19, 2025, following the lower appellate courts' complicity, Plaintiff exhausted all available state judicial remedies by filing a Verified Petition for Review and Request for Immediate Temporary Stay with the California Supreme Court (Case No. S294010), explicitly warning that the trial judge was disqualified by operation of law under Cal. Code Civ. Proc. § 170.3(c)(4), § 170.3(c)(5), and § 170.4(b) (*Lewis v. Superior Court*; *Christie v. City of El Centro*), only for Chief Justice Guerrero and the Supreme Court to summarily deny the petition and stay on November 19, 2025, which constituted a complete systemic failure and **total deprivation** of any functional state-level remedy, establishing that **federal intervention under § 1983 and Civil RICO is the sole remaining legal remedy** to halt ongoing constitutional sabotage, while directly triggering **Civil RICO violations** because the state's systematic denial of procedural due process and the institutional obstruction of Plaintiff's **First Amendment right to petition the government and seek legal redress** weaponized the state judiciary as an operational arm of the enterprise to protect ill-gotten financial extractions, suppress whistleblower exposure, and insulate co-conspirators from accountability. | **Cal. Code Civ. Proc. § 170.3(c)(5):** Absolute prohibition against a challenged judge hearing or passing upon any question of fact or law concerning their own disqualification.<br><br>**Cal. Code Civ. Proc. § 170.4(b):** Improperly striking a timely SOD as "successive" when it explicitly alleged new, dispositive facts that arose *after* the first challenge.<br><br>**Cal. Code Civ. Proc. § 170.3(c)(4):** Failure to file a verified answer within the 10-day statutory limit results in disqualification by operation of law. | **RICO Violations: Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice through the systemic refusal of state appellate and supreme courts to enforce mandatory statutory disqualifications, thereby locking a disqualified judge into a closed procedural loop to protect racketeering co-conspirators from federal and civil liability.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise—bolstered by systemic state-level judicial cover-up—to execute a continuous pattern of racketeering acts designed to shield ill-gotten financial extractions, strip citizens of constitutional protections, and foreclose state-level accountability. **RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds across state judicial, administrative, and appellate levels to coordinate the suppression of statutory disqualifications, deny fundamental due process and First Amendment rights to petition for redress, and maintain an enterprise that leaves federal intervention as the sole remedy. |

-445-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/18/25 | Ratification of the Forgery Forfeiture: The trial court refuses to set aside the June 24 FOAH despite certified proof of the forged signature block. (Exhibit 3) **PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: RATIFICATION OF THE FORGERY FORFEITURE** On November 18, 2025, presiding Judge Christopher S. Morris executed a formal judicial laundering of document fraud by refusing to set aside the June 24 Findings and Orders After Hearing (FOAH) despite certified proof of a forged signature block (Exhibits F, P), acting in direct defiance of Cal. Code Civ. Proc. § 473(d), Cal. Rules of Court Rule 5.125, and Cal. Bus. & Prof. Code § 6068(d)—while ignoring the certified legal ethics expert declaration (**Exhibit 3**), which established that the procurement of such orders via forged consent and deception constituted severe professional misconduct—thereby officially converting a void legal nullity (*Rochin v. Pat Johnson Manufacturing Co.*; *In re Marriage of Park*) into a binding court record, weaponizing the court's judicial machinery as an operational arm of the enterprise to protect fraudulent instruments, institutionalize extrinsic fraud, and inflict severe Fourteenth Amendment Due Process deprivations. | **Cal. Code of Civil Procedure § 473(d):** Absolute duty to strike down orders void for extrinsic fraud.**Cal. Rules of Court, Rule 5.125:** Validating an order that completely bypassed the mandatory procedural requirement for the opposing party to review and approve the FOAH.**Cal. Bus. & Prof. Code § 6068(d):** Failure of the court to address or sanction an attorney's breach of the absolute duty not to mislead a judge by an artifice or false statement of fact (i.e., presenting a forged signature/ consent).*In re Marriage of Park* **(1980) 27 Cal.3d 337:** Supreme Court precedent establishing that a judgment or order procured by extrinsic fraud—such as fabricating consent or preventing a party from having their day in court—deprives the affected party of due process and must be vacated.*Rochin v. Pat Johnson Manufacturing Co.* **(1998) 67 Cal.App.4th 1228:** Precedent affirming that a void order is a legal nullity, a "dead thing" that can and must be attacked and stricken from the records at any time. | **RICO VIOLATIONS:Mail and Wire Fraud (18 U.S.C. § 1343 / § 1961(1)):** Utilizing interstate electronic filing networks to submit, ratify, and enforce forged Findings and Orders After Hearing (FOAHs) containing falsified signature blocks and manufactured consent as part of a continuous scheme to defraud and seize assets. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the judicial laundering of forged legal documents and ignoring expert ethics declarations (Exhibit 3)—designed to shield ill-gotten financial extractions and insulate co-conspirators from liability.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private legal actors to coordinate the ratification of forged court orders, suppress expert evidence of professional fraud, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. **14th Amendment Due Process Denial:** The formal judicial laundering of a completed predicate forgery into binding court record. |

-446-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/20/25 | **Ratification of Void Bifurcation & Retaliatory $10,000 Extraction:** The trial court denied Plaintiff's motion to set aside the void October 22 and November 12, 2024 Bifurcation Orders. The court validated this judgment despite proof that the FL-180 was procured via extrinsic fraud (opposing counsel falsely checking the "Stipulated" box) and without the mandatory updated financial disclosures.<br><br>During this same hearing, instead of addressing the fraud, the court allowed opposing counsel to conduct a "trial by ambush" using Plaintiff's unredacted, privileged attorney-client billing records. When Plaintiff asserted her privilege and due process rights, the court extracted a massive $10,000 sanction and falsified the minute order to claim she "lied," weaponizing the sanction to punish her for her public integrity whistleblowing and for filing valid motions to vacate void orders. | **Cal. Family Code § 2337(b):** Strict prohibition against granting bifurcation without the prior service of mandatory updated preliminary declarations of disclosure.**Cal. Evid. Code § 954 (Attorney-Client Privilege):** Absolute prohibition against compelling or allowing the introduction of privileged attorney-client communications or billing records to prejudice a litigant. **Cal. Code of Civil Procedure § 473(d):** Absolute duty to strike down orders void for extrinsic fraud (such as forging a stipulation).**Cal. Family Code § 271 & CCP § 128.5:** Improper weaponization of fee-shifting statutes to impose an unreasonable, punitive financial burden explicitly designed to bankrupt a *pro per* litigant and deny parity in legal representation. | **1st Amendment Right to Petition:** The institutionalization of a financial paywall and retaliatory animus to silence access to the courts.**14th Amendment Procedural Due Process:** Deprivation of property through baseless, retaliatory fines imposed without notice (trial by ambush) and the formal judicial laundering of a fraudulent judgment into binding court record.<br><br>*In re Marriage of Park* (1980) 27 Cal.3d 337: Precedent establishing that a judgment procured by extrinsic fraud—such as fabricating a stipulation—deprives the affected party of due process and must be vacated.<br><br>*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470: Precedent establishing that sanctions must not be used to unlawfully punish a litigant or impose an unreasonable financial burden that forces destitution.<br><br>*Boddie v. Connecticut,* 401 U.S. 371 (1971): Supreme Court precedent protecting fundamental due process rights and access to the courts from being blocked by state-imposed, punitive financial barriers |

-447-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 11/20/25 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: RATIFICATION OF VOID BIFURCATION & RETALIATORY $10,000 EXTRACTION: On November 20, 2025, presiding Judge Christopher S. Morris executed a formal ratification of void bifurcation orders and a retaliatory $10,000 financial extraction, wherein the court denied Plaintiff's motion to set aside fraudulent October 22 and November 12, 2024 Bifurcation Orders (procured via extrinsic fraud by falsely checking the "Stipulated" box on form FL-180 without mandatory updated financial disclosures under Cal. Fam. Code § 2337(b) and CCP § 473(d)) and instead permitted a trial by ambush using unserved, obtained illegally and fraudulently at April 29 2025 hearing, unredacted, privileged attorney-client billing records in direct violation of Cal. Evid. Code § 954, subsequently extracting a punitive $10,000 sanction and falsifying the minute order to claim Plaintiff "lied"—weaponizing fee-shifting statutes (Cal. Fam. Code § 271 and CCP § 128.5) to punish public integrity whistleblowing and silence motions to vacate void orders (*In re Marriage of Park*; *In re Marriage of Feldman*; *Boddie v. Connecticut*)—thereby weaponizing the court's judicial machinery as an operational arm of the enterprise to institutionalize extrinsic fraud, enforce retaliatory financial paywalls, and insulate co-conspirators from liability while **inflicting severe Fourteenth Amendment Due Process and First Amendment Right to Petition deprivations.** | **Cal. Family Code § 2337(b):** Strict prohibition against granting bifurcation without the prior service of mandatory updated preliminary declarations of disclosure.**Cal. Evid. Code § 954 (Attorney-Client Privilege):** Absolute prohibition against compelling or allowing the introduction of privileged attorney-client communications or billing records to prejudice a litigant. **Cal. Code of Civil Procedure § 473(d):** Absolute duty to strike down orders void for extrinsic fraud (such as forging a stipulation).**Cal. Family Code § 271 & CCP § 128.5:** Improper weaponization of fee-shifting statutes to impose an unreasonable, punitive financial burden explicitly designed to bankrupt a *pro per* litigant and deny parity in legal representation. | **RICO Violations: Mail and Wire Fraud (18 U.S.C. § 1343 / § 1961(1)):** Utilizing interstate electronic filing networks to submit, ratify, and enforce fraudulent bifurcation orders (FL-180) and manufactured stipulations as part of a continuous scheme to defraud, strip assets, and launder void judgments into binding records.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the institutionalization of extrinsic fraud, breach of attorney-client privilege, and retaliatory punitive fines—designed to shield ill-gotten financial extractions and suppress whistleblower oversight.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private legal actors to coordinate fraudulent judgment ratifications, weaponize punitive sanctions, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

-448-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/20/25 | Retaliatory $10,000 Extraction: On November 20, 2025, presiding Judge Christopher S. Morris executed a formal ratification of void bifurcation orders and a retaliatory $10,000 financial extraction, wherein the court denied Plaintiff's motion to set aside fraudulent October 22 and November 12, 2024 Bifurcation Orders (procured via extrinsic fraud by falsely checking the "Stipulated" box on form FL-180 without mandatory updated financial disclosures under Cal. Fam. Code § 2337(b) and CCP § 473(d) and instead permitted a trial by ambush using unserved, obtained illegally and fraudulently at April 29 2025 hearing, unredacted, privileged attorney-client billing records in direct violation of Cal. Evid. Code § 954, subsequently extracting a punitive $10,000 sanction under misapplied statutes (Cal. Fam. Code § 2030, § 271; CCP § 128.5; CCP § 2023.030) and falsifying the minute order to claim Plaintiff "lied"— weaponizing fee-shifting and discovery sanction statutes as a tool of judicial retaliation to punish public integrity whistleblowing, enforce retaliatory financial paywalls blocking access to courts (*Boddie v. Connecticut*), and silence motions to vacate void orders (*In re Marriage of Park*; *In re Marriage of Feldman*)—thereby demonstrating a direct enterprise nexus and legal implication wherein the court's judicial machinery operated as an operational arm of the racketeering enterprise to institutionalize extrinsic fraud, enforce retaliatory financial paywalls, and insulate co-conspirators from liability while inflicting severe Fourteenth Amendment Procedural Due Process and First Amendment Right to Petition deprivations. | Cal. Family Code § 2030; CCP § 128.5: Frivolous sanctions misapplied to block valid due process defenses. Cal. Family Code § 271: Improper weaponization of fee-shifting statutes to impose an unreasonable, punitive financial burden explicitly designed to bankrupt a *pro per* litigant and deny parity in legal representation.<br><br>Cal. Code Civ. Proc. § 2023.030: Process abuse of the discovery sanction statute as a tool of judicial retaliation rather than a remedy for actual discovery abuse.<br><br>*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470: Precedent establishing that sanctions must not be used to unlawfully punish a litigant or impose an unreasonable financial burden that forces destitution. | RICO Violations: Mail and Wire Fraud (18 U.S.C. § 1343 / § 1961(1)): Utilizing interstate electronic filing networks to submit, ratify, and enforce fraudulent bifurcation orders (FL-180) and manufactured stipulations as part of a continuous scheme to defraud, strip assets, and launder void judgments into binding records. Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)): Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the institutionalization of extrinsic fraud, breach of attorney-client privilege, and retaliatory punitive fines under misapplied sanction statutes—designed to shield ill-gotten financial extractions and suppress whistleblower oversight. RICO Conspiracy (18 U.S.C. § 1962(d)): Engaging in an explicit agreement and meeting of the minds between judicial and private legal actors to coordinate fraudulent judgment ratifications, weaponize punitive sanctions, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme.<br><br>1st Amendment Right to Petition: The institutionalization of a financial paywall to silence access to the courts<br><br>.14th Amendment Procedural Due Process: Deprivation of property through baseless, retaliatory fines imposed without a fair, impartial hearing. |

-449-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/20/2025 | **THE SANCTION TRAP & APPELLATE BLOCKADE:** Following the denial of Plaintiff's Writ to the Court of Appeal and the subsequent denial of her Petition to the CA Supreme Court, the trial court finalized the "Appellate Blockade," leaving Plaintiff with no avenue for higher review.<br><br>**Weaponizing Duress:** Plaintiff had formally filed a "Declaration to Comply Under Duress" on July 10, 2025, to preserve her privilege objections while attempting to comply with the court's prior coercive orders. At the November 20, 2025 hearing, the court weaponized these unredacted bills, creating a fraudulent finding that Plaintiff "lied to the court." Under this false pretext, the tribunal fabricated a **$10,000 retaliatory sanction**—an explicit strike designed to finalize her financial destruction and bar her further participation in the litigation. | **CCP § 473(b):** The tribunal's refusal to recognize "compliance under duress" as a defense to sanctions; the court punished the *assertion of rights* rather than any actual misconduct.<br><br>**Cal. Family Code § 271:** Sanctions are intended for conduct that frustrates the policy of the law, not to punish a litigant for exercising their constitutional right to protect privileged records. | **14th Amendment (Due Process – Unconstitutional Condition):** The court established an unconstitutional condition: Plaintiff must either waive her fundamental attorney-client privilege (surrendering her defense strategy to her abuser) or be punished with massive financial sanctions. The state cannot penalize a litigant for asserting a protected right.<br><br>**14th Amendment (Equal Protection):** The court created a structurally asymmetrical tribunal where Plaintiff's every procedural step (even compliance) was framed as "perjury," while the opposing party's blatant perjury and discovery non-compliance were ignored or rewarded.<br><br>**State-Created Danger:** By ratifying the "lie" that Plaintiff committed fraud when she was actually protecting privilege under duress, the court manufactured a pretext for sanctions that it knew would leave her destitute and unable to hire counsel for the trial's final stages. |

-450-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/20/2025 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE SANCTION TRAP & APPELLATE BLOCKADE: On November 20, 2025, following the state appellate and supreme courts' denials of relief, presiding Judge Christopher S. Morris finalized an appellate blockade and executed a sanction trap, wherein—after Plaintiff formally filed a "Declaration to Comply Under Duress" on July 10, 2025, to preserve attorney-client privilege while attempting compliance with coercive orders—the court refused to recognize compliance under duress under CCP § 473(b) and instead weaponized unredacted billing records to fabricate a false finding that Plaintiff "lied," manufacturing a $10,000 retaliatory sanction under misapplied statutes (Cal. Family Code § 271) to punish the assertion of rights rather than misconduct, thereby establishing an unconstitutional condition, a structurally asymmetrical equal protection tribunal, and a state-created danger designed to finalize her financial destruction and bar further participation—demonstrating a direct enterprise nexus and legal implication wherein the court's judicial machinery operated as an operational arm of the racketeering enterprise to enforce retaliatory financial paywalls, suppress privilege protections, and insulate co-conspirators from liability while inflicting severe Fourteenth Amendment and First Amendment deprivations. | **CCP § 473(b):** The tribunal's refusal to recognize "compliance under duress" as a defense to sanctions; the court punished the *assertion of rights* rather than any actual misconduct.<br><br>**Cal. Family Code § 271:** Sanctions are intended for conduct that frustrates the policy of the law, not to punish a litigant for exercising their constitutional right to protect privileged records | **RICO Violations:Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by weaponizing retaliatory sanctions, fabricating false findings of perjury against a litigant asserting privilege under duress, and finalizing an appellate blockade to shield racketeering co-conspirators from federal and civil accountability.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the enforcement of unconstitutional conditions, state-created dangers, and retaliatory financial destruction—designed to shield ill-gotten financial extractions and suppress whistleblower oversight.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private actors to coordinate sanction traps, appellate blockades, and retaliatory financial extractions, maintaining a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

-451-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 11/22/25 – 12/01/25 | **The Writ of Supersedeas Appellate Blockade:** To stop the trial court's enforcement of void school and move-away orders, and to enforce the automatic statutory stay triggered by her perfected appeals, Plaintiff filed an Emergency Petition for Writ of Supersedeas and Request for Immediate Stay with the Court of Appeal (Case No. D086958) on November 22, 2025.<br><br>On November 25, 2025, the COA summarily denied the petition and stay. Plaintiff immediately escalated by filing a Petition for Review and Request for Immediate Stay with the California Supreme Court.<br><br>Despite the clear jurisdictional defect of the trial court proceeding on matters actively under appellate review, Chief Justice Guerrero and the Supreme Court summarily denied the petition and stay application on December 1, 2025, as verified in the S294114 | **Cal. Code Civ. Proc. § 916(a):** Strict statutory mandate dictating that the perfecting of an appeal absolutely stays all trial court proceedings upon the judgment or order appealed from, or upon the matters embraced therein.<br><br>**Cal. Rules of Court, Rule 8.112:** Governing the issuance of a writ of supersedeas to preserve the appellate court's jurisdiction and the status quo pending appeal. | **14th Amendment Procedural Due Process:** Deprivation of a fair appellate track and access to the courts by allowing void orders to be enforced despite an automatic jurisdictional stay.<br><br>*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180: California Supreme Court precedent establishing that a trial court is completely divested of subject matter jurisdiction over matters embraced by an active appeal, and any orders issued in violation of a § 916 stay are void *ab initio* |

-452-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/22/25 – 12/01/25 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE WRIT OF SUPERSEDEAS APPELLATE BLOCKADE | Cal. Code Civ. Proc. § 916(a): | RICO |
|---|---|---|---|
| | | Strict statutory mandate dictating that the perfecting of an appeal absolutely stays all trial court proceedings upon the judgment or order appealed from, or upon the matters embraced therein. | **Violations:Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by systematically refusing to enforce automatic statutory stays under CCP § 916(a) and permitting the enforcement of void orders, maintaining a closed procedural loop to protect racketeering co-conspirators from appellate and federal accountability. |
| | Between November 22 and December 1, 2025, following the trial court's unauthorized actions, Plaintiff filed an Emergency Petition for Writ of Supersedeas and Request for Immediate Stay with the Court of Appeal (Case No. D086958) to stop the enforcement of void school and move-away orders and enforce the automatic statutory stay triggered by her perfected appeals under Cal. Code Civ. Proc. § 916(a) and Cal. Rules of Court Rule 8.112 (*Varian Medical Systems, Inc. v. Delfino*, establishing that perfecting an appeal completely divests the trial court of subject matter jurisdiction), which the Court of Appeal summarily denied on November 25, 2025, leading Plaintiff to immediately escalate via a Petition for Review to the California Supreme Court (Case. No. S294114), which Chief Justice Guerrero and the Supreme Court summarily denied on December 1, 2025—thereby demonstrating a direct enterprise nexus and legal implication wherein the state appellate and supreme courts operated as an operational arm of the racketeering enterprise by allowing void orders to be enforced in direct violation of mandatory statutory stays, closing the appellate track, and insulating co-conspirators from liability while inflicting severe **Fourteenth Amendment Procedural Due Process deprivations** | **Cal. Rules of Court, Rule 8.112:** Governing the issuance of a writ of supersedeas to preserve the appellate court's jurisdiction and the status quo pending appeal. | **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the state's judicial and appellate machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the willful disregard of jurisdictional divestment and the enforcement of void trial orders—designed to shield ill-gotten financial extractions and suppress oversight.

**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds across trial, appellate, and supreme court levels to coordinate the bypass of mandatory statutory stays, enforce void instruments, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

-453-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 11/25/25 | 3 SOD & The State-Created Danger: Following confirmation from the San Diego DA's Public Integrity Unit of an active investigation into opposing counsel for extortion, Plaintiff files a Third Verified Statement of Disqualification (3 SOD) based on this material new fact as the trial court was a material witness regarding the acts committed by Saatjian including refusing to disqualify him and requested an emergency stay. The trial court refuses to stay the proceedings, forcing Plaintiff to continue litigating against her reported extortionist on Dec 2 2025 | Cal. Code Civ. Proc. § 170.3(c)(4): Absolute suspension of the trial judge's jurisdiction immediately upon the filing of a Statement of Disqualification.<br><br>Cal. Code Civ. Proc. § 170.1(a)(1) & (6): Mandating disqualification when a judge has personal knowledge of disputed evidentiary facts (facilitating the disputed funds) or when a reasonable person would doubt their impartiality. | 5th Amendment Privilege Against Self-Incrimination: Forcing a litigant to be cross-examined in a civil proceeding by the specific attorney currently under criminal investigation for extorting them.<br><br>In re Murchison, 349 U.S. 133 (1955): A fair trial in a fair tribunal is a fundamental requirement of due process; presiding over a case while actively ignoring criminal extortion by an officer of the court creates a structural defect |

-454-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 11/25 /25 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: 3 SOD & THE STATE-CREATED DANGER: | Cal. Code Civ. Proc. § 170.3(c) (4): Absolute suspension of the trial judge's jurisdiction immediately upon the filing of a Statement of Disqualification. | RICO Violations: Obstruction of Justice (18 U.S.C. § 1503): Committing overt acts to corruptly influence, obstruct, and impede justice by refusing to stay proceedings and forcing a victim to litigate against an active criminal extortionist under DA investigation to suppress public exposure and protect co-conspirators. |
|---|---|---|---|
| | On November 25, 2025, following confirmation from the San Diego DA's Public Integrity Unit of an active criminal investigation into opposing counsel for extortion, Plaintiff filed a Third Verified Statement of Disqualification (3 SOD) under CCP § 170.3(c)(4) and § 170.1(a) because the trial court was a material witness to the extortion; the trial court refused to stay proceedings, forcing Plaintiff to be cross-examined on December 2, 2025, by her active extortionist in violation of the Fifth Amendment and *In re Murchison*—thereby exposing the direct enterprise nexus and systemic court cover-up wherein the judicial machinery actively shielded a criminal extortionist under active criminal investigation, created an unconstitutional state-created danger, and forced self-incriminating litigation to protect the enterprise's financial plunder and silence public integrity oversight demonstrating a direct enterprise nexus and legal implication wherein the trial court's dismissal of Plaintiff's Fifth Amendment protections under the false, extra-legal pretext that *"the 5th doesn't work in family"* operated as a structural shield for racketeering co-conspirators, weaponizing the court's judicial machinery to force self-incrimination under duress, suppress criminal exposure, and protect the enterprise's financial plunder | Cal. Code Civ. Proc. § 170.1(a) (1) & (6): Mandating disqualification when a judge has personal knowledge of disputed evidentiary facts (facilitating the disputed funds) or when a reasonable person would doubt their impartiality. | Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)): Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous cover-up of criminal extortion, shield racketeering actors from law enforcement, and enforce coerced self-incrimination. <br><br> RICO Conspiracy (18 U.S.C. § 1962(d)): Engaging in an explicit agreement and institutional alignment between judicial actors and a criminal extortionist to maintain a closed procedural loop that perpetuates the enterprise's objectives. |

-455-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 12/01/25 | **PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE THIRD ILLEGAL STRIKE**<br><br>On December 1, 2025, presiding Judge Christopher S. Morris executed a third illegal strike by mailing a void in-chambers order summarily striking Plaintiff's Third Statement of Disqualification (3 SOD) —acting without jurisdiction and in direct violation of Cal. Code Civ. Proc. § 170.3(c)(5) and § 170.4(b) by falsely labeling a timely challenge based on new facts (the District Attorney's active extortion investigation and November 18 and 20, 2025 hearing disclosures) as an "untimely" and "improper repeat challenge"—thereby demonstrating a direct enterprise nexus and legal implication wherein the judge acted as a "judge in his own cause" to shield opposing counsel from criminal scrutiny, suppress the DA's active investigation, and protect the enterprise's fraudulent financial extractions from exposure while inflicting severe Fourteenth Amendment Procedural Due Process deprivations. | **Cal. Code Civ. Proc. § 170.3(c) (5):** Absolute prohibition against a challenged judge hearing or passing upon any question of fact or law concerning their own disqualification.<br><br><br>**Cal. Code Civ. Proc. § 170.4(b):** Improperly striking a timely SOD as "successive" when it explicitly alleged new, dispositive facts (the DA confirmation) that arose *after* the previous challenges | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by issuing void in-chambers orders to illegally strike a valid Third Statement of Disqualification, acting as a judge in his own cause to suppress the District Attorney's active criminal investigation into opposing counsel and protect co-conspirators from exposure.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the systematic evasion of mandatory disqualifications and judicial cover-ups—designed to shield ill-gotten financial extractions and suppress criminal accountability.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private actors to coordinate repeated illegal strikes, bypass statutory bars, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme.<br><br>**14th Amendment Procedural Due Process:** Deprivation of the fundamental right to an impartial tribunal by a judge continuously acting as a "judge in his own cause" to shield opposing counsel from scrutiny |

-456-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 12/02/25 | The Vexatious Litigant Retaliation & Custody Ambush: While divested of jurisdiction (due to the 3rd SOD and pending appeals), the trial judge proceeds with an ambush hearing on Defendant's RFOs. To defend herself, Plaintiff filed a comprehensive Request for Judicial Notice (RJN) detailing Defendant's own history of frivolous, abusive motions, alongside the ethics expert's declaration explicitly confirming opposing counsel's criminal extortion. The court completely ignored and suppressed this exculpatory evidence.

When Plaintiff rightfully invokes her 5th Amendment privilege due to the active DA extortion investigation against opposing counsel, the judge ignores the invocation and denies her request for appointed counsel. The court then retaliates against Plaintiff for filing valid motions to protect her rights by declaring her a "Vexatious Litigant," stripping her of her right to file future pleadings without permission. seeking appellate relief. | Cal. Code Civ. Proc. § 391 (Vexatious Litigant Statute): Improper weaponization of the statute to silence a litigant who is actively exposing extrinsic fraud and jurisdictional defects. Cal. Code Civ. Proc. § 916: Willful violation of the automatic stay; the trial court lacked jurisdiction to modify custody while the underlying custody and financial orders were actively pending appellate review (D086958). Cal. Evid. Code § 452 & 453: Refusal to take mandatory judicial notice of documented court filings and expert declarations proving opposing counsel's misconduct. Cal. Family Code § 2030: Denial of mandatory party | 1st Amendment Right to Petition: The judicial weaponization of "vexatious" status to enact a prior restraint on speech and silence a whistleblowing litigant from accessing the courts.

14th Amendment Procedural Due Process: Declaring a party a vexatious litigant and stripping fundamental rights without a meaningful evidentiary hearing, while actively suppressing exculpatory RJN evidence. *John v. Superior Court* (2016) 63 Cal.4th 91 (Absolute prohibition against applying the VL pre-filing filter to a defending pro se party). 5th Amendment Privilege Against Self-Incrimination: Forcing a litigant to proceed in a civil proceeding against the specific attorney currently under criminal investigation for extorting them, while denying them appointed counsel or parity to retain counsel. |

-457-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 12/02/25 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE VEXATIOUS LITIGANT RETALIATION & CUSTODY AMBUSH | Cal. Code Civ. Proc. § 391 (Vexatious Litigant Statute) | Obstruction of Justice (18 U.S.C. § 1503) |
|---|---|---|---|

On December 2, 2025, while divested of subject matter jurisdiction due to pending appeals and the 3rd SOD under CCP § 916, presiding Judge Christopher S. Morris executed a retaliatory custody ambush and weaponized the vexatious litigant statute (CCP § 391) against Plaintiff—who was the abused defendant exercising legitimate grievances for redress, protection, to stop ongoing abuse, and to safeguard her rights under appeal—wherein the court committed *per se* violations by completely suppressing and refusing a comprehensive Request for Judicial Notice (RJN) and expert declarations detailing opposing counsel's criminal extortion, ignoring her Fifth Amendment privilege against self-incrimination, denying appointed counsel, and illegally declaring her a "vexatious litigant" in direct violation of *John v. Superior Court*, 63 Cal.4th 91 (which prohibits applying pre-filing filters to defending pro se parties) to strip her of access to the courts—demonstrating a direct enterprise nexus and legal implication wherein the court's judicial machinery operated as an operational arm of the racketeering enterprise to enact an unconstitutional prior restraint, suppress exculpatory evidence of fraud and abuse, and punish a victim's protected grievances to insulate co-conspirators from liability while inflicting severe Fourteenth, First, and Fifth Amendment deprivations.

**Cal. Code Civ. Proc. § 391 (Vexatious Litigant Statute):** Improper weaponization of the statute to silence a litigant who is actively exposing extrinsic fraud and jurisdictional defects. **Cal. Code Civ. Proc. § 916:** Willful violation of the automatic stay; the trial court lacked jurisdiction to modify custody while the underlying custody and financial orders were actively pending appellate review (D086958). **Cal. Evid. Code § 452 & 453:** Refusal to take mandatory judicial notice of documented court filings and expert declarations proving opposing counsel's misconduct. **Cal. Family Code § 2030:** Denial of mandatory party;

*John v. Superior Court* (2016) 63 Cal.4th 91 (Absolute prohibition against applying the VL pre-filing filter to a defending pro se party)

**Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by weaponizing retaliatory vexatious litigant orders while divested of jurisdiction, suppressing exculpatory requests for judicial notice and expert ethics declarations of fraud, and barring an abused defendant's access to courts to protect racketeering co-conspirators from accountability. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including judicial retaliation, suppression of fraud evidence, and the unconstitutional silencing of protected grievances—designed to shield ill-gotten financial extractions and suppress whistleblower oversight. **RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private actors to coordinate custody ambushes, weaponize vexatious litigant statutes against defending victims, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme.

-458-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 12/02/25 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: CUSTODY RETALIATORY MODIFICATION & JURISDICTIONAL DEFIANCE: On December 2, 2025, presiding Judge Christopher S. Morris executed an unlawful, retaliatory physical custody modification to strip Plaintiff of her primary custodial status and punish her for whistleblowing—acting entirely in willful violation of the automatic statutory stay under CCP § 916 while custody and move-away appeals were actively pending since October 6, 2025, in direct defiance of Family Court Services (FCS) recommendations from May 31, 2024, and November 18, 2025, and violating Cal. Family Code § 3027.5—while simultaneously denying mandatory financial parity under Cal. Family Code § 2030 to force a *pro per* defense against an active extortionist, thereby demonstrating a direct enterprise nexus and legal implication wherein the court's judicial machinery operated as an operational arm of the racketeering enterprise to weaponize child custody modifications as a tool of judicial retaliation, violate jurisdictional stays, enforce unconstitutional deprivations of fundamental parental rights (*Troxel v. Granville*), and suppress whistleblower oversight to insulate co- | **Cal. Code Civ. Proc. § 916:** Willful violation of the automatic stay; the trial court completely lacked jurisdiction to modify custody because the underlying move-away and custody orders were actively pending appellate review since Oct 6, 2025.**Cal. Family Code § 3027.5:** Modifying physical custody in retaliation rather than basing it on a legitimate change of circumstances or the child's best interest (blatantly ignoring the May 2024 and Nov 2025 FCS rec).**Cal. Family Code § 2030:** Denial of mandatory financial parity, forcing Plaintiff to litigate *pro per* against an extortionist while community funds were unlawfully withheld. | **RICO VIOLATIONS: Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by willfully violating automatic jurisdictional stays under CCP § 916, executing retaliatory custody modifications in direct defiance of expert FCS recommendations, and denying financial parity to silence whistleblower defense and protect co-conspirators from exposure. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including retaliatory custody weaponization, jurisdictional defiance, and the suppression of fundamental parental rights—designed to shield ill-gotten financial extractions and punish public integrity whistleblowers.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private actors to coordinate retaliatory custody disruptions, bypass mandatory statutory stays, and maintain a closed procedural loop that perpetuates the enterprise's objectives.**5th Amendment Privilege Against Self-Incrimination:** Forcing a litigant to proceed in a civil proceeding against the specific attorney currently under criminal investigation for extorting them, while denying them appointed counsel or parity to retain counsel.**14th Amendment Substantive Due Process:** The unconstitutional deprivation of fundamental parental rights (*Troxel v. Granville*) through a fundamentally unfair and legally void proceeding. **1st Amendment Right to Petition:** The judicial weaponization of "vexatious" status to enact a prior restraint on speech and silence a whistleblowing litigant from accessing the courts. |

-459-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 12/11/25 – 12/30/25 | The "Appellate Trap" & Supreme Court Denial: Plaintiff filed an emergency Petition for Writ of Mandate (D087285) to the Court of Appeal challenging the illegal strike of the 3rd SOD and the retaliatory December 2 orders. On December 11, 2025, the Court of Appeal summarily denied the writ, explicitly weaponizing the trial court's void "Vexatious Litigant" status to block substantive review.

Plaintiff then escalated by filing a Petition for Review with the California Supreme Court, explicitly warning the justices of the "closed loop" constitutional crisis— where a judge immunizes his own void orders by branding the objector vexatious. Despite this warning of a "State-Created Danger," the state's highest court summarily denied the petition on December 30, 2025 (Case No. S294405), completing the structural blockade of justice | Cal. Code Civ. Proc. § 391.7: Improper application of the vexatious litigant pre-filing statute by the appellate court to shield a trial judge's void orders and lack of jurisdiction from substantive review.


Cal. Code Civ. Proc. § 170.3(d): The statutory mandate providing writ review as the exclusive remedy for disqualification challenges, which the appellate court unlawfully bypassed. | 1st Amendment Right to Petition: Unconstitutional prior restraint, using the vexatious label to create a "closed loop" that completely extinguishes a whistleblower's right to seek appellate redress.


14th Amendment Procedural Due Process: Deprivation of meaningful appellate review and the formal judicial laundering of void orders.


*In re Marriage of Flaherty* (1982) 31 Cal.3d 637: Due process requires that appellate courts protect the fundamental right of access to the courts and not use procedural barriers or sanctions to chill valid appeals. |

-460-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 12/11/25 – 12/30/25 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE APPELLATE TRAP, THE $35,000 SCHULMAN FUND GRAB & SUPREME COURT DENIAL | Cal. Code Civ. Proc. § 391.7: | RICO VIOLATIONS: |
|---|---|---|---|
| | | | |

12/11/25 – 12/30/25

**PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE APPELLATE TRAP, THE $35,000 SCHULMAN FUND GRAB & SUPREME COURT DENIAL**

Between December 11 and December 30, 2025, while the enterprise executed an appellate trap through the summary denial of emergency petitions in the Court of Appeal (Case No. D087285) based on unconstitutional gag order/ VL., and California Supreme Court (Case No. S294405) by weaponizing a void vexatious litigant label to block substantive review in violation of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, the trial court simultaneously perpetrated bad-faith sabotage on December 18–19, 2025: opposing counsel Saatjian filed an *ex parte* raid to seize the remaining $35,000 in the illegal Schulman fund while Plaintiff's newly retained attorney, Ms. Salcido, was forced to substitute out due to sudden illness, during which the court subjected Plaintiff's emergency response declaration to an illegal administrative drop-box embargo (leaving it intentionally omitted from the Register of Actions to date) and the trial judge flatly refused to hear Plaintiff or review her newly presented forensic accountant and attorney declarations—thereby completely breaking his explicit December 2, 2025 open-court promise that he would move the trial and grant financial parity if she brought a lawyer and a forensic expert—demonstrating a direct enterprise nexus and legal implication wherein the trial and appellate machinery operated as a unified racketeering syndicate to pillage remaining assets, enforce unconstitutional prior restraints, suppress defense filings, and insulate co-conspirators from accountability while inflicting severe Fourteenth Amendment Procedural Due Process and First Amendment deprivations.

**Cal. Code Civ. Proc. § 391.7:** Improper application of the vexatious litigant pre-filing statute by the appellate court to shield a trial judge's void orders and lack of jurisdiction from substantive review. **Cal. Code Civ. Proc. § 170.3(d):** The statutory mandate providing writ review as the exclusive remedy for disqualification challenges, which the appellate court unlawfully bypassed. **Cal. Code of Civil Procedure § 1005 (Notice of Motion and Service):** Seizing funds and modifying substantive rights via an *ex parte* raid without proper statutory notice periods or allowing a meaningful opportunity to oppose. **Cal. Government Code § 69841 & Plain Ministerial Duty (Clerk Obligations):** Court administrative staff committed statutory violations by refusing to file-stamp, process, and enter the emergency response declaration into the Register of Actions (ROA), enacting an illegal drop-box embargo in direct violation of a clerk's non-discretionary ministerial duty to accept and record filings immediately (*Rojas v. Superior Court*).

**RICO VIOLATIONS: Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by weaponizing administrative drop-box embargoes to suppress response declarations, breaking judicial promises of parity to force unrepresented vulnerability, raiding remaining funds, and exploiting appellate closures to shield co-conspirators from accountability.

**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including asset pillaging, bad-faith judicial deception, and the systemic suppression of defense participation—designed to shield ill-gotten financial extractions and suppress oversight.

**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds across trial and appellate levels to coordinate asset grabs, break judicial orders/ commitments, weaponize procedural roadblocks, and maintain a closed loop that perpetuates the enterprise's racketeering scheme

-461-

| 01/05/26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: On January 5, 2026, the trial court rescheduled trial dates solely because Plaintiff went into debt to borrow funds to retain counsel, Ms. Lee, after the court denied her request on December 19, 2025, and violated its own December 2, 2025 open-court order; during this proceeding, Defendant ambushed Plaintiff with an unserved *ex parte* motion to force the minor child to travel out of state to Delaware, completely bypassing mandatory notice and service requirements (Cal. Rules of Court, Rules 5.151 & 5.165) and ignoring child welfare safeguards (Cal. Family Code § 3020 & § 3048). The court doctrinally stripped Plaintiff of her rights and defense ability for no reason, explicitly denying her any opportunity to file or present exculpatory evidence in violation of Cal. Evid. Code § 354 and committing an illegal "trial by ambush" in excess of jurisdiction (*In re Marriage of Seagondollar*), while inflicting severe Fourteenth Amendment Procedural and Substantive Due Process deprivations through unconstitutional interference with fundamental parental rights (*Troxel v. Granville*)—thereby demonstrating a direct enterprise nexus and legal implication wherein the court's judicial machinery operated as an operational arm of the racketeering enterprise to execute coordinated *ex parte* ambushes, systematically strip defense abilities without cause, and insulate co-conspirators from accountability. | **Cal. Rules of Court, Rule 5.151 & 5.165:** Strict requirements for *ex parte* notice and service completely bypassed to permit an unserved ambush motion.<br><br>**Cal. Family Code § 3020 & 3048:** Failure to prioritize the child's health, safety, and welfare, enforcing abrupt out-of-state travel during the school year without a proper evidentiary basis.<br><br>**Cal. Evid. Code § 354:** Wrongful exclusion of evidence, denying a litigant the statutory right to defend against sudden custodial/ travel modifications. | **RICO violations:Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by permitting unserved *ex parte* ambushes, systematically stripping a litigant of defense abilities and evidentiary presentation rights without cause, and enforcing unlawful custodial travel orders to protect co-conspirators from exposure.**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including procedural ambushes, willful disregard of statutory notice rules, and the suppression of parental defenses—designed to shield ill-gotten financial extractions and suppress oversight.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial and private actors to coordinate *ex parte* trial-by-ambush tactics, strip due process protections, and maintain a closed procedural loop that perpetuates the enterprise's objectives.<br><br>**14th Amendment Procedural Due Process:** "Trial by ambush." Granting relief on an unserved motion while systematically denying the opposing party the opportunity to present exculpatory evidence or mount a defense.***In re Marriage of Seagondollar* (2006) 139 Cal.App.4th 1116:** Appellate precedent strictly condemning "trial by ambush" in family court, establishing that a court acts in excess of its jurisdiction when it ignores statutory notice and evidentiary rights.**14th Amendment Substantive Due Process:** Unconstitutional interference with fundamental parental rights (*Troxel v. Granville*) through a procedurally void mechanism. |

-462-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 01/08/26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: COERCED STIPULATION & SHIELDING THE EXTORTIONIST: On January 8, 2026—following the Court of Appeal's dismissal of Plaintiff's November 2025 emergency writs *without prejudice* pending the filing of a proper disqualification motion rather than an *ex parte* application, a directive Plaintiff immediately followed by scheduling the proper motion for this date—presiding Judge Christopher S. Morris refused to hold an evidentiary hearing or disqualify opposing counsel Mr. Saatjian, despite documented confirmation that Saatjian was under active District Attorney investigation for extortion. Instead of maintaining judicial integrity, the court orchestrated a blatant cronyism cover-up: Plaintiff was coerced under extreme duress by her own attorney, Ms. Lee (who was compromised/ intimidated, and pressured by Saatjian, as later corroborated in Ms. Lee's own sworn declaration from March 13, 2026, Exhibit 13), under the direct threat of immediate withdrawal and abandonment of her defense unless she signed a catastrophic stipulation with prejudice. This violated Cal. Civil Code § 1567 & § 1568, Cal. Rules of Professional Conduct Rule 1.7 & 3.10, and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). Demonstrating the full scope of the racketeering enterprise and its conspiracy, the enterprise is now fraudulently weaponizing this very duress-forged stipulation in the pending federal civil rights action (*Case No. 26-CV-3765-JES-DEV*), falsely citing it as a "voluntary agreement" to shield co-conspirators from liability—thereby proving an active trial court cover-up and enterprise nexus where judicial machinery, compromised counsel, and criminal extortionists operated in lockstep to manufacture false legal instruments, bypass appellate mandates, and inflict severe Fourteenth Amendment Due Process and Fifth Amendment deprivations. | **Cal. Civil Code § 1567 & 1568:** Establishes that consent to any agreement or stipulation is not real or free—and is therefore void—when obtained through duress, menace, or undue influence engineered by the tribunal.<br><br>**Cal. Rules of Professional Conduct, Rule 1.7 & 3.10:** The court's failure to address or cure opposing counsel's undeniable conflict of interest and prior use of criminal threats to gain a civil advantage.<br><br>**Cal. Code Civ. Proc. § 128(a)(5):** The court's complete abdication of its mandatory duty to control the conduct of its ministerial officers and protect litigants from extortionate abuse. | RICO violations: 1. Obstruction of Justice (18 U.S.C. § 1503): Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by refusing to hear a proper disqualification motion following appellate instructions, orchestrating coerced stipulations through attorney intimidation and threat of abandonment, and laundering duress-forged documents into federal court filings (*Case No. 26-CV-3765-JES-DEV*) to cover up extortion and shield co-conspirators.<br><br>2. Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)): Operating and managing the court's judicial machinery and legal representation apparatus as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including judicial cronyism, attorney coercion, and the systematic shielding of an extortionist—designed to insulate the enterprise from criminal exposure and exploit forced capitulations. 3. RICO Conspiracy (18 U.S.C. § 1962(d)): Engaging in an explicit agreement and meeting of the minds between judicial actors, opposing extortionists, and compromised counsel to coordinate duress-based stipulations, bypass appellate directives, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme across both state and federal forums.<br><br>14th Amendment Procedural Due Process: Deprivation of a fair tribunal by weaponizing the court's authority to coerce settlements, forcing a vulnerable litigant to capitulate to an attorney under active criminal investigation.; 5th Amendment Privilege Against Self-Incrimination: Forcing a victim to engage in binding stipulations with their extorter creates an inherently coercive and structurally defective environment that destroys the voluntariness of any agreement. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009): Reinforcing that justice must satisfy the appearance of justice; a court coercing a stipulation with an attorney under DA investigation destroys all institutional legitimacy. |

-463-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 01/28/26 | The Hearing Sabotage & Off-Record Erasure: Opposing counsel executed a procedurally defective *ex parte* application to completely cancel Plaintiff's long-scheduled April 6, 2026, evidentiary hearing for *pendente lite* support and financial parity. The court permitted this cancellation of a critical evidentiary hearing via an emergency vehicle, despite there being no legal emergency.<br><br>To ensure this deprivation could not be appealed, the hearing was conducted entirely off-the-record. Plaintiff's own attorney (Ms. Lee) failed to order a court reporter, and the court allocated none, resulting in a "Not reported" proceeding that deliberately erased the judicial misconduct and Plaintiff's objections from the official record | **Cal. Rules of Court, Rule 3.1200** *et seq.*: Blatant misuse of the *ex parte* process, which requires an affirmative factual showing of irreparable harm or immediate danger, used here merely to manipulate the court's calendar and bypass standard notice thresholds. **Cal. Family Code § 217:** Unlawfully overriding the statutory mandate that courts receive live, competent testimony on contested family law issues, indefinitely starving Plaintiff of financial relief until trial. **Cal. Government Code § 69952; Cal. Rules of Court, Rule 2.251** (Mandatory right to a verbatim record for indigent fee-waiver holders). **Cal. Gov. Code § 69956 & Cal. Rules of Court, Rule 2.956:** The structural failure to provide or ensure an official court reporter for a dispositive family law hearing, fundamentally denying the creation of a record. | **14th Amendment Procedural Due Process:** The mechanical elimination of a party's right to an evidentiary hearing on vital *pendente lite* support, orchestrated through an off-record "shadow docket" proceeding. *In re Marriage of Carlsson* **(2008) 163 Cal.App.4th 281:** Appellate precedent establishing that denying a party their right to present evidence and have a full evidentiary hearing is a structural, reversible error that violates due process.<br><br>*Jameson v. Desta* **(2018) 5 Cal.5th 594:** California Supreme Court precedent emphasizing the critical constitutional necessity of a court reporter to ensure meaningful appellate review, establishing that courts cannot systematically deprive disadvantaged litigants of a verifiable record. |

-464-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;** ~~DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET~~

| 01/28/26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE HEARING SABOTAGE & OFF-RECORD ERASURE: On January 28, 2026, opposing party via Saatjian executed a procedurally defective *ex parte* application in blatant violation of Cal. Rules of Court, Rule 3.1200 *et seq.* to completely cancel Plaintiff's long-scheduled April 6, 2026 evidentiary hearing for *pendente lite* support and financial parity, which the court permitted without any legal emergency. To ensure this deprivation could not be appealed, the hearing was conducted entirely off-the-record ("Not reported")—with Plaintiff's attorney Ms. Lee failing to order a reporter and the court allocating none—deliberately erasing judicial misconduct and objections from the official record in direct violation of Cal. Family Code § 217, Cal. Gov. Code § 69952, and *Jameson v. Desta* (2018) 5 Cal.5th 594, thereby orchestrating a mechanical elimination of evidentiary rights via an unconstitutional "shadow docket" proceeding (*In re Marriage of Carlsson* (2008) 163 Cal.App.4th 281)—demonstrating a direct enterprise nexus and legal implication wherein the court's judicial and administrative machinery operated as an operational arm of the racketeering enterprise to execute off-record hearing sabotages, suppress verbatim records, indefinitely starve a litigant of financial relief, and insulate co-conspirators from appellate accountability. | **Cal. Rules of Court, Rule 3.1200** *et seq.*: Blatant misuse of the *ex parte* process, which requires an affirmative factual showing of irreparable harm or immediate danger, used here merely to manipulate the court's calendar and bypass standard notice thresholds.**Cal. Family Code § 217**: Unlawfully overriding the statutory mandate that courts receive live, competent testimony on contested family law issues, indefinitely starving Plaintiff of financial relief until trial.**Cal. Government Code § 69952; Cal. Rules of Court, Rule 2.251** (Mandatory right to a verbatim record for indigent fee-waiver holders).**Cal. Gov. Code § 69956 & Cal. Rules of Court, Rule 2.956**: The structural failure to provide or ensure an official court reporter for a dispositive family law hearing, fundamentally denying the creation of a record. | **RICO VIOLATIONS:Obstruction of Justice (18 U.S.C. § 1503)**: Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by conducting off-the-record "shadow docket" proceedings, deliberately suppressing court reporters to erase judicial misconduct and objections, and weaponizing defective *ex parte* motions to cancel mandatory evidentiary hearings and obstruct appellate review. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c))**: Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including hearing sabotages, record erasures, and financial starvation tactics—designed to shield ill-gotten financial extractions and suppress oversight.**RICO Conspiracy (18 U.S.C. § 1962(d))**: Engaging in an explicit agreement and meeting of the minds between judicial actors, compromised counsel, and opposing counsel to coordinate off-record proceedings, cancel vital financial hearings, and maintain a closed loop that perpetuates the enterprise's racketeering scheme **14th Amendment Procedural Due Process:** The mechanical elimination of a party's right to an evidentiary hearing on vital *pendente lite* support, orchestrated through an off-record "shadow docket" proceeding |

-465-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 03/03/26 | **PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE FINANCIAL PARITY & DISCOVERY SABOTAGE**<br><br>On March 3, 2026, at a heavily contested Request for Order (RFO) hearing regarding a motion to compel discovery (pending since November 2025, initially set for January 15, 2026, and subsequently delayed due to the rotation of a new judge, Judge Ferrara), the trial court completely ignored Plaintiff's updated showing of severe financial hardship and discovery obstruction. Despite certified proof of Petitioner's true executive background, historical earnings exceeding $300,000 annually plus millions in bonuses (alongside his bad-faith tactical shift to refusing to work), and facial mathematical contradictions in his financial disclosures—contrasted against Plaintiff's status as a stay-at-home mother who was systematically denied access to her own funds while opposing counsel funneled over $250,000 in attorney fees—Judge Ferrara flatly refused to adjudicate long-overdue requests for baseline support adjustments or the release of community property funds held in trust. Instead, the court narrowed the entire proceeding to a retaliatory vocational assessment discovery re-opening, continuing urgent support and fee parity matters indefinitely in direct violation of Cal. Family Code § 2030 & § 2032 and *Elkins v. Superior Court*, 41 Cal.4th 1337. This demonstrated a direct enterprise nexus and legal implication wherein judicial succession under Judge Ferrara seamlessly perpetuated the racketeering syndicate's core objective: utilizing structural financial starvation and willful blindness under color of law to bankrupt a pro per litigant, cover up asset plunder, **and insulate co-conspirators from liability.** | **Cal. Family Code § 2030 & § 2032:** Strict statutory mandate requiring the family court to ensure immediate financial parity and equal access to legal representation between the parties.<br><br>**Cal. Family Code § 4331 & § 2102:** Abuse of discretion in forcing a financially destitute litigant to fund vocational evaluations for the opposing party, who controls the marital estate. | **RICO VIOLATIONS:**<br>**Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by systematically ignoring certified financial proof of executive earnings and bonuses, refusing baseline support, forensic accountant and expert declarations and weaponizing judicial succession under Judge Ferrara to continue financial starvation tactics and protect co-conspirators from accountability.**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including the selective enforcement of financial asymmetry where opposing counsel expended over $250,000 while a stay-at-home mother was denied baseline parity and access to community assets—designed to shield ill-gotten financial extractions and suppress whistleblower oversight.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds across judicial transitions to coordinate financial exhaustion schemes, weaponize discovery delays, and maintain a closed procedural loop that perpetuates the enterprise's racketeering objectives.<br><br>**14th Amendment Procedural Due Process:** Constructive denial of the right to counsel and a fair trial by allowing the higher-earning spouse to execute a strategy of total financial starvation under the color of law.*Elkins v. Superior Court*, 41 Cal.4th 1337 (2007): California Supreme Court precedent establishing that family court protocols must not be weaponized to strip litigants of their baseline statutory and due process rights |

-466-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 03/03/26 | The Financial Parity & Discovery Sabotage: At a heavily contested hearing regarding Plaintiff's Amended RFO for attorney's fees, expert costs, and discovery, the court ignored Plaintiff's documented severe financial hardship. Despite Plaintiff's IED showing a monthly income of only $2,500 against $10,315 in expenses, and her reliance on borrowed funds to maintain counsel, the court refused to grant fee parity or release community property held in trust. The court specifically disregarded that Petitioner has spent over $200,000 on his own legal fees while Plaintiff has received $0 in court-ordered contributions, instead ordering Plaintiff to bear the financial burden of a vocational assessment. The court's order forces an indigent party to fund expensive expert discovery while simultaneously denying her the baseline spousal/child support needed to prevent homelessness. | Cal. Family Code § 2030 & § 2032: Strict mandate requiring the court to ensure baseline financial parity and equal access to legal representation between the parties. Cal. Family Code § 4331 & § 2102: Abuse of discretion in forcing a financially destitute litigant to fund vocational evaluations for the opposing party, who controls the marital estate. | 14th Amendment Procedural Due Process: Constructive denial of the right to counsel and a fair trial by requiring a financially starved spouse to finance expert discovery and attorney costs under the color of law. Elkins v. Superior Court, 41 Cal.4th 1337 (2007): California Supreme Court precedent establishing that family court protocols must not be weaponized to strip litigants of their baseline statutory and due process rights |

-467-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 03/03/26 | Compounding the structural imbalance, Plaintiff's attorney (Ms. Lee) actively sabotaged the record by submitting a critical Client's Reply Declaration into the court files without Plaintiff's authorization, signature, or review, incorporating highly prejudicial language that directly compromised Plaintiff's pending state and federal appeals. | **Cal. Rules of Court, Rule 5.111 & Cal. Code Civ. Proc. § 446:** Absolute requirement that declarations and pleadings submitted to a tribunal on behalf of a party must be verified, signed, and authorized by the declarant to prevent extrinsic fraud and the corruption of the record. | **14th Amendment Procedural Due Process:** Constructive denial of the right to counsel and a fair trial by requiring a financially starved spouse to finance expert discovery and attorney costs under the color of law. |

-468-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 03/24/26 | **The Dual Vocational Assessment Trap:** Following the summary cancellation of Plaintiff's comprehensive April evidentiary hearing by a dynamic transition in departments, the newly assigned judicial officer utilized a calendar hearing to severely limit the litigation scope. As formally itemized in the verbatim file, the court strictly confined the record to reciprocal vocational evaluation only limitations. In the formal family court minutes, the judge granted Petitioner's affirmative request to compel a vocational evaluation of Plaintiff—saddling the destitute Plaintiff with the costs of evaluating Petitioner while ordering the high-earning Petitioner to fund the assessment aimed at expanding Plaintiff's imputed income. By mechanical operation of the court minutes, all substantive, emergency adjudication of the concealed community assets, the unserved and forged orders, and the immediate financial relief needed to escape homelessness were entirely bypassed, preserving a structural imbalance ahead of the trial docket. | **Cal. Rules of Court, Rule 5.92 & Cal. Code Civ. Proc. § 2024.050:** Abuse of judicial discretion in short-circuiting a broad discovery mandate and selectively constraining an absolute statutory right to trace concealed accounts.<br><br>**Cal. Family Code § 4331:** Violation of the legislative framework by creating an unconscionable financial barrier, forcing a starved and indigent spouse to finance expert labor market tracking against an executive hoarder. | **14th Amendment Due Process Blockade:** Systemic and structural error accomplished when a tribunal reduces a wide-ranging financial fraud dispute into a technical, reciprocal mechanism designed to penalize the indigent party.<br><br>*In re Marriage of Seagondollar*, 139 Cal.App.4th 1116 (2006): Landmark appellate precedent strictly holding that family law courts act in excess of their jurisdiction and commit structural error when they completely eliminate noticed procedural rights and strip litigants of a meaningful opportunity to be heard. |
|---|---|---|---|

-469-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 03/24 /26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE DUAL VOCATIONAL ASSESSMENT TRAP | Cal. Rules of Court, Rule 5.92 & Cal. Code Civ. Proc. § 2024.050: | RICO VIOLATIONS: Obstruction of Justice (18 U.S.C. § 1503): |
|---|---|---|---|
| | On March 24, 2026, following the summary cancellation of Plaintiff's comprehensive evidentiary hearing via a dynamic transition in court departments, the newly assigned judicial officer utilized a calendar hearing to severely limit the litigation scope, strictly confining the record to reciprocal vocational evaluation limitations under Cal. Rules of Court Rule 5.92, Cal. Code Civ. Proc. § 2024.050, and Cal. Family Code § 4331. As a stay-at-home abused mother for the past seven years who sacrificed her career for her ex, only to be abandoned, abused, and subjected to a court-sanctioned cycle of financial starvation and state-created destitution—wherein the court imputed minimum wage while denying financial parity—Plaintiff was saddled with the financial burdens of funding a vocational evaluation designed to expand imputed income, while the high-earning executive hoarder was shielded. Simultaneously, the court mechanically bypassed all substantive emergency adjudications of concealed community assets, unserved and forged orders, and severe obstruction of justice and discovery, steamrolling the entire case toward trial in direct violation of the automatic statutory stay under CCP § 916. This constituted a Fourteenth Amendment Due Process Blockade and a structural error under *In re Marriage of Seagondollar*, 139 Cal.App.4th 1116 —thereby demonstrating a direct enterprise nexus and legal implication wherein the court's judicial machinery under successive departmental assignments operated as an operational arm of the racketeering enterprise to weaponize selective procedural constraints, shield concealed financial fraud, and perpetuate unconscionable financial barriers to insulate co-conspirators from liability. | Abuse of judicial discretion in short-circuiting a broad discovery mandate and selectively constraining an absolute statutory right to trace concealed accounts. Cal. Family Code § 4331: Violation of the legislative framework by creating an unconscionable financial barrier, forcing a starved and indigent spouse to finance expert labor market tracking against an executive hoarder. Cal. Family Code § 2030 & § 2032 (Denial of Mandatory Financial Parity): The court violated the affirmative statutory mandate requiring the tribunal to ensure a level playing field and equal access to legal and expert resources. By denying fee parity and community funds to an indigent, stay-at-home mother while protecting a high-earning executive with historical earnings over $300,000 plus millions in bonuses, the court directly breached its statutory duty to prevent financial asymmetry and starvation litigation.; Cal. Code Civ. Proc. § 2024.050 & General Discovery Statutes (Abuse of Discretion in Discovery Curtailment): Cal. Family Code § 4331 (Vocational Examination Overreach & Unconscionable Financial Barriers); Cal. Rules of Court, Rule 5.92 (Procedural and Evidentiary Violations): | Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by short-circuiting broad discovery mandates, suppressing the tracing of concealed community assets, weaponizing biased vocational assessment traps against an abused and financially destitute stay-at-home mother, and steamrolling cases to trial in direct defiance of statutory stays under CCP § 916 to protect co-conspirators from accountability. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including procedural blockades, selective evidentiary constraints, state-created destitution, and structural financial starvation— designed to shield ill-gotten financial extractions and suppress whistleblower oversight. RICO Conspiracy (18 U.S.C. § 1962(d)): Engaging in an explicit agreement and meeting of the minds across departmental transitions to coordinate structural due process blockades, weaponize unconstitutional financial burdens, ignore systemic abuse and abandonment, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

-470-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 04/06/26 – 05/22/26 | **The Procedural & Representation Blockade:** In April 2026, the court denied Plaintiff's *pendente lite* and evidentiary hearing on Jan 28 2026 without a cause, systematically blocking her from presenting evidence of financial fraud and systemic due process violations (Exhibit 13). By April 21, 2026, Petitioner in Trial Court (Brett Truitt) moved to seize trust funds via *ex parte* application, while Plaintiff's own counsel (Ms. Lee) pressured Plaintiff for further retainers, ultimately abandoning representation citing "refusal to submit stay notes" after failing to secure the court-ordered fee parity on May 22 2026 EX parte ambush | **Cal. Code Civ. Proc. § 1005:** Procedural failure to provide proper notice and an opportunity to be heard regarding the cancellation of evidentiary hearings.<br><br>**Cal. Family Code § 2030 & § 2032:** Continued violation of the statutory mandate to ensure financial parity, as the court prioritized the seizure of trust funds by the high-earning spouse over the indigent spouse's right to counsel | **14th Amendment Procedural Due Process:** Deprivation of the right to counsel through the court's failure to enforce fee parity, combined with the strategic abandonment of the case by retained counsel during critical financial emergencies.<br><br>***Elkins v. Superior Court,* 41 Cal.4th 1337 (2007):** The court's failure to protect a self-represented litigant's right to an evidentiary hearing and meaningful trial preparation violates the principles of fundamental fairness in family law proceedings. |

-471-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 04/21/26 | **The Extortionate Estate Seizure:** At an *ex parte* hearing, despite the absence of an emergency, the court entertained Petitioner's *ex parte* RFO seeking access to retirement accounts ($160,000) and $35,000 in trust funds originating from the unauthorized $150,000 transfer to Schulman in October 2024. Although the court denied the 401(k) withdrawal, directing Petitioner to file a separate RFO, Plaintiff made an explicit, unconditional offer to split community retirement accounts to settle all outstanding support and fees. Petitioner refused these settlement offers, weaponizing the court's process to attempt to extort the estate without transparency or parity, and continuing the racketeering and extortionate behavior | **Cal. Family Code § 2030 & § 2032:** Violation of the mandatory duty to ensure financial parity when one party controls the community estate and blocks access to the other. **Cal. Fam. Code § 1101(g)-(h):** Breach of fiduciary duty by concealing community assets and engaging in malicious litigation strategy to deprive the other spouse of legal resources **Cal. Government Code § 69952; Cal. Rules of Court, Rule 2.251** (Mandatory right to a verbatim record for indigent fee-waiver holders). | **14th Amendment Due Process:** Structural unfairness resulting from the court's willingness to grant Petitioner emergency access to funds while denying the lower-earning party access to the same estate to retain counsel *Jameson v. Desta* (2018) 5 Cal.5th 594: Mandatory right to a court reporter for indigent litigants with fee waivers to preserve the appellate record. |
|---|---|---|---|

-472-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/20/26 – 05/22/26 | **Fiduciary Abandonment & Successor Judicial Ambush (Exhibits 18 & 19):** Successor Judge Ferrara holds a snap hearing releasing trial counsel under duress, unconstitutionally stripping Plaintiff of representation right before trial tracks while enforcing the Enterprise's financial starvation. | FC §§ 2030, 217; CCP § 128.7 | **RICO Predicate Acts:** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)).<br><br>**Constitutional & Case Law:** 14th Amend. (Procedural Due Process); Right to Counsel. |

-473-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 4/21/26-05/22/26 | THE SYSTEMIC WEAPONIZATION OF THE EX PARTE DOCKET & JUDICIAL COMPLICITY | Cal. Rules of Court, Rules 3.1200 *et seq.* & 5.125 | Legal Implications & RICO Violations |
|---|---|---|---|

**THE SYSTEMIC WEAPONIZATION OF THE EX PARTE DOCKET & JUDICIAL COMPLICITY**

For years, the state family court tribunal in *IRMO Truitt & Lancranjan*, Case No. 23FL000584C, abandoned its role as a neutral arbiter, systematically co-opting its judicial machinery into an operational arm of a racketeering enterprise. This corruption manifested through an institutionalized double standard: the tribunal routinely validated frivolous, procedurally defective *ex parte* applications submitted by enterprise co-conspirators—such as the unauthorized October 2024 asset freeze and April 2026 trust fund seizure—without imposing sanctions for clear notice violations under Cal. Rules of Court, Rule 5.125 and Rule 3.1200 *et seq.*. Conversely, the court summarily rejected every emergency *ex parte* filed by Plaintiff to protect herself and her minor son. The structural mechanics of this bias were starkly demonstrated on December 18–19, 2025, when opposing counsel Saatjian executed an unserved, bad-faith *ex parte* raid to seize $35,000 from the Schulman trust fund while Plaintiff's newly retained counsel substituted out for a medical emergency. The court subjected Plaintiff's emergency response declaration to an illegal drop-box embargo, intentionally omitting it from the Register of Actions (ROA), while the judge broke his open-court promise to grant financial parity, effectively stripping a *pro per* litigant of her ability to defend herself while laundering the enterprise's extractions. This judicial blockade escalated to absolute lawlessness between June 10 and June 18, 2026, when the trial tribunal and court leadership, including Presiding Judge Laura H. Miller and Judge Ferrara, enforced an unconstitutional administrative embargo. Utilizing the contested "Vexatious Litigant" (VL) prior restraint (Form VL-115) as a de facto gag order, court clerks systematically refused to accept, file-stamp, or process Plaintiff's emergency protective filings, defensive declarations, and formal notices of automatic statutory stay under CCP § 916(a). When Plaintiff filed a comprehensive emergency *ex parte* on June 18, 2026, detailing acute risks to her minor son, ongoing financial ruin, and the total denial of access to the court, the tribunal summarily refused relief. By operating a phantom docket that completely bars a protective mother from filing responsive papers while granting her abusers unchecked access to judicial enforcement, the state forum ceased functioning as a court of law, operating instead as a venue for criminal cronyism and racketeering

**Cal. Rules of Court, Rules 3.1200 *et seq.* & 5.125**: Bypassing mandatory *ex parte* notice, service rules, and proper review of Findings and Orders After Hearing (FOAH).

**Cal. Code of Civil Procedure § 1005**: Executing unserved motions and *ex parte* raids without statutory notice periods. **Cal. Code of Civil Procedure § 916(a)**: Willful violation of automatic statutory stays and exercising jurisdiction while divested (*Varian v. Delfino*). **Cal. Family Code § 2030 & § 2032**: Denying mandatory financial parity and equal access to legal representation. **Cal. Family Code § 2105**: Committing perjury on FL-180 bifurcation judgments by falsely certifying updated financial disclosures. **Cal. Government Code § 69841 & § 69952**: Violating clerk ministerial duties via illegal drop-box embargoes and denying certified court reporters (*Jameson v. Desta*). **Cal. Code of Civil Procedure § 473(d)**: Refusing to set aside orders void *ab initio* for lack of service or extrinsic fraud. **Cal. Code of Civil Procedure § 391 *et seq.***: Unlawfully weaponizing vexatious litigant pre-filing filters against a defending pro se party (*John v. Superior Court*).

**Cal. Family Code § 4331**: Imposing unconscionable financial barriers via vocational examinations to penalize an indigent spouse

**Legal Implications & RICO Violations**

The systematic processing of enterprise *ex parte* applications alongside administrative blockades constitutes direct, actionable predicate acts:

**18 U.S.C. § 1962(c) (Enterprise)**: Co-opting the court docket as an operational vehicle to selectively process fraudulent *ex parte* motions while enforcing administrative embargoes against the victim.

**18 U.S.C. § 1962(d) (Conspiracy)**: Collusion between private actors and judicial facilitators to coordinate bad-faith ambushes and insulate co-conspirators from liability.

**18 U.S.C. § 1503 (Obstruction of Justice)**: Implementing illegal drop-box embargoes, banning court reporters, and engineering unrecorded evidentiary blackouts.

**18 U.S.C. § 1343 (Wire Fraud)**: Utilizing electronic filing networks to transmit unserved motions, forged FOAHs, and fraudulent financial extractions. **42 U.S.C. § 1983 & Cal. Civ. Code § 52.1 (Civil Rights)**: Violating First and Fourteenth Amendment rights through unconstitutional prior restraints, state-created dangers, and trials by ambush

-474-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 05/22/26 | The Vocational Sabotage & Ghostwriting Fraud: The court granted Petitioner's *ex parte* application to compel a vocational evaluation of Plaintiff, compelling Plaintiff to bear costs despite documented indigence, while refusing to enforce parity funds. Plaintiff formally moved for the court to inquire into whether Petitioner's pleadings were ghostwritten by his previous attorney per her Response Declaration, facilitating a fraud on the court regarding his "pro per" status. The court ignored evidence of ghostwriting and refused parity. The court order a coercive preclusion order and sch the hearign for June 25 2026 (Exhibit 19; also Case 26cv3765-JES-DEB); The Verbatim Record Embargo (Exhibit 19 & 20) Case 26cv3765-JES-DEB): Hand-writing "Not Reported" to ban a physically present, certified reporter from recording an indigent litigant's trial tracks. | Cal. Family Code § 4331(b): Failure to follow mandatory statutory procedures for vocational examinations, which Plaintiff challenged as procedurally defective for lack of proper service and notice Cal. Government Code § 69952; Cal. Rules of Court, Rule 2.251 (Mandatory right to a verbatim record for indigent fee-waiver holders). Cal. Rules of Court, Rule 5.111: Violation of the requirement for pleadings to be authored by the party of record; ghostwriting by former counsel while claiming *pro per* status constitutes a fraud on the court | 14th Amendment Equal Protection: Denial of meaningful access to the courts by forcing an indigent, self-represented litigant to fund sophisticated, expert-level forensic discovery against a party with access to over $1,000,000 in hidden assets. *Jameson v. Desta* (2018) 5 Cal.5th 594: Mandatory right to a court reporter for indigent litigants with fee waivers to preserve the appellate record. 14th Amendment Equal Protection: Denial of meaningful access to the courts by forcing an indigent litigant to fund sophisticated discovery against a party using secret, ghostwritten legal assistance; *M.L.B. v. S.L.J.* (1996) 519 U.S. 102 (The structural "blinding" of a trial record to deliberately insulate constitutional violations from higher review). |
| --- | --- | --- | --- |

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | |
|---|---|---|---|
| 05/22/26 | **PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE VOCATIONAL SABOTAGE, GHOSTWRITING FRAUD & VERBATIM RECORD EMBARGO** | **Cal. Family Code § 4331(b):** Failure to follow mandatory statutory procedures for vocational examinations, which Plaintiff challenged as procedurally defective for lack of proper service and notice **Cal. Government Code § 69952; Cal. Rules of Court, Rule 2.251** (Mandatory right to a verbatim record for indigent fee-waiver holders). **Cal. Rules of Court, Rule 5.111:** Violation of the requirement for pleadings to be authored by the party of record; ghostwriting by former counsel while claiming *pro per* status constitutes a fraud on the court; **Cal. Code Civ. Proc. § 1005 & Cal. Rules of Court, Rule 3.1200** et seq.: Misuse of *ex parte* process and trial by ambush without statutory notice. **Cal. Family Code § 2030 & § 2032:** Denial of mandatory financial parity and equal access to legal resources. **Cal. Code Civ. Proc. § 2023.030:** Discovery abuse, refusal to enforce notice rules, and unconstitutional preclusion orders. | **RICO VIOLATIONS:Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by handwriting "Not Reported" to ban certified court reporters, suppressing the exposure of ghostwriting fraud by former counsel, and enforcing unserved, punitive vocational evaluation tracks to exhaust an indigent litigant. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts— including judicial cronyism, ghostwritten filings disguised as pro per pleadings, and record blinding—designed to shield ill-gotten financial extractions and suppress oversight.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial actors, opposing counsel, and shadow architects (Saatjian) to coordinate ghostwriting fraud, suppress verbatim records, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme. |

On May 22, 2026, successor Judge Ferrara presided over a hearing where the trial court entertained and granted Petitioner's bad-faith *ex parte* application to compel a vocational evaluation—filed without any legal emergency, frivolously, and in total defiance of mandatory discovery notice and service rules, which Petitioner failed to serve on Plaintiff. The court actively ignored unrefuted evidence that Petitioner's pleadings were illicitly ghostwritten by his previous attorney, Defendant Peter Saatjian, facilitating a fraud on the court regarding his "pro per" status under Cal. Rules of Court Rule 5.111. Furthermore, the court attempted to coerce Plaintiff into surrendering her statutory response rights, forced an unconstitutional preclusion order, scheduled a hearing for June 25, 2026, and refused to sanction Petitioner's bad-faith conduct while saddling the indigent, self-represented litigant with financial burdens and refusing parity funds under Cal. Family Code § 4331(b). Concurrently, despite Plaintiff having filed an indigent fee waiver and reporter req.and a certified court reporter being physically present in the courtroom, the court executed a "Verbatim Record Embargo" by refusing to allow it and reporting/handwriting "Not Reported" to ban the reporter from recording the proceedings in violation of Cal. Gov. Code § 69952, Cal. Rules of Court Rule 2.251, *Jameson v. Desta*, and *M.L.B. v. S.L.J.* This demonstrated a direct enterprise nexus and judicial cover-up wherein the court actively colluded with the racketeering syndicate—ignoring ghostwriting fraud, manufacturing emergency pretexts for unserved motions, coercing the waiver of statutory rights, enforcing unconstitutional financial burdens, and systematically blinding the official record to insulate co-conspirators from liability while inflicting severe Fourteenth Amendment Equal Protection and Due Process deprivations

-476-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/10/26 – 06/25/26 | **The Vexatious Litigant Weaponization:** During hearings in June, the court weaponized Vexatious Litigant status to summarily refuse to accept responsive declarations, while Petitioner was permitted to proceed with new, procedurally defective filings (including a May 27th request for a June 25th hearing) without proper service. The court's June 25, 2026 ruling compounded these violations by enforcing severe daily financial penalties, effectively functioning as a blockade against Plaintiff's participation in the case and the Notice of Stay (2nd Notice) to put the Trial court on notice | **Cal. Code Civ. Proc. § 391.7:** Misapplication of pre-filing restrictions to block the filing of defensive and responsive pleadings, which are exempt from pre-filing requirements.<br><br>**Cal. Code Civ. Proc. § 916(a):** Continued defiance of the automatic appellate stay, as the court scheduled "execution trials" for August 2026 while jurisdictional issues remain pending before the Court of Appeal.<br><br>**Due Process / Notice:** Failure to enforce mandatory service of process under CRC 5.92, effectively conducting "trial by ambush" against an unrepresented party. | **Fundamental Due Process:** A litigant cannot be deemed vexatious to the point of being barred from filing a *responsive* declaration to a new motion; this is a per se denial of the opportunity to be heard and a structural violation of constitutional fairness.<br><br>***Jameson v. Desta*** (2018) 5 Cal.5th 594: Mandatory right to a court reporter for indigent litigants with fee waivers to preserve the appellate record. |

-477-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/10/26 – 06/25/26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE VEXATIOUS LITIGANT WEAPONIZATION & THE AUGUST "SHAM TRIAL" LAUNDERING SCHEME<br><br>Between June 10 and June 25, 2026, the state trial tribunal under Judge Ferrara executed a brazen phase of the enterprise's operational playbook by weaponizing the "Vexatious Litigant" (VL) pre-filing status in direct violation of Cal. Code Civ. Proc. § 391.7—improperly applying pre-filing restrictions to bar Plaintiff from filing mandatory *responsive* declarations to new motions, while simultaneously permitting opposing counsel and the abuser to proceed with new, procedurally defective filings (including an unserved May 27th request for a June 25th hearing) without proper service. Compounding these violations at the June 25, 2026 ruling, the court enforced severe daily financial penalties and advanced "execution trials" for August 2026 in rogue, open defiance of the self-executing automatic **appellate stay under Cal. Code Civ. Proc. § 916(a) (Consolidated Case No. D086958), which actively divested the trial court of subject-matter jurisdiction** | Cal. Code Civ. Proc. § 391.7: Misapplication of pre-filing restrictions to illegally bar a defending party from filing mandatory responsive declarations to new motions.**Cal. Code Civ. Proc. § 916(a)**: Violation of the self-executing automatic appellate stay by advancing "execution trials" while jurisdictional issues remain actively pending before the Court of Appeal (Consolidated Case No. D086958).**Service and Notice Mandates**: Permitting opposing counsel to proceed with procedurally defective and unserved filings (such as an unserved May 27th request for a June 25th hearing) without proper service or notice. | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by misapplying Vexatious Litigant pre-filing statutes to block responsive pleadings, ignoring mandatory appellate stays under CCP § 916(a), and conducting unrecorded evidentiary blackouts to launder fraudulent instruments into final court judgments.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including judicial cronyism, trial-by-ambush protocols, and fraudulent judgment laundering—designed to shield ill-gotten financial extractions and suppress oversight.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial actors, enterprise co-conspirators, and opposing counsel to coordinate administrative blockades, defy appellate mandates, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme across dockets. |

-478-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/10/26 – 06/25/26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE VEXATIOUS LITIGANT WEAPONIZATION & THE AUGUST "SHAM TRIAL" LAUNDERING SCHEME:<br><br>**The trial court aggressively engages in this systemic corruption, administrative blocking, and judicial cronyism for a singular, corrupt objective: to launder the enterprise's past extrinsic fraud, document forgeries, perjured disclosures, and unauthorized wire extractions into unassailable judicial decrees before higher appellate or federal oversight can intervene. By weaponizing the VL gag order to block defensive papers, denying certified court reporters, and ignoring formal Notices of Stay, the trial tribunal functions as an active co-conspirator and cover-up mechanism. This cronyism is engineered to bury evidence of professional malpractice and embezzlement, punish whistleblower oversight, and force a pre-determined "sham trial" that insulates the racketeering syndicate from criminal liability while inflicting severe First Amendment and Fourteenth Amendment deprivations.** | **Cal. Code Civ. Proc. § 391.7:** Misapplication of pre-filing restrictions to illegally bar a defending party from filing mandatory responsive declarations to new motions.**Cal. Code Civ. Proc. § 916(a):** Violation of the self-executing automatic appellate stay by advancing "execution trials" while jurisdictional issues remain actively pending before the Court of Appeal (Consolidated Case No. D086958).**Service and Notice Mandates:** Permitting opposing counsel to proceed with procedurally defective and unserved filings (such as an unserved May 27th request for a June 25th hearing) without proper service or notice. | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by misapplying Vexatious Litigant pre-filing statutes to block responsive pleadings, ignoring mandatory appellate stays under CCP § 916(a), and conducting unrecorded evidentiary blackouts to launder fraudulent instruments into final court judgments.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including judicial cronyism, trial-by-ambush protocols, and fraudulent judgment laundering—designed to shield ill-gotten financial extractions and suppress oversight.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial actors, enterprise co-conspirators, and opposing counsel to coordinate administrative blockades, defy appellate mandates, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme across dockets. |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/16/26 – 06/25/26 | **Federal RICO Retaliation & Docket Weaponization (Exhibit 19):** Opposing party Brett Truitt in family case 23FL000584C files a retaliatory Reply Declaration explicitly targeting Plaintiff's May 4, 2026 federal RICO action, coercing state tribunal enforcement to push unserved vocational evaluation orders ahead of the June 25 hearing | FC § 4331; CCP §§ 2023.030, 1010/1015; CRC Rule 5.125 | **RICO Predicate Acts:** Obstruction of Justice (18 U.S.C. § 1503); Conspiracy (18 U.S.C. § 1962(d)); Wire Fraud (18 U.S.C. § 1343).<br><br>**Constitutional & Case Law:** 1st Amend. (Right to Petition / Retaliation); 14th Amend. (Procedural Due Process). |

-480-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/16/26-06/26/26 | **PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: FEDERAL RICO RETALIATION & DOCKET WEAPONIZATION**<br><br>Between June 16 and June 25, 2026 (as documented in **Exhibit 19**), the Enterprise and the state trial tribunal executed a direct retaliatory phase designed to penalize Plaintiff for exercising her federal rights. Opposing party Brett Truitt filed a retaliatory Reply Declaration in San Diego Superior Court Case No. 23FL000584C that explicitly targeted Plaintiff's May 4, 2026 federal RICO action (*Lancranjan v. Saatjian et al.*, Case No. 26-CV-02817-BAS-VET), utilizing the court's process to coerce tribunal enforcement and push unserved, procedurally defective vocational evaluation orders ahead of the June 25 hearing. This retaliatory maneuver violated core California statutory and procedural mandates, including **Cal. Family Code § 4331, Cal. Code Civ. Proc. §§ 2023.030, 1010, and 1015**, and **Cal. Rules of Court, Rule 5.125**, by bypassing proper notice, service requirements, and discovery standards. By weaponizing the state court docket to retaliate against a federal whistleblower and coerce compliance with unserved orders, the Enterprise and the tribunal directly infringed upon Plaintiff's **First Amendment Right to Petition / Retaliation Protection** and **Fourteenth Amendment Procedural Due Process.**<br><br>This conduct constitutes court-sponsored racketeering and an institutional cover-up because the state tribunal selectively enforces procedural rules to shield co-conspirators. By entertaining unserved, retaliatory filings and punishing a federal whistleblower for filing a RICO action, the court actively participates in a closed-loop protection racket— using its judicial authority to bury evidence of prior forgeries, suppress oversight, and launder fraudulent extractions under color of state law. | **Cal. Family Code § 4331**: Vocational evaluation procedures and unserved mandates.<br><br>**Cal. Code Civ. Proc. § 2023.030**: Misuse of the discovery process.<br><br>**Cal. Code Civ. Proc. §§ 1010 & 1015**: Mandatory service and notice requirements.<br><br>**Cal. Rules of Court, Rule 5.125**: Bypassing proper notice, service rules, and review of court orders. | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by weaponizing court dockets to retaliate against federal RICO plaintiffs, forcing unserved vocational evaluation tracks, and suppressing lawful defenses.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between litigants and judicial facilitators to coordinate retaliatory court filings, bypass service rules, and maintain an active loop of persecution against federal whistleblowers.<br><br>**Federal Wire Fraud (18 U.S.C. § 1343):** Utilizing electronic interstate filing networks to transmit retaliatory pleadings and unserved discovery mandates designed to drain the victim's resources and perpetuate the fee-churning scheme. |

-481-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/18/26 | The State-Created Danger & Judicial Embargo: Plaintiff filed an emergency *ex parte* application detailing the acute physical and psychological harm to the minor child, a total financial collapse, and the ongoing procedural denial of access to the court. Plaintiff asserted the doctrine of "State-Created Danger," arguing the court's enforcement of void school and custody orders, combined with the financial embargo, has placed the minor child in imminent risk of harm. The trial court weaponized the Vexatious Litigant (VL) status to summarily deny the application, imposing an effective embargo on all emergency relief requested by the Plaintiff. | Cal. Family Code § 3064: Violation of the mandate to provide protective orders when a party demonstrates immediate harm or risk to a child's health, safety, or welfare.<br><br>Cal. Code Civ. Proc. § 391.7: Improper application of vexatious litigant pre-filing requirements to bar emergency, defensive motions where the litigant is responding to a manufactured crisis. | 14th Amendment Due Process: Structural violation when the state knowingly creates or increases the danger to a child by enforcing void, harmful orders while stripping the custodial parent of all procedural mechanisms to defend against that harm.<br><br>*DeShaney v. Winnebago County* (1989): Establishing the "State-Created Danger" doctrine, where the state is constitutionally liable for harm when it affirmatively places an individual (or child) in a position of danger they otherwise would not have faced |

-482-

| 06/18/26 | PREDICATE ACT, ENTERPRISE NEXUS & CONSTITUTIONAL DEPRIVATIONS: THE STATE-CREATED DANGER & JUDICIAL EMBARGO | Cal. Family Code § 3064: Failure to issue protective orders when a party demonstrates immediate harm or risk to a child's health, safety, or welfare. | Obstruction of Justice (18 U.S.C. § 1503): Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by weaponizing Vexatious Litigant pre-filing statutes to erect absolute administrative embargoes against emergency child-protection and safety filings, thereby suppressing evidence of ongoing crimes and shielding co-conspirators from accountability. |
|---|---|---|---|
| | On June 18, 2026, Plaintiff filed an emergency *ex parte* application detailing acute physical and psychological harm to her minor child, a total financial collapse, and the ongoing procedural denial of access to the court, asserting the "State-Created Danger" doctrine under *DeShaney v. Winnebago County*, 489 U.S. 189, and Cal. Family Code § 3064. Instead of protecting a child in imminent peril, the trial court weaponized the Vexatious Litigant (VL) pre-filing status under Cal. Code Civ. Proc. § 391.7 to summarily deny the application, imposing an absolute administrative embargo on all emergency relief requested by the Plaintiff. | **Cal. Family Code § 3020**: Violation of the overarching statutory mandate to protect the health, safety, and welfare of the minor child.

**Cal. Code Civ. Proc. § 391.7**: Improper application of Vexatious Litigant pre-filing requirements to bar emergency, defensive motions where a litigant is responding to a manufactured crisis.

**Cal. Rules of Court, Rule 5.151**: Improper rejection and failure to grant emergency *ex parte* relief for a minor in acute distress.

**Cal. Family Code § 217**: Refusal to conduct a mandatory evidentiary hearing on acute child safety and emergency matters | **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including judicial cover-ups, state-created dangers, and the systemic suppression of a victim's right to petition for a child's safety—designed to shield ill-gotten financial extractions and protect the syndicate's operational monopoly.**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial facilitators and enterprise actors to coordinate administrative embargoes, weaponize pre-filing filters, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme across dockets |

-483-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/18/26 | Enterprise Nexus, Court Protection & Abuse of Rights | Cal. Family Code § 3064 | Obstruction of Justice (18 U.S.C. § 1503) |
|---|---|---|---|
| | This judicial embargo reveals the core mechanics of the enterprise nexus: the state tribunal ensures the racketeering enterprise is fully protected by systematically abusing its authority to violate Plaintiff's fundamental civil rights—specifically her **First Amendment Right to Petition** the court for the physical safety and protection of her son and herself. By turning the "Vexatious Litigant" status into an offensive weapon to block emergency child-welfare filings, the court actively insulates the co-conspirators' prior forgeries, asset extractions, and professional malpractice from exposure. The court functions as an active shield for the enterprise, transforming child protection dockets into a closed-loop system that punishes whistleblowers, suppresses evidence of child endangerment, and perpetuates the syndicate's fee-churning pipeline under color of state law. | **Cal. Family Code § 3064**: Failure to issue protective orders when a party demonstrates immediate harm or risk to a child's health, safety, or welfare.<br><br>**Cal. Family Code § 3020**: Violation of the overarching statutory mandate to protect the health, safety, and welfare of the minor child.<br><br>**Cal. Code Civ. Proc. § 391.7**: Improper application of Vexatious Litigant pre-filing requirements to bar emergency, defensive motions where a litigant is responding to a manufactured crisis.<br><br>**Cal. Rules of Court, Rule 5.151**: Improper rejection and failure to grant emergency *ex parte* relief for a minor in acute distress.<br><br>**Cal. Family Code § 217**: Refusal to conduct a mandatory evidentiary hearing on acute child safety and emergency matters | **Obstruction of Justice (18 U.S.C. § 1503)**: Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by weaponizing Vexatious Litigant pre-filing statutes to erect absolute administrative embargoes against emergency child-protection and safety filings, thereby suppressing evidence of ongoing crimes and shielding co-conspirators from accountability.<br><br>**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c))**: Operating and managing the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including judicial cover-ups, state-created dangers, and the systemic suppression of a victim's right to petition for a child's safety—designed to shield ill-gotten financial extractions and protect the syndicate's operational monopoly.**RICO Conspiracy (18 U.S.C. § 1962(d))**: Engaging in an explicit agreement and meeting of the minds between judicial facilitators and enterprise actors to coordinate administrative embargoes, weaponize pre-filing filters, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme across dockets |

-484-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 06/15/26 – 06/18/26 | **STATE COURT ADMINISTRATIVE BLOCKADE, REJECTION OF DEFENSIVE FILINGS & THE ENTERPRISE CO-OPTION**<br><br>Between June 15 and June 18, 2026 (as documented in **Exhibit 20**), court clerks, the trial judge, and Presiding Judge Laura H. Miller executed an absolute administrative blockade by rejecting emergency *ex parte* applications and defensive responsive declarations, improperly weaponizing the contested Vexatious Litigant (VL) order (Form VL-115) as a *de facto* gag order. Plaintiff hand-delivered urgent notice of this administrative obstruction to the Presiding Judge, which was ignored in violation of **CCP §§ 391.7 and 1005 and CRC Rule 3.1300.** | **Cal. Code Civ. Proc. § 391.7:** Misapplication of Vexatious Litigant pre-filing requirements to improperly block emergency and defensive filings.<br><br>**Cal. Code Civ. Proc. § 1005:** Procedural failure to provide proper notice and an opportunity to be heard regarding court filings and hearings.<br><br>**Cal. Rules of Court, Rule 3.1300:** Improper administrative rejection, blocking, or failure to process timely filed court documents and papers | **RICO Predicate Acts: Obstruction of Justice (18 U.S.C. § 1503):** Erecting absolute administrative blockades, rejecting defensive filings, and maintaining a phantom docket to impede justice and shield co-conspirators from accountability.**Fraud Upon the Court:** Weaponizing pre-filing restrictions and administrative gatekeeping to subvert the adversarial process and launder fraudulent instruments into final court decrees.**RICO Conspiracy (18 U.S.C. § 1962(d)):** A corrupt meeting of the minds between judicial actors and enterprise members to coordinate administrative blackouts and maintain a closed procedural loop.<br><br>**Constitutional & Case Law:** 14th Amend. (Access to Courts & Due Process); *John v. Superior Court.* |

-485-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/15/26 – 06/18/26 | **Enterprise Nexus, Legal Implications & State-Created Danger**<br><br>**This administrative shutdown proves that the state court has been fully co-opted as an operational arm of the racketeering enterprise.** By willfully blinding itself and overtly covering up prior forgeries and embezzlement, the court actively abused Plaintiff's and her minor son's fundamental rights—stripping them of property and parental rights while placing them in acute peril through a severe **"State-Created Danger"** (*DeShaney v. Winnebago County*). The court functions as an active shield, ensuring the syndicate's financial extractions remain unassailable under color of state law.<br><br>**Why Federal Intervention is Mandatory**: Because the state forum has devolved into a bad-faith protection racket that strips constitutional rights, denies access to the courts, and endorses state-created danger to rush through a pre-determined sham trial, this United States District Court must intervene immediately to dismantle the private-actor enterprise and protect its exclusive jurisdiction. | **Cal. Code Civ. Proc. § 391.7**: Misapplication of Vexatious Litigant pre-filing requirements to improperly block emergency and defensive filings.<br><br>**Cal. Code Civ. Proc. § 1005**: Procedural failure to provide proper notice and an opportunity to be heard regarding court filings and hearings.<br><br>**Cal. Rules of Court, Rule 3.1300**: Improper administrative rejection, blocking, or failure to process timely filed court documents and papers | **RICO Predicate Acts: Obstruction of Justice (18 U.S.C. § 1503)**: Erecting absolute administrative blockades, rejecting defensive filings, and maintaining a phantom docket to impede justice and shield co-conspirators from accountability.**Fraud Upon the Court**: Weaponizing pre-filing restrictions and administrative gatekeeping to subvert the adversarial process and launder fraudulent instruments into final court decrees.**RICO Conspiracy (18 U.S.C. § 1962(d))**: A corrupt meeting of the minds between judicial actors and enterprise members to coordinate administrative blackouts and maintain a closed procedural loop.<br><br>**Constitutional & Case Law**: 14th Amend. (Access to Courts & Due Process); *John v. Superior Court*. |

-486-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 06/25/26 | THE FINAL FRUIT, THE ASYMMETRICAL PRECLUSION ORDER & THE SHAM TRIAL LAUNDERING SCHEME | Cal. Code of Civil Procedure § 916(a) (Total divestiture of trial court subject-matter jurisdiction); | Obstruction of Justice (18 U.S.C. § 1503): Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by enforcing *ultra vires* trial tracks in direct defiance of appellate stays (CCP § 916), banning certified court reporters, executing unrecorded evidentiary blackouts, and laundering fraudulent instruments into final court decrees. |
|---|---|---|---|
| | On June 25, 2026, the state trial court executed "The Final Fruit"—forcing an unrecorded hearing in rogue defiance of Appeal No. D086958, granting the abuser unchecked authority while gagging the mother. Under the "Evidentiary Blackout Mandate," the successor judge banned the court reporter again, rejected physical defensive papers via the Vexatious Litigant gag order, and barred Plaintiff from presenting any evidence RE vocational evaluation or rebuttal at trial, including regarding the void June 25 order (Exhibits 19 & 20; Case No. 26-CV-03765-JES-DEB). **Pushing a trial track forward in open, rogue defiance of a perfected CCP § 916(a) appellate stay is an *ultra vires* act that completely divests the trial court of subject-matter jurisdiction (*Varian Medical Systems v. Delfino*). Any trial or order pushed in defiance of a § 916 stay is completely void *ab initio*** | *Varian Medical Systems v. Delfino* (2005) 35 Cal.4th 180; **The Sham Trial:** Any trial or order pushed in defiance of a § 916 stay is **completely void ab initio**). The state court is trying to launder the "poisoned fruits" into a final judgment before the federal court intervenes.;*M.L.B. v. S.L.J.* (1996) 519 U.S. 102

CCP §§ 2032.220 & 2032.230 and Cal. Code of Civil Procedure (CCP) §§ 1010 & 1015 (Mandatory service). **The Final Execution:** Pushing a trial track forward in open, rogue defiance of a perfected CCP § 916(a) appellate stay is an ultra vires act that divests the court of subject-matter jurisdiction. | **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including asymmetrical preclusion orders, trial-by-ambush protocols, and fraudulent judgment laundering—designed to shield ill-gotten financial extractions.

**RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial actors, enterprise co-conspirators, and opposing counsel to coordinate administrative blockades, defy appellate mandates, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme |

-487-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 06/25/26 | Enterprise Nexus, Judicial Protection & Laundering Fraud | Cal. Code of Civil Procedure § 916(a) (Total divestiture of trial court subject-matter jurisdiction); | Obstruction of Justice (18 U.S.C. § 1503): |
|---|---|---|---|
| | The state court aggressively engages in this systemic corruption and *ultra vires* enforcement for a singular, corrupt objective: **to launder the enterprise's "poisoned fruits," past extrinsic fraud, document forgeries, and unauthorized wire extractions into an unassailable final judgment before federal or appellate oversight can intervene.** By weaponizing asymmetrical preclusion orders, banning verbatim records, and ignoring statutory stays, the court acts as a willing co-conspirator and cover-up mechanism. **This cronyism ensures the racketeering enterprise is fully protected, stripping Plaintiff of her property and constitutional rights while insulating co-conspirators from liability under color of state law.** | *Varian Medical Systems v. Delfino* (2005) 35 Cal.4th 180; **The Sham Trial:** Any trial or order pushed in defiance of a § 916 stay is **completely void ab initio**). The state court is trying to launder the "poisoned fruits" into a final judgment before the federal court intervenes.; *M.L.B. v. S.L.J.* (1996) 519 U.S. 102 | Committing overt acts to corruptly influence, obstruct, and impede the due administration of justice by enforcing *ultra vires* trial tracks in direct defiance of appellate stays (CCP § 916), banning certified court reporters, executing unrecorded evidentiary blackouts, and laundering fraudulent instruments into final court decrees. |
| | | **CCP §§ 2032.220 & 2032.230** and Cal. Code of Civil Procedure (CCP) §§ **1010 & 1015** (Mandatory service). **The Final Execution:** Pushing a trial track forward in open, rogue defiance of a perfected CCP § 916(a) appellate stay is an ultra vires act that divests the court of subject-matter jurisdiction. | **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating the court's judicial and administrative machinery as an association-in-fact enterprise to execute a continuous pattern of racketeering acts—including asymmetrical preclusion orders, trial-by-ambush protocols, and fraudulent judgment laundering—designed to shield ill-gotten financial extractions. |
| | | | **RICO Conspiracy (18 U.S.C. § 1962(d)):** Engaging in an explicit agreement and meeting of the minds between judicial actors, enterprise co-conspirators, and opposing counsel to coordinate administrative blockades, defy appellate mandates, and maintain a closed procedural loop that perpetuates the enterprise's racketeering scheme |

-488-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| 07/03/26 | **UNRECORDED EVIDENTIARY BLACKOUT, NOTICE OF HARASSMENT & THE MANDATORY FEDERAL TRO INTERVENTION**<br><br>During the June 25 hearing, Judge Ferrara conducted an unrecorded evidentiary blackout, illegally denying a certified court reporter (*Jameson v. Desta*) and issuing asymmetrical preclusion orders. **Plaintiff filed a formal Notice of Harassment on July 3 demanding court minutes. As of today, the state court has stubbornly refused to provide the order or stay the trial**, pushing forward in open defiance of appellate mandates. Consequently, a **Temporary Restraining Order (TRO) hearing is now scheduled for August 19, 2026**, in the federal civil rights action (*Lancranjan v. Saatjian et al.*, Case No. 26-CV-03765-JES-DEB) to secure vital declaratory and injunctive relief from the federal judge | **Cal. Code Civ. Proc. § 916(a):** Violation of automatic statutory stays and exercising trial court jurisdiction while fully divested.<br><br>**Cal. Rules of Court, Rule 1.58**: Breaches regarding administrative court proceedings and record handling.<br><br>**Cal. Rules of Court, Rule 2.956**: Failure to provide and facilitate official court reporter reporting for proceedings (*Jameson v. Desta*) | **RICO Predicate Acts:** Obstruction of Justice (18 U.S.C. § 1503); Abuse of Process.**Obstruction of Justice (18 U.S.C. § 1503):** Willfully withholding court orders, refusing to stay proceedings, and executing unrecorded evidentiary blackouts to impede justice and shield co-conspirators from accountability.<br><br>**Abuse of Process:** Weaponizing administrative withholding and phantom docket controls to frustrate legal remedies and exhaust an indigent litigant.<br><br>**State Statutory Violations:** CCP § 916(a); CRC Rules 1.58, 2.956.<br><br>**Constitutional & Case Law:** *Jameson v. Desta* (5 Cal.5th 594); 14th Amend. (Equal Protection & Record Preservation). |

-489-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;**
~~**DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**~~

| 07/03 /26 | Enterprise Nexus, Legal Implications & Why Federal Intervention is Mandatory<br><br>The state court's refusal to issue written orders or stay the trial—while orchestrating an unrecorded evidentiary blackout—reveals the core enterprise nexus: the tribunal is weaponizing administrative obstruction to prevent appellate review and force a pre-determined sham trial. By denying basic procedural instruments while shielding co-conspirators, the state court acts as an active racketeering cover-up mechanism designed to launder fraudulent extractions under color of state law. Immediate federal intervention via the pending August 19 TRO is mandatory to halt these unconstitutional proceedings, enjoin the enforcement of void state decrees, and protect federal jurisdiction | Cal. Code Civ. Proc. § 916(a): Violation of automatic statutory stays and exercising trial court jurisdiction while fully divested.<br><br>Cal. Rules of Court, Rule 1.58: Breaches regarding administrative court proceedings and record handling.<br><br>Cal. Rules of Court, Rule 2.956: Failure to provide and facilitate official court reporter reporting for proceedings (*Jameson v. Desta*) | Obstruction of Justice (18 U.S.C. § 1503): Willfully withholding court orders, refusing to stay proceedings, and executing unrecorded evidentiary blackouts to impede justice and shield co-conspirators from accountability.<br><br>Abuse of Process: Weaponizing administrative withholding and phantom docket controls to frustrate legal remedies and exhaust an indigent litigant. 14th Amendment — Procedural Due Process: Deprivation of the fundamental right to a fair hearing, notice, and an opportunity to be heard. Willfully withholding court orders, executing unrecorded evidentiary blackouts, and blocking defensive filings destroy the procedural mechanisms required to defend against state-sanctioned deprivations of liberty and property.<br><br>14th Amendment — Equal Protection & Right of Access to Courts: Denial of meaningful access to the courts by obstructing an indigent litigant's rights, refusing official court records, and imposing asymmetrical preclusion orders that weaponize the judicial process against a vulnerable party while shielding monied opponents (*Jameson v. Desta*).<br><br>First Amendment — Right to Petition & Protection Against Retaliation: Weaponizing administrative gatekeeping, pre-filing restrictions, and phantom docket controls to penalize and silence a litigant for exercising the constitutional right to petition the government and seek federal civil rights remedies |

-490-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 07/02/25 | **THE SCHULMAN SECURITY BOND WEAPONIZATION, VL GAG RACKETEERING & THE JULY 6, 2026 "MERITORIOUS DISPUTE" VICTORY**<br><br>As documented in the federal TRO action (Case No. 26-CV-03765-JES-DEB) and **Exhibit 10**, Defendant Schulman Fiduciary—who committed professional malpractice—weaponized the very Vexatious Litigant (VL) to demand 50k security bond requirement under Cal. Code Civ. Proc. § 391.1 from the indigent that he caused after prejudicing her case (See exhibit 10) to obstruct Plaintiff's access to the court after he and the Enterprise caused the underlying orders, prejudice, destitution the VL gag order and abuse. By manipulating procedural security requirements, counsel facilitated an unlawful barrier to litigation, effectively extorting the community estate while creating an artificial financial threshold that Plaintiff, intentionally deprived of parity funds under Cal. Family Code § 2030, could not meet, violating 14th Amendment Due Process (*Boddie v. Connecticut*). | **Cal. Code Civ. Proc. § 391.1:** Improper application of security requirements to a party not subject to such conditions, or applied in a discriminatory manner to block access to the tribunal.<br><br>**Cal. Family Code § 2030:** Violation of the duty to ensure parity, as the bond requirement served only to insulate the wealthier party from litigation while creating a pay-to-play barrier for the indigent party | **14th Amendment Procedural Due Process:** The use of procedural security bonds to effectively bar a litigant from the court system is a structural denial of access and a violation of the right to be heard.<br><br>***Boddie v. Connecticut*, 401 U.S. 371 (1971):** Landmark precedent establishing that a state cannot deny access to the courts to indigent litigants solely on the basis of their inability to pay filing fees or security bonds |

-491-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 07/02/25 | Compounding this scheme, court clerks and enterprise actors engaged in aggressive VL gag racketeering—embargoing and outright refusing to process Plaintiff's electronic filings under fraudulent pretexts specifically designed to prevent her from litigating, after Schulman coordinated the gag order with the Enterprise. Despite this unlawful administrative blockade, Plaintiff successfully bypassed the digital blackout by hand-delivering her opposition directly to the judge's clerk. Through sheer persistence, Plaintiff won the July 6, 2026 order, securing an official Superior Court finding of a "meritorious dispute" in the Schulman Malpractice case (Case No. 25CU054361C). **This order( Exhibit 10) provide the definitive proof required by the federal judge in the RICO action**, establishing tangible evidence of the enterprise's coordination, bad-faith extortion, and judicial gatekeeping. | **Cal. Code Civ. Proc. § 391.1**: Improper weaponization of Vexatious Litigant security bond requirements to obstruct access to the court and create an artificial barrier to litigation.<br><br>**Cal. Family Code § 2030**: Violation of the duty to ensure financial parity, intentionally depriving an indigent litigant of parity funds while shielding monied parties.<br><br>**Cal. Code Civ. Proc. § 473(d) & Fiduciary Duty**: Statutory and legal breaches concerning fiduciary malpractice, fraudulent filings, and unverified extractions within the Schulman malpractice case (Case No. 25CU054361C) | **Obstruction of Justice (18 U.S.C. § 1503)**: Implementing fraudulent electronic filing embargoes, weaponizing VL gag rules to block opposition papers, and manipulating security bond requirements to impede justice and conceal fiduciary malpractice.**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c))**: Operating the court's administrative and docketing machinery as an association-in-fact enterprise to execute filing blackouts, extort financial assets, and protect co-conspirators.**RICO Conspiracy (18 U.S.C. § 1962(d))**: An explicit meeting of the minds and collusion between court clerks, fiduciaries, and opposing counsel to coordinate administrative blockades, subvert electronic filing systems, and maintain a closed protection racket designed to shield the syndicate from federal scrutiny—facts conclusively validated for the federal court via Exhibit 10 and the July 6, 2026 order. |

-492-

| 07/02/25 | Enterprise Nexus, Collusion & Ongoing Rights Abuses | Cal. Code Civ. Proc. § 391.1: | Obstruction of Justice (18 U.S.C. § 1503): |
|---|---|---|---|
| | This dynamic exposes a profound enterprise nexus and active collusion between court administrative staff and private racketeering actors. Court personnel weaponized their gatekeeping authority to enforce an illegal e-filing embargo, attempting to silence Plaintiff and shield the Schulman Fiduciary from malpractice liability. Even while continuing to abuse Plaintiff's fundamental rights, the unassailable weight of the truth broke through when the court was forced to recognize the "meritorious dispute." This establishes **collateral estoppel** against the enterprise, barring them from re-litigating these established facts of fiduciary fraud | Improper weaponization of Vexatious Litigant security bond requirements to obstruct access to the court and create an artificial barrier to litigation.

**Cal. Family Code § 2030**: Violation of the duty to ensure financial parity, intentionally depriving an indigent litigant of parity funds while shielding monied parties.

**Cal. Code Civ. Proc. § 473(d) & Fiduciary Duty**: Statutory and legal breaches concerning fiduciary malpractice, fraudulent filings, and unverified extractions within the Schulman malpractice case (Case No. 25CU054361C) | Implementing fraudulent electronic filing embargoes, weaponizing VL gag rules to block opposition papers, and manipulating security bond requirements to impede justice and conceal fiduciary malpractice.**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating the court's administrative and docketing machinery as an association-in-fact enterprise to execute filing blackouts, extort financial assets, and protect co-conspirators.**RICO Conspiracy (18 U.S.C. § 1962(d)):** An explicit meeting of the minds and collusion between court clerks, fiduciaries, and opposing counsel to coordinate administrative blockades, subvert electronic filing systems, and maintain a closed protection racket designed to shield the syndicate from federal scrutiny—facts conclusively validated for the federal court via Exhibit 10 and the July 6, 2026 order. |

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 07/06/26 | THE JULY 6, 2026 "MERITORIOUS DISPUTE" FINDING, THE SCHULMAN-BALDO RICO AMENDMENT & THE UNASSAILABLE PROOF OF THE ENTERPRISE<br><br>On July 6, 2026, the Superior Court entered an official, binding finding of a **"meritorious dispute"** in the Schulman Malpractice case (Case No. 25CU054361C) under **CCP § 473(d) and Fiduciary Duty**. This judicial finding represents a critical watershed moment in the litigation, legally destroying the enterprise's fabricated narrative of "vexatious" or baseless claims and exposing the systemic reality of fiduciary malfeasance. | CCP § 473(d) / Fiduciary Duty | Rico RICO Predicate Acts of the Enterprise (18 U.S.C. § 1961): **Obstruction of Justice (18 U.S.C. § 1503):** Utilizing administrative blockades, filing embargoes, and fraudulent security bond requirements to conceal fiduciary malpractice and impede judicial accountability. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating fiduciaries and legal channels as an association-in-fact enterprise to execute asset extractions and shield co-conspirators from liability. **Collateral Estoppel & Fraud Upon the Court:** Leveraging the July 6, 2026 "meritorious dispute" finding to estop defendants from denying established fiduciary fraud, proving a continuous pattern of corrupt manipulation of judicial machinery.<br><br>**Controlling Constitutional & Case Law:** *Collateral Estoppel* (Defendant cannot re-litigate established facts of fraud). |
|---|---|---|---|

-494-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | |
|---|---|---|
| 07/06/26 | **Enterprise Nexus, Legal Implications & Why the RICO Complaint Was Amended**<br><br>This order provides the definitive legal foundation and enterprise nexus explaining why Plaintiff amended her federal RICO action (Case No. 26-CV-03765-JES-DEB) to formally join Schulman and Baldo. The compiled evidence and this affirmative court finding prove that fiduciaries, attorneys, and administrative actors do not operate as isolated bad actors, but rather as an association-in-fact racketeering enterprise under 18 U.S.C. § 1961 et seq. They systematically coordinated to loot estates, weaponize Vexatious Litigant security bonds, enforce illegal e-filing embargoes, and manipulate state dockets to conceal their financial depredations.<br><br>**Proof for Trial and the Imperative for Federal Judicial Intervention:** To guide this United States District Court toward immediate equitable relief, this July 6, 2026 order—when viewed alongside the cumulative exhibits documenting unrecorded evidentiary blackouts, VL gag racketeering, and retaliatory trial tracks—operates as unassailable proof of Fraud Upon the Court and Obstruction of Justice. Under the doctrine of Collateral Estoppel, the enterprise defendants are legally barred from re-litigating these established facts of fraud. This order strips away the veneer of judicial immunity and state-court protection, demonstrating to the federal judge that the state forum has been fully co-opted as a laundering mechanism. Federal intervention is mandatory to halt these ongoing constitutional violations, prevent the finalization of sham judgments, and dismantle the syndicate's operational monopoly. | **Cal. Code Civ. Proc. § 916(a):** Violation of the mandatory, self-executing automatic appellate stay by the trial court in advancing trial tracks while foundational issues remain under active review in Appeal No. D086958.<br><br>**Cal. Code Civ. Proc. § 391.1(a):** Governing Vexatious Litigant security bond requirements, motion procedures, and the defense against unmerited financial barriers.<br><br>**Cal. Code Civ. Proc. § 473(d):** Governing void judgments, extrinsic fraud, and the legal challenge against instruments procured through contradictory declarations or perjury.<br><br>**Cal. Family Code § 2337:** Governing marital status bifurcations and statutory requirements for declarations of disclosure | **Rico RICO Predicate Acts of the Enterprise (18 U.S.C. § 1961): Obstruction of Justice (18 U.S.C. § 1503):** Utilizing administrative blockades, filing embargoes, and fraudulent security bond requirements to conceal fiduciary malpractice and impede judicial accountability. **Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating fiduciaries and legal channels as an association-in-fact enterprise to execute asset extractions and shield co-conspirators from liability. **Collateral Estoppel & Fraud Upon the Court:** Leveraging the July 6, 2026 "meritorious dispute" finding to estop defendants from denying established fiduciary fraud, proving a continuous pattern of corrupt manipulation of judicial machinery.<br><br>**Controlling Constitutional & Case Law:** *Collateral Estoppel* (Defendant cannot re-litigate established facts of fraud). |

-495-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | |
|---|---|---|
| 07/06/26 – 07/13/26 | **Formal Notice of Related Federal Actions & Judicial Obstruction Warning (Exhibit 20 ):** Plaintiff files and serves the "Notice of Related Federal Actions, Pending Federal Investigation, and Formal Objection to Proceedings" in San Diego Superior Court Case No. 23FL000584C. This notice formally places the state tribunal on record regarding active federal RICO (Case No. 26-CV-02817-BAS-VET) and Civil Rights § 1983 (Case No. 26-CV-3765-JES-DEB) actions, the July 6, 2026 Schulman malpractice minute order (*Lancranjan v. Schulman*, Case No. 25CU054361C) confirming "meritorious disputes" and perjured billing, and Anna Addleman's June 18, 2026 declaration detailing expert witness intimidation **Appellate-Level Administrative Blockade & Record Sabotage (Exhibit 20):** Plaintiff files formal notice in CA Court of Appeal (Case No. D086958) exposing trial court defiance of the CCP § 916 automatic stay and appellate record-blinding. Appellate clerk (LSILVA) rejects the filing via TrueFiling on July 13, 2026, under pretextual **administrative hurdles, proving systemic multi-tiered obstruction across both trial and appellate forums.** | **Cal. Code Civ. Proc. § 916(a):** Violation of the mandatory, self-executing automatic appellate stay by the trial court in advancing trial tracks while foundational issues remain under active review in Appeal No. D086958. **Cal. Code Civ. Proc. § 391.1(a):** Governing Vexatious Litigant security bond requirements, motion procedures, and the defense against unmerited financial barriers. **Cal. Code Civ. Proc. § 473(d):** Governing void judgments, extrinsic fraud, and the legal challenge against instruments procured through contradictory declarations or perjury. **Cal. Family Code § 2337:** Governing marital status bifurcations and statutory requirements for declarations of disclosure | **RICO Predicate Acts:** Obstruction of Justice (18 U.S.C. § 1503); Fraud Upon the Court; Conspiracy (18 U.S.C. § 1962(d)). **Constitutional & Case Law:** 14th Amend. (Due Process); *Varian v. Delfino* (Appellate Stay). **Constitutional & Case Law:** 14th Amend. (Due Process & Access to Courts); *Jameson v. Desta*; *Varian v. Delfino*. |

-496-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 07/15-16/26 | **BAD-FAITH DISCOVERY, DEMURRER ATTACKS & THE SCHULMAN MALPRACTICE EXHIBIT INTEGRATION (JULY–AUGUST 2026)**<br><br>Between July 15 and July 16, 2026, enterprise actors escalated their campaign of harassment through the bad-faith service of discovery and the filing of a Demurrer in active defiance of pending stays and the foundational revelations of the Schulman malpractice litigation. Building directly upon the official July 6, 2026 Minute Order establishing a **"meritorious dispute"** regarding unauthorized financial extractions and perjured declarations in *Lancranjan v. Schulman* (Case No. 25CU054361C, incorporated as **Exhibit A** in the July 13 Notice from Exhibit 20 of this Verified Complaint) and the Anna Addleman CPA Declaration (**Exhibit 13** documenting forensic obstruction and witness intimidation), these maneuvers highlight a continuous, malicious pattern of litigation abuse. To combat this ongoing onslaught, a formal **Motion for Stay is scheduled for August 14, 2026**, pursuant to *Paul v. Adam* and **Cal. Code Civ. Proc. § 916**, to halt the syndicate's weaponization of overlapping proceedings | *Paul v. Adam* / Cal. Rules of Court 3.1332; **Cal. Code Civ. Proc. § 2023.030**: Misuse of the discovery process, prohibiting bad-faith discovery tactics, unwarranted harassment, and abusive demands designed to drain an opposing party's resources.<br>**Cal. Code Civ. Proc. § 916(a)**: Violation of the mandatory, self-executing automatic appellate stay, which strips the trial court of subject-matter jurisdiction to advance trial tracks or entertain overlapping adversarial proceedings while appeals are pending.<br><br>**Cal. Code Civ. Proc. § 128.7**: Sanctions for bad-faith pleadings, demurrers, and motions filed improperly or primarily to cause unnecessary delay, harassment, and needless increases in the cost of litigation.<br><br>**Cal. Code Civ. Proc. § 436**: Striking out improper, sham, or irrelevant pleadings and demurrers filed to manipulate dockets and bypass substantive legal bars. | **Abuse of Process & Obstruction of Justice (18 U.S.C. § 1961 et seq.)**: Weaponizing bad-faith discovery demands and demurrers amidst active malpractice findings to harass the litigant, bypass mandatory stays, and conceal fiduciary fraud.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d))**: An explicit agreement and coordination among enterprise members to utilize overlapping state court dockets to punish the victim for exposing the Schulman-Truitt financial corruption.<br><br>**Controlling Case Law**: *Paul v. Adam* (Mandatory stay for overlapping litigation and the requirement to halt systemic litigation abuse). |

-497-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 07/15-16/26 | **Enterprise Nexus, Legal Implications & Why the Schulman Exhibits Are Critical**<br><br>Integrating the Schulman malpractice findings and supporting exhibits into this section is vital for the federal RICO court because it mathematically dismantles the enterprise's fabricated defense of "vexatiousness." While the state trial tribunal attempts to rush pre-determined trial tracks, the binding "meritorious dispute" finding proves that the underlying financial extractions, discovery blockades, and attorney misconduct are legitimate, actionable predicate acts of fraud. Under *Paul v. Adam*, the law mandates a stay of overlapping litigation specifically designed to prevent this exact type of bad-faith harassment and asset-draining retaliation. The integration of these exhibits provides the federal judge with indisputable proof that the state court dockets are being manipulated as an association-in-fact weapon to shield fiduciaries from accountability and punish a federal whistleblower. | *Paul v. Adam* / Cal. Rules of Court 3.1332; **Cal. Code Civ. Proc. § 2023.030**: Misuse of the discovery process, prohibiting bad-faith discovery tactics, unwarranted harassment, and abusive demands designed to drain an opposing party's resources.<br>**Cal. Code Civ. Proc. § 916(a)**: Violation of the mandatory, self-executing automatic appellate stay, which strips the trial court of subject-matter jurisdiction to advance trial tracks or entertain overlapping adversarial proceedings while appeals are pending.<br><br>**Cal. Code Civ. Proc. § 128.7**: Sanctions for bad-faith pleadings, demurrers, and motions filed improperly or primarily to cause unnecessary delay, harassment, and needless increases in the cost of litigation.<br><br>**Cal. Code Civ. Proc. § 436**: Striking out improper, sham, or irrelevant pleadings and demurrers filed to manipulate dockets and bypass substantive legal bars. | **Abuse of Process & Obstruction of Justice (18 U.S.C. § 1961 et seq.)**: Weaponizing bad-faith discovery demands and demurrers amidst active malpractice findings to harass the litigant, bypass mandatory stays, and conceal fiduciary fraud.<br><br>**RICO Conspiracy (18 U.S.C. § 1962(d))**: An explicit agreement and coordination among enterprise members to utilize overlapping state court dockets to punish the victim for exposing the Schulman-Truitt financial corruption.<br><br>**Controlling Case Law:** *Paul v. Adam* (Mandatory stay for overlapping litigation and the requirement to halt systemic litigation abuse). |

-498-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 08/14/26 | Scheduled Motion for Stay under *Paul v. Adam* to prevent ongoing litigation harassment RE Case No. 25CU054361C | *Paul v. Adam* / CCP § 916 | RICO Predicate Acts of the Enterprise (18 U.S.C. § 1961): Abuse of Process / Ongoing Racketeering; Controlling Constitutional & Case Law: *Paul v. Adam* (Requirement to halt abuse). |
|---|---|---|---|
| 08/19/26 | **Federal Civil Rights TRO Hearing (Case No. 26-CV-3765-JES-DEB):** Scheduled federal Temporary Restraining Order (TRO) hearing in the United States District Court for the Southern District of California, addressing state-created danger, unconstitutional court-enforced custody/property extractions, and First/Fourteenth Amendment retaliatory violations under 42 U.S.C. § 1983. | 42 U.S.C. § 1983; 18 U.S.C. § 1964 | **RICO Predicate Acts:** Obstruction of Justice (18 U.S.C. § 1503); Extortion under color of state law.<br><br>**Constitutional & Case Law:** 14th Amend. (Due Process); *DeShaney v. Winnebago County*. |

-499-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | |
|---|---|---|---|
| 08/24/25 – 08/28/25 | **The Trial of Deprivation:** The trial court is proceeding while defying the CCP 916 with a full trial on all issues, while Plaintiff was systematically deprived of her right to financial parity, proper discovery, and a neutral, fully informed tribunal. The court is forcing the proceedings to advance despite clear evidence of extrinsic fraud, discovery obstruction by Petitioner's counsel (Mr. Saatjian), and the unserved "Ghost Motion" of October 2024. These actions are occurring notwithstanding Plaintiff's documented pleas regarding a "state-created danger" affecting the minor child's custody and her own financial collapse, as detailed in the June 18, 2026, *ex parte* and its supporting Exhibition the 1983 Case 26CV3765-JES-DEB. The family trial court refused to address these life-safety and emergency financial crises, prioritizing the trial track over the minor child's welfare. | **Cal. Family Code § 2100 et seq.:** Violations of mandatory disclosure requirements, as the court allowed trial to proceed without compelling Petitioner to produce full, transparent accounting of the community estate and discovery obstruction.<br><br>**Cal. Code Civ. Proc. § 581:** Procedural failure to protect the integrity of the trial record from tainted evidence derived from unserved motions or orders procured via extrinsic fraud . | **6th & 14th Amendment Rights:** The court's abuse to steamroll a sham trial/ "trial by ambush," where Plaintiff is forced to litigate based on concealed assets and fabricated void forged and procured via extrinsic fraud orders, constitutes a denial of a fair trial.<br><br>*In re Marriage of Seagondollar*, 139 Cal.App.4th 1116 (2006): Appellate courts strictly forbid family courts from short-circuiting substantive rights and trying cases by ambush, is occurred here RE the August trial proceedings. |

-500-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| THE THREATENED TRIAL OF DEPRIVATION, MANDATORY CCP § 916 DEFIANCE & THE ENTERPRISE CO-CONSPIRACY | Cal. Family Code § 2100 et seq.: | Obstruction of Justice (18 U.S.C. § 1503): |
|---|---|---|

08/24/25 – 08/28/25

**THE THREATENED TRIAL OF DEPRIVATION, MANDATORY CCP § 916 DEFIANCE & THE ENTERPRISE CO-CONSPIRACY**

Unless restrained and enjoined by this United States District Court via the pending Temporary Restraining Order (TRO) hearing scheduled for **August 19, 2026**, in the civil rights action (*Lancranjan v. Truitt et al.*, Case No. 26-CV-03765-JES-DEB), the state trial court **will execute a catastrophic "Trial of Deprivation"** between **August 24 and August 28, 2026.** This scheduled proceeding advances a full trial on all issues in direct, rogue defiance of the mandatory, self-executing automatic appellate stay under **Cal. Code Civ. Proc. § 916.** Through this scheme, Plaintiff is systematically stripped of her right to financial parity, proper discovery, and a neutral tribunal, being forced to litigate based on concealed assets, fabricated orders, and unserved "Ghost Motions" from October 2024. These actions occur in open disregard of documented pleas regarding a "state-created danger" affecting the minor child's custody and financial collapse, as detailed in the June 18, 2026 *ex parte* and supporting Exhibit W in Case No. 26-CV-03765-JES-DEB. The court callously refuses to address life-safety and emergency financial crises, prioritizing a pre-determined trial track over the minor child's welfare in direct violation of **Cal. Family Code § 2100 et seq., Cal. Code Civ. Proc. § 581, 6th and 14th Amendment Due Process and Fair Trial Rights**, and *In re Marriage of Seagondollar*, 139 Cal.App.4th 1116 (forbidding family courts from short-circuiting substantive rights and trying cases by ambush)

**Cal. Family Code § 2100 et seq.:** Violations of mandatory fiduciary disclosure requirements, allowing trial proceedings to advance without compelling the Petitioner to produce a full, transparent accounting of the community estate and ignoring active discovery obstruction.

**Cal. Code Civ. Proc. § 581:** Procedural failure to protect the integrity of the trial record, allowing trials to proceed on tainted evidence derived from unserved motions, ghost orders, and instruments procured via extrinsic fraud.

**Cal. Code Civ. Proc. § 916(a):** Violation of the mandatory, self-executing automatic appellate stay, which completely divests the trial court of subject-matter jurisdiction to conduct trial proceedings while foundational issues remain under review.

**Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede justice by willfully defying CCP § 916 appellate stays, forcing trials by ambush on unserved evidence, ignoring child safety crises, and laundering fraudulent instruments into final court judgments.**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating the court's judicial and administrative machinery as an association-in-fact enterprise to execute coordinated asset stripping, enforce illegal pre-filing embargoes, and protect co-conspirators from criminal liability.**RICO Conspiracy (18 U.S.C. § 1962(d)):** An explicit meeting of the minds and corrupt collusion between trial judges, administrative clerks, opposing counsel, and fiduciaries to coordinate jurisdictional bypasses, maintain a closed procedural loop, and perpetuate the enterprise's racketeering scheme across dockets

-501-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| 08/24/25 – 08/28/25 | **Enterprise Nexus, Trial Court Cronyism, Conspiracy & Willful Blindness**<br><br>**This institutional misconduct exposes the true depth of the enterprise nexus and trial court cronyism: the state tribunal is willfully blinding itself to its mandatory jurisdictional divestment under CCP § 916 because it operates as an active co-conspirator and protection racket for the racketeering syndicate. By ignoring binding appellate stays and forcing a "trial by ambush" on tainted, unserved evidence, the court acts as the enforcement arm of the enterprise. This conspiracy is engineered for a singular, corrupt objective—to bypass higher oversight, shield the syndicate's prior forgeries, embezzlement, and fiduciary malpractice from exposure, and launder the "poisoned fruits" of unverified financial extractions into final, unassailable judicial decrees under color of state law, permanently stripping Plaintiff of her property and parental rights unless halted by federal intervention.** | Cal. Family Code § 2100 et seq.: Violations of mandatory fiduciary disclosure requirements, allowing trial proceedings to advance without compelling the Petitioner to produce a full, transparent accounting of the community estate and ignoring active discovery obstruction.<br><br>Cal. Code Civ. Proc. § 581: Procedural failure to protect the integrity of the trial record, allowing trials to proceed on tainted evidence derived from unserved motions, ghost orders, and instruments procured via extrinsic fraud.<br><br>Cal. Code Civ. Proc. § 916(a): Violation of the mandatory, self-executing automatic appellate stay, which completely divests the trial court of subject-matter jurisdiction to conduct trial proceedings while foundational issues remain under review. | **Obstruction of Justice (18 U.S.C. § 1503):** Committing overt acts to corruptly influence, obstruct, and impede justice by willfully defying CCP § 916 appellate stays, forcing trials by ambush on unserved evidence, ignoring child safety crises, and laundering fraudulent instruments into final court judgments.**Conducting an Enterprise Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(c)):** Operating the court's judicial and administrative machinery as an association-in-fact enterprise to execute coordinated asset stripping, enforce illegal pre-filing embargoes, and protect co-conspirators from criminal liability.**RICO Conspiracy (18 U.S.C. § 1962(d)):** An explicit meeting of the minds and corrupt collusion between trial judges, administrative clerks, opposing counsel, and fiduciaries to coordinate jurisdictional bypasses, maintain a closed procedural loop, and perpetuate the enterprise's racketeering scheme across dockets |

-502-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

**NOTICE TO THE COURT REGARDING Supplemental Comprehensive  MATRIX A**

1.  **Illustrative Nature of Evidence:** The exhibits and predicate acts detailed in this matrix are illustrative and not exhaustive. The Plaintiff, appearing *In Pro Per*, submits these records to provide the Court with a definitive roadmap of the Enterprise's racketeering activity.

2.  **Reservation of Rights:** Plaintiff reserves the right to amend, supplement, or expand this matrix as further evidence is obtained through the federal discovery process. Plaintiff intends to prove the full scope of this "Meeting of the Minds" and the Enterprise's systemic corruption of the judicial process through additional evidence to be presented at trial.

3.  **Request for Adverse Inference:** Defendants possess the full chain of communications regarding their coordination, which they have thus far refused to produce. Their refusal to provide the complete record of their "Adversarial Theater" is an act of evidence suppression. Plaintiff respectfully requests that the Court draw an adverse inference that the withheld documents contain further, even more egregious evidence of the conspiracy and RICO violations alleged herein.

4.  **Pro Se Authority:** Plaintiff *In Pro Per* asserts her right to personally testify regarding these exhibits. These documents represent the primary evidentiary backbone of the Verified Complaint and, when coupled with Plaintiff's testimony, will demonstrate that this matter is not a standard domestic dispute, but a sophisticated racketeering enterprise masquerading as a legal proceeding.

-503-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

**MASTER COMPREHENSIVE CHRONOLOGICAL RICO CLAIM MATRIX: LANCRANJAN v. SAATJIAN, et al.**

Advisory Note: This matrix is not exhaustive and represents only a summary of the predicate acts of the enterprise as set forth in the verified supplemental forensic matrix. Full details, supporting documentation, and comprehensive evidence will be provided at court, as incorporated by reference into Matrix A, Exhibit 1, and the verified complaint.

-504-

**MASTER COMPREHENSIVE CHRONOLOGICAL RICO CLAIM**

**MATRIX: LANCRANJAN v. SAATJIAN, et al.**

| Date / Time frame | Enterprise & Actors | Pattern of Racketeering Activity (Predicate Acts & Conduct) | Injury / Concrete Damages (Per Date) | Supporting Exhibits & Referenced Court Records |
|---|---|---|---|---|
| Jan. 2023 – Present | Defendant Peter Saatjian, fiduciary David Schulman, Matt Blado, and co-conspirators . | **Extortionate Leverage, Systemic Wire Fraud, & RICO Conspiracy:** Orchestrated baseline financial starvation and locked Plaintiff out of the estate using continuous wire fraud, perjury, and extortion. | Complete deprivation of liquid capital, loss of use and investment yields; massive out-of-pocket mitigation costs. Total base damages > $650,500.00; Treble Damages Demand > $1,951,500.00 (18 U.S.C. § 1964(c)). | • **Exhibits:** Exhibit 1 (RICO Ledger), Exhibit 2 (Emotional Distress Ledger), Exhibit 3 (McIntyre Ethics Decl.)  • **Courts:** U.S. District Court (SDCA, Case No. 26-CV-02817-BAS-VET); San Diego Superior Court (Case No. 23FL000584C) |

-505-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | | | |
|---|---|---|---|---|
| **May 31, 2024** | Defendant Saatjian and co-conspirators. | **FCS Recommendation Suppression & Obstruction:** Neutral Family Court Services expert formally recommends granting Plaintiff's move-away request to Boston as primary caregiver, which Enterprise immediately moves to suppress via bad-faith *ex parte* maneuvers. | Deprivation of procedural parity; pre-conditioning of tribunal via manufactured hostility to sabotage relocation and executive career prospects. | • **Exhibits:** Exhibit 1, Exhibit 2, Exhibit 11<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| Date | Defendant | Description | Harm | References |
|---|---|---|---|---|
| June 13, 2024 | Defendant Saatjian and fiduciary Schulman. | **The Trapdoor Protocol (FOAH Omission):** Court orally orders an asset freeze, but attorney Saatjian intentionally omits this term from the written FOAH to create an enforcement vacuum and facilitate subsequent unauthorized asset seizures. | Creation of an enforcement vacuum allowing unmonitored dissipation of community assets. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| July 24, 2024 | Defendant Saatjian. | **Initial Fee-Churning Protocol:** Files a bad-faith, emergency *ex parte* fabricating "parental alienation" strictly to override and suppress the sealed neutral FCS move-away report. | Forced defensive posture and immediate generation of baseless litigation fees. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-507-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| | | The $150k Trust Extraction & Quid Pro Quo (Disarmament Protocol): Unauthorized siphoning of frozen community funds without client signature or court order into Schulman's trust. Schulman drops the protective asset-freeze *ex parte* in exchange. | Loss of $150,000 in liquid estate capital; absolute destruction of the "equality of arms". | • **Exhibits:** Exhibit 6 (Attachment B & D), Exhibit 18 ("Meeting of the Minds" Email)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| Oct. 2, 2024 | Defendant Saatjian and fiduciary Schulman. | | | |

-508-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Oct. 3, 15, 24, & Late Oct. 2024 | Fiduciary Schulman, Matt Blado, and Defendant Saatjian. | **Abuse of Process & Extrinsic Fraud:** Weaponized *ex parte* procedures, froze estate without notice, and filed unserved "ghost motions" (Oct 15 discovery declaration) to manufacture false defaults; converted short-cause relocation hearing into multi-day trial. | Total deprivation of procedural due process (14th Amendment); severe procedural prejudice; $25,000 in retaliatory sanctions; inflation of defensive litigation; emotional distress regarding Boston relocation sabotage. | • **Exhibits:** Exhibit 6 (Attachment E - ROA confirming no Proof of Service), Exhibit 10 (July 6, 2026 Minute Order), Exhibit 18<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |

-509-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Oct. 22 & Nov. 12, 2024 | Defendant Saatjian, Schulman, and Blado. | **Federal Wire Fraud & Perjury:** Transmitted fraudulent FL-180 Bifurcation Judgment via interstate wires; committed perjury by marking "Stipulation" without signature and falsely swearing disclosures were exchanged. | Fraudulent concealment of a $1,000,000+ estate (including Cerevance/ Vividian stock incentives); permanent deprivation of property rights. | • **Exhibits:** Exhibit 5 (FL-180 Bifurcation Judgment), Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |
| --- | --- | --- | --- | --- |
| Nov. 5, 2024 (Signed Mar. 18, 2025) | Defendant Saatjian and Matt Blado. | **Federal Wire Fraud & Extrinsic Fraud:** Coerced ratification of the $150,000 theft piecemeal; submitted false FOAH; withheld service under CRC 5.125. | Unlawful cover-up of the $150,000 theft; escalation of mitigation legal fees. | • **Exhibits:** Exhibit 3, Exhibit 6 (Attachment A), Exhibit 15 (March 18, 2025 Transcript)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-510-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Jan. 7 & Jan. 9, 2025 | Defendant Saatjian and Matt Blado. | **Shadow Representation Sanctions & Educational Lockout:** Attorney Blado makes unauthorized appearance at Jan 7 hearing, securing $3,500 in void sanctions; Jan 9 order shatters child's status quo, stripping homeschooling rights and modifying custody via unserved order based on perjured tax statuses. | $3,500 in void financial sanctions; severe psychological trauma to minor child; unconstitutional destruction of parental decision-making rights. | • **Exhibits:** Exhibit 1, Exhibit 6, Exhibit 16 (January 9, 2025 Transcript)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| Feb. 4, 2025 | Defendant Saatjian and Matt Blado. | **Federal Wire Fraud & Perjury:** Transmitted fraudulent declarations via interstate wires; committed perjury swearing Plaintiff failed to provide disclosures while concealing December 2024 service. | $1,500 in void financial penalties; forced escalation of out-of-pocket legal mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 10<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-511-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Mar. 4 – Mar. 18, 2025 | Trial Tribunal and Enterprise Defendants. | **Systemic Integration (Whistleblower Ignored):** Court receives formal written notice from pro se Plaintiff exposing Schulman/ Blado malpractice and lack of service, but affirmatively suppresses notice to protect the Enterprise workflow. | Total breakdown of judicial neutrality; systemic denial of CCP § 473(b) mandatory relief. | • **Exhibits:** Exhibit 1, Exhibit 3<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Mar. 18, 2025 | Defendant Saatjian and Matt Blado. | **Operational Culmination / Retainer Theft:** Court prejudges credibility based on void motion; Attorney Blado substitutes out on eve of trial, absconding with Plaintiff's last $15,000 relocation trial retainer. | Total loss of trial retainer funds; absolute structural defenselessness on the eve of trial. | • **Exhibits:** Exhibit 1, Exhibit 15<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-512-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Feb. – June 2025 | Defendant Saatjian and Matt Blado. | **Extortionate Leverage & Manufactured Crises:** Advised unilateral breach of cooperative agreements while Plaintiff was paralyzed by asset freeze, using resulting terror as leverage. | $6,500 ($1,500 on Feb 4 and $5,000 on Mar 18, 2025) in void sanctions and extreme mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| Apr. 9, 2025 | Opposing counsel and Tribunal. | **CRC 5.125 Violation & Two-Tiered Justice Admission:** Secret filing of fabricated FOAH forcing turnover of unredacted privileged legal bills; judge explicitly admits in open court that this is "the process with self-represented litigants". | Violation of absolute attorney-client privilege (Evid. Code § 954); institutionaliz ation of discriminatory two-tiered process. | • **Exhibits:** Exhibit 6, Exhibit 17<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-513-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Mar. 18 & Apr. 29, 2025 | Defendant Saatjian and Matt Blado. | **Extrinsic Fraud & Destruction of Privilege:** Withheld FOAH despite oral ruling preserving privilege; submitted fabricated FOAH claiming waiver; sua sponte court ambush stripping absolute attorney-client privilege. | $5,000 in void sanctions; unconstitutional destruction of evidentiary privilege; $15,000 wasted retainer; 4th Amendment unreasonable seizure of private legal files. | • **Exhibits:** Exhibit 1, Exhibit 6, Exhibit 17 (April 29, 2025 Transcript)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| May 7, 2025 | Trial Tribunal and Saatjian. | **Trial by Ambush Ratification:** Court denies *ex parte* stay, refusing to freeze assets even after Truitt admits under oath he is unemployed, while permitting a data dump of 45 late-served trial exhibits 5 days prior to trial. | Career-destroying economic sabotage; systemic pre-judgment of credibility. | • **Exhibits:** Exhibit 1, Exhibit 14<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-514-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | | |
|---|---|---|---|---|
| May 12–19, 2025 | Defendant Saatjian. | **The Kangaroo Court (Move-Away Trial Ambush):** Executed evidentiary hearing by ambush; illicitly obtained and weaponized privileged employment records (dating back to 2018) to sabotage interstate relocation; shifted burden of proof under *Burgess* without notice. | Destruction of executive career trajectory; forfeiture of Vice President position at State Street Bank (> $150,000 value); loss of Boston relocation. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-515-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| May 15, 16, & June 24, 2025 | Defendant Saatjian. | **Criminal Forgery & Court Reporter Sabotage:** Physically typed Plaintiff's signature onto May 15 and June 24 FOAHs without consent; transmitted forgeries via interstate wires; court reporter agency abruptly cancels on indigent Plaintiff to exclusively contract with abuser. | $115,000 unlawfully extracted and converted via forgery; destruction of official record neutrality. | • **Exhibits:** Exhibit 3 (McIntyre Decl.), Exhibit 6 (Attachment A - Primary Forgery)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| May 16, 2025 | Judge Morris. | **Usurpation of Jurisdiction (Illegal Self-Strike):** Judge Morris illegally self-strikes Plaintiff's 1st Statement of Disqualification alleging his own complicity in extrinsic fraud, operating as a judge in his own cause. | Complete nullification of trial neutrality; violation of CCP § 170.3 and *Tumey v. Ohio*. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-516-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| May 20, 2025 | Defendant Saatjian and Tribunal. | **Financial Starvation Mandate (Parity Blockade):** Court allocates $5,000/month from community estate to opposing counsel while categorically denying parity to indigent Plaintiff ("Catch-22": no retainer = no fees). | Proximate facilitation of $115,000 extraction; systemic state-sponsored financial death spiral and denial of counsel. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| --- | --- | --- | --- | --- |
| May 21 – May 22, 2025 | Trial Tribunal. | **Ex Parte Denial & Privilege Seizure:** Court summarily denies emergency stay on unredacted billing turnover; solidifies sua sponte privilege breach. | Complete unconstitutional invasion of private legal strategy and work product. | • **Exhibits:** Exhibit 1, Exhibit 17<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-517-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| May 27 – May 29, 2025 | Court of Appeal (Case No. D086112). | **The Appellate Blockade Protocol:** Plaintiff files 1,500-page Writ of Mandate challenging void SOD self-strike; COA summary denials across multiple emergency writs create a safe harbor for trial court. | Systemic failure of appellate oversight; exhaustion of state remedies. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** Court of Appeal (Case No. D086112) |
| --- | --- | --- | --- | --- |
| June 6, 2025 | Trial Tribunal. | **The Collection Agency for Abuse (DVRO Denial):** Court denies emergency *ex parte* DVRO and rent relief while abuser hoards $700k, leading to imminent eviction brink. | Imminent homelessness and child peril; Hobbs Act extortion completed. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-518-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| June 10, 2025 | Defendant Saatjian. | **The Catch-22 Privilege Trap:** Court demands surrender of privileged attorney emails to "prove" malpractice before granting statutory relief under CCP § 473(b). | Absolute forced forfeiture of attorney-client privilege as an unconstitutional condition. | • **Exhibits:** Exhibit 1, Exhibit 17<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| June 17 – June 18, 2025 | Trial Tribunal. | **Procedural Sabotage & Eviction Brink:** Court allows secret *ex parte* submission of disputed April 29 FOAH (CRC 5.125 violation); routes community funds exclusively to landlord while withholding liquid survival funds. | State-sponsored financial coercive control and manufactured housing distress. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-519-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| June 17 – Aug. 20, 2025 | Defendant Truitt and Tribunal. | **The Vista Relocation Ambush & Commute Torture:** Abuser secretly relocates to Vista without mandatory 45-day notice (Fam. Code § 3024); court forces 6-year-old kindergartener into grueling multi-hour weekly and school commutes (Vista/Clairmont). | Extreme physical exhaustion and psychological harm to minor child; skyrocketing transport costs draining indigent mother. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| June 24, 2025 | Trial Tribunal and Saatjian. | **Coerced Distribution Extortion:** Forced acceptance of $105,000 under duress of starvation, retroactively legitimizing the $150k trust siphoning and Schulman's $36,500 lien via forged FOAH. | Defect of consent (Civ. Code § 1567); unconstitutional taking of property. | • **Exhibits:** Exhibit 3, Exhibit 6 (Attachment A)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-520-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| June 10 & July 8, 2025 | Defendant Saatjian. | **Perjury re: Appellate Writs & Privilege Stripping:** Committed active perjury on July 8 falsely stating Supreme Court writ was denied; weaponized April FOAH to force unredacted defense billing disclosures. | Absolute destruction of constitutional attorney-client privilege; massive accumulation of out-of-pocket appellate costs. | • **Exhibits:** Exhibit 1, Exhibit 9 (Appellate Records)<br><br>• **Courts:** Court of Appeal (Case No. D086316 / D086958); CA Supreme Court (Case No. S291306); U.S. Supreme Court |
| --- | --- | --- | --- | --- |
| July 8, 2025 | Defendant Saatjian. | **Active Perjury in Open Court:** Falsely represents to trial court that Plaintiff's California Supreme Court petition has already been denied to accelerate privilege stripping. | Impairment of appellate process and judicial deception. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-521-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| July 9 – July 11, 2025 | COA (D086316), CA Supreme Court (S291306), and Trial Court. | **The Appellate Abandonment & Privilege Destruction:** COA denies writ; CA Supreme Court delays via fee waiver notice; forced under duress to surrender unredacted billing statements to avoid contempt. | Irrevocable destruction of attorney-client privilege (Evid. Code § 954); 4th Amendment unreasonable seizure. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** Court of Appeal (Case No. D086316); CA Supreme Court (Case No. S291306) |
|---|---|---|---|---|
| July 11, 2025 | Opposing Counsel. | **The Criminal FOAH Forgery & Wire Fraud ($115k Siphon):** Typed signature onto June 24 FOAH to siphon $115,000 from trust into abuser's control; confirmed as "Moral Turpitude" by Edward J. McIntyre. | $115,000 unlawfully extracted via forgery; complete collapse of due process. | • **Exhibits:** Exhibit 3 (McIntyre Decl.), Exhibit 6 (Attachment A)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-522-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Aug. 5, 2025 | Judge Morris. | **The In-Chambers Blackout:** Summarily denies 20-page DVRO/ emergency child endangerment petition in chambers without a hearing or court reporter, writing "Nothing supports emergency court intervention". | Structurally void tribunal; state-sponsored child endangerment. | • **Exhibits:** Exhibit 1, Exhibit 3<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| --- | --- | --- | --- | --- |
| Aug. 4 – Aug. 8, 2025 | COA (D086512), US Supreme Court, Trial Court. | **The August Blockade (Absolute Exhaustion):** Exhaustion of all highest-level remedies including U.S. Supreme Court; COA summarily denies Writ of Supersedeas in 1 sentence, ratifying child commute abuse. | Complete exhaustion of all state remedies; absolute proof of structural state incapacity. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** Court of Appeal (Case No. D086512); U.S. Supreme Court |

-523-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Aug. 11 – Oct. 6, 2025 | Judge Morris. | **Move-Away Sabotage & Rule 3.1590(k) Violation:** Issues Final Statement of Decision denying Boston relocation by flipping *Burgess* burden of proof; ignores FCS recommendation; refuses hearing on formal objections before signing. | Deprivation of fundamental parenting rights; geographic entrapment in San Diego. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |
|---|---|---|---|---|
| Aug. 28, 2025 | Judge Morris and Saatjian. | **Discovery Blackout & Judicial Intimidation:** Summarily denies Motion to Compel Cerevance/ 401(k) assets; judge threatens pro se mother with bailiff ("sit in the back") and mocks 1st Amendment ("Just go away"). | 1st Amendment chill; shielding of millions in concealed assets. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-524-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Sept. 2, 2025 | Judge Morris. | **The Due Process Blockade & Court Reporter Threat:** Denies CCP § 473(d) motion to vacate void Jan 7 order as "untimely"; threatens to revoke fee-waiver court reporter ("let them know to say no"); refuses Statement of Decision ("no. We're not doing this") and withholds signature. | 1st/14th Amendment violation; denial of court record and appellate tracks. | • **Exhibits:** Exhibit 1, Exhibit 8, Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |

-525-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Judge | Description | Harm | Exhibits & Courts |
|---|---|---|---|---|
| Sept. 4, 2025 – Jan. 28, 2026 | Judge Morris and Saatjian. | **Calendar Weaponization & Bait-and-Switch Cancellation:** Forces cruel ultimatum (one topic or 7-month delay to April 2026); subsequently allows abuser to file improper *ex parte* on Jan 26, 2026, to cancel April hearing entirely. | Intentional financial ruin and homelessness via manufactured court delays. | • **Exhibits:** Exhibit 1, Exhibit 13<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Sept. 10, 2025 | Judge Morris and Saatjian. | **The Phantom Docket & DVRO Strip:** Summarily denies DVRO without hearing; admonishes mother for not accepting "new normal"; imposes retaliatory $5,000 fine; withholds judge's signature for 8+ months (Phantom Docket). | $5,000 retaliatory penalty extracted; absolute destruction of state safety valve. | • **Exhibits:** Exhibit 1, Exhibit 3<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086512) |

-526-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Sept. 10 – Oct. 27, 2025 | COA and Trial Tribunal. | **Absolute Appellate Failure (The RICO Playbook):** COA dismisses appeal without prejudice due to missing signature while refusing supervisory mandate; mother drafts FOAH on Oct 27, judge still refuses to sign. | Textbook systemic failure proving absolute state-level futility for federal intervention. | • **Exhibits:** Exhibit 1, Exhibit 9 <br><br> • **Courts:** Court of Appeal (Case No. D086512) |
| Oct. 6, 2025 – May 5, 2026 | Trial Tribunal and COA Presiding Judge. | **The Phantom Docket & § 916 Appellate Sabotage:** Trial court ignores automatic stay under CCP § 916; executes signature blockades; secretly back-doors signed FOAHs months later after COA dismissals. | Unconstitutional prior restraint on right to petition; structural deprivation of access to courts. | • **Exhibits:** Exhibit 1, Exhibit 9 <br><br> • **Courts:** Court of Appeal (Case No. D086958); San Diego Superior Court |

-527-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | | |
|---|---|---|---|---|
| Oct. 15 – Oct. 20, 2025 | U.S. Supreme Court (No. 25-6059 & 25-6150). | **U.S. Supreme Court Escalation & Denial:** Emergency petition for certiorari and stay filed warning of extortionist counsel; summarily denied on Jan 12, 2026. | Complete exhaustion of federal judicial avenues at Supreme Court level. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** U.S. Supreme Court |
| Oct. 22 – Oct. 28, 2025 | Tribunal and Truitt. | **The Contempt Trap & Emergency Denial:** Older Audi vehicle breaks down ($9,434 repair); court denies emergency repair/transport funds, trapping mother in "impossibility" contempt trap. | State-sponsored child endangerment and forced transportation crisis. | • **Exhibits:** Exhibit 1, Exhibit 2<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-528-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Oct. 26 & Nov. 21, 2025 | Defendant Saatjian. | **Federal Extortion (18 U.S.C. § 1951):** Transmitted written emails threatening District Attorney prosecution and manufacturing restraining orders if civil claims not abandoned (confirmed as extortion/moral turpitude by Edward J. McIntyre). | Extreme emotional terror; severe compounding mitigation costs for appellate/writ litigation. | • **Exhibits:** Exhibit 3 (McIntyre Decl.), Exhibit 4 (DA Email Confirmation), Exhibit 7 (Extortionate Emails)<br><br>• **Courts:** U.S. District Court (SDCA); San Diego District Attorney's Office |
|---|---|---|---|---|
| Nov. 3 – Nov. 6, 2025 | Judge Morris and Saatjian. | **The Extortion Blockade & Expert Suppression:** Court suppresses McIntyre ethics declaration confirming criminal extortion, mischaracterizing disqualification motion as an attack on the judge. | Structurally biased tribunal; denial of Canon 3(D)(2) corrective action. | • **Exhibits:** Exhibit 1, Exhibit 3<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-529-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Nov. 5 – Nov. 6, 2025 | Judge Morris and Clerk's Office. | **The Disqualification Trap (2nd SOD):** Judge strikes 2nd SOD via record falsification; clerk's office delays file-stamping ("Under Review") to sabotage 10-day writ deadline. | Unconstitutional prior restraint and administrative blockade of access to appellate court. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| --- | --- | --- | --- | --- |
| Nov. 5, 2025 – Jan. 8, 2026 | COA, Trial Court, and Counsel (Ms. Lee). | **The COA Directive & Coerced Dismissal:** COA denies stay without prejudice to file disqualification motion; trial court/counsel issue ultimatum under duress: dismiss disqualification or counsel abandons client. | Coerced waiver of constitutional petition rights under threat of immediate abandonment. | • **Exhibits:** Exhibit 1, Exhibit 13<br><br>• **Courts:** Court of Appeal; San Diego Superior Court |

-530-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Nov. 6, 2025 | Judge Morris. | **The Record Erasure & Trial Continuance Blockade:** Denies trial continuance despite expert inability to testify; officially denies presence of physical court reporter. | Destruction of verbatim transcript and violation of *Oliveros* trial fairness standards. | • **Exhibits:** Exhibit 1, Exhibit 13<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Nov. 6 – Nov. 19, 2025 | CA Supreme Court (Case S294010). | **The Second Illegal Strike & Supreme Court Denial:** Trial judge strikes 2nd SOD; CA Supreme Court (Chief Justice Guerrero) summarily denies petition and stay. | Finalization of state judicial indifference to structural disqualification defects. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** CA Supreme Court (Case No. S294010) |

-531-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Actor | Conduct | Harm | Evidence |
|---|---|---|---|---|
| Nov. 6 & Dec. 2, 2025 | Defendant Saatjian. | **Witness Tampering & Obstruction (18 U.S.C. § 1512):** Defies court order to transmit indexed compendium to forensic expert Addleman by dumping unindexed data; publishes public smear declaration attacking Addleman's integrity, forcing her firm to resign. | Resignation of forensic expert; absolute suppression of financial accounting evidence. | • **Exhibits:** Exhibit 1, Exhibit 12 (Addleman Analysis & Decl.)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Nov. 18, 2025 | Trial Tribunal. | **Ratification of Forgery Forfeiture:** Refuses to set aside June 24 FOAH despite certified proof of forged signature block. | Judicial laundering of completed forgery into court record. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-532-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Nov. 20, 2025 | Defendant Saatjian and Tribunal. | **Ratification of Void Bifurcation & Retaliatory $10,000 Extraction:** Denies motion to set aside void bifurcation; weaponizes stolen unredacted billing records to levy $10,000 retaliatory sanction and falsify minute order. | $10,000 retaliatory penalty; unconstitutional condition stripping attorney-client privilege. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| Nov. 22 – Dec. 1, 2025 | COA (D086958) and CA Supreme Court (S294114). | **Writ of Supersedeas Appellate Blockade:** Summary denial of emergency stay enforcing CCP § 916 automatic stay against void trial tracks. | Active defiance of statutory appellate divestiture (*Varian v. Delfino*). | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** Court of Appeal (Case No. D086958); CA Supreme Court (Case No. S294114) |

-533-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Nov. 25, 2025 | San Diego DA Public Integrity Unit and Tribunal. | **3rd SOD & State-Created Danger:** DA confirms active extortion investigation against Saatjian; trial court refuses stay, forcing pro se mother to be cross-examined by her extortionist. | Violation of 5th Amendment privilege and *In re Murchison* fair tribunal standards. | • **Exhibits:** Exhibit 1, Exhibit 4<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); San Diego District Attorney's Office |
| --- | --- | --- | --- | --- |
| Dec. 1, 2025 | Judge Morris. | **The Third Illegal Strike:** Issues void in-chambers order striking 3rd SOD as "untimely" and "successive". | Continuation of judge acting in his own cause. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-534-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| Date | Defendant | Action | Harm | References |
|---|---|---|---|---|
| Dec. 2, 2025 | Defendant Saatjian and Judge Morris. | **The Vexatious Litigant Retaliation & Custody Ambush:** Procures unconstitutional "Vexatious Litigant" pre-filing injunction (CCP § 391.7); modifies custody in retaliation; ignores 5th Amendment invocation; denies parity. | Total deprivation of 1st Amendment access to courts; thousands in forced appellate mitigation fees. | • **Exhibits:** Exhibit 1, Exhibit 8 (Vexatious Litigant Order), Exhibit 9<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |
| Dec. 11 – Dec. 30, 2025 | COA (D087285) and CA Supreme Court (S294405). | **The Appellate Trap & Supreme Court Denial:** COA weaponizes void VL status to block writ review; CA Supreme Court summarily denies review, completing closed-loop gag. | Extinguishment of whistleblower's right to seek appellate redress. | • **Exhibits:** Exhibit 1, Exhibit 9<br><br>• **Courts:** Court of Appeal (Case No. D087285); CA Supreme Court (Case No. S294405) |

-535-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Jan. 5, 2026 | Defendant Saatjian. | **Ex Parte Ambush & Evidentiary Erasure:** Submits unserved, forged FOAHs in *ex parte* attempt to seize custody of son to Delaware; denies Plaintiff right to present evidence. | "Trial by ambush" violating *Seagondollar* precedents. | • **Exhibits:** Exhibit 1, Exhibit 6<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| Jan. 8, 2026 | Trial Tribunal and Counsel. | **Coerced Stipulation:** Forces coerced stipulation under duress with attorney under criminal DA investigation, abandoning disqualification motion. | Void consent under Civ. Code § 1567; structural nullification of voluntariness. | • **Exhibits:** Exhibit 1, Exhibit 13<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-536-

| Jan. 28, 2026 | Defendant Saatjian and Tribunal. | **The Hearing Sabotage & Off-Record Erasure:** Executes improper *ex parte* application to cancel long-standing April 6, 2026 evidentiary hearing off-record (no court reporter allocated). | Off-record "shadow docket" proceeding erasing objections and destroying right to evidentiary hearing. | • **Exhibits:** Exhibit 1, Exhibit 13  <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| Mar. 3, 2026 | Trial Tribunal and Counsel (Ms. Lee). | **Financial Parity & Discovery Sabotage:** Court refuses § 2030 parity and release of trust funds despite IED showing $2,500 income vs. $10,315 expenses; counsel submits unauthorized Client's Reply Declaration without verification. | Constructive denial of right to counsel and fair trial (*Elkins* violation). | • **Exhibits:** Exhibit 1, Exhibit 10  <br><br> • **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-537-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Mar. 24, 2026 | Trial Tribunal. | **The Dual Vocational Assessment Trap:** Constricts litigation scope to reciprocal vocational evaluations, saddling indigent mother with costs while bypassing concealed assets and unserved/ forged orders. | Structural error reducing multi-million dollar fraud dispute into a penalizing mechanism. | • **Exhibits:** Exhibit 1, Exhibit 10<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| --- | --- | --- | --- | --- |
| Apr. 6 – May 22, 2026 | Trial Tribunal and Counsel (Ms. Lee). | **The Procedural & Representation Blockade:** Final denial of evidentiary hearings; *ex parte* trust fund seizures by abuser; withdrawal of counsel Ms. Lee under duress after parity funds denied. | Abandonment of client on eve of trial; total loss of representation. | • **Exhibits:** Exhibit 1, Exhibit 13, Exhibit 14<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-538-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| April 21, 2026 | Brett Truitt (Non-party former spouse) / Enterprise co-conspirators. | **The Extortionate Estate Seizure (RICO Conspiracy 18 U.S.C. § 1962(d)):** Transmitted unilateral *ex parte* application via interstate wires under VL gag order protection to extract remaining $35,000 from fiduciary trust account. | Imminent threat of total capital liquidation; severe escalation of emergency out-of-pocket mitigation costs. | • **Exhibits:** Exhibit 1, Exhibit 10<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C and Case No. 25CU054361C) |
| --- | --- | --- | --- | --- |
| May 20 – May 22, 2026 | Successor Judge Ferrara. | **Fiduciary Abandonment & Successor Judicial Ambush:** Releases trial counsel under duress right before trial tracks while enforcing financial starvation. | Structural isolation of pro se litigant. | • **Exhibits:** Exhibit 13, Exhibit 14, Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-539-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| Date | Actor | Description | Harm | References |
|---|---|---|---|---|
| May 22, 2026 | Judge Ferrara and Saatjian (Shadow Architect). | **Vocational Sabotage & Ghostwriting Fraud:** Grants *ex parte* compelling vocational evaluation; ignores unrefuted metadata evidence proving Defendant Saatjian is ghostwriting filings for Truitt while claiming pro se status. | Active fraud upon the court; judicial protection of unrepresented ghostwriter. | • **Exhibits:** Exhibit 14, Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| May 22, 2026 | Court Clerks / Tribunal. | **The Verbatim Record Embargo:** Hand-writing "Not Reported" to ban physically present certified court reporters from recording trial tracks. | *M.L.B. v. S.L.J.* structural blinding of the trial record. | • **Exhibits:** Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-540-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| June 10 – June 25, 2026 | Trial Tribunal. | **Vexatious Litigant Weaponization**: Summarily refuses to accept responsive declarations from Plaintiff while permitting abuser to proceed with unserved filings (May 27 RFO for June 25). | Per se denial of opportunity to be heard; violation of *John v. Superior Court*. | • **Exhibits:** Exhibit 8, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
|---|---|---|---|---|
| June 15 – July 3, 2026 | Presiding Judge Laura H. Miller, Clerk's Office, Judge Ferrara. | **State Court Administrative Blockade & Rejection of Defensive Filings (Exhibit 20):** Systematic rejection of emergency *ex parte* applications, CCP § 916 notice of stay, and responsive declarations using Form VL-115 as de facto gag order. | 14th Amendment access-to-courts blockade; absolute administrative shutdown. | • **Exhibits:** Exhibit 8, Exhibit 20 (Attachments A–F)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

-541-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| June 16 – June 25, 2026 | Brett Truitt and Trial Tribunal. | **Federal RICO Retaliation & Docket Weaponization**: Truitt files retaliatory Reply Declaration explicitly targeting Plaintiff's May 4, 2026 federal RICO lawsuit, coercing tribunal to push unserved vocational orders. | 1st Amendment retaliation for exercising federal petition rights. | • **Exhibits:** Exhibit 19 (Attachments A–C)<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| June 18, 2026 | Trial Tribunal. | **State-Created Danger & Judicial Embargo:** Summarily denies emergency *ex parte* detailing child endangerment and financial collapse via VL status embargo. | Violation of *DeShaney* state-created danger doctrine. | • **Exhibits:** Exhibit 8, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| June 25, 2026 | Judge Ferrara. | **The Final Fruit (Asymmetrical Preclusion Order & Evidentiary Blackout):** Unrecorded hearing in rogue defiance of D086958; bans court reporter (*Jameson v. Desta* violation); rejects physical papers; issues preclusion order barring all defense evidence. | Complete structural nullification of defense capability; final laundering phase. | • **Exhibits:** Exhibit 19, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C) |
| July 2, 2026 | Fiduciary Schulman. | **Schulman Security Bond Weaponization**: Malpractice defendant Schulman weaponizes security bond requirement (CCP § 391.1) to create an artificial pay-to-play barrier blocking Plaintiff's access to court. | Discriminatory procedural barrier preventing pursuit of malpractice claims. | • **Exhibits:** Exhibit 10, Exhibit 14 (Part A)<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |

-543-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| | | | | |
|---|---|---|---|---|
| July 6, 2026 | San Diego Superior Court (Case 25CU05436 1C). | **Schulman Malpractice Order ("Meritorious Dispute"):** Superior Court denies security motion, finds malpractice claims "meritorious," and orders Schulman to respond (Exhibit 10). | Judicial validation of core financial extractions and document forgeries; application of collateral estoppel. | • **Exhibits:** Exhibit 10 (Minute Order), Exhibit 14 (Part B)<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |
| July 6 – July 13, 2026 | Trial Tribunal and Appellate Clerk (L. Silva). | **Formal Notice of Related Federal Actions & Appellate Blockade (Exhibit 20):** Plaintiff serves Notice of Related Federal Actions and RICO/1983 filings in 23FL000584C; appellate clerk TrueFiling rejects filings under pretextual hurdles. | Multi-tiered administrative obstruction across trial and appellate forums. | • **Exhibits:** Exhibit 9, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |

-544-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

| July 15 – July 16, 2026 | Fiduciary Schulman. | **Bad-Faith Discovery Demands & Demurrer:** Serves aggressive discovery demands and files Demurrer in active defiance of pending *Paul v. Adam* stay motion to exhaust remaining resources. | Continued bad-faith exhaustion of plaintiff's resources. | • **Exhibits:** Exhibit 14 (Parts C, D, E)<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |
| Aug. 14, 2026 | San Diego Superior Court. | **Scheduled Motion for Stay under Paul v. Adam:** Pending hearing to halt ongoing overlapping litigation harassment. | Ongoing litigation waste and abuse of process. | • **Exhibits:** Exhibit 14<br><br>• **Courts:** San Diego Superior Court (Case No. 25CU054361C) |

-545-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

| Aug. 19, 2026 | U.S. District Court (SDCA, Case No. 26-CV-3765-JES-DEB). | **Federal Civil Rights TRO Hearing:** Scheduled temporary restraining order hearing addressing state-created danger, unconstitutional extractions, and 1st/14th Amendment retaliation under 42 U.S.C. § 1983. | Federal intervention to halt ongoing constitutional injuries. | • **Exhibits:** Exhibit 14 (Part G), Exhibit 20<br><br>• **Courts:** U.S. District Court (SDCA, Case No. 26-CV-3765-JES-DEB) |
|---|---|---|---|---|
| Aug. 24 – Aug. 28, 2026 | Trial Tribunal and Enterprise Actors. | **The Trial of Deprivation (August Sham Trial):** Scheduled full trial on all issues proceeding in rogue defiance of CCP § 916(a) automatic appellate stay while Plaintiff is stripped of counsel, discovery, and defense rights. | Imminent final laundering of fraudulent instruments into unassailable state decrees; catastrophic loss of property and parental rights. | • **Exhibits:** Exhibit 1, Exhibit 8, Exhibit 9, Exhibit 20<br><br>• **Courts:** San Diego Superior Court (Case No. 23FL000584C); Court of Appeal (Case No. D086958) |

-546-

**First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

## VIII. VERIFICATION

I, Cristina M. Lancranjan, am the Plaintiff in this action. I have read the foregoing Verified Complaint for Civil RICO and Civil Rights Deprivations, **including the attached Master Litigation Matrix and Supplemental Forensic Matrices**, and know the contents thereof. The factual allegations stated therein, **and in the attached matrices**, are true of my own personal knowledge, except for those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 23, 2026, at San Diego, California.

**Cristina M. Lancranjan** Plaintiff, *In Pro Per*

-547-

First Amended Verified Complaint (FAC)  **FOR DAMAGES AND INJUNCTIVE RELIEF** ; **DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**

# IX. INDEX OF EXHIBITS IN SUPPORT OF VERIFIED COMPLAINT

- **Exhibit 1:** Comprehensive Chronology of RICO Predicate Acts (Wire Fraud & Extortion) and Resulting Financial Damages.

- **Exhibit 2:** Chronology of Constitutional Deprivations, Abuse of Process, and Intentional Infliction of Emotional Distress (Supplemental State Claims).

- **Exhibit 3:** Executed Expert Declaration of Edward J. McIntyre (Former State Bar Ethics Prosecutor) confirming Extortion and Acts of Moral Turpitude.

- **Exhibit 4:** San Diego County District Attorney email confirmation dated Nov 25 2025

- **Exhibit 5:** The Fraudulent FL-180 Bifurcation Judgment (Demonstrating perjury regarding mandatory disclosures).

- **Exhibit 6:** Documentary Evidence of Wire Fraud, Criminal Forgery, and Conspiracy, encompassing:

-548-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

A. **Attachment A-The Primary Forgery:** The Forged June 24, 2025 Findings and Orders After Hearing (FOAH) demonstrating unauthorized signature fabrication.

B. **Attachment B:** Unexecuted October 2, 2024 Stipulation (Confirming the $150,000 extraction was drafted but never executed by Plaintiff or authorized by a valid court order).

C. **Attachment C:** November 20, 2024 Fiduciary Admission Email (Co-conspirator Blado explicitly admitting the $150,000 was extracted entirely without Plaintiff's signature).

D. **Attachment D:** October 25, 2024 Co-Conspirator Collusion Email (Saatjian to Schulman confirming the *quid pro quo* agreement to freeze funds and maliciously expand the trial to churn fees).

E. **Attachment E:** Register of Actions (ROA) excerpt confirming absolutely no Proof of Service was filed for the October 15, 2024 "Ghost Motion," proving intentional subversion of the adversarial process.

F.

-549-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **Exhibit 7:** Defendant Saatjian's Extortionate Email Communications (Dated October 26, 2025, and December 18, 2025) and DA Investigation

- **Exhibit 8:** The Unconstitutional December 2, 2025 "Vexatious Litigant" Order.

- **Exhibit 9:** California Court of Appeal Communications (Case No. D086958). This encompasses the October 2025 expedited appellate grant, and subsequent acceptances of appellate review (Oct 15, 2025, Feb 4, April 13, and April 20, 2026). These documents are incorporated strictly as documentary proof of Defendant's ongoing Abuse of Process and Extrinsic Fraud. Specifically, they establish the timeline proving Defendant maliciously withheld drafted orders in late 2025 to run out appellate clocks and intentionally obstruct Plaintiff's right to petition. Furthermore, they prove Defendant acted in bad faith by continuing to weaponize the structurally blinded trial court to advance his extortionate scheme, despite possessing actual knowledge that Plaintiff's perfected appeals had legally triggered a mandatory statutory stay (CCP § 916).

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **Exhibit 10:** July 6, 2026, Superior Court Minute Order (Case No. 25CU054361C).

- **Exhibit 11:** Forensic Mapping Matrix (Division of Labor).

- **Exhibit 12:** Declarations of Anna Addleman

- **Exhibit 13:** Declarations of T. Healoha Lee.

- **Exhibit 14** - Ledger of Ongoing Litigation Harassment and Abuse of Process:**Part A:** Defendants' Motion for Order Requiring Plaintiff to Furnish Security; **Part B:** The July 6, 2026 Minute Order denying the security bond and finding meritorious issues; **Part C:** The July 16, 2026 Demurrer and Motion to Strike, filed as a bad-faith stalling tactic to avoid the Court's 10-day deadline to answer'; **Part D:** The July 15/16, 2026 Discovery Demands (Propounded simultaneously with the Demurrer to maximize financial duress); **Part E:** Your formal Objection Email dated July 15, 2026 (Your notice to Defendants that discovery is premature pending the Motion to Stay)

-551-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **Exhibit 15: March 18, 2025 Hearing Transcript which proves also Substitution of Attorney Form;**

- **Exhibit 16 Jan 9th 2025 Hearing transcripts for Proof of $15,000 Retainer Payment**

- **Exhibit 17: April 29 2025 Court Transcripts**

- **EXHIBIT 18 THE "MEETING OF THE MINDS": EVIDENCE OF CO-CONSPIRATOR COORDINATION AND ENTERPRISE STRATEGY**

- **Exhibit 19: Federal RICO Retaliation, Ghostwritten Advocacy, and State Court Docket Weaponization (June 2026 Filings), encompassing:**

  - **Attachment A:** Brett F. Truitt's **Reply Declaration** (filed June 16, 2026, in San Diego Superior Court Case No. 23FL000584C, Dept. 902), specifically highlighting Paragraphs 6 and 7 where Truitt explicitly targets and penalizes Plaintiff's May 4, 2026 federal RICO lawsuit.

  - **Attachment B:** The corresponding **Proof of Electronic Service (POS-050/EFS-050)** filed by Brett F. Truitt on June 17, 2026.

-552-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ;
DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

- **Attachment C:** Petitioner's **[Proposed] Order on Petitioner's Request for Order** for the June 25, 2026 hearing, illustrating the coercive mechanisms, preclusion tracks, and retaliatory discovery orders enforced by the state tribunal.

- **Exhibit 20: State Court Administrative Blockade, Judicial Gag Orders, and Emergency Ex Parte Rejections (June–July 2026), encompassing:** This exhibit contains the primary evidentiary record documenting how the state tribunal, court clerks, and judicial leadership actively collaborated with the Enterprise to structurally silence Plaintiff, reject emergency pleadings, and strip her of the right to present a defense or protect her minor child.

  - **Overt Act of Judicial Complicity and Access Denial (June 16, 2026):** On June 16, 2026, Plaintiff attempted to file an emergency ex parte application and request for administrative leave to arrest immediate, life-threatening medical harm to the minor child and enforce mandatory jurisdictional stays. The Family Law Clerk's office, the trial judge, and the Presiding Judge categorically refused to accept or process the emergency filings, improperly weaponizing the contested Vexatious Litigant (VL) pre-

-553-

First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

filing order as a de facto gag order. This coordinated administrative blockade structurally denied Plaintiff her Fourteenth Amendment right to due process, violated her First Amendment right to petition the government for redress, and proved the state tribunal's active integration into the Enterprise's racketeering workflow.

- **Attachment A:** Plaintiff's **Responsive Declaration, Memorandum of Points and Authorities, and Request for Mandatory Judicial Notice** (submitted June 10, 2026, in San Diego Superior Court Case No. 23FL000584C, Dept. 902), establishing mandatory defensive opposition to the unserved RFO and invoking the automatic appellate stay under CCP § 916(a).

- **Attachment B:** Presiding Judge Laura H. Miller's **Order on Application to File New Litigation by Vexatious Litigant (Form VL-115)** dated June 17, 2026, alongside the accompanying June 18 e-filing rejection notification, proving that court leadership unlawfully blocked Plaintiff from filing defensive and emergency papers.

- **Attachment C:** Plaintiff's **Urgent Notice of Administrative Obstruction and Request for Immediate Judicial Intervention** (hand-delivered to the Presiding Judge's Executive Reception on June 16, 2026), documenting

-554-

the clerk's illegal refusal to accept emergency ex parte materials and establishing the administrative "de facto" blockade of access to the courts.

- **Attachment D:** Plaintiff's **Ex Parte Application for Emergency Protective Stay Pending Appeal (CCP § 917.7), Orders to Arrest Immediate Harm (Fam. Code § 3064), and Pendente Lite Relief** (filed/ attempted-file June 15–16, 2026), detailing the medical emergency, the trial court's defiance of the appellate stay, and the demand for statutory parity.

- **Attachment E:** Plaintiff's formally filed **Notice of Ongoing Pattern of Harassment, State-Facilitated Abuse, and Demand for Court Minutes** (filed July 3, 2026), detailing the unrecorded evidentiary blackout of the June 25, 2026 hearing, the trial court's denial of a certified court reporter in violation of *Jameson v. Desta*, and the illegal scheduling of trial tracks in active defiance of the appellate stay.

- **Attachment F:** Petitioner's **Notice of Ruling** filed on June 30, 2026, documenting the state court's asymmetrical preclusion orders and weaponized compliance tracks.

**ANTICIPATING DEFENSE DEFLECTION: WHY EXHIBIT 20 PROVES A RICO ENTERPRISE, NOT A "FAMILY LAW MATTER"/DEFEATING**

-555-

**THE "FAMILY LAW DEFLECTION": THE SUBVERSION OF THE JUDICIAL PROCESS INTO A RACKETEERING INSTRUMENT**

**The Hallmark of a Family Law Case vs. a RICO Enterprise:** A standard family law dispute involves opposing litigants utilizing established, neutral judicial rules to resolve marital dissolution or custody issues. Conversely, a **RICO Enterprise** exists when a network of actors corrupts the legal framework itself—transforming an adversarial court into a predatory, profit-driven administrative mechanism for asset extraction and extortion.

**The State Tribunal as the Enterprise's Enforcer:** Exhibit 20 conclusively proves that this is not a routine domestic dispute. When court clerks, trial judges, and the Presiding Judge coordinate to reject mandatory defensive pleadings, enforce unserved "ghost motions," deny certified court reporters to blind the record, and weaponize "vexatious litigant" orders as absolute gag mechanisms, the court has ceased to function as a neutral arbiter.

**Judicial Cover-Up and the August "Sham Trial" (Laundering the Fraud):** The state court judiciary is actively participating in covering up the Enterprise's underlying fraud by steamrolling Plaintiff toward a pre-determined, August 2026 "sham trial." This engineered trial track is designed solely to launder the multi-million-dollar fraudulent extractions and void orders into a final judicial decree, permanently shielding the co-conspirators from federal liability while flatly

-556-

First Amended Verified Complaint (FAC) FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET

refusing to allow Plaintiff any mechanism to protect her fundamental constitutional and parental rights.

**The Pattern of Racketeering:** The June 2026 administrative blockades, retaliatory preclusion orders, and judicial cover-ups (Exhibit 20) directly tie back to the foundational wire frauds and capital extractions (Exhibits 6 and 19). The Enterprise utilizes the state court docket to lock away evidence of their multi-million-dollar asset siphoning, retaliate against federal whistleblowers, and insulate themselves from accountability. Federal RICO jurisdiction is fully invoked because the defendants' abuse of state legal processes constitutes an ongoing pattern of **Obstruction of Justice (18 U.S.C. § 1503)** and **Wire Fraud (18 U.S.C. § 1343)** executed under color of law.

DATED: July 23  2026

/s/Cristina Lancranjan

-557-

**First Amended Verified Complaint (FAC)  FOR DAMAGES AND INJUNCTIVE RELIEF ; DEMAND FOR JURY TRIAL; Case No.: 26-cv-02817-BAS-VET**