**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**CRISTINA LANCRANJAN,**

Plaintiff, In Pro Per

v.

**PETER SAATJIAN, et al.,**

Defendants.

**Case No.: 26-CV-02817-BAS-VET**

**INDEX OF EXHIBITS IN SUPPORT OF VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff Cristina M. Lancranjan, appearing *In Pro Per*, submits the following Master Index of Exhibits in support of the Verified Complaint. These exhibits substantiate the predicate acts of racketeering, extrinsic fraud, and constitutional violations alleged against the Enterprise.

This index organizes the evidentiary record to assist the Court in synthesizing the "Association-in-Fact" structure of the Defendants. These documents provide the evidentiary backbone for the claims detailed in the *Verified Complaint* and further delineate the predicate acts mapped in **Matrix A**.

**NOTICE OF INCORPORATION OF VOLUMINOUS RECORDS BY REFERENCE**

To assist the Court and maintain judicial economy, massive historical records, multi-hundred-page hearing transcripts (including past trial transcripts), bank accounting ledgers, and 1,500-page appellate writ appendixes referenced throughout this Verified Complaint and Master Exhibit Index are **incorporated herein by reference** pursuant to Federal Rule of Civil Procedure 10(c).

In order to avoid prohibitive reproduction and service costs while fully satisfying notice-pleading standards, physical copies of these voluminous foundational records are maintained by Plaintiff and are immediately available for the Court's

review upon demand. They will be formally entered into the evidentiary record during discovery or submitted as trial exhibits. This incorporation preserves the complete evidentiary record without encumbering the initial court filing with redundant paper reproduction

## MASTER EVIDENTIARY CROSS-REFERENCE TABLE

| Exhibit | Evidence Summary | RICO / Fraud Purpose (How it proves the Scheme) | Complaint Cross-Reference |
|---|---|---|---|
| Ex. 1 | Chronology of RICO Acts | Establishes the "Pattern of Racketeering" (predicate acts). | Counts I, II |
| Ex. 2 | Constitutional Deprivations | Demonstrates "Outrageous Conduct" (IIED) and Civil Rights violations. | Counts III, VI |
| Ex. 3 | Expert Declaration (McIntyre) | Expert verification of Extortion (18 U.S.C. § 1951) & Moral Turpitude. | Counts I, VI |
| Ex. 4 | DA Communication | Proves Perjury/Fraud Upon the Court (concealment of criminal investigation). | Counts I, IV |
| Ex. 5 | Fraudulent FL-180 Judgment | Documentary proof of forgery; invalidates the judgment as "void ab initio." | Count IV |
| Ex. 6 | Capital Extraction Ledger | Proof of Wire Fraud (18 U.S.C. § 1343) & unauthorized asset looting. | Counts I, II |
| Ex. 7 | Extortionate Interstate Wires | Proves 18 U.S.C. § 1951 (Extortion) via interstate communication. | Count I |

| Ex. 8 | "Vexatious Litigant" Order | Proof of 18 U.S.C. § 1962(c) (Procedural Gagging to suppress defense). | Counts III, V |
|---|---|---|---|
| Ex. 9 | Appellate Communications | Proof of "Abuse of Process" (deliberate stalling to run out clocks). | Count V |
| Ex. 10 | July 6, 2026 Minute Order | Judicial recognition of meritorious claims; disproves "frivolous" defense. | All Counts |
| Ex. 11 | Forensic Mapping Matrix | Visual proof of the "Association-in-Fact" (Division of Labor). | Count II |
| Ex. 12 | Declaration of Anna Addleman | Proof of Witness Intimidation/ Discovery Blockade (Suppression). | Counts I, IV |
| Ex. 13 | Declaration of T. Healoha Lee | Proof of Witness Tampering & forced abandonment of counsel. | Counts I, III |
| Ex. 14 | Ledger of Ongoing Abuse | Proof of "Fee-Churning" and ongoing bad-faith stalling/ harassment. | Counts V, VI |
| Ex. 15 | March 18, 2025 Transcript | Proof of Extrinsic Fraud (bypassing privilege orders). | Count IV |
| Ex. 16 | Jan 9, 2025 Transcript | Establishes Fiduciary Relationship & proof of early-stage fraud. | Counts I, IV |
| Ex. 17 | Privilege Stripping Records | Evidence of "Unconstitutional Taking" and manipulation of tribunal. | Counts IV, V |
| Ex. 18 | "Meeting of the Minds" | THE SMOKING GUN: Proves 18 U.S.C. § 1962(d) Conspiracy. | Count II |

| | | | |
|---|---|---|---|
| Ex. 19 | Federal RICO Retaliation & Docket Weaponization | Proof of ongoing Obstruction of Justice, First Amendment retaliation, and state court docket weaponization under ghostwritten direction. | Counts III, V, VI |
| Ex. 20 | State Court Administrative Blockade, Judicial Gag Orders, and Emergency Ex Parte Rejections (June–July 2026) | Definitive proof of state-actor co-conspiracy and due process violations; documents the clerk's e-filing rejections, Judge Miller's VL-115 denial, your June 16 hand-delivered emergency notice to the Presiding Judge regarding clerk obstruction, and your July 3 Notice of Harassment detailing the unrecorded evidentiary blackout. | Counts III, V, VI |

## II. THE RICO "SMOKING GUN" AND EVIDENTIARY NOTES

### 1. The "Meeting of the Minds" (Exhibit 18):

Exhibit 18 provides the "smoking gun" evidence of the RICO Conspiracy (18 U.S.C. § 1962(d)). It documents the "Adversarial Theater" in which counsel for the Petitioner and Respondent communicated to manage the Court's calendar and manipulate the record, rather than advocating zealously for their respective clients. The **Collusion Index** attached to Exhibit 18 organizes these email interactions chronologically, demonstrating that the Defendants' adversarial appearance was a coordinated ruse to facilitate asset extraction.

### 2. Suppression of Evidence:

Defendants have actively suppressed the complete chain of communications regarding their coordination. Their refusal to produce the full scope of the "Meeting of the Minds" evidence constitutes evidence suppression. Plaintiff requests that the Court draw an adverse inference that the withheld documents contain further evidence of conspiracy and RICO violations. Plaintiff reserves the right to amend these filings upon the acquisition of suppressed materials via court-ordered discovery.

**3. Timeline of Fiduciary Betrayal:**

The evidence herein demonstrates a clear progression:

- **Phase I: The Trust (July 2024):** Exhibits 11, 12, and 13 establish the formal fiduciary relationship wherein Plaintiff provided full disclosure to Defendants, relying on their professional duty of loyalty.

- **Phase II: The Betrayal (October 2024):** The October 25, 2024, email communication (contained in Exhibit 18) proves that while Plaintiff was fighting for her rights, her own attorney (Schulman) was in direct, collaborative contact with the "adversary" (Saatjian) to manage procedural "oversights."

## III. NOTICE TO THE COURT: MASTER EVIDENTIARY STATUS

**1. Illustrative Nature of Evidence:** The exhibits and predicate acts detailed in this index are illustrative and not exhaustive. The Plaintiff, appearing *In Pro Per*, submits these records to provide the Court with a definitive roadmap of the Enterprise's racketeering activity.

**2. Reservation of Rights:** Plaintiff reserves the right to amend, supplement, or expand this ledger as further evidence is obtained through the discovery process. The Plaintiff intends to prove the full scope of this "Meeting of the Minds" and the Enterprise's systemic corruption of the judicial process through additional evidence to be presented at trial.

**3. Request for Adverse Inference:** Defendants possess the full chain of communications regarding their coordination, which they have thus far refused to produce. Their refusal to provide the complete record of their "Adversarial Theater" is an act of evidence suppression. Plaintiff respectfully requests that the Court draw an adverse inference that the withheld documents contain further, even more egregious evidence of the conspiracy and RICO violations alleged herein.

**4. Pro Se Authority:** Plaintiff *In Pro Per* asserts her right to personally testify regarding these exhibits. These documents represent the primary evidentiary backbone of the Verified Complaint and, when coupled with Plaintiff's testimony,

will demonstrate that this matter is not a standard domestic dispute, but a

sophisticated racketeering enterprise masquerading as a legal proceeding.

Respectfully submitted,

Date: July 17, 2026

/s/ Cristina M. Lancranjan Cristina M. Lancranjan *In Pro Pe*

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 1
COMPREHENSIVE CHRONOLOGY OF RICO PREDICATE ACTS AND FINANCIAL DAMAGES

**Description of Evidence:** This exhibit contains the master chronological record of the Enterprise's racketeering activity. It integrates date-specific documentation of wire fraud, extortionate threats, and the resulting financial damages, serving as the foundational timeline of the conspiracy. This document is incorporated to provide the Court with a granular, verifiable roadmap of the pattern of racketeering activity, establishing the nexus between the Defendants' overt acts and the catastrophic economic injury suffered by the Plaintiff.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case No.: 26-CV-02817-BAS-VET (S.D. Cal.)

EXHIBIT 1

COMPREHENSIVE CHRONOLOGY OF RICO PREDICATE ACTS (WIRE FRAUD / EXTORTION) AND RESULTING FINANCIAL DAMAGES

*(Incorporated by reference into Counts I, II, and IV)*

NOTICE OF RESERVATION OF RIGHTS & ILLUSTRATIVE NATURE OF PREDICATE ACTS

*The predicate acts, chronological entries, and financial damages itemized in this Exhibit 1 are illustrative, cumulative, and representative of the Enterprise's ongoing, multi-year pattern of racketeering activity, rather than an exhaustive, exclusive list. Plaintiff expressly reserves the right to amend, supplement, or introduce additional predicate acts, internal communications, metadata records, and supporting evidence as ongoing federal discovery, subpoena enforcement, and trial preparations progress, pursuant to Federal Rule of Civil Procedure 15.*

**EXPLANATORY OVERVIEW: PLEADING THE CONTINUOUS ENTERPRISE FRAMEWORK**

To the Court:

This action chronicles an integrated, multi-year racketeering enterprise operating through an association-in-fact (18 U.S.C. § 1961(4)) to systematically loot the community estate, extract unauthorized funds, and obstruct justice. To fully demonstrate how every dollar of damage, legal fee, and sanction incurred—including those following the January 2026 substitution of counsel—remains tied directly back to the foundational traps set by the co-conspirators, the enterprise's execution is structured across three distinct, overlapping waves:

- **Phase 1 (David Schulman & Moore Schulman & Moore, APC, Matt Blado & Bickford Blado & Botros, in active coordination with Peter Saatjian & Farzad & Ochoa Family Law Attorneys, LLP):** Initial financial abandonment, covert estate freezing, the October 2024 unauthorized $150,000 trust siphoning, fiduciary betrayal, and structural setup designed to strip Plaintiff of the financial means required to mount a legal defense.

- **Phase 2 (Peter Saatjian, continuing through Farzad & Ochoa Family Law Attorneys, LLP and subsequently PS LAW, APC):** Aggressive

evidentiary ambushes, unserved ghost motions, criminal forgeries (including fraudulent Findings and Orders After Hearing), witness tampering, extortionate threats, and the procurement of unconstitutional gag orders.

- **Phase 3 (Post–January 2026 Successor Actors):** Harvesting the illicit fruits of Phases 1 and 2, maintaining unconstitutional asset lockouts, exploiting prior forged instruments, and forcing a corrupted trial on an intentionally blinded defense.

Under civil conspiracy and co-conspirator continuity doctrines, subsequent participants do not operate in a vacuum; they inherit and actively advance the procedural advantages, false records, and financial starvation engineered by their predecessors. Consequently, all post-January 2026 litigation abuse, sanctions, and economic harms flow as the direct, foreseeable proximate result of the enterprise's foundational racketeering acts.

## CHRONOLOGICAL LEDGER OF PREDICATE ACTS & TORTIOUS CONDUCT

### Jan. 2023 – Present [Overall RICO Scheme Summary]

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Predicate Act:** Extortionate Leverage, Systemic Wire Fraud, Honest Services Fraud, Federal Embezzlement, & RICO Conspiracy (18 U.S.C. §§ 1343, 1346, 666, 1951, 1962(d)).

- **Description of Fraud & Enterprise Action:** Defendants Peter Saatjian, David Schulman, and Matt Blado, operating as an integrated Association-in-Fact Enterprise, orchestrated and accelerated the baseline financial starvation and procedural sabotage of the Plaintiff. Defendant Schulman initiated the internal betrayal via an unauthorized $150,000 wire transfer and quid pro quo asset freeze withdrawal alongside discovery and disclosure sabotage that caused total prejudice; Defendant Saatjian directed the procedural manipulation, "ghost motions," forgeries, and extortionate threats; and Defendant Blado acted as the enforcer, suppressing discovery, ratifying forged instruments, and executing a hit-and-run abandonment on the eve of trial to insulate the Enterprise. Together, Defendants utilized a continuous

pattern of wire fraud, perjury, witness tampering, and extortion to lock Plaintiff out of her $1,000,000+ estate, utilizing her engineered destitution to fund the Enterprise while structurally preventing Plaintiff from funding a legal defense

- **Concrete Damages (Executive Summary):** Complete deprivation of liquid capital and loss of use and investment yields of property; massive out-of-pocket mitigation costs. Total cumulative base damages across all predicate acts currently exceed **$650,500.00**, resulting in a mandatory Total Treble Damages Demand exceeding **$1,951,500.00** pursuant to 18 U.S.C. § 1964(c).

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 1 (RICO Ledger); Exhibit 2 (Emotional Distress Ledger); Exhibit 3 (McIntyre Ethics Decl.); Exhibit 6 (Attachments A–E); Case No. 26-CV-02817-BAS-VET; Case No. 23FL000584C.

**Oct. 3, 15, 24, & Late Oct. 2024**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Predicate Act/Tortious Conduct:** Abuse of Process, Extrinsic Fraud, Fraud Upon the Court, Breach of Fiduciary Duty, Deprivation of Procedural Due Process (14th Amendment), & IIED.

- **Description of Malicious Conduct:** Working in concert, Plaintiff's fiduciary (Schulman) and Defendant Saatjian weaponized *ex parte* procedures. On Oct 3, Schulman froze the estate without Plaintiff's knowledge. Upon entering the case, Defendant Saatjian immediately weaponized this financial vulnerability by filing an unnoticed, unserved "discovery declaration" on Oct 15. By intentionally hiding this filing, Defendant manufactured a false non-compliance. **The absolute extrinsic nature of this fraud is irrefutably verified by the official Register of Actions (ROA) as of May 2, 2026, which confirms no Proof of Service was ever filed to notify Plaintiff.** On Oct 24, Defendant weaponized this hidden filing to maliciously convert a short-cause relocation hearing—which was supported by a May 31, 2024 neutral court-appointed expert report recommending Plaintiff's interstate move without detriment—into a financially ruinous multi-day trial. As a direct proximate result of this extrinsic fraud and manufactured non-compliance, the tribunal denied Plaintiff's interstate relocation to Boston, citing a fraudulently engineered "credibility deficit." Defendant Saatjian subsequently weaponized this fraudulently engineered deficit at every

subsequent hearing to systematically deprive Plaintiff of parity and due process. Furthermore, Defendant advanced further unserved filings to unilaterally alter the minor's geographic status quo (heard Jan 9, 2025). During these proceedings, Defendant committed explicit Fraud Upon the Court by misrepresenting tax filing statuses to unlawfully reduce mandated financial distributions. To cement this theft and prevent Plaintiff from protecting her rights, Defendant intentionally withheld service of the resulting FOAH in direct violation of CRC 5.125.

- **Resulting Harm:** Total deprivation of procedural due process (14th Amendment); severe procedural prejudice; intentional inflation of defensive litigation; severe emotional distress regarding the sabotage of the relocation to Boston and the destruction of professional career opportunities.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 6 (Attachment E - ROA confirming no Proof of Service); Exhibit 10 (July 6, 2026 Minute Order); Exhibit 18; Case No. 23FL000584C; Case No. D086958.

**Oct. 22 & Nov. 12, 2024**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Predicate Act:** Federal Wire Fraud (18 U.S.C. § 1343) & Perjury (18 U.S.C. § 1621) / Fraud Upon the Court.

- **Description of Fraud & Enterprise Action:** To permanently conceal the marital estate from judicial scrutiny, Defendants transmitted a fraudulent FL-180 Bifurcation Judgment via interstate wires. Defendant Saatjian committed perjury by marking "Stipulation" without Plaintiff's signature and falsely swearing that mandatory updated and final financial disclosures were exchanged, while fiduciaries Schulman and Blado actively suppressed disclosure requirements to maintain the asset lockout.

- **Concrete Damages:** Structural lockout and fraudulent concealment of a $1,000,000+ community estate (including concealed Cerevance and Vividian executive stock incentives); permanent deprivation of property rights, liquidity, and borrowing power; and the creation of a "captive estate" used by the Enterprise to fund continuous fee-churning.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 5 (FL-180 Bifurcation Judgment); Exhibit 6; Case No. 23FL000584C; Case No. D086958.

**Nov. 5, 2024 (Signed Mar. 18, 2025)**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms)

- **Predicate Act:** Federal Wire Fraud & Extrinsic Fraud.

- **Description of Fraud & Enterprise Action:** Defendants attempted to coerce Plaintiff to ratify the $150,000 theft piecemeal. When Plaintiff refused, Defendant submitted a false FOAH to cover up the extraction. He intentionally withheld service, bypassing CRC 5.125, deliberately subverting the adversarial process.

- **Concrete Damages:** Unlawful cover-up of the $150,000 theft; escalation of mitigation legal fees.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic/ Matrix A ); Exhibit 3; Exhibit 6 (Attachment A); Exhibit 15 (March 18, 2025 Transcript); Case No. 23FL000584C.

**Jan. 7 & Jan. 9, 2025**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms)

- **Predicate Act:** Federal Wire Fraud & Due Process Deprivation.

- **Description of Fraud & Enterprise Action:** Relying entirely on the unserved October 15 ghost motion, Defendants procured void financial sanctions. Defendants submitted a false, unserved FOAH stripping Plaintiff's 14th Amendment parental decision-making rights, permanently poisoning the tribunal's docket.

- **Concrete Damages:** $3,500 in void financial sanctions.

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 1; Exhibit 6; Exhibit 16 (January 9, 2025 Transcript); Case No. 23FL000584C.

**Feb. 4, 2025**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms)

- **Predicate Act:** Federal Wire Fraud (18 U.S.C. § 1343) & Perjury.

- **Description of Fraud & Enterprise Action:** Defendants transmitted fraudulent declarations via interstate wires to procure additional financial penalties. Defendants committed perjury by falsely swearing to the tribunal that Plaintiff failed to provide mandatory financial disclosures. Defendants intentionally concealed that disclosures *were* successfully served by

Plaintiff's counsel in December 2024. Furthermore, Defendants weaponized this fabricated non-compliance to conceal his own prior perjury from October 2024, wherein he unlawfully procured the estate bifurcation while falsely claiming the mandatory final disclosures had been exchanged.

- **Concrete Damages:** $1,500 in void financial penalties; forced escalation of out-of-pocket legal mitigation costs.

- **Supporting Exhibits & Section VIII Integration**: Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 10; Case No. 23FL000584C.

## Feb. – June 2025

- **Actor(s) Involved:** Peter Saatjian and Matt Blado (along with their respective law firms).

- **Predicate Act:** Extortionate Leverage & Manufactured Crises.

- **Description of Fraud & Enterprise Action:** While Plaintiff was financially paralyzed by the Enterprise's unlawful asset freeze and discovery traps, Defendants advised and orchestrated the unilateral breach of established cooperative medical and geographic agreements. Defendants weaponized this manufactured chaos—and the resulting logistical, financial, and psychological terror—as a direct coercive instrument to break Plaintiff's

resilience and coerce her financial surrender and abandonment of property

claims.

- **Concrete Damages:** $6,500 ($1,500 on Feb 4th 2025 and $5,000 on March

  18 2025) in void financial sanctions and extreme escalation of mitigation

  costs to defend against manufactured emergencies.

- **Supporting Exhibits & Section VIII Integration**: Section VIII (Master

  Forensic Matrix A); Exhibit 1; Exhibit 2; Case No. 23FL000584C.

## Mar. 18 & Apr. 29, 2025

- **Actor(s) Involved:** Peter Saatjian and Matt Blado (along with their

  respective law firms: PS Law, APC / Farzad & Ochoa and Bickford Blado &

  Botros).

- **Predicate Act:** Extrinsic Fraud & Destruction of Privilege.

- **Description of Fraud & Enterprise Action:** Despite an explicit March 18

  oral ruling preserving Plaintiff's attorney-client privilege, Defendants

  withheld the FOAH and subsequently submitted a fabricated false FOAH

  claiming privilege was waived. This extrinsic fraud resulted in the

  unconstitutional stripping of Plaintiff's evidentiary privilege. Concurrently,

fiduciary complicity resulted in the extraction of a $15,000 retainer, leaving Plaintiff defenseless.

- **Concrete Damages:** $5,000 in void sanctions; unconstitutional destruction of evidentiary privilege; $15,000 wasted retainer.

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 1; Exhibit 6; Exhibit 17 (April 29, 2025 Transcript); Case No. 23FL000584C.

## March 2025 – Present (Ongoing)

**Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

**Predicate Act(s) / Legal Basis:**

- **Obstruction of Justice (18 U.S.C. § 1503)** (Evidence suppression and file withholding).

- **Violation of Cal. Rules of Professional Conduct, Rule 1.16(e)** (Non-delegable duty to surrender client files and communications upon termination).

- **Federal Wire Fraud (18 U.S.C. § 1343)** (Concealing the digital paper trail of the $150,000 trust siphoning and back-channel coordination).

**Description of Conduct & Modus Operandi:**

Following their respective withdrawals from representation, both former fiduciaries **David Schulman** and **Matt Blado** committed overt acts of obstruction by categorically refusing to provide Plaintiff with her complete client file, including critical email communications with the Defendants and opposing counsel. Under California Rule of Professional Conduct 1.16(e), attorneys have an absolute, non-delegable duty to surrender all client papers and property upon request. Schulman and Blado weaponized this refusal to execute a bad-faith spoliation of evidence, specifically designed to conceal the "back-channel" documentation of their quid pro quo agreements, their actual knowledge of the unauthorized $150,000 wire transfer, and their orchestration of the manufactured "discovery trap." Concurrently, Defendant **Peter Saatjian** stonewalled and refused to produce mandatory discovery containing full email communications, maintaining an intentional "administrative blackout" to prevent forensic tracing and shield the syndicate from civil and criminal accountability.

**Concrete Damages:**

- Systematic suppression of exculpatory evidence;

- Intentional impairment of Plaintiff's ability to prosecute her family case, her malpractice and civil rights claims; and

- Forced accumulation of out-of-pocket litigation and forensic expenses required to attempt to reconstruct the suppressed paper trail.

**Supporting Exhibits & Cross-References:**

- **Exhibit 6 (Attachment C):** November 20, 2024 Fiduciary Admission Email.

- **Exhibit 10:** July 6, 2026 Minute Order finding a "meritorious dispute" regarding falsified disclosures.

- **Exhibit 14:** Ongoing litigation harassment and discovery obstruction.

- **Exhibit 18:** "Meeting of the Minds" coordination records.

**May 12 – 19, 2025**

- **Actor(s) Involved: David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms: Moore, Schulman & Moore, APC; Bickford Blado & Botros; and Farzad & Ochoa Family Law Attorneys, LLP).**

- **Predicate Act:** Extrinsic Fraud, Deprivation of a Fair Trial, Tortious Interference with Prospective Economic Advantage, Breach of Fiduciary Duty, & Federal Wire Fraud.

- **Description of Fraud & Enterprise Action:** Operating under the protection of the financial freeze, Defendants executed an evidentiary hearing by ambush, dumping late-served exhibits. Furthering the fraud, Defendants illicitly obtained and weaponized constitutionally protected, privileged employment records (dating back to 2018) to falsely attack Plaintiff's credibility, successfully sabotaging Plaintiff's interstate relocation. The Enterprise coordinated this specifically to geographically trap Plaintiff and destroy her business operations.

- **Concrete Damages:** Destruction of executive career trajectory; forfeiture of Vice President position at State Street Bank (in excess of $150,000 value).

- **Concrete Damages (Comprehensive Multi-Forum & Protective Ledger):**

- **Direct Property & Asset Extractions:** $150,000.00 in unauthorized, off-record wire siphoning into fiduciary trust accounts, plus $115,000.00 extracted via forged Findings and Orders After Hearing (FOAHs), totaling **$265,000.00** in direct liquid community property theft.

- **Estate Lockout & Defensive Disablement:** Complete, unconstitutional lockout from over **$300,000.00** in accessible community estate assets and liquid resources, engineered intentionally by the Enterprise to strip Plaintiff

of the financial means necessary to retain counsel, pay filing fees, secure experts, and mount an effective defense against the fraudulent proceedings.

- **Executive Career & Business Forfeiture:** Verified economic losses exceeding **$150,000.00+** in lost executive wages and business opportunities, including the forced forfeiture of the Executive Vice President (VP) position at State Street Bank, an elite executive consulting contract with the Fellsway Group, and the severe, multi-year suppression and market delay of Plaintiff's enterprise risk and software platform development, directly resulting from the Enterprise's sabotage of Plaintiff's Boston relocation.

- **Punitive Sanctions & Void Judicial Penalties:** Approximately **$25,000.00** in unconscionable, void financial sanctions and penalties unlawfully levied by the state tribunal to date as direct instruments of financial exhaustion, alongside an active, weaponized threat track pushing toward **$100,000.00** in cumulative punitive penalties designed to break Plaintiff's defense.

- **Retained Counsel, Legal Fees, Litigation Lines of Credit & Financing Charges:** Exorbitant out-of-pocket legal fees paid or incurred, professional retainers, litigation-specific lines of credit, high-interest financing charges, cash advances, and associated carrying costs incurred to retain interim and

trial counsel (including Ms. T. Healoha Lee and Ms. Salcido) under extreme

duress to mitigate the Enterprise's procedural ambushes.

- **Multi-Forum Appellate, Writ & Trial Litigation Expenses:** Extensive

  out-of-pocket filing fees, electronic court transmission (TrueFiling) fees,

  transcript costs, and process service costs incurred across an exhaustive,

  multi-tier defense against weaponized trial outcomes and ongoing post-trial

  proceedings—including numerous writs of mandate and supersedeas in the

  California Court of Appeal (Cases D086112, D086316, D086512, D086958,

  D087126, D087285), petitions for review in the California Supreme Court

  (Cases S291306, S294010, S294405), emergency certiorari petitions in the

  United States Supreme Court (Nos. 25-6059, 25-6150), and the filing fees

  for the concurrent federal civil rights action (Case No. 26-CV-03765-JES-

  DEB) and this RICO action.

- **Expert Witness & Professional Forensic Fees:** Essential professional

  expenditures incurred to expose the fraud, including forensic accounting fees

  paid to Anna Addleman CPA (Exhibit 12) and legal ethics expert fees paid to

  Edward J. McIntyre (Exhibit 3).

- **Child Protection, Safety & Emergency Mitigation Costs:** Tens of

  thousands of dollars in forced, out-of-pocket expenditures incurred to protect

Plaintiff and her minor child from state-created dangers and manufactured logistical crises—specifically including extraordinary transportation, excessive fuel costs, and vehicle repair/replacement expenses forced by the abuser's unapproved relocation to Vista and the unserved school orders, alongside emergency child-safety and protective measures.

- **Survival Debt, Credit Collapse & Retirement Liquidation:** Catastrophic personal financial ruin exceeding **$100,000.00+** in borrowed survival funds, maxed-out credit cards, and forced liquidations of personal savings and retirement accounts. This includes severe early-withdrawal penalties, lost investment growth opportunities, and the complete collapse of Plaintiff's credit score following forced defaults, all brought on directly by the Enterprise's asset lockouts, unconscionable sanctions, and engineered financial starvation.

- **Master Financial Approximation & Civil RICO Treble Damages Summary**

- **Estimated Actual Economic Damages (As of Now):**
Combining direct property thefts ($265k), estate lockouts ($300k+), career/business forfeitures ($150k+), current litigation and mitigation costs, lines of

credit, and accrued sanctions (~$25k), total documented economic harm stands at approximately **$850,000.00 to $950,000.00+**.

- **Statutory Treble Damages (Civil RICO, 18 U.S.C. § 1964(c)) — Current Actuals:** When trebled pursuant to mandatory Civil RICO statutory provisions, Plaintiff's actual economic recovery totals **$2,550,000.00 to $2,850,000.00+**.

- **Projected Total Exposure (If Forced Through Trial & Full Sanction Tracks):**

  If the Enterprise's forced trial tracks and punitive sanction campaigns are carried to completion—incorporating the full threat matrix of up to **$100,000.00** in accumulated trial sanctions and expanded multi-forum litigation expenditures—total cumulative economic exposure exceeds **$1,100,000.00 to $1,300,000.00+**.

- **Statutory Treble Damages (Civil RICO, 18 U.S.C. § 1964(c)) — Projected Exposure:**

  When trebled at the statutory three-fold rate upon completion of trial and full sanction tracks, total cumulative recovery reaches **$3,300,000.00 to $3,900,000.00+** (exclusive of mandatory attorney's fees, costs of suit, and pre-judgment interest).

- **Supporting Exhibits & Section VIII Integration**: Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 2; Case No. 23FL000584C.

**May 15 & June 24, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act:** Federal Wire Fraud (18 U.S.C. § 1343) & Criminal Forgery.

- **Description of Fraud & Enterprise Action:** To bypass Plaintiff's formal objections to his false orders, Defendants committed criminal forgery. He actively typed Plaintiff's signature onto the May 15 and June 24 FOAHs to falsely imply her consent to the tribunal, transmitting these forgeries via interstate wires to successfully extract community funds directly to his own firm.

- **Concrete Damages:** Total destitution and destruction of executive career trajectory and business opportunity; forced forfeiture of the Executive Vice President (VP) position at State Street Bank and an elite executive consulting contract (representing verified economic losses in excess of $150,000.00/year).

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 3 (McIntyre Decl.); Exhibit 6 (Attachment A - Primary Forgery); Case No. 23FL000584C.

**May 20, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act:** Obstruction of Justice & Extrinsic Fraud.

- **Description of Fraud & Enterprise Action:** Following a tribunal directive to officially freeze the marital assets to prevent further depletion, Defendant Saatjian intentionally withheld and refused to draft the mandatory Findings and Order After Hearing (FOAH). By deliberately subverting the tribunal's protective directive, Defendants ensured the estate remained legally vulnerable, directly facilitating the Enterprise's subsequent unauthorized extractions (including the forged May 15 and June 24 FOAHs).

- **Concrete Damages:** Over **$250,000.00** in unauthorized fees, transfers, and extractions directly siphoned from the community estate by Saatjian and his firm (including transferring $150,000.00 to Schulman and executing $115,000.00 via forged FOAHs); over **$25,000.00** in unconscionable, void financial sanctions levied to date; total personal and financial destitution;

severe estate dissipation resulting from contempt of the May 20, 2025 freeze order; and the forced escalation of out-of-pocket litigation, appellate, and mitigation costs incurred to combat ongoing litigation abuse, forged orders, and cover-ups.

- **Supporting Exhibits & Section VIII Integration**: Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 6; Case No. 23FL000584C.

**May 20, 2025 – Present: The Structural Genesis of the Administrative & FOAH Blockade**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), San Diego Superior Court Appeals and Records Clerks, the Tribunal/Bench, and Enterprise Co-Conspirators.

- **Predicate Act(s) / Tortious Conduct:** Obstruction of Justice (18 U.S.C. § 1503), Fraud Upon the Court, & Civil Rights Deprivation.

- **Description of Enterprise Action:**

- Spanning from the critical hearings on **May 20, 2025, September 2025 orders**, and accelerating sharply after Sept 2025 including after the issuance of the weaponized Vexatious Litigant order, the Enterprise and co-opted trial court administrative staff initiated a synchronized "closed procedural loop." As a core

component of this sabotage, ghostwriter Peter Saatjian systematically refused to create and draft mandatory Form Orders After Hearing (FOAHs) stemming from the May, September 2025 and present proceedings, and the tribunal correspondingly refused to sign or issue proper official orders—suppressing critical protective rulings (including the DVRO) while permitting Brett Truitt/ ghostwriter Peter Saatjian to advance unilateral filings and weaponizing a rogue "dumping" of unapproved draft documents between January and April 2026.

- Concurrently, trial court clerks engaged in a continuous pattern of delaying filings, refusing to file-stamp exhibits, and manufacturing fraudulent Notices of Default to block Plaintiff's record designations and sabotage her appeals.

- Faced with this systemic blockade, Plaintiff repeatedly submitted formal notices demanding that the court issue proper orders, alongside multiple administrative complaints and grievances submitted directly to the Court Executive Officer and Presiding Judge and direct intervention requests to the Fourth District Court of Appeal. This institutional pressure culminated on March 27, 2026, when the Court of Appeal intervened, granting Plaintiff's relief from default and issuing a direct mandate ordering the trial court clerk to reinstate her appeals. However, rather than complying, the clerk's office and tribunal weaponized subsequent procedural hurdles to continue the blockade.

- **Concrete Damages:**

- Intentional sabotage of appellate rights resulting in dismissals *without prejudice*; manufactured administrative defaults; suppression of critical protective orders and unwritten rulings from May and September 2025 (including the DVRO); unrecorded and un-ordered trial tracks; forced expenditure of time and resources to file emergency administrative notices and compel compliance; and systemic obstruction of the constitutional right to appeal.

- **Supporting Reference Dates & Filings:**

  - **May 20, 2025& September 2025-Present orders:** Initial unwritten hearings, suppressed orders, and Saatjian's early refusal to draft mandatory FOAHs.

  - **December 2, 2025:** Issuance of Vexatious Litigant order & writ denial triggering the acute blockade phase.

  - **January – April 2026:** Subsequent "dumping" of unapproved papers, initial manufactured clerical defaults, and COA dismissals *without prejudice* due to record obstruction.

  - **March 27, 2026:** Fourth District Court of Appeal Order granting Relief from Default and demanding reinstatement of appeals.

- **May 18, 2026 & July 6, 2026:** Formal administrative grievances and notices filed regarding ongoing clerical malfeasance, unauthorized practice of law, and demands for proper court orders.

## May 20, 2025 – Present: The Structural Genesis of the Administrative, FOAH & Appellate Blockade

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), San Diego Superior Court Appeals and Records Clerks, Fourth District Court of Appeal (COA) Justices and Clerks, the Trial Tribunal/Bench, and Enterprise Co-Conspirators.

- **Predicate Act(s) / Tortious Conduct:** Obstruction of Justice (18 U.S.C. § 1503), Fraud Upon the Court, & Civil Rights Deprivation.

- **Description of Enterprise Action:**

- Spanning from the critical hearings on May 20, 2025, September 2025 orders, and accelerating sharply after September 2025—including the issuance of the weaponized Vexatious Litigant order—the Enterprise and co-opted trial court administrative staff initiated a synchronized "closed procedural loop." As a core component of this sabotage, ghostwriter Peter Saatjian systematically refused to create and draft mandatory Form Orders After Hearing (FOAHs) stemming from the May, September, and subsequent 2025 proceedings, and the tribunal

correspondingly refused to sign or issue proper official orders. Furthermore, Saatjian intentionally withheld and failed to serve Plaintiff with signed orders, ensuring she would miss strict jurisdictional appeal deadlines unless she obsessively monitored the Register of Actions (ROA) throughout the day— mirroring the rogue "dump" of unapproved draft documents executed between January and April 2026. This suppressed critical protective rulings (including the DVRO) while permitting Brett Truitt and ghostwriter Peter Saatjian to advance unilateral filings.

- Compounding this trial-level sabotage, the Fourth District Court of Appeal (COA)—after summarily denying seven emergency writs in 2025 and refusing to mandate the trial court to issue proper orders or accept filings based on official notices and court minutes—actively participated in the blockade. The COA dismissed Plaintiff's rightful appeals from October 29, November 21, and December 2025 under the pretext of missing signed, proper orders/notices regarding the DVRO (orders the trial court and Saatjian deliberately withheld and refused to generate). Rather than compelling the trial court to do its duty, the COA imposed an unconstitutional barrier forcing an involuntary defendant to spend extensive time and resources petitioning the COA Presiding Justice for special "permission" just to file her appeals, completely stripping her of her unalienable defendant appeal rights from January through May 2026.

- Concurrently, trial court clerks engaged in a continuous pattern of delaying filings, refusing to file-stamp exhibits, and manufacturing fraudulent Notices of Default to block Plaintiff's record designations. Faced with this systemic, multi-tiered blockade, Plaintiff repeatedly submitted formal notices demanding proper orders, alongside multiple administrative complaints and grievances submitted directly to the Court Executive Officer, Presiding Judge, and direct intervention requests to the COA. Institutional pressure temporarily culminated on March 27, 2026, when the COA granted relief from default and ordered appeals reinstated; however, the clerk's office and tribunal immediately weaponized subsequent procedural hurdles to maintain the embargo.

- **Concrete Damages:**

- Intentional sabotage of appellate rights resulting in dismissals without prejudice; unconstitutional requirement forcing an involuntary defendant to beg a Presiding Justice for permission to appeal; manufactured administrative defaults; suppression of critical protective orders and unwritten rulings from May, September, and late 2025 (including the DVRO); unrecorded and un-ordered trial tracks; forced continuous monitoring of court dockets and expenditure of time/ resources to file emergency administrative notices and compel compliance; and systemic, cross-tier obstruction of the constitutional right to appeal.

- **Supporting Reference Dates & Filings:**

    - **May 20, 2025 & September 2025–Present orders:** Initial unwritten hearings, suppressed orders, and Saatjian's early refusal to draft mandatory FOAHs and serve notices.

    - **October 29, November 21, & December 2025:** Wrongful COA dismissals of rightful appeals due to missing unsigned orders/notices regarding the DVRO, followed by the imposition of the unconstitutional requirement to seek Presiding Justice permission.

    - **December 2, 2025:** Issuance of Vexatious Litigant order & 2025 writ denials triggering the acute blockade phase.

    - **January – April 2026:** Subsequent rogue "dumping" of unapproved papers, intentional failure to serve orders, initial manufactured clerical defaults, and COA dismissals without prejudice due to record obstruction.

    - **March 27, 2026:** Fourth District Court of Appeal Order granting Relief from Default and demanding reinstatement of appeals.

    - **May 18, 2026 & July 6, 2026:** Formal administrative grievances and notices filed regarding ongoing clerical malfeasance, unauthorized practice of law, and demands for proper court orders.

**June 10 & July 8, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act:** Deprivation of Constitutional Rights (Evidentiary Privilege) & Wire Fraud.

- **Description of Fraud & Enterprise Action:** Defendants successfully weaponized the fraudulently procured April FOAH to permanently strip Plaintiff of her fundamental attorney-client privilege. During the June 10 and July 8 proceedings, Defendant Saatjian transmitted false statements to the tribunal to protect his illicit gains, intentionally misrepresenting the status of Plaintiff's appellate writs and California Supreme Court petitions. By forcing the unconstitutional disclosure of unredacted defense billing records, the Enterprise structurally blinded Plaintiff's defense and gained a permanent, illicit litigation advantage.

- **Concrete Damages:** Absolute destruction of constitutional attorney-client privilege; massive, forced accumulation of out-of-pocket appellate and writ litigation costs necessitated entirely to mitigate the loss of privilege.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 9 (Appellate Records); Case No. D086316 / D086958; CA Supreme Court Case No. S291306.

### Aug. 28 & Sept. 2, 2025

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act / Tortious Conduct:** Federal Wire Fraud (18 U.S.C. § 1343), Discovery Abuse, & Intentional Infliction of Emotional Distress (IIED).

- **Description of Fraud & Enterprise Action:** Defendant transmitted a 1,600-page unindexed document dump to sabotage Plaintiff's discovery rights. He subsequently advanced filings attempting to terminate Plaintiff's apartment lease, intentionally engineered to render her unhoused and physically incapable of maintaining her jurisdiction in the litigation.

- **Concrete Damages:** Intentional destabilization of physical housing and jurisdiction; severe psychological distress; and the forced accumulation of emergency mitigation and housing defense costs.

- **Supporting Exhibits & Section VIII Integration**: Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 2; Case No. 23FL000584C.

**Sept. 4, 2025 & Jan. 28, 2026**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act:** Federal Wire Fraud & Obstruction of Justice (18 U.S.C. § 1512).

- **Description of Fraud & Enterprise Action:** Following a September 2025 proceeding where Plaintiff successfully secured a full evidentiary hearing (scheduled for April 2026) to expose the Enterprise's financial concealment and forged instruments, Defendant executed a targeted procedural ambush to suppress the evidence. On January 28, 2026, Defendant transmitted an evidentiary-void *ex parte* application via interstate wires to intentionally obstruct and derail this scheduled hearing. Despite the formal, written opposition of Plaintiff's trial counsel (Ms. T. Healoha Lee), the Enterprise successfully subverted the adversarial process, resulting in the cancellation of the evidentiary hearing and ensuring the continued suppression of the foundational fraud.

- **Concrete Damages:** Severe out-of-pocket mitigation costs (forced to pay trial counsel to defend against the ex parte ambush); ongoing deprivation of frozen capital due to the manufactured delay.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 13 (Lee Decl.); Case No. 23FL000584C.

**Sept. 10, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act:** Extortionate Leverage & Deprivation of Due Process.

- **Description of Fraud & Enterprise Action:** Defendant actively weaponized the structurally blinded state tribunal to penalize Plaintiff for seeking protective orders against the Enterprise's ongoing abuse. By utilizing fabricated narratives and concealing his own systemic fraud, Defendant successfully procured a punitive financial order against Plaintiff, further depleting her frozen estate.

- **Concrete Damages:** $5,000 in void, retaliatory financial penalties extracted to Defendant's benefit.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 3; Case No. 23FL000584C; Court of Appeal Case No. D086512

**Oct. 26 & Nov. 21, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act / Tortious Conduct:** Federal Extortion (18 U.S.C. § 1951) & Intimidation of a Litigant.

- **Description of Fraud & Enterprise Action:** Defendant escalated to explicit criminal extortion. Defendant utilized interstate wires to transmit written emails explicitly threatening Plaintiff with District Attorney prosecution and the manufacturing of a restraining order if she did not abandon her civil claims. This conduct has been formally evaluated and confirmed as extortionate by legal ethics expert Edward J. McIntyre. To survive this extortion, Plaintiff was forced into relentless, defensive appellate litigation.

- **Concrete Damages:** Extreme infliction of emotional terror designed to coerce the surrender of civil rights; severe, compounding out-of-pocket mitigation costs for appellate and writ litigation (accruing constantly since March 2025).

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 3 (McIntyre Decl.); Exhibit 4 (DA Email Confirmation); Exhibit 7 (Extortionate Emails); U.S. District Court (SDCA); San Diego District Attorney's Office.

**Nov. 6 & Dec. 2, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act / Tortious Conduct:** Witness Tampering & Obstruction of Justice (18 U.S.C. § 1512), Federal Wire Fraud (18 U.S.C. § 1343), & Extrinsic Fraud.

- **Description of Fraud & Enterprise Action:** On November 6, 2025, the tribunal explicitly ordered Defendant to transmit a complete, indexed financial production (a "compendium") directly to Plaintiff's retained forensic expert (Ms. Addleman) to facilitate a formal financial trace. In direct defiance of this order, and to intentionally obstruct the expert's investigation into the concealed capital, Defendant utilized interstate wires to transmit a massive, unindexed, "voluminous" data dump. Concurrently, the Enterprise actively withheld the most critical, subpoenaed asset records —including specific corporate incentive units information and valuation,

banking, and retirement accounts. Defendant subsequently transmitted false declarations to the tribunal on December 2, 2025, misrepresenting his compliance to successfully suppress the expert's testimony and structurally blindfold the Court's accounting. This extrinsic fraud successfully deceived the Court into denying Plaintiff's requests for the release of her own frozen capital necessary to fund the forensic accounting and legal defense.

- **Concrete Damages:** Severe, quantifiable escalation of out-of-pocket forensic expert fees is necessitated to decipher the intentionally obstructed data; suppression of forensic evidence; absolute deprivation of capital needed for trial defense and ongoing deprivation of unlawfully frozen capital.

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 1; Exhibit 12 (Addleman Forensic Analysis & Decl.); Case No. 23FL000584C.

**Nov. 18 & Nov. 20, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act / Tortious Conduct:** Federal Wire Fraud (18 U.S.C. § 1343), Deprivation of Due Process, & Abuse of Process.

- **Description of Fraud & Enterprise Action:** Exploiting a "dark record" (absence of a court reporter), Defendant ambushed Plaintiff with unredacted, privileged attorney bills he illicitly obtained via his March FOAH forgery. Defendant weaponized Plaintiff's own stolen defense strategy against her to procure void monetary penalties.

- **Concrete Damages:** $10,000 in void monetary sanctions procured through stolen privilege.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 6; Case No. 23FL000584C.

**Dec. 2, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act / Tortious Conduct:** First & Fourteenth Amendment Deprivation (Gag Order / Vexatious Litigant Pre-Filing Injunction), Abuse of Process, & Deprivation of Right to Petition.

- **Description of Fraud & Enterprise Action:** To permanently conceal the evidence of his wire fraud, Defendant procured a baseless, unconstitutional

"Vexatious Litigant" pre-filing injunction. This gag order was specifically engineered to strip Plaintiff of her 1st Amendment right to petition, ensuring she remains gagged and intentionally unrepresented for the final trial.

- **Concrete Damages:** Total deprivation of 1st Amendment access to the courts; thousands in forced appellate mitigation fees.

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 1; Exhibit 8 (Vexatious Litigant Order); Exhibit 9; Case No. 23FL000584C; Court of Appeal Case No. D086958.

**Dec 2025 – March 2026-The Structural Genesis of the Administrative Blockade**

- **Actor(s) Involved:** San Diego Superior Court Appeals and Records Clerks, Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Predicate Act(s) / Tortious Conduct:** Obstruction of Justice (18 U.S.C. § 1503), Fraud Upon the Court, & Civil Rights Deprivation.

- **Description of Enterprise Action:**

- Beginning immediately after the December 2, 2025 issuance of the weaponized Vexatious Litigant order and the ensuing denial of the writ regarding the CCP § 916 automatic stay, the Enterprise and co-opted trial court administrative staff initiated a synchronized "closed procedural loop." Superior court clerks engaged in a continuous pattern of delaying filings, refusing to file-stamp exhibits, and manufacturing fraudulent Notices of Default to block Plaintiff's record designations and sabotage her appeals.

- Faced with this systemic sabotage, Plaintiff was forced to file multiple administrative complaints—including formal grievances submitted directly to the Court Executive Officer and direct intervention requests to the Fourth District Court of Appeal. This institutional pressure culminated on **March 27, 2026**, when the Court of Appeal intervened, granting Plaintiff's relief from default and issuing a direct mandate ordering the trial court clerk to reinstate her appeals. However, rather than complying, the clerk's office weaponized subsequent procedural hurdles (issuing repeated retaliatory defaults in May and June 2026) to continue the blockade.

- **Concrete Damages:**

- Intentional sabotage of appellate rights; manufactured administrative defaults; forced expenditure of time and resources to file emergency administrative

grievances and compel compliance; and systemic obstruction of the constitutional right to appeal.

- **Supporting Reference Dates & Filings:**

    - **December 2, 2025:** Issuance of Vexatious Litigant order & writ denial triggering the blockade.

    - **January – March 2026:** Initial manufactured defaults and clerical obstruction.

    - **March 27, 2026:** Fourth District Court of Appeal Order granting Relief from Default and demanding reinstatement of appeals.

    - **May 18, 2026 & July 6, 2026:** Formal administrative grievances and notices filed regarding ongoing clerical malfeasance and unauthorized practice of law.

**Jan. 5 & Jan. 28, 2026**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Predicate Act / Tortious Conduct:** Extortionate Leverage, Perjury, Perversion of Due Process, & Federal Wire Fraud (18 U.S.C. § 1343).

- **Description of Fraud & Enterprise Action:** Defendant advanced malicious, unserved *ex parte* filings via interstate wires to intentionally inflict psychological terror and subvert due process. Specifically, on January 5, Defendant transmitted materially false declarations to the tribunal—committing perjury by actively concealing Plaintiff's submitted residential disclosures—to fraudulently procure an order for law enforcement (Sheriff) intervention. By weaponizing this fabricated non-compliance, Defendant engineered the threat of state violence in an extreme attempt to unlawfully seize the minor child. Subsequently, on January 28, Defendant utilized further bad-faith *ex parte* applications to bypass long-standing evidentiary hearings, intentionally obstructing Plaintiff's right to be heard on the merits.

- **Concrete Damages:** Extreme psychological terror; forced emergency legal mitigation fees (including retaining emergency counsel Ms. T. Healoha Lee to combat the ambush of over $11,000).

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 13; Case No. 23FL000584C.

**February 2026 – Present (Ongoing)**

**Actor(s) Involved:** Peter Saatjian (Ghostwriter), Brett Truitt (Filer/User), and Enterprise Co-Conspirators.

**Predicate Act(s) / Legal Basis:**

- **Obstruction of Justice (18 U.S.C. § 1503)** (Fraud upon the court and subversion of judicial oversight).

- **Federal Wire Fraud (18 U.S.C. § 1343)** (Electronic submission of ghostwritten briefs, declarations, and pleadings via interstate court wires).

- **Violation of California Rules of Court, Rule 5.111** (Unauthorized ghostwriting and evasion of pro se accountability).

**Description of Conduct & Modus Operandi:**

**The "Shadow" Enterprise and Ghostwriting Fraud (Upon Information and Belief):** Following his formal substitution out of the state court record on January 30, 2026, Defendant **Peter Saatjian** continued to direct, engineer, and control the litigation as a clandestine "Shadow Architect." Operating in tandem with Brett Truitt across both the state family law matter (Case No. 23FL000584C) and the federal civil rights action (Case No. 26-CV-03765-JES-DEB), Saatjian secretly

authored, drafted, and engineered complex trial briefs, declarations, and opposition papers while Truitt falsely maintained an appearance of *pro per* status.

While direct internal correspondence detailing this ongoing arrangement remains peculiarly within Defendants' custody and control, Plaintiff's information and belief is established by concrete circumstantial and forensic evidence. Specifically, a formal declaration submitted and filed in the state trial court in **March 2026** inadvertently left Defendant Saatjian's direct telephone contact number on the document, alongside unmistakable stylistic authorship markers, formatting structures, and linguistic patterns unique to Saatjian's prior filings.

This deceptive arrangement was designed to shield Saatjian from State Bar investigations and judicial scrutiny while maintaining backdoor operational control to drive the August 2026 "sham trial" tracks, conceal prior forgeries, and perpetrate a continuous fraud upon both the state and federal tribunals. Formal electronic discovery—specifically the inspection of document metadata and word-processor properties—will conclusively confirm the true authorship of these filings.

**Concrete Damages:**

- Active corruption of the judicial record and subversion of Rule 11 / Rule 5.111 accountability;

- Unfair tactical advantage gained through unrepresented "shadow" legal counsel facing an indigent, unrepresented pro se litigant; and

- Compounded out-of-pocket litigation expenses required to uncover metadata and expose the ghostwriting fraud.

**Supporting Exhibits & Cross-References:**

- **Exhibit 9:** Appellate records documenting the shadow timeline.

- **Exhibit 14:** Ledger of ongoing litigation harassment.

- **Exhibit 19:** June 2026 filings (Truitt's Reply Declaration targeting the federal RICO action, featuring Saatjian's embedded metadata and operational fingerprints).

- **Exhibit 20:** State court administrative blockades and phantom dockets.

**Mar. 3 & Mar. 24, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators

- **Predicate Act:** Culmination of Financial Defenselessness.

- **Description of Fraud & Enterprise Action:** The Enterprise successfully weaponized their 17-month campaign of wire fraud and extortion to render the Plaintiff completely destitute. Stripped of her capital, her evidence, her privilege, and her right to speak, Plaintiff was structurally barred from retaining counsel or mounting a defense at the final evidentiary hearings.

- **Concrete Damages:** Absolute deprivation of Equal Protection and Due Process; successful execution of the Enterprise's financial starvation scheme.

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 1; Exhibit 10; Exhibit 13 (Lee Decl.); Case No. 23FL000584C.

**March 24, 2026 – Ongoing**

- **Predicate Act:** Witness Tampering (18 U.S.C. § 1512) and Obstruction of Justice.

- **Description:** Having successfully intimidated forensic and trial counsel, the Enterprise finalized the structural isolation of the Plaintiff. Through the persistent application of extortionate threats and the weaponization of the tribunal's 'Vexatious Litigant' gag order, Defendants forced trial counsel (Ms. T. Healoha Lee) to abandon the defense, successfully completing the Enterprise's campaign to deprive Plaintiff of her 6th Amendment right to counsel and her 14th Amendment right to a fair trial.

- **Concrete Damages & Impact:** Absolute structural isolation of pro se litigant; denial of effective assistance of counsel.

- **Supporting Exhibits & Section VIII Integration: Section VIII (Master Forensic Matrix A);** Exhibit 3; Exhibit 13 (Lee Decl.); Case No. 23FL000584C.

**April 21, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators

- **Predicate Act:** Foreseeable Execution of RICO Conspiracy (18 U.S.C. § 1962(d)).

- **Description of Fraud & Enterprise Action:** Operating under the structural protection of the unconstitutional "Vexatious Litigant" gag order previously procured by Defendant Saatjian, the Enterprise executed a renewed attempt to drain the final remnants of Plaintiff's property. A co-conspirator (non-party former spouse) transmitted a unilateral *ex parte* application via interstate wires, specifically engineered to extract the remaining $35,000 in frozen capital from the fiduciary's trust account. This ambush was maliciously timed to exploit the exact defenselessness and financial destitution intentionally engineered by Defendant Saatjian's prior racketeering acts.

- **Concrete Damages:** Imminent threat of total capital liquidation sch for Aug 2026 trial; severe escalation of emergency out-of-pocket mitigation costs to defend against the ambush.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 10; Case No. 23FL000584C and Appeal Case No.D086958.

**May 20 – May 22, 2026**

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503), Honest Services Fraud (18 U.S.C. § 1346), & RICO Conspiracy (18 U.S.C. § 1962(d)).

- **Description of Fraud & Enterprise Action:** Fiduciary Abandonment & Successor Judicial Ambush. Successor Judge Ferrara conducted a snap proceeding releasing Plaintiff's retained trial counsel under duress immediately prior to scheduled trial tracks. The Enterprise weaponized this forced withdrawal—executed while maintaining the complete denial of statutory parity funds—to structurally isolate the Plaintiff and leave her completely unrepresented.

- **Concrete Damages:** Total structural isolation of pro se litigant; forfeiture of legal retainers; forced emergency legal mitigation costs.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 13; Exhibit 14; Exhibit 19; Exhibit 20; Case No. 23FL000584

**May 22, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators *(weaponizing the administrative/judicial mechanisms of successor proceedings)*

- **Predicate Act:** Federal Wire Fraud (18 U.S.C. § 1343), Fraud Upon the Court, & Obstruction of Justice (18 U.S.C. § 1503).

- **Description of Fraud & Enterprise Action:** Vocational Sabotage & "Shadow Architect" Ghostwriting Fraud. The trial court granted an ex parte application compelling a vocational evaluation of Plaintiff to artificially depress her earning capacity, ignoring mandatory discovery notice rules. Plaintiff presented unrefuted digital metadata evidence proving Defendant Saatjian was actively ghostwriting filings for non-party Truitt while Truitt falsely claimed pro per status. The tribunal categorically refused to investigate the author fraud or demand the metadata, actively protecting the ghostwriter and shielding the Enterprise's criminal footprint.

- **Concrete Damages:** Severe financial duress; imposition of unauthorized expert examination&costs; active judicial cover-up of author fraud and denial of Appeal rights and due process.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 14; Exhibit 19; Exhibit 20; Case No. 23FL000584C.

**May 22, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503) & Deprivation of Civil Rights (*Jameson v. Desta / M.L.B. v. S.L.J.*).

- **Description of Fraud & Enterprise Action:** The Verbatim Record Embargo. Court clerks and the tribunal hand-wrote "Not Reported" on official minute orders to actively ban a physically present, certified court reporter from recording indigent Plaintiff's trial tracks. This structural "blinding" of the official record was executed specifically to prevent appellate review of ongoing procedural subversions.

- **Concrete Damages:** Structural destruction of the appellate record; denial of equal protection and access to the courts and tactical shielding of the Enterprise's ongoing procedural abuses.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 19; Exhibit 20; Case No. 23FL000584C

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 19; Exhibit 20; Case No. 23FL000584C.

**May 22, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), Matt Blado (Malpractice Defendant / Co-Conspirator), and Enterprise Co-Conspirators.

- **Procedural Milestone & Cross-Docket Action:** State-Court Malpractice Stay Granted (*Lancranjan v. Blado*, San Diego Superior Court Case No. Ref: 25CU055956C). Pursuant to Plaintiff's request and under the governing principles of *Adams v. Paul*, the San Diego Superior Court formally ordered the state malpractice action against co-conspirator Matt Blado **stayed** pending the final outcome of the active appellate review in Case No. D086958, recognizing the deep interconnection between the underlying family law extrinsic fraud and the malpractice claims.

- **Concrete Impact:** Temporarily insulated the malpractice claims from premature litigation while confirming the foundational impact of the family law forgeries and enterprise fraud.

- **Supporting Exhibits & Case Numbers:** Exhibit 9 (Appellate Review); Exhibit 20; Case No.25CU055956C ; Case No. D086958.

## June 10 – June 25, 2026

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503), Extortion (18 U.S.C. § 1951), & Civil Rights Deprivation.

- **Description of Fraud & Enterprise Action:** Vexatious Litigant Weaponization & Defensive Filing Blockade. The trial court weaponized the unconstitutional December 2, 2025 "Vexatious Litigant" (VL) order to summarily refuse to accept or process Plaintiff's responsive defense declarations. Simultaneously, the tribunal permitted the opposing party to proceed on unserved, defective filings (including a May 27 RFO for the June 25 hearing), executing an unconstitutional "one-sided" proceeding.

- **Concrete Damages:** Per se denial of the opportunity to be heard (*John v. Superior Court*); complete structural nullification of defense capability.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 8 (Form VL-115); Exhibit 20 (Attachments A–F); Case No. 23FL000584C.

**June 15 – July 3, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators (weaponizing the administrative and judicial mechanisms of the state tribunal).

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503), Federal Wire Fraud (18 U.S.C. § 1343), & Fraud Upon the Court.

- **Description of Fraud & Enterprise Action: State Court Administrative Blockade & Rejection of Defensive Filings (Exhibit 20).** Operating through the public filings of Brett Truitt and the clandestine ghostwriting of shadow architect Peter Saatjian, the Enterprise successfully weaponized administrative gatekeeping mechanisms. Court clerks and tribunal leadership systematically rejected Plaintiff's emergency *ex parte* applications, Notice of Automatic Stay under CCP § 916(a), and responsive declarations by improperly weaponizing Form VL-115 as a de facto gag order. On July 3, 2026, Plaintiff was forced to file a formal Notice of Harassment demanding

court minutes after being subjected to an unrecorded, retaliatory administrative shutdown of her defense

- **Concrete Damages:** Absolute administrative shutdown of access to the state courts; total procedural paralysis; and forced emergency out-of-pocket expenses incurred for the drafting, filing, and emergency litigation of parallel federal actions (including Case No. 26-CV-03765-JES-DEB) necessitated solely to combat, bypass, and remedy the unconstitutional state-level blockade.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 8 (Form VL-115); Exhibit 20 (Attachments A–F); Case No. 23FL000584C, Case No. 26-CV-03765-JES-DEB.

**June 16 – June 25, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503), Witness Intimidation / Retaliation (18 U.S.C. § 1512), & Civil Rights Violation.

- **Description of Fraud & Enterprise Action:** Federal RICO Retaliation & Docket Weaponization. Non-party Brett Truitt (acting under the direction of "Shadow Architect" Saatjian) filed a retaliatory Reply Declaration in Case No. 23FL000584C explicitly targeting and penalizing Plaintiff for filing her May 4, 2026 Federal Civil RICO lawsuit. The filing coerced the state tribunal into enforcing unserved vocational evaluation orders during the June 25 hearing as direct punishment for exercising federal petition rights.

- **Concrete Damages:** First Amendment retaliation; weaponization of state dockets to penalize and punish federal whistleblowing; administrative embargos; systemic denial of First and Fourteenth Amendment rights across both the family law matter (Case No. 23FL000584C) and the related Schulman malpractice proceedings (Case No. 25CU055956C) as direct retaliation for filing the federal RICO action; the June 25, 2026 preclusion/sanctions order; and compounding out-of-pocket legal mitigation expenses.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 19 (Attachments A–C); Case No. 23FL000584C;Case No. 25CU055956C Case No. 26-cv-02817-BAS-VET; Case No. 26-CV-03765-JES-DEB.

**June 18, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators (weaponizing the administrative and judicial mechanisms of the state tribunal).

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503) & State-Created Danger (*DeShaney v. Winnebago County*).

- **Description of Fraud & Enterprise Action:** Judicial Embargo on Emergency Protective Relief. The trial court summarily denied an emergency ex parte application detailing acute physical and psychological harm to the minor child and total financial collapse. The court weaponized the VL status embargo to refuse emergency relief, actively placing the minor child in ongoing, state-created danger.

- **Concrete Damages:** Severe psychological terror; state-sponsored child endangerment; complete denial of emergency judicial protection and forced emergency legal mitigation expenses.

- **Supporting Exhibits & Section VIII Integration**: Section VIII (Master Forensic Matrix A); Exhibit 8; Exhibit 20; Case No. 23FL000584C.

**June 25, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503), Federal Wire Fraud (18 U.S.C. § 1343), & RICO Conspiracy (18 U.S.C. § 1962(d)).

- **Description of Fraud & Enterprise Action:** The Final Fruit (Asymmetrical Preclusion Order & Evidentiary Blackout). In active defiance of the automatic appellate stay under Case No. D086958 (CCP § 916(a)), the court conducted an unrecorded hearing, banned the court reporter (*Jameson v. Desta*), rejected physical defense pleadings, and issued a sweeping preclusion order barring Plaintiff from presenting any evidence at trial.

- **Concrete Damages:** Total structural elimination of Plaintiff's evidentiary defense; judicial laundering of prior forgeries and void orders on the eve of trial tracks and forced legal mitigation expenses.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 9 (COA Stay); Exhibit 19; Exhibit 20; Case No. D086958.

**July 2, 2026**

- **Actor(s) Involved:** David Schulman (Malpractice Defendant / Phase 1 Architect) and Enterprise Co-Conspirators.

- **Predicate Act:** Abuse of Process, Extortion (18 U.S.C. § 1951), & Violation of Due Process.

- **Description of Fraud & Enterprise Action:** Schulman Security Bond Weaponization (*Lancranjan v. Schulman*, Case No. 25CU054361C). Malpractice Defendant David Schulman weaponized the Vexatious Litigant statute (CCP § 391.1) in civil court to demand an unconscionable $50,000 security bond, attempting to create a "pay-to-play" barrier to block Plaintiff from litigating his documented fiduciary embezzlement.

- **Concrete Damages:** Bad-faith litigation harassment; attempted financial extortion to block civil malpractice prosecution and compounding out-of-pocket legal mitigation expenses.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 10; Exhibit 14 (Part A); Case No. 25CU054361C.

**July 6, 2026**

- **Actor(s) Involved:** David Schulman (Malpractice Defendant / Phase 1 Architect) and Enterprise Co-Conspirators.

- **Predicate Act:** Judicial Validation of Fraud / Collateral Estoppel Anchor.

- **Description of Fraud & Enterprise Action:** Schulman Malpractice Order Finding "Meritorious Dispute" (Case No. 25CU054361C). The San Diego Superior Court issued a Minute Order (Exhibit 10) denying Schulman's security motion and formally finding a "meritorious dispute" regarding Schulman's unauthorized $150,000 wire transfer and perjured discovery declarations. This order serves as a binding judicial determination validating the core factual elements of the Enterprise's financial extractions and document forgeries.

- **Concrete Damages:** Binding judicial confirmation of Defendant Schulman's prior embezzlement and false declarations, foundational establishment of civil liability elements.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 10 (July 6 Minute Order); Exhibit 14 (Part B); Case No. 25CU054361C.

**July 6 – July 13, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), L. Silva (Appellate Court Clerk / Administrative Actor), and Enterprise Co-Conspirators.

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503) & Fraud Upon the Court.

- **Description of Fraud & Enterprise Action:** Formal Notice of Related Federal Actions & Multi-Tiered Appellate Blockade. Plaintiff served formal Notice of Related Federal Actions (RICO and § 1983) in state trial court. On July 13, Fourth District Court of Appeal Clerk L. Silva rejected Plaintiff's Notice of Related Actions via TrueFiling under pretextual administrative hurdles, demonstrating a synchronized, multi-tiered administrative blockade across both trial and appellate forums.

- **Concrete Damages:** Suppression of federal jurisdictional notices; administrative obstruction of appellate record preservation.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 9; Exhibit 20; Case No. 23FL000584C; Case No. D086958.

**July 15 – July 16, 2026**

- **Actor(s) Involved:** David Schulman (Malpractice Defendant / Phase 1 Architect), Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators

- **Predicate Act(s) / Tortious Conduct:** Abuse of Process, Obstruction of Justice (18 U.S.C. § 1503), & Ongoing Pattern of Racketeering (18 U.S.C. § 1962(c)).

- **Description of Fraud & Enterprise Action:** Bad-Faith Discovery Demands & Demurrer in Malpractice Action. In active defiance of the July 6 order and the pending Motion for Stay under *Paul v. Adam* (set for August 14, 2026), Defendant Schulman propounded aggressive, harassing discovery demands while simultaneously filing a bad-faith Demurrer to exhaust Plaintiff's remaining financial resources.

- **Concrete Damages:** Ongoing financial duress; forced legal expenditures responding to premature, harassing, and improper discovery demands; and continued multi-front litigation harassment designed to drain assets..

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 14 (Parts C, D, E); Case No.25CU054361C.

**August 14, 2026 [Scheduled]**

- **Actor(s) Involved:** David Schulman (Malpractice Defendant / Phase 1 Architect) and Enterprise Co-Conspirators.

- **Procedural Milestone & Cross-Docket Action:** Scheduled Motion for Stay under *Paul v. Adam* (*Lancranjan v. Schulman*, San Diego Superior Court Case No. Ref: 25CU054361C). Following the July 6, 2026 Minute Order finding a "meritorious dispute" regarding Schulman's unauthorized $150,000 transfer and discovery, malpractice defendant Schulman pivoted to bad-faith tactics—filing a Demurrer and serving aggressive discovery demands. Plaintiff's scheduled August 14 hearing seeks a mandatory stay to halt this overlapping litigation harassment and prevent the bad-faith exhaustion of remaining resources.

- **Concrete Impact:** Ongoing litigation waste and abuse of process designed to circumvent the Court's merits review.

- **Supporting Exhibits & Case Numbers:** Exhibit 10 (July 6 Minute Order); Exhibit 14 (Parts A–E); Case No.25CU054361C) .

**August 19, 2026 [Scheduled]**

- **Actor(s) Involved:** Brett Truitt (Filer / User), Peter Saatjian (Ghostwriter / Shadow Architect), and Enterprise Co-Conspirators.

- **Procedural Milestone & Cross-Docket Action:** Federal Civil Rights TRO Hearing (*Lancranjan v. Truitt et al.*, U.S. District Court, Southern District of California, Case No. 26-CV-03765-JES-DEB). Scheduled temporary restraining order hearing addressing state-created danger, unconstitutional court-enforced custody/property extractions, and First/Fourteenth Amendment retaliatory violations under 42 U.S.C. § 1983, serving as the necessary injunctive shield against the state court's ongoing jurisdictional defiance.

- **Concrete Impact:** Federal intervention sought to halt ongoing constitutional injuries and prevent the state forum from laundering fraudulent instruments.

- **Supporting Exhibits & Case Numbers:** Exhibit 14 (Part G); Exhibit 20; Case No. 26-CV-03765-JES-DEB.

**August 24 – August 28, 2026 [Scheduled]**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), the Trial Tribunal/Bench, and Enterprise Co-Conspirators.

- **Predicate Act:** Obstruction of Justice (18 U.S.C. § 1503), Federal Wire Fraud (18 U.S.C. § 1343), & RICO Conspiracy (18 U.S.C. § 1962(d)).

- **Description of Fraud & Enterprise Action:** The Trial of Deprivation (August Sham Trial). Scheduled full trial on all financial and custody issues proceeding in rogue, ultra vires defiance of the self-executing CCP § 916(a) automatic appellate stay (Consolidated Appeal Case No. D086958). The Enterprise intends to use this sham trial as a final laundering mechanism to convert past forgeries, wire fraud, and multi-million-dollar asset thefts into unassailable state court judgments while Plaintiff remains stripped of counsel, discovery, and defense rights.

- **Concrete Damages:** Imminent final conversion and laundering of the marital estate; permanent loss of property and fundamental parental rights.

- **Supporting Exhibits & Section VIII Integration:** Section VIII (Master Forensic Matrix A); Exhibit 1; Exhibit 8; Exhibit 9 (COA Stay); Exhibit 20; Case No. 23FL000584C; Case No. D086958.

**VERIFICATION**

I, Cristina M. Lancranjan, declare as follows:

1. I am the Plaintiff (In Pro Se) in the above-captioned matter. I have personal knowledge of the facts stated in the foregoing document, or where stated upon information and belief, I believe them to be true. If called as a witness, I could and would competently testify thereto.

2. I have reviewed the facts, dates, and exhibits referenced in the attached document, including Exhibit 1, and verify that they are true, correct, and accurately reflect the judicial proceedings, administrative records, and filings described therein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 23rd day of July, 2026, at San Diego, California.

Respectfully submitted,

/s/ Cristina M. Lancranjan

**Cristina M. Lancranjan, Plaintiff, In Pro Se**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 2

CHRONOLOGY OF CONSTITUTIONAL DEPRIVATIONS, ABUSE OF PROCESS, AND IIED

**Description of Evidence:** This exhibit contains the primary evidentiary record detailing the Enterprise's systematic abuse of state court processes to inflict psychological distress and deprive Plaintiff of her fundamental civil rights. It includes documentation of the "Ghost Motion" campaigns, the weaponization of the minor child's medical and educational records, and the intentional infliction of emotional distress (IIED). This exhibit is incorporated to demonstrate the "Extreme and Outrageous" nature of the Defendants' conduct, which exceeds all bounds of human decency.

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

*Case No.: 26-CV-02817-BAS-VET (S.D. Cal.)*

# EXHIBIT 2

## EXHIBIT 2: CHRONOLOGY OF CONSTITUTIONAL DEPRIVATIONS, ABUSE OF PROCESS, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

*(Incorporated by reference into Counts III, V and VI)*

**NOTICE OF RESERVATION OF RIGHTS & ILLUSTRATIVE NATURE OF TORTIOUS CONDUCT**

The chronological entries, emotional distress metrics, and constitutional deprivations itemized in this Exhibit 2 are illustrative, cumulative, and representative of the Enterprise's ongoing, multi-year campaign of tortious conduct, rather than an exhaustive, exclusive list. Plaintiff expressly reserves the right to amend, supplement, or introduce additional evidence, medical records, expert evaluations, and supporting documentation as ongoing litigation and trial preparations progress, pursuant to applicable procedural rules.

**EXPLANATORY OVERVIEW: THE EVOLUTION OF CONSTITUTIONAL DEPRIVATIONS & EMOTIONAL TRAUMA ACROSS THE CONTINUOUS ENTERPRISE**

To the Court:

This exhibit chronicles an integrated, multi-year campaign designed to break Plaintiff's psychological resilience, isolate her from her child, and strip her of her right to petition. The psychological terror, procedural sabotage, and constitutional deprivations itemized in this Exhibit 2 flow across three distinct, overlapping waves of enterprise conduct:

- **Phase 1 (David Schulman & Moore Schulman & Moore, APC, Matt Blado & Bickford Blado & Botros, in active coordination with Peter Saatjian & Farzad & Ochoa Family Law Attorneys, LLP):** Initial financial abandonment, covert estate freezing, the October 2024 unauthorized $150,000 trust siphoning, and fiduciary betrayal that triggered acute terror of homelessness and immediate psychological trauma.

- **Phase 2 (Peter Saatjian, continuing through Farzad & Ochoa Family Law Attorneys, LLP and subsequently PS LAW, APC):** Aggressive evidentiary ambushes, unserved ghost motions, forged court orders, criminal

extortion threats, and the procurement of unconstitutional gag orders that inflicted severe psychological terror and structural helplessness.

- **Phase 3 (Post–January 2026 Successor Actors):** Harvesting the illicit fruits of Phases 1 and 2, maintaining unconstitutional asset lockouts, enforcing ghostwritten trial traps, and executing a "sham trial" designed to permanently sever fundamental parental rights.

Under civil conspiracy and continuous tort doctrines, the psychological harm inflicted by subsequent participants is directly tethered to the foundational traps set by their predecessors, resulting in cumulative and severe Intentional Infliction of Emotional Distress (IIED).

## CHRONOLOGICAL LEDGER OF PREDICATE ACTS & TORTIOUS CONDUCT

**Jan. 2023 – July 2024**

- **Actor(s) Involved:** Non-party former spouse.

- **Tortious Conduct:** Intentional Infliction of Emotional Distress (IIED) & Engineered Destitution.

- **Description of Malicious Conduct:** Plaintiff's non-party former spouse abruptly abandoned Plaintiff and their 4-year-old child, illegally seizing over $1,000,000 in marital assets in direct violation of Automatic Temporary Restraining Orders (ATROs). This calculated abandonment forced Plaintiff—a stay-at-home mother and university student—to burn through savings simply to avoid homelessness while providing 24/7 care for the minor child without any financial support for 17 months.

- **Resulting Harm:** Severe emotional distress; terror regarding imminent homelessness; psychological trauma of financial abandonment.

- **Supporting Exhibits & Records:** Exhibit 1; Case No. 23FL000584C.

**Oct. 3, 15, 24, & Late Oct. 2024**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Tortious Conduct:** Abuse of Process, Extrinsic Fraud, Fraud Upon the Court, Breach of Fiduciary Duty, Deprivation of Procedural Due Process (14th Amendment), & IIED.

- **Description of Malicious Conduct:** Working in concert, Plaintiff's fiduciary (Schulman) and Defendant Saatjian weaponized *ex parte* procedures. On Oct 3, Schulman froze the estate without Plaintiff's knowledge. Upon entering the case, Defendant Saatjian immediately weaponized this financial vulnerability by filing an unnoticed, unserved "discovery declaration" on Oct 15. By intentionally hiding this filing, Defendant manufactured a false non-compliance. The absolute extrinsic nature of this fraud is irrefutably verified by the official Register of Actions (ROA) as of May 2, 2026, which confirms no Proof of Service was ever filed to notify Plaintiff. On Oct 24, Defendant weaponized this hidden filing to maliciously convert a short-cause relocation hearing—supported by a May 31, 2024 neutral court-appointed expert report recommending Plaintiff's interstate move without detriment—into a financially ruinous multi-day trial. As a direct proximate result of this extrinsic fraud and manufactured non-compliance, the tribunal denied Plaintiff's interstate relocation to Boston, citing a fraudulently

engineered "credibility deficit." Defendant Saatjian subsequently weaponized this fraudulently engineered deficit at every subsequent hearing to systematically deprive Plaintiff of parity and due process. Furthermore, Defendant advanced further unserved filings to unilaterally alter the minor's geographic status quo (heard Jan 9, 2025). During these proceedings, Defendant committed explicit Fraud Upon the Court by misrepresenting tax filing statuses to unlawfully reduce mandated financial distributions. To cement this theft and prevent Plaintiff from protecting her rights, Defendant intentionally withheld service of the resulting FOAH in direct violation of CRC 5.125.

- **Resulting Harm:** Total deprivation of procedural due process (14th Amendment); severe procedural prejudice; intentional inflation of defensive litigation; severe emotional distress regarding the sabotage of the relocation to Boston and the destruction of professional career opportunities.

- **Supporting Exhibits & Records:** ROA: 145 & 146; Exhibit 6 (Attachment E); Exhibit 10; Case No. 23FL000584C.

### Oct. 22 & Nov. 12, 2024

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Tortious Conduct:** Federal Wire Fraud (18 U.S.C. § 1343), Perjury (18 U.S.C. § 1621), & Fraud Upon the Court.

- **Description of Malicious Conduct:** To permanently conceal the marital estate from judicial scrutiny, Defendants transmitted a fraudulent FL-180 Bifurcation Judgment via interstate wires. Defendant Saatjian committed perjury by marking "Stipulation" without Plaintiff's signature and falsely swearing that mandatory updated and final financial disclosures were exchanged, while fiduciaries Schulman and Blado actively suppressed disclosure requirements to maintain the asset lockout.

- **Resulting Harm:** Structural lockout and fraudulent concealment of a $1,000,000+ community estate; permanent deprivation of property rights, liquidity, and borrowing power; severe emotional distress regarding the creation of a "captive estate" used to fund continuous fee-churning.

- **Supporting Exhibits & Records:** Exhibit 5 (FL-180 Bifurcation Judgment); Exhibit 6; Case No. 23FL000584C.

**Nov. 5, 2024 (Signed Mar. 18, 2025)**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Tortious Conduct:** Federal Wire Fraud, Extrinsic Fraud, & IIED.

- **Description of Malicious Conduct:** Defendants attempted to coerce Plaintiff to ratify the $150,000 theft piecemeal. When Plaintiff refused, Defendant submitted a false FOAH to cover up the extraction, intentionally withholding service in direct violation of CRC 5.125 and deliberately subverting the adversarial process.

- **Resulting Harm:** Unlawful cover-up of the $150,000 theft; escalation of mitigation legal fees and severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 3; Exhibit 6 (Attachment A); Exhibit 15; Case No. 23FL000584C.

**Jan. 7 & Jan. 9, 2025**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Tortious Conduct:** Federal Wire Fraud, Due Process Deprivation, & IIED.

- **Description of Malicious Conduct:** Relying entirely on the unserved October 15 ghost motion, Defendants procured void financial sanctions and submitted a false, unserved FOAH stripping Plaintiff's 14th Amendment parental decision-making rights, permanently poisoning the tribunal's docket.

- **Resulting Harm:** $3,500 in void financial sanctions; severe psychological trauma and emotional distress regarding the stripping of parental rights.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 6; Exhibit 16; Case No. 23FL000584C.

**Feb. 4, 2025**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Tortious Conduct:** Federal Wire Fraud (18 U.S.C. § 1343), Perjury, & Abuse of Process.

- **Description of Malicious Conduct:** Defendants transmitted fraudulent declarations via interstate wires to procure additional financial penalties, committing perjury by falsely swearing to the tribunal that Plaintiff failed to provide mandatory financial disclosures while intentionally concealing that disclosures were successfully served in December 2024.

- **Resulting Harm:** $1,500 in void financial penalties; forced escalation of out-of-pocket legal mitigation costs; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 10; Case No. 23FL000584C.

**Feb. – June 2025**

- **Actor(s) Involved:** Peter Saatjian, Matt Blado, and Enterprise Co-Conspirators.

- **Tortious Conduct:** IIED, Abuse of Process, & 14th Amendment Interference.

- **Description of Malicious Conduct:** While Plaintiff was financially paralyzed by the Enterprise's unlawful asset freeze and discovery traps, Defendants advised and orchestrated the unilateral breach of established cooperative medical and geographic agreements, unilaterally forcing invasive medical procedures (vaccinations) on Plaintiff's minor child, who was physically held down against his will. Defendants weaponized this manufactured medical crisis and resulting trauma to inflict extreme psychological distress and fabricate "alienation" claims for litigation leverage.

- **Resulting Harm:** Severe emotional distress; psychological trauma to both Plaintiff and child; interference with fundamental parental rights; grounds for Exemplary/Punitive Damages.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 2; Case No. 23FL000584C.

## Mar. 18 & Apr. 29, 2025

- **Actor(s) Involved:** Peter Saatjian, Matt Blado, and their respective law firms (PS Law, APC / Farzad & Ochoa and Bickford Blado & Botros).

- **Tortious Conduct:** Abuse of Process, Deprivation of Procedural Due Process (14th Amendment), & Unconstitutional Privilege Stripping.

- **Description of Malicious Conduct:** Defendants executed a multi-month scheme of extrinsic fraud to unlawfully pierce Plaintiff's attorney-client privilege. Despite an explicit March 18 oral ruling preserving the privilege, Defendants withheld the FOAH and subsequently submitted a fabricated false FOAH claiming privilege was waived, resulting in the unconstitutional stripping of Plaintiff's evidentiary privilege and an unconstitutional demand that Plaintiff produce unredacted, privileged emails. Concurrently, fiduciary complicity resulted in the extraction of a $15,000 retainer, leaving Plaintiff defenseless.

- **Resulting Harm:** Unconstitutional destruction of evidentiary privilege; severe procedural prejudice; extreme emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 6; Exhibit 17; Case No. 23FL000584C.

**May 12 – 19, 2025**

- **Actor(s) Involved:** David Schulman, Matt Blado, and Peter Saatjian (along with their respective law firms).

- **Tortious Conduct:** Extrinsic Fraud, Deprivation of a Fair Trial, Tortious Interference with Prospective Economic Advantage, Breach of Fiduciary Duty, & IIED.

- **Description of Malicious Conduct:** Operating under the protection of the financial freeze, Defendants executed an evidentiary hearing by ambush, dumping late-served exhibits and illicitly obtaining and weaponizing constitutionally protected, privileged employment records (dating back to 2018) to falsely attack Plaintiff's credibility, successfully sabotaging Plaintiff's interstate relocation and executive career trajectory.

- **Resulting Harm:** Destruction of executive career trajectory; forfeiture of Vice President position at State Street Bank; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 2; Case No. 23FL000584C.

**May 15 & June 24, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Federal Wire Fraud (18 U.S.C. § 1343), Criminal Forgery, & IIED.

- **Description of Malicious Conduct:** To bypass Plaintiff's formal objections to his false orders, Defendants committed criminal forgery by actively typing Plaintiff's signature onto the May 15 and June 24 FOAHs to falsely imply her consent, transmitting these forgeries via interstate wires to successfully extract community funds directly to his own firm.

- **Resulting Harm:** Total destitution and destruction of executive career trajectory; severe psychological distress.

- **Supporting Exhibits & Records:** Exhibit 3; Exhibit 6 (Attachment A); Case No. 23FL000584C.

**May 20, 2025**

- **Actor(s) Involved:** Peter Saatjian, David Schulman, Matt Blado, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Extrinsic Fraud, & Breach of Fiduciary Duty.

- **Description of Malicious Conduct:** Following a tribunal directive to officially freeze the marital assets to prevent further depletion, Defendant Saatjian intentionally withheld and refused to draft the mandatory FOAH, ensuring the estate remained legally vulnerable and directly facilitating the Enterprise's subsequent unauthorized extractions (including the forged May 15 and June 24 FOAHs and the $150,000 wire to Schulman).

- **Resulting Harm:** Over $250,000 in unauthorized fees and transfers; severe estate dissipation; profound emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 6; Case No. 23FL000584C.

**May 20, 2025 – Present: The Structural Genesis of the Administrative, FOAH & Appellate Blockade**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), San Diego Superior Court Appeals and Records Clerks,

Fourth District Court of Appeal (COA) Justices and Clerks, the Trial Tribunal/Bench, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice (18 U.S.C. § 1503), Fraud Upon the Court, Civil Rights Deprivation, & IIED.

- **Description of Malicious Conduct:** Spanning from the critical hearings on May 20, 2025, September 2025 orders, and accelerating sharply after September 2025—including the issuance of the weaponized Vexatious Litigant order—the Enterprise and co-opted trial court administrative staff initiated a synchronized "closed procedural loop." Ghostwriter Peter Saatjian systematically refused to create and draft mandatory FOAHs stemming from the May, September, and subsequent 2025 proceedings, and the tribunal correspondingly refused to sign or issue proper official orders. Furthermore, Saatjian intentionally withheld and failed to serve Plaintiff with signed orders, ensuring she would miss strict jurisdictional appeal deadlines unless she obsessively monitored the Register of Actions (ROA) throughout the day —mirroring the rogue "dump" of unapproved draft documents executed between January and April 2026. This suppressed critical protective rulings (including the DVRO) while permitting Brett Truitt and Saatjian to advance unilateral filings. Compounding this, the COA dismissed Plaintiff's rightful appeals from October 29, November 21, and December 2025 under the

pretext of missing signed orders/notices regarding the DVRO, and imposed an unconstitutional barrier forcing an involuntary defendant to petition the COA Presiding Justice for special "permission" just to appeal, stripping her unalienable defendant appeal rights from January through May 2026. Concurrently, trial court clerks engaged in a continuous pattern of delaying filings, refusing to file-stamp exhibits, and manufacturing fraudulent Notices of Default.

- **Resulting Harm:** Intentional sabotage of appellate rights; unconstitutional requirement forcing an involuntary defendant to beg for permission to appeal; manufactured administrative defaults; suppression of critical protective orders (including the DVRO); unrecorded trial tracks; severe emotional distress and anxiety.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 2; Exhibit 9; Exhibit 20; Case No. 23FL000584C; Case No. D086958.

**June 10 & July 8, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Deprivation of Constitutional Rights (Evidentiary Privilege), Wire Fraud, & IIED.

- **Description of Malicious Conduct:** Defendants successfully weaponized the fraudulently procured April FOAH to permanently strip Plaintiff of her fundamental attorney-client privilege. During the June 10 and July 8 proceedings, Defendant Saatjian transmitted false statements to the tribunal to protect his illicit gains, misrepresenting appellate writs and Supreme Court petitions and forcing unredacted defense billing disclosures.

- **Resulting Harm:** Absolute destruction of constitutional attorney-client privilege; extreme emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 9; Case No. D086316/ D086958; CA Supreme Court Case No. S291306.

**Aug. 28 & Sept. 2, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Federal Wire Fraud (18 U.S.C. § 1343), Discovery Abuse, & IIED.

- **Description of Malicious Conduct:** Defendant transmitted a 1,600-page unindexed document dump to sabotage Plaintiff's discovery rights, and subsequently advanced filings attempting to terminate Plaintiff's apartment

lease, intentionally engineered to render her unhoused and physically incapable of maintaining her jurisdiction in the litigation.

- **Resulting Harm:** Intentional destabilization of physical housing and jurisdiction; severe psychological distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 2; Case No. 23FL000584C.

**Sept. 4, 2025 & Jan. 28, 2026**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Federal Wire Fraud, Obstruction of Justice (18 U.S.C. § 1512), & IIED.

- **Description of Malicious Conduct:** Following a September 2025 proceeding where Plaintiff successfully secured a full evidentiary hearing (scheduled for April 2026) to expose the Enterprise's financial concealment, Defendant executed a targeted procedural ambush on January 28, 2026, transmitting an evidentiary-void *ex parte* application via interstate wires to subvert the adversarial process and derail the scheduled hearing.

- **Resulting Harm:** Ongoing deprivation of frozen capital; severe emotional distress and frustration of rights.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 13 (Lee Decl.); Case No. 23FL000584C.

## Sept. 10, 2025

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Extortionate Leverage, Deprivation of Due Process, & IIED.

- **Description of Malicious Conduct:** Defendant actively weaponized the structurally blinded state tribunal to penalize Plaintiff for seeking protective orders against the Enterprise's ongoing abuse, successfully procuring $5,000 in punitive financial orders against Plaintiff.

- **Resulting Harm:** Retaliatory financial penalties extracted to Defendant's benefit; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 3; Case No. 23FL000584C; Court of Appeal Case No. D086512.

**Oct. 26 & Nov. 21, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Federal Extortion (18 U.S.C. § 1951), Intimidation of a Litigant, & IIED.

- **Description of Malicious Conduct:** Defendant escalated to explicit criminal extortion, transmitting written emails explicitly threatening Plaintiff with District Attorney prosecution and the manufacturing of a restraining order if she did not abandon her civil claims (conduct formally evaluated and confirmed as extortionate by legal ethics expert Edward J. McIntyre).

- **Resulting Harm:** Extreme infliction of emotional terror designed to coerce the surrender of civil rights; severe psychological distress.

- **Supporting Exhibits & Records:** Exhibit 3 (McIntyre Decl.); Exhibit 4 (DA Email Confirmation); Exhibit 7 (Extortionate Emails); San Diego District Attorney's Office.

**Nov. 6 & Dec. 2, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Witness Tampering & Obstruction of Justice (18 U.S.C. § 1512), Federal Wire Fraud, & Extrinsic Fraud.

- **Description of Malicious Conduct:** In direct defiance of a November 6, 2025 tribunal order to transmit a complete, indexed financial compendium to forensic expert Anna Addleman, Defendant transmitted a massive, unindexed data dump and withheld critical corporate incentive units and bank records, subsequently transmitting false declarations on December 2, 2025 to suppress the expert's testimony.

- **Resulting Harm:** Suppression of forensic evidence; absolute deprivation of capital needed for trial defense; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 12 (Addleman Forensic Analysis & Decl.); Case No. 23FL000584C.

## Nov. 18 & Nov. 20, 2025

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Federal Wire Fraud, Deprivation of Due Process, Abuse of Process, & IIED.

- **Description of Malicious Conduct:** Exploiting a "dark record" (absence of a court reporter), Defendant ambushed Plaintiff with unredacted, privileged attorney bills he illicitly obtained via his March FOAH forgery, weaponizing Plaintiff's own stolen defense strategy against her to procure void monetary penalties ($10,000 in sanctions).

- **Resulting Harm:** Procurement of void monetary sanctions through stolen privilege; extreme emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 6; Case No. 23FL000584C.

**Dec. 2, 2025**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** First & Fourteenth Amendment Deprivation (Gag Order / Vexatious Litigant Pre-Filing Injunction), Abuse of Process, & IIED.

- **Description of Malicious Conduct:** To permanently conceal evidence of his wire fraud and retaliate against appellate victories, Defendant submitted a perjurious declaration falsely swearing no DA investigation existed, and procured a baseless, unconstitutional "Vexatious Litigant" pre-filing

injunction and custody seizure specifically engineered to strip Plaintiff of her 1st Amendment right to petition and familial bonds.

- **Resulting Harm:** Absolute deprivation of constitutional rights; structural paralysis of legal defense; catastrophic psychological trauma regarding the retaliatory loss of custody.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 8 (Vexatious Litigant Order); Exhibit 9; Case No. 23FL000584C; Court of Appeal Case No. D086958.

## Dec. 2025 – March 2026: The Structural Genesis of the Administrative Blockade

- **Actor(s) Involved:** San Diego Superior Court Appeals and Records Clerks, Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice (18 U.S.C. § 1503), Fraud Upon the Court, Civil Rights Deprivation, & IIED.

- **Description of Malicious Conduct:** Superior court clerks engaged in a continuous pattern of delaying filings, refusing to file-stamp exhibits, and manufacturing fraudulent Notices of Default to block Plaintiff's record

designations and sabotage her appeals. Although the Fourth District Court of Appeal intervened on March 27, 2026, granting relief from default, the clerk's office weaponized subsequent procedural hurdles to continue the blockade.

- **Resulting Harm:** Intentional sabotage of appellate rights; manufactured administrative defaults; systemic obstruction of the constitutional right to appeal; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 20; Case No. 23FL000584C.

**Jan. 5 & Jan. 28, 2026**

- **Actor(s) Involved:** Peter Saatjian (along with his law firm: Farzad & Ochoa Family Law Attorneys, LLP).

- **Tortious Conduct:** Extortionate Leverage, Perjury, Perversion of Due Process, Federal Wire Fraud, & IIED.

- **Description of Malicious Conduct:** Defendant advanced malicious, unserved *ex parte* filings via interstate wires to intentionally inflict psychological terror and subvert due process, transmitting materially false declarations on January 5—committing perjury by actively concealing

Plaintiff's submitted residential disclosures—to fraudulently procure an order for law enforcement (Sheriff) intervention.

- **Resulting Harm:** Extreme psychological terror; severe emotional distress regarding the imminent threat of state violence against Plaintiff and minor child; forced emergency legal mitigation fees.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 13; Case No. 23FL000584C.

**February 2026 – Present (Ongoing)**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter), Brett Truitt (Filer/User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Federal Wire Fraud, Violation of CRC Rule 5.111, & Abuse of Process.

- **Description of Malicious Conduct:** Following his formal substitution out of the record on January 30, 2026, Defendant Saatjian continued to direct and control the litigation as a clandestine "Shadow Architect," secretly authoring trial briefs, declarations, and opposition papers while Brett Truitt falsely maintained an appearance of *pro per* status, evading pro se accountability and corrupting the judicial record.

- **Resulting Harm:** Unfair tactical advantage gained through unrepresented "shadow" legal counsel facing an indigent, unrepresented *pro se* litigant; severe emotional distress and procedural exhaustion.

- **Supporting Exhibits & Records:** Exhibit 9; Exhibit 14; Exhibit 19; Exhibit 20; Case No. 23FL000584C; Case No. 26-CV-03765-JES-DEB.

## Mar. 3 & Mar. 24, 2026

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Culmination of Financial Defenselessness & IIED.

- **Description of Malicious Conduct:** The Enterprise successfully weaponized their multi-year campaign of wire fraud and extortion to render Plaintiff completely destitute, structurally barring her from retaining counsel or mounting a defense at final evidentiary hearings.

- **Resulting Harm:** Absolute deprivation of Equal Protection and Due Process; severe emotional breakdown resulting from engineered structural paralysis.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 10; Exhibit 13 (Lee Decl.); Case No. 23FL000584C.

**March 24, 2026 – Ongoing**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Witness Tampering (18 U.S.C. § 1512), Obstruction of Justice, & Deprivation of Counsel.

- **Description of Malicious Conduct:** Through persistent extortionate threats and the weaponization of the tribunal's 'Vexatious Litigant' gag order, Defendants forced trial counsel (Ms. T. Healoha Lee) to abandon the defense, successfully completing the Enterprise's campaign to deprive Plaintiff of her 6th Amendment right to counsel and fair trial.

- **Resulting Harm:** Absolute structural isolation of *pro se* litigant; denial of effective assistance of counsel; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 3; Exhibit 13 (Lee Decl.); Case No. 23FL000584C.

**April 21, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), Non-Party Former Spouse, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Foreseeable Execution of RICO Conspiracy, Abuse of Process, & Deprivation of Property.

- **Description of Malicious Conduct:** Operating under the structural protection of the unconstitutional "Vexatious Litigant" gag order, a co-conspirator (non-party former spouse) transmitted a unilateral *ex parte* application via interstate wires specifically engineered to extract the remaining $35,000 in frozen capital from the fiduciary's trust account, timed to exploit Plaintiff's intentional destitution.

- **Resulting Harm:** Total deprivation of procedural due process; severe anxiety, panic, and emotional distress regarding the imminent threat of total capital liquidation and homelessness.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 10; Case No. 23FL000584C; Appeal Case No. D086958.

**May 20 – May 22, 2026**

- **Actor(s) Involved:** Successor Judge Ferrara, David Schulman, Matt Blado, Peter Saatjian, Brett Truitt, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Honest Services Fraud, RICO Conspiracy, & Deprivation of Fair Trial.

- **Description of Malicious Conduct:** Successor Judge Ferrara conducted a snap proceeding releasing Plaintiff's retained trial counsel under duress immediately prior to scheduled trial tracks, weaponizing forced withdrawal while maintaining the complete denial of statutory parity funds to structurally isolate the Plaintiff.

- **Resulting Harm:** Total structural isolation of *pro se* litigant; forfeiture of legal retainers; extreme emotional distress.

- **Supporting Exhibits & Records:** Exhibit 13; Exhibit 14; Exhibit 19; Exhibit 20; Case No. 23FL000584C.

**May 22, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Federal Wire Fraud, Fraud Upon the Court, Obstruction of Justice, & Deprivation of Civil Rights (*Jameson v. Desta / M.L.B. v. S.L.J.*).

- **Description of Malicious Conduct:** The trial court granted an *ex parte* application compelling a vocational evaluation of Plaintiff to artificially depress her earning capacity while ignoring discovery notice rules. When

Plaintiff presented unrefuted digital metadata evidence proving Defendant Saatjian was actively ghostwriting filings for non-party Truitt, the tribunal categorically refused to investigate the author fraud or demand metadata. Concurrently, court clerks and the tribunal hand-wrote "Not Reported" on official minute orders to ban a physically present, certified court reporter from recording indigent Plaintiff's trial tracks.

- **Resulting Harm:** Structural destruction of the appellate record; denial of equal protection and access to courts; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 14; Exhibit 19; Exhibit 20; Case No. 23FL000584C.

**May 22, 2026**

- **Actor(s) Involved:** Matt Blado (Malpractice Defendant / Co-Conspirator) and Cristina Lancranjan.

- **Procedural Milestone & Cross-Docket Action:** State-Court Malpractice Stay Granted (*Lancranjan v. Blado*, San Diego Superior Court Case No. Ref: 25CU055956C). Pursuant to Plaintiff's request under *Adams v. Paul*, the San Diego Superior Court formally ordered the state malpractice action against co-conspirator Matt Blado stayed pending the final outcome of active appellate review in Case No. D086958.

- **Resulting Harm / Impact:** Temporarily insulated malpractice claims while confirming the foundational impact of family law forgeries.

- **Supporting Exhibits & Records:** Exhibit 9; Exhibit 20; Case No. 25CU055956C; Case No. D086958.

## June 10 – June 25, 2026

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Extortion, & Civil Rights Deprivation.

- **Description of Malicious Conduct:** The trial court weaponized the unconstitutional December 2, 2025 "Vexatious Litigant" (VL) order to summarily refuse to accept or process Plaintiff's responsive defense declarations while permitting the opposing party to proceed on unserved, defective filings, executing an unconstitutional "one-sided" proceeding.

- **Resulting Harm:** Per se denial of the opportunity to be heard; complete structural nullification of defense capability; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 8 (Form VL-115); Exhibit 20 (Attachments A–F); Case No. 23FL000584C.

**June 15 – July 3, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), Court Clerks, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Federal Wire Fraud, & Fraud Upon the Court.

- **Description of Malicious Conduct:** Court clerks and tribunal leadership systematically rejected Plaintiff's emergency *ex parte* applications, Notice of Automatic Stay under CCP § 916(a), and responsive declarations by improperly weaponizing Form VL-115 as a *de facto* gag order (Exhibit 20), forcing Plaintiff to file a formal Notice of Harassment on July 3, 2026.

- **Resulting Harm:** Absolute administrative shutdown of access to state courts; total procedural paralysis; severe emotional distress and anxiety.

- **Supporting Exhibits & Records:** Exhibit 8 (Form VL-115); Exhibit 20 (Attachments A–F); Case No. 23FL000584C; Case No. 26-CV-03765-JES-DEB.

**June 16 – June 25, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Witness Intimidation / Retaliation (18 U.S.C. § 1512), & Civil Rights Violation.

- **Description of Malicious Conduct:** Non-party Brett Truitt (acting under the direction of "Shadow Architect" Saatjian) filed a retaliatory Reply Declaration in Case No. 23FL000584C explicitly targeting and penalizing Plaintiff for filing her May 4, 2026 Federal Civil RICO lawsuit, coercing the state tribunal into enforcing unserved vocational evaluation orders during the June 25 hearing as direct punishment.

- **Resulting Harm:** First Amendment retaliation; weaponization of state dockets to penalize federal whistleblowing; administrative embargos across family law (Case No. 23FL000584C) and Schulman malpractice proceedings (Case No. 25CU055956C); severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 19 (Attachments A–C); Case No. 23FL000584C; Case No. 25CU055956C; Case No. 26-cv-02817-BAS-VET; Case No. 26-CV-03765-JES-DEB.

**June 18, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), the Trial Tribunal/Bench, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice & State-Created Danger (*DeShaney v. Winnebago County*).

- **Description of Malicious Conduct:** The trial court summarily denied an emergency *ex parte* application detailing acute physical and psychological harm to the minor child and total financial collapse, weaponizing the VL status embargo to refuse emergency relief and actively placing the minor child in ongoing, state-created danger.

- **Resulting Harm:** Severe psychological terror; state-sponsored child endangerment; complete denial of emergency judicial protection; extreme emotional distress.

- **Supporting Exhibits & Records:** Exhibit 8; Exhibit 20; Case No. 23FL000584C.

**June 25, 2026**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Federal Wire Fraud, RICO Conspiracy, & Due Process Deprivation.

- **Description of Malicious Conduct:** In active defiance of the automatic appellate stay under Case No. D086958 (CCP § 916(a)), the court conducted an unrecorded hearing, banned the court reporter (*Jameson v. Desta*), rejected physical defense pleadings, and issued a sweeping preclusion order barring Plaintiff from presenting any evidence at trial.

- **Resulting Harm:** Total structural elimination of Plaintiff's evidentiary defense; judicial laundering of prior forgeries and void orders on the eve of trial; catastrophic emotional distress.

- **Supporting Exhibits & Records:** Exhibit 9 (COA Stay); Exhibit 19; Exhibit 20; Case No. D086958.

**July 2, 2026**

- **Actor(s) Involved:** David Schulman (Malpractice Defendant / Phase 1 Architect) and Enterprise Co-Conspirators.

- **Tortious Conduct:** Abuse of Process, Extortion (18 U.S.C. § 1951), & Violation of Due Process.

- **Description of Malicious Conduct:** Malpractice Defendant David Schulman weaponized the Vexatious Litigant statute (CCP § 391.1) in civil court (*Lancranjan v. Schulman*, Case No. 25CU054361C) to demand an

unconscionable $50,000 security bond, attempting to create a "pay-to-play" barrier to block Plaintiff from litigating his documented fiduciary embezzlement.

- **Resulting Harm:** Bad-faith litigation harassment; attempted financial extortion; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 10; Exhibit 14 (Part A); Case No. 25CU054361C.

**July 6, 2026**

- **Actor(s) Involved:** David Schulman (Malpractice Defendant / Phase 1 Architect) and Enterprise Co-Conspirators.

- **Tortious Conduct:** Judicial Validation of Fraud / Collateral Estoppel Anchor.

- **Description of Malicious Conduct:** The San Diego Superior Court issued a Minute Order (Exhibit 10) denying Schulman's security motion and formally finding a "meritorious dispute" regarding Schulman's unauthorized $150,000 wire transfer and perjured discovery declarations, validating core factual elements of financial extractions and document forgeries.

- **Resulting Harm:** Binding judicial confirmation of Defendant Schulman's prior embezzlement and false declarations; foundational establishment of civil liability elements.

- **Supporting Exhibits & Records:** Exhibit 10 (July 6 Minute Order); Exhibit 14 (Part B); Case No. 25CU054361C.

## July 6 – July 13, 2026

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), L. Silva (Appellate Court Clerk), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice & Fraud Upon the Court.

- **Description of Malicious Conduct:** Plaintiff served formal Notice of Related Federal Actions (RICO and § 1983) in state trial court. On July 13, Fourth District Court of Appeal Clerk L. Silva rejected Plaintiff's Notice of Related Actions via TrueFiling under pretextual administrative hurdles, demonstrating a synchronized, multi-tiered administrative blockade across both trial and appellate forums.

- **Resulting Harm:** Suppression of federal jurisdictional notices; administrative obstruction of appellate record preservation; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 9; Exhibit 20; Case No. 23FL000584C; Case No. D086958.

## July 15 – July 16, 2026

- **Actor(s) Involved:** David Schulman (Malpractice Defendant), Peter Saatjian (Ghostwriter), Brett Truitt (Filer), and Enterprise Co-Conspirators.

- **Tortious Conduct:** Abuse of Process, Obstruction of Justice, & Ongoing Pattern of Racketeering.

- **Description of Malicious Conduct:** In active defiance of the July 6 order and the pending Motion for Stay under *Adams v. Paul* (set for August 14, 2026), Defendant Schulman propounded aggressive, harassing discovery demands while simultaneously filing a bad-faith Demurrer in Case No. 25CU054361C to exhaust Plaintiff's remaining financial resources.

- **Resulting Harm:** Ongoing financial duress; forced legal expenditures responding to premature, harassing discovery demands; severe emotional distress.

- **Supporting Exhibits & Records:** Exhibit 14 (Parts C, D, E); Case No. 25CU054361C.

## August 14, 2026 [Scheduled]

- **Actor(s) Involved:** David Schulman (Malpractice Defendant) and Enterprise Co-Conspirators.

- **Procedural Milestone & Cross-Docket Action:** Scheduled Motion for Stay under *Adams v. Paul* (*Lancranjan v. Schulman*, Case No. 25CU054361C) to halt overlapping litigation harassment and prevent the bad-faith exhaustion of remaining resources following the July 6 Minute Order.

- **Resulting Impact:** Ongoing litigation waste and abuse of process designed to circumvent merits review.

- **Supporting Exhibits & Records:** Exhibit 10 (July 6 Minute Order); Exhibit 14 (Parts A–E); Case No. 25CU054361C.

## August 19, 2026 [Scheduled]

- **Actor(s) Involved:** Brett Truitt (Filer / User), Peter Saatjian (Ghostwriter), and Enterprise Co-Conspirators.

- **Procedural Milestone & Cross-Docket Action:** Federal Civil Rights TRO Hearing (*Lancranjan v. Truitt et al.*, Case No. 26-CV-03765-JES-DEB) addressing state-created danger, unconstitutional custody/property extractions, and First/Fourteenth Amendment retaliatory violations under 42 U.S.C. § 1983.

- **Resulting Impact:** Federal intervention sought to halt ongoing constitutional injuries and prevent the state forum from laundering fraudulent instruments.

- **Supporting Exhibits & Records:** Exhibit 14 (Part G); Exhibit 20; Case No. 26-CV-03765-JES-DEB.

**August 24 – August 28, 2026 [Scheduled]**

- **Actor(s) Involved:** Peter Saatjian (Ghostwriter / Shadow Architect), Brett Truitt (Filer / User), the Trial Tribunal/Bench, and Enterprise Co-Conspirators.

- **Tortious Conduct:** Obstruction of Justice, Federal Wire Fraud, RICO Conspiracy, & Due Process Deprivation.

- **Description of Malicious Conduct: The Trial of Deprivation (August Sham Trial).** Scheduled full trial on all financial and custody issues

proceeding in rogue, *ultra vires* defiance of the self-executing CCP § 916(a) automatic appellate stay (Consolidated Appeal Case No. D086958), intended as a final laundering mechanism to convert past forgeries, wire fraud, and asset thefts into unassailable state court judgments while Plaintiff remains stripped of counsel, discovery, and defense rights.

- **Resulting Harm:** Imminent final conversion and laundering of the marital estate; permanent loss of property and fundamental parental rights; severe emotional trauma and distress.

- **Supporting Exhibits & Records:** Exhibit 1; Exhibit 8; Exhibit 9 (COA Stay); Exhibit 20; Case No. 23FL000584C; Case No. D086958.

**VERIFICATION**

I, Cristina M. Lancranjan, declare as follows:

1.  I am the Plaintiff (In Pro Se) in the above-captioned matter. I have personal knowledge of the facts stated in the foregoing document, or where stated upon information and belief, I believe them to be true. If called as a witness, I could and would competently testify thereto.

2.  I have reviewed the facts, dates, and exhibits referenced in the attached document, including Exhibit 2, and verify that they are true, correct, and accurately reflect the judicial proceedings, administrative records, and filings described therein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 23rd day of July, 2026, at San Diego, California.

Respectfully submitted,

/s/ Cristina M. Lancranjan

**Cristina M. Lancranjan**, Plaintiff, In Pro Se

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 3

EXECUTED DECLARATION OF LEGAL ETHICS EXPERT EDWARD J. MCINTYRE

**Description of Evidence:** This exhibit contains the formal, executed declaration of independent Legal Ethics Expert Edward J. McIntyre. This document is incorporated to definitively establish that Defendant Saatjian's conduct constitutes objective, criminal extortion outside the bounds of any legitimate litigation privilege. Specifically, Mr. McIntyre evaluates Defendant's written threats of District Attorney prosecution as extortionate conduct under *Flatley v. Mauro*, and categorizes the Enterprise's fabrication of judicial instruments as acts of "Moral Turpitude." This exhibit serves as independent, expert verification of the RICO predicate acts of Extortion (18 U.S.C. § 1951).

EDWARD J. McINTYRE, State Bar No. 80402
WELLS FARGO PLAZA
401 B Street, Suite 1200
San Diego, California 92101
Telephone:  (619) 992-9038
edmcintyre@ethicsguru.law

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| BRETT F. TRUITT, | Case No. 23FL000584C |
| Petitioner, | **ETHICS EXPERT DECLARATION OF** |
| v. | **EDWARD J. McINTYRE IN RELATION** |
| | **TO RESPONDENT'S MOTION TO** |
| CRISTINA M. LANCRANJAN, | **DISQUALIFY COUNSEL** |
| Respondent. | |

Edward J. McIntyre declares:

### Engagement

1.    Ms. Lancranjan, who is self-represented in this proceeding, engaged me as a legal ethics and professional responsibility expert on her behalf.

2.    I have focused my expert analysis and declaration on the ethics issues that two documents raise—an email message that Mr. Saatjian, petitioner's lawyer, sent to Ms. Lancranjan dated October 26, 2025; and a document Mr. Saatjian submitted to the Court.

### Background and Professional Qualifications

3.    I am, and since 1978 have been, a member of the State Bar of California. I was first admitted to practice in Pennsylvania in 1974.

4.    I am admitted to practice before the United States Supreme Court, the United

1                                                            Case No. 23FL000584C
EXPERT DECLARATION OF EDWARD J. McINTYRE

States Courts of Appeal for the Third, Fifth, Ninth, Tenth and Federal Circuits; the United States District Courts for the Southern, Central and Northern Districts of California and Eastern District of Pennsylvania and the courts of the Commonwealth of Pennsylvania.

5.      I have since 2014 focused my practice *exclusively* on issues of legal ethics, professional responsibility, including standard of conduct, standard of care, and risk mitigation. In that capacity, I counsel lawyers and their firms and serve as an expert witness. I also serve as a Special Deputy Trial Counsel (SDTC)—special prosecutor—for the State Bar of California.

6.      I was a trial lawyer for forty years, most recently as a partner at Solomon Ward Seidenwurm & Smith, before that at Gray Cary Ames & Frye/Gray Cary Ware & Freidenrich and initially as an associate at Dechert in its Philadelphia office.

7.      Along with to professional responsibility, my trial practice included complex business, securities, trade, and intellectual property litigation in federal and state court, both trial and appellate, and litigation-related counseling of publicly held and privately owned companies. I am also recognized for my practice of First Amendment and journalism law.

8.      In addition to counseling lawyers, serving as an expert witness, and serving as a SDTC for the State Bar, I write and lecture on issues of professional responsibility, risk mitigation and standard of care. Among other publications, I have for many years authored the ethics column in each issue of *San Diego Lawyer*, a professional publication of the San Diego County Bar Association (SDCBA) and serve on its editorial committee. I also regularly author the SDCBA's *Ethics in Brief* and *For the Record* columns and I co-author and co-edit *Ethics Quarterly*, another SDCBA publication.

9.      I am, and for 30 years have been, a member of the SDCBA Legal Ethics Committee—an invitation-only committee. I have served several times as its chair and on its executive committee. I currently serve as vice chair. I am also a member of the California Lawyers Association statewide Ethics Committee.

10.      The State Bar Board of Trustees appointed me to a three-year term (2008-2011) on the State Bar's Standing Committee on Professional Responsibility and Conduct (COPRAC), the ethics advisors to the Board of Trustees.

2                                               Case No. 23FL000584C
EXPERT DECLARATION OF EDWARD J. McINTYRE

11.     The State Bar appointed me, in July 2015, a SDTC. SDTCs investigate and, as appropriate, prosecute cases involving alleged violations of the standards of professional conduct when the Office of Chief Trial Counsel has recused itself because of a conflict of interest. The Rules of Procedure require a lawyer with legal ethics expertise and trial experience who is wholly independent of the State Bar (Rule 2201 cases). I am currently SDTC in several State Bar matters.

12.     Then, in August 2016, the Board of Trustees Committee on Regulation and Discipline (RAD) appointed me to serve as Administrator for all Rule 2201 cases statewide and to oversee the twenty SDTC to whom I assigned Rule 2201 cases and for whose work I was responsible to RAD. In January 2019, another SDTC assumed the Administrator role; I continue as a SDTC.

13.     In my role as Administrator, I initially screened all Rule 2201 matters to determine whether they met State Bar criteria to initiate a discipline investigation. During my tenure as Administrator I was responsible as gatekeeper in the first instance for more than 400 State Bar complaints, determining whether to close them or assign them to a SDTC for investigation and possible prosecution. Finally, as Administrator, I served as an ethics resource for other SDTC.

14.     In my roles both as a SDTC on the cases for which I was and am personally responsible, and as the Administrator for all Rule 2201 cases statewide, I saw and see recurring themes where the Rules of Professional Conduct and provisions of the State Bar Act were applied to lawyers' conduct.

15.     I was lead counsel on the *amicus curiae* brief in the California Supreme Court on behalf of the SDCBA in *Ardon v. City of Los Angeles* (2016) 62 Cal.4th 1176, a case that raised significant professional responsibility issues.

16.     I am a member of the American Bar Association's Center for Professional Responsibility and the Association of Professional Responsibility Lawyers, two national professional responsibility organizations.

17.     In 1995, I joined Solomon Ward as a litigation partner and chair of the firm's litigation department. I also served as the firm's general counsel and professional responsibility partner.

3                                                    Case No. 23FL000584C

18. From 1978 to 1995, I was an associate (1978-1980) and partner (1980-1995) at Gray Cary Ames & Frye/Gray Cary Ware & Freidenrich—now part of DLA Piper USA LLP. I was an associate at Dechert Price & Rhoads (now Dechert) from 1974 to 1978.

19. My formal education includes:

| 1970-1974 | J.D. | Temple University, Pennsylvania |
| 1968-1969 | Ph.D. Cand. | Fordham University, New York |
| 1965-1966 | Ph.L. | Fordham University and Woodstock University, Maryland |
| 1965-1966 | M.A. | Fordham University |
| 1961-1965 | A.B. | Fordham University |
| 1966-1969 | | Lecturer in philosophy at Georgetown University and Fordham University |

20. As a consequence of my training and experience in legal ethics, professional responsibility and professional integrity; and the cases in which I have been engaged and testified as an expert; and serving as a SDTC; and my role as both the chair of Solomon Ward's litigation department and its general counsel, I am familiar with the ethical and professional responsibility standards governing lawyers—and in particular, the professional responsibility standards governing the conduct of lawyers who practice before California courts, both state and federal.

**Facts and Documents I Have Taken Into Account**

21. I have analyzed the following documents:

a. Ex Parte Application for Order Shortening Time for Hearing on Respondent's Motion to Disqualify Counsel;

b. Order, filed August 11, 2025;

c. Email chain dated July 11, 2025;

d. Mr. Saatjian's email dated October 26, 2025;

e. Respondent's Objections to and Request to Strike Petitioner's Improperly Submitted Proposed Findings, etc.;

f. Respondent's Verified Petition to Set Aside Void Order(s);

4

Case No. 23FL000584C

EXPERT DECLARATION OF EDWARD J. McINTYRE

 g. Respondent's Declaration and Memorandum ISO RFO, etc.;

 h. Respondent's Declaration and Memorandum of Points and Authorities in Support of Request to Set Aside Void Orders, etc.

22. I have also considered that Ms. Lancranjan is a self-represented lay person; Mr. Truitt is represented by a lawyer, Mr. Saatjian.

## MR. SAATJIAM VIOLATED A RULE OF PROFESSIONAL CONDUCT WHEN HE MADE THE THREAT TO MS. LANCRACJAN TO GAIN AN ADVANTAGE FOR HIS CLIENT

23. Rule 3.10(a) expressly prohibits a lawyer from threatening "to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute."

24. California courts have broadly interpreted and applied this prohibition both in the current rule 3.10 and its predecessor, former rule 5-100.[1]

25. Mr. Saatjian's statements in his October 26, 2025, email to Ms. Lancranjan—"I'm going to be putting in a report to the DA with all the evidence of your perjury so you can be prosecuted for it. I told you. I promised you. I will hold you accountable, since no one, not even yourself, ever has."—is unquestionably a threat in violation of rule 3.10(a).

26. The fact that Ms. Lancranjan is a lay person, representing herself, in my opinion, only acerbates the violation. Mr. Saatijan's superior position as a lawyer making the threat gives it makes it more credible, in my opinion, that if it were made to another knowledgeable lawyer.

27. Mr. Saatjian threatened to initiate a criminal investigation against Ms. Lancranjan to gain an advantage in this proceeding. The fact that he has not, it appears, carried out his threat does not excuse his violation of rule 3.10(a).[2]

---

[1] See *Falcon Brands, Inc. v. Mousave & Lee, LLP*. (2022) 74 CalApp.5th 506, 520 (threat to report alleged criminal acts to merger partner), quoting *Flatley v. Mauro* (2006) 39 Cal.4th 299; In the *Matter of Thomas* (Review Dept.) 5 Cal. State Bar Ct. Rptr. 944, 958 (threat that opposing counsel would be convicted of mail fraud and sent to prison); *In the Matter of Malek-Yonan* (Review Dept.) 4 Cal. State Bar Ct. Rptr. 627, 637 (threat to initiate a criminal investigation) *In re Baroni*, 643 B.R. 253, 277 (C.D. Cal. 2022) (request to have court make criminal referral).

[2] *Malek-Yonan, supra* at p. 637.

EXPERT DECLARATION OF EDWARD J. McINTYRE

## RULE 3.3(A) AND BUSINESS AND PROFESSIONS CODE SECTION 6068, SUBDIVISION (D) PROHIBIT MISREPRESENTATIONS OF FACT OR LAW TO A COURT

28. Rule 3.3(a) expressly prohibits a lawyer form knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement previously made.

29. Section 6068, subdivision (d) likewise prohibits misleading a judicial officer by a false statement of fact or law.

30. Mr. Saatjian prepared a Findings and Order After Hearing that he submitted to the Court. The Court entered the order, filed August 11, 2025.

31. At the foot of the first page of the document appears the typed name of Ms. Lancranjan.

32. Ms. Lancranjan's typed name suggests that she participated in the preparation of the Order and agreed that it accurately reports the Court's rulings at the June 24, 2025, hearing.

33. I understand that Ms. Lancranjan strongly disagreed with the accuracy of the submitted document and that she communicated her disagreement to Mr. Saatjian.

34. By suggesting that Ms. Lancranjan agreed with the submitted document and by failing to inform the Court that she did not after she informed him, Mr. Saatjian has violated rule 3.3(a)—an uncorrected misrepresentation of a fact to a tribunal.[3]

### RULE OF PROFESSIONAL CONDUCT 8.3

35. Newly enacted rule 8.3 identifies specific categories of misconduct the Supreme Court deemed sufficiently serious that rule 8.3 mandates that a lawyer who knows of credible evidence that another lawyer has engaged in any of the enumerated misconduct must now report it to the State Bar.

36. Failure to do so constitutes a violation of rule 8.3.

37. Misrepresentation is one of the enumerated categories of misconduct that must be reported.

### MORAL TURPITUDE—BUSINESS AND PROFESSIONS CODE SECTION 6106

---

[3] *In the Matter of Jeffers* (Review Dept. 1994) 3 Cal. State Bar Rptr. 211, 220 ("It iw settled that concealment of material facts is just as misleading as explicit false statements, and accordingly, is misconduct calling for discipline. [Citations]."

6                                                          Case No. 23FL000584C

EXPERT DECLARATION OF EDWARD J. McINTYRE

38.    Misrepresentation to a tribunal constitutes moral turpitude in violation of Business and Professions Code section 6106.[4]

**LEGAL ETHICS AND DISQUALIFICATION OF COUNSEL**

39.    I recognize that a court's disqualification of a lawyer arises from the court's inherent poser to "control in furtherance of justice the conduct of its ministerial officers."

40.    But a lawyer's ethical violations can be a factor that weighs in favor of disqualification.[5]

I declare on penalty of perjury under the laws of the State of California that the facts in this declaration are true and correct based on my information and belief and that the analysis, conclusions and opinions in this declaration are mine alone, based on my own knowledge, research and expertise, and that I executed this declaration in San Diego California on November 4, 2025.

_____
Edward J. McIntyre

---

[4] *In the Matter of Maloney and Virsik* (Review Dept. 2005) 4 Cal. State Bar Ct. Rptr 774, 786-787.

[5] *M'Guinness v. Johnson* (2015) 243 Cal.App. 4th 602, 613 ("The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to ethical considerations.")

7                                    Case No. 23FL000584C

EXPERT DECLARATION OF EDWARD J. McINTYRE

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 4

DISTRICT ATTORNEY COMMUNICATIONS AND CRIMINAL INQUIRY EVIDENCE

**Description of Evidence:** This exhibit contains official communications from the District Attorney's office confirming the existence of an active criminal inquiry regarding the Enterprise's activities. This evidence is incorporated directly to prove Defendant Saatjian's commission of Perjury and Fraud Upon the Court on December 2, 2025. Specifically, these communications categorically disprove Defendant's perjurious sworn declaration—transmitted via interstate wires—wherein he falsely swore under penalty of perjury that no such investigation existed in order to successfully blindfold the state tribunal and retaliate against Plaintiff.

From: **Hutchinson, Steve** Steve.Hutchinson@sdcda.org
Subject: Meeting with the Deputy District Attorney on December 2, 2025
Date: November 25, 2025 at 3:19 PM
To: lancranjan.cristina@gmail.com

Good Morning Ms. Lancranjan,
This is District Attorney Investigator Steve Hutchinson and we just spoke reference your complaint against Attorney Peter Saatjian. This email is to confirm our appointment to meet with you at the San Diego District Attorney's Office (Hall of Justice), 10th Floor in the Special Operations Unit at 1030 hours on Tuesday, December 2, 2025.

Thank you

Steve Hutchinson



Phone: (619) 531-4268
Cell: (619) 541-1715
Fax: (619) 685-6689
Steve.Hutchinson@sdcda.org

**STEVE HUTCHINSON**
DISTRICT ATTORNEY INVESTIGATOR
SPECIAL OPERATIONS
BUREAU OF INVESTIGATIONS

Summer Stephan
District Attorney
County of San Diego

330 W. Broadway
Suite 1020
San Diego, CA 92101

SanDiegoDA.com

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 5

THE FORGED JUDICIAL INSTRUMENTS (MAY 15 & JUNE 24, 2025 FOAHs)

**Description of Evidence:** This exhibit contains true and correct copies of the May 15, 2025, and June 24, 2025, Findings and Orders After Hearing (FOAHs). These documents are incorporated strictly as documentary proof of the Enterprise's criminal forgery and systemic wire fraud. The attached instruments feature Plaintiff's signature, which was actively and unlawfully typed onto the documents by Defendant Saatjian without Plaintiff's consent, bypassing her formal objections. These specific forged instruments were successfully weaponized by the Enterprise to unlawfully extract $115,000 in community capital directly to Defendant's firm.

FL-340

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Peter Saatjian, Esq. (SBN 293662) 293662
Farzad & Ochoa Family Law Attorneys, LLP
402 W. Broadway, Ste. 400
San Diego, CA 92101
TELEPHONE NO.: (619)929-3040    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*: peter@farzadlaw.com
ATTORNEY FOR *(Name)*: Brett F. Truitt

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 1100 Union Street
MAILING ADDRESS: 1100 Union Street
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Courthouse

**PETITIONER/PLAINTIFF:** Brett F. Truitt

**RESPONDENT/DEFENDANT:** Cristina M. Lancranjan

**OTHER PARTY:**

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER: 23FL000584C |

**FILED**
Clerk of the Superior Court
AUG 11 2025
Filed By: B. Rosselle

1. This proceeding was heard
   on *(date)*: May 15, 2025    at *(time)*: 9:00 a.m.    in Dept.: 702    Room:
   by Judge *(name)*: Hon. Christopher S. Morris    ☐ Temporary Judge
   On the order to show cause, notice of motion or request for order filed *(date)*: 4/15/2025    by *(name)*: Cristina M. Lancranjan
   a. ☒ Petitioner/plaintiff present
   b. ☒ Respondent/defendant present
   c. ☐ Other party present
   ☒ Attorney present *(name)*: Peter Saatjian, Esq.
   ☐ Attorney present *(name)*:
   ☐ Attorney present *(name)*:

**THE COURT ORDERS**

2. Custody and visitation/parenting time:    As attached    ☐ on form FL-341    ☐ Other    ☒ Not applicable

3. Child support:    As attached    ☐ on form FL-342    ☐ Other    ☒ Not applicable

4. Spousal or family support:    As attached    ☐ on form FL-343    ☐ Other    ☒ Not applicable

5. Property orders:    As attached    ☐ on form FL-344    ☐ Other    ☒ Not applicable

6. Attorney's fees:    As attached    ☐ on form FL-346    ☒ Other    ☐ Not applicable

7. Other orders:    ☒ As attached    ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on *(date)*:    at *(time)*:    in Dept.:
   on the following issues:

Date: 8·11·25

[signature]    **CHRISTOPHER S. MORRIS**
JUDICIAL OFFICER

Approved as conforming to court order.

**CRISTINA M. LANCRANIAN**
SIGNATURE OF ATTORNEY FOR    ☐ PETITIONER/PLAINTIFF    ☒ RESPONDENT/DEFENDANT    ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]
**FINDINGS AND ORDER AFTER HEARING**
(Family Law—Custody and Support—Uniform Parentage)
www.courts.ca.gov

CEB | Essential Forms

TRUITT, BRETT

PETER SAATJIAN, ESQ. (SBN 293662)
FARZAD & OCHOA FAMILY LAW ATTORNEYS, LLP
402 West Broadway, Suite 400
San Diego, CA 92101
Telephone    (619) 929-3040

Attorneys for Petitioner,
BRETT TRUITT

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO, NEW CENTRAL COURTHOUSE

| | |
|---|---|
| Brett F. Truitt<br><br>        Petitioner,<br><br>   vs.<br><br>Cristina M. Lancranjan<br><br>        Respondent. | Case No.: 23FL000584C<br><br>**ASSIGNED FOR ALL PURPOSES TO:**<br>Hon. Christopher S. Morris, Dept. SD-702<br><br>**ATTACHMENT TO FINDINGS AND ORDER AFTER HEARING (FL-340)**<br><br>**Hearing:**<br>Date:  May 15, 2025<br>Time:  9:00 a.m.<br>Dept.: SD-702 |

**Recitals**

1.    Throughout this Order, Petitioner, Brett F. Truitt, and Respondent, Cristina M. Lancranjan, are referred to by their first name.

2.    On April 15, 2025, Cristina filed a request for order to (1) Set aside the orders from January 7, 2025, February 4, 2025, March 18, 2025 based on Code of Civil Procedure section 473(b) and alleged violations of California Rules of Court, Rule 5.125. (2) clarify orders from the Court's April 9, 2025 ex parte orders regarding Cristina's waiver of the attorney-client privilege; (3) Set aside the orders from November 5, 2024, January 9, 2025, and March 18, 2025, based on Code of Civil Procedure section 473(b), Family Code section 2120, and alleged violations of California Rules of Court, Rule 5.125, (4) Sanctions against Brett's counsel, Peter Saatjian, Esq., for alleged violations of Rule 5.125, and (5) Attorney's fees and costs.

1

IRMO Truitt & Lancranjan, SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

3. This matter came on for hearing on the Court's Request for Order calendar on May 15, 2025, at 9:00 a.m. in Department 702, the Honorable Christopher S. Morris, presiding. Brett was present and appeared virtually, and was represented by his attorney, Peter Saatjian, Esq., who appeared virtually. Cristina appeared personally as a self-represented litigant.

4. After considering the pleadings and documents filed with the Court, testimony from the parties, and hearing argument from the parties and counsel, the Court makes the following findings and orders.

### Findings and Orders

5. The Court clarifies the waiver of the attorney-client privilege by Cristina, which was a result of Cristina's failure to timely respond to the discovery propounded by Brett, specifically, the Request for Production of Documents, Set One, pursuant to Code of Civil Procedure, section 3031.300(a). Cristina must provide her unredacted attorney fee billing statements. The Court denies the request to set aside the discovery sanctions imposed against Cristina.

6. The Court denies Cristina's request to set aside the orders from November 5, 2024, January 7, 2025, January 9, 2025, February 4, 2025, and March 18, 2025.

    a. The Court attributes any alleged mistake on the part of Cristina's attorneys to Cristina, as she was represented at the time. The Court cannot make a finding that there was a mistake on the part of Cristina's attorney, as there is no attorney affidavit of fault on file with the Court as required by Code of Civil Procedure section 473(b).

    b. As to the November 5, 2024 hearing: The Court finds there was no agreement between counsel as to a Findings and Order After Hearing (FL-340), and a hearing was set on the Court's motion for March 18, 2025, at which time the Court heard argument and entered Brett's Findings and Order After Hearing (FL-340).

    c. As to the January 7, 2025 hearing: The Court finds that the Findings and Order After Hearing was served on Mr. Blado, and Mr. Blado signed the Findings and Order After Hearing, which was entered by the Court on February 24, 2025.

    d. As to the January 9, 2025 hearing: The Court finds that Mr. Saatjian took great efforts as outlines in the exhibits presented this date to meet and confer with Mr. Blado, and

IRMO Truitt & Lancranjan, SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

there was no agreement, and Mr. Saatjian submitted his proposed Findings and Order After Hearing, which was entered by the Court on February 19, 2025.

e.  As to the February 4, 2025 hearing: The Court finds that the Findings and Order After Hearing was served on Mr. Blado, and Mr. Blado signed the Findings and Order After Hearing, which was entered by the Court on March 4, 2025.

f.  As to the March 18, 2025 hearing: The Court finds that the FOAH direct submitted by Mr. Saatjian pursuant to the Court's request on March 18, 2025 and entered on March 24, 2025 was vacated at the ex parte hearing on April 7, 2025, and was entered again on April 29, 2025 after the Court requested the parties follow Rule 5.125 without any deviation.

g.  As to the Findings and Orders After Hearing for the above hearings, Cristina requested they be set aside, first claiming the respective Findings and Orders After Hearing from these hearings were not served, but that claim was disproved by the exhibits presented by Brett. Cristina then claimed there was not full compliance with California Rules of Court, Rule 5.125., but the Court finds there was compliance with California Rules of Court, Rule 5.125 with respect to the Findings and Order After Hearing from each of the hearings set forth above.

7.  On the issue of sanctions, the Court denies Cristina's request for sanctions against Mr. Saatjian for alleged violations of the California Rules of Court, Rule 5.125.

8.  On the issue of attorney's fees, the Court was inclined to order a pre-judgment distribution of community property, subject to reallocation, from the $150,000 held in the attorney-client trust account of Cristina's former attorney, Moore, Schulman & Moore, APC, more specifically, $57,500 to each party with $35,000 remaining in trust. The Court inquired of Cristina if she wants the Court to order said distribution, and Cristina rejected the Court's tentative ruling, and so, no pre-judgment distribution was ordered.

9.  The Court orders Brett's counsel to prepare the Findings and Order After Hearing and provide same to Cristina pursuant to California Rules of Court, Rule 5.125.

3

IRMO Truitt & Lancranjan, SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

ORIGINAL

FL-340

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Peter Saatjian, Esq. (SBN 293662) 293662<br>Farzad & Ochoa Family Law Attorneys, LLP<br>402 W. Broadway, Ste. 400<br>San Diego, CA 92101<br>TELEPHONE NO: (619)929-3040     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): peter@farzadlaw.com<br>ATTORNEY FOR (Name): Brett F. Truitt | FOR COURT USE ONLY<br><br>**F I L E D**<br>Clerk of the Superior Court<br><br>AUG 1 1 2025<br><br>Filed By: B. Rosselle |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1100 Union Street
MAILING ADDRESS: 1100 Union Street
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Courthouse

PETITIONER/PLAINTIFF: Brett F. Truitt

RESPONDENT/DEFENDANT: Cristina M. Lancranjan

OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER:<br>23FL000584C |
|---|---|

1. This proceeding was heard
on (date): June 24, 2025     at (time): 1:45 p.m.     in Dept.: 702     Room:
by Judge (name): Hon. Christopher S. Morris, Judge     ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed (date): May 15, 2025 by (name): Cristina M. Lancranjan
a. ☒ Petitioner/plaintiff present     ☒ Attorney present (name): Peter Saatjian, Esq.
b. ☒ Respondent/defendant present     ☐ Attorney present (name):
c. ☐ Other party present     ☐ Attorney present (name):

**THE COURT ORDERS**

2. Custody and visitation/parenting time:     As attached     ☐ on form FL-341     ☐ Other     ☒ Not applicable

3. Child support:     As attached     ☐ on form FL-342     ☒ Other     ☐ Not applicable

4. Spousal or family support:     As attached     ☐ on form FL-343     ☒ Other     ☐ Not applicable

5. Property orders:     As attached     ☐ on form FL-344     ☒ Other     ☐ Not applicable

6. Attorney's fees     As attached     ☐ on form FL-346     ☒ Other     ☐ Not applicable

7. Other orders:     ☒ As attached     ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on (date):     at (time):     in Dept.:
on the following issues:

Date: 8-11-25

Approved as conforming to court order.

▶ Cristina M. Lancranjan

SIGNATURE OF ATTORNEY FOR ☐ PETITIONER/PLAINTIFF     ☒ RESPONDENT/DEFENDANT     ☐ OTHER PARTY

▶ _____
JUDICIAL OFFICER

**CHRISTOPHER S. MORRIS**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]

CEB | Essential Forms

**FINDINGS AND ORDER AFTER HEARING**
(Family Law—Custody and Support—Uniform Parentage)

www.courts.ca.gov

TRUITT, BRETT

PETER SAATJIAN, ESQ. (SBN 293662)
FARZAD & OCHOA FAMILY LAW ATTORNEYS, LLP
402 West Broadway, Suite 400
San Diego, CA 92101
Telephone    (619) 929-3040

Attorneys for Petitioner,
BRETT F. TRUITT

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL COURTHOUSE

| | |
|---|---|
| Brett F. Truitt <br><br> Petitioner, <br><br> vs. <br><br> Cristina M. Lancranjan <br><br> Respondent. | Case No.: 23FL000584C <br><br> **ASSIGNED FOR ALL PURPOSES TO:** <br> The Hon. Christopher S. Morris, Dept. SD-702 <br><br> **ATTACHMENT TO FINDINGS AND ORDER AFTER HEARING (FL-340)** <br><br> **Hearing:** <br> Date:  June 24, 2025 <br> Time:  1:45 p.m. <br> Dept.:  SD-702 |

### Recitals

1.    Throughout this Order, Petitioner, Brett F. Truitt, and Respondent, Cristina M. Lancranjan, are referred to by their first name.

2.    On May 15, 2025, Cristina filed a request for order for (1) Modification of child support, (2) Modification of temporary spousal support, (3) Attorney's fees, (4) and Other orders, including "Orders regarding ATROS violations, breach of fiduciary duty, unauthorized $150k transfer and related misrepresentations/coercion/false FOAHs, discovery abuse, violations of CRC 5.125, submission of illegally obtained evidence, access to marital funds, freeze of assets, accounting, and sanctions against Petitioner and Petitioner's Counsel." A hearing was set for June 24, 2025.

IRMO Truitt & Lancranjan. SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

3.      This matter came on for hearing on the Court's Request for Order calendar on June 24, 2025, at 1:45 p.m. in Department 702, the Honorable Christopher S. Morris, presiding. Brett was present and appeared virtually, and was represented by his attorney, Peter Saatjian, Esq., who appeared personally. Cristina appeared personally as a self-represented litigant.

### Findings and Orders

After considering the pleadings and documents filed with the Court, testimony from the parties, and hearing argument from counsel, the Court makes the following findings and orders:

4.      Pre-judgment distribution of community property. The Court considered Brett's accounting regarding the approximate $524,000 in net community property income received from "milestone" payments in the year 2023 from Brett's prior employment during the marriage. Of that sum, $150,000 is presently held in the attorney-client trust account of Cristina's former attorney, Moore, Schulman & Moore, APC. The Court performed the following calculations in reaching its ruling for the distributions awarded to each party on this date from the approximate $524,000 received in 2023.

   a.  The Court initially presumes each party would be entitled to one-half of $524,000, or $262,000 owing to each party.

   b.  The Court allocates approximately $150,000 in separate expenses paid on behalf of Cristina, with one-half of that sum allocated against Brett's share, so $75,000 each.

   c.  The Court allocates approximately $100,000 paid towards community tax obligations, one-half to each party, or $50,000 each.

   d.  The Court allocates $15,000 in attorney's fees previously awarded and paid against Cristina's one-half share.

   e.  The Court allocates $34,000 in other joint expenses paid, one-half to each party, or $17,000 each.

   f.  Accordingly, Cristina is awarded a pre-judgment distribution of community property in the sum of $105,000 ($262,000 - $75,000 - $50,000 - $15,000 - $17,000). Brett shall pay to Cristina the sum of $105,000 from the community property funds in his possession within two weeks of June 24, 2025, or by July 8, 2025.

2

IRMO Truitt & Lancranjan. SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

g. The remaining amounts from the approximate $524,000 in milestone payments received in 2023 are awarded to Brett as a pre-judgment distribution of community property.

h. From the $150,000 held in the attorney-client trust account of Cristina's former attorney, Moore, Schulman & Moore, APC, there remains a disputed portion of $35,000 for Cristina's attorney's fees between her and Moore, Schulman & Moore, APC, pursuant to the Notice of Charging Lien filed on October 29, 2025 by Moore, Schulman & Moore, APC. The Court makes no findings or orders regarding the validity or enforcement of the Notice of Charging Lien. The Court orders the release of the undisputed portion of the $150,000, which is $115,000, to be released forthwith and sent via check to Brett's counsel of record, Farzad & Ochoa Family Law Attorneys, LLP. Said disbursement shall be made via check, issued to "Farzad & Ochoa Family Law Attorneys, LLP" and delivered via Certified Mail to "Farzad & Ochoa Family Law Attorneys, LLP, Attn: Ann Thompson, 611 Anton Blvd., Ste. 840, Costa Mesa CA 92626". There shall be no restrictions on the subsequent distribution of the $115,000 to Brett from his counsel of record. Farzad & Ochoa will promptly release the entire $115,000 to Brett.

i. The remaining $35,000 in the attorney-client trust account of Moore, Schulman & Moore, APC, shall remain in trust pending further order of the Court or written and signed agreement of the parties, but is part of the remaining sum distributed to Brett after the $105,000 payment to Cristina from the $524,000, which shall remain reserved for reallocation at the time of trial.

j. All sums allocated and distributed above are subject to reallocation and recharacterization at the time of trial based upon any new evidence to be submitted at the time of trial, including through any forensic accounting.

k. This order modifies the Court orders of May 20, 2025 that are in conflict herewith regarding the freeze of these funds and the disbursements from the attorney-client

3

IRMO Truitt & Laneranjan. SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

trust account of Moore, Schulman & Moore, APC, with the Standard Family Law Restraining Orders remaining in full force and effect.

5. **Modification of Child Support.** The Court modifies child support as follows:

   a. The Court maintains the imputation of minimum wage income to Cristina.

   b. The Court imputes income to Brett in the sum of $10,000 in gross wages per month.

   c. The Court's findings regarding child support are reflected in the attached XSpouse calculation and fully incorporated herein.

   d. Commencing July 1, 2025, guideline child support is set at $1,375 per month, payable by Brett to Cristina in full on the first of each month. Said child support order shall remain in place pursuant to Family Code section 3901(a), or upon further order of the Court or further signed agreement of the parties, whichever occurs first.

6. **Modification of Temporary Spousal Support.** The Court modifies temporary spousal support as follows:

   a. The Court maintains the imputation of minimum wage income to Cristina.

   b. The Court imputes income to Brett in the sum of $10,000 in gross wages per month.

   c. The Court's findings regarding temporary spousal support are reflected in the attached XSpouse calculation and fully incorporated herein.

   d. Commencing July 1, 2025, temporary spousal support is set at $1,198 per month, payable by Brett to Cristina in full on the first of each month. Said temporary spousal support order shall remain in place until further order of the Court or further signed agreement of the parties, whichever occurs first.

7. Each party's claims for breaches in fiduciary duty, violations of Standard Family Law Restraining Orders (formerly known as "ATROs"), and sanctions are reserved until the time of trial or settlement.

8. Counsel for Brett shall prepare the Findings and Order After Hearing (FL-340) and submit it to Cristina in compliance with California Rules of Court, Rule 5.125.

            – End of Findings and Order After Hearing –

IRMO Truin & Lancranjan, SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing

lancrajan 6.24.25.xsp                    Xspouse 2025-1-CA

| Fixed Shares | Father | Mother | Monthly figures | | Cash Flow | | | |
|---|---|---|---|---|---|---|---|---|
| #of children | 0 | 1 | 2025 | | | | Guideline | Proposed |
| % time with NCP | 33.00 % | 0.00 % | | | Comb. net spendable | | 11026 | 11046 |
| Filing status | <-MFJ | HH/MLA | GUIDELINE | | Percent change | | 0% | 0% |
| # exemptions | 2 * | 2 * | Nets(adjusted) | | Father | | | |
| Wages+salary | 10000 | 2990 | Father | 8051 | Payment cost/benefit | | -2501 | -2478 |
| Self-employed income | 0 | 0 | Mother | 2974 | Net spendable income | | 5478 | 5501 |
| Other taxable income | 0 | 0 | Total | 11026 | Change from guideline | | 0 | 23 |
| TANF+CS received | 0 | 0 | Support | | % of combined spendable | | 50% | 50% |
| Other nontaxble income | 0 | 0 | Addons | 0 | % of saving over guideline | | 0% | 110% |
| New spouse income | 0 | 0 | Guideln CS | 1375 | Total taxes | | 1949 | 1735 |
| 401(k) employee contrib | 0 | 0 | S.Diego SS | 1198 | Dep. exemption value | | 0 | 0 |
| Adjustments to income | 0 | 0 | Total | 2573 | # withholding allowances | | 0 | 0 |
| SS paid prev marriage | 0 | 0 | | | Net wage paycheck | | 7702 | 7702 |
| CS paid prev marrfage | 0 | 0 | | | Mother | | | |
| Health insurance | 0 | 0 | | | Payment cost/benefit | | 2573 | 2571 |
| Other medical expense | 0 | 0 | | | Net spendable income | | 5548 | 5545 |
| Property tax expense | 0 | 0 | | | Change from guideline | | 0 | -2 |
| Ded interest expense | 0 | 0 | Proposed | | % of combined spendable | | 50% | 50% |
| Contribution deduction | 0 | 0 | Tactic 9 | | % of saving over guideline | | 0% | -10% |
| Misc tax deductions | 0 | 0 | CS | 1433 | Total taxes | | 16 | 209 |
| Qual bus income ded | 0 | 0 | SS | 1332 | Dep. exemption value | | 0 | 0 |
| Required union dues | 0 | 0 | Total | 2764 | # withholding allowances | | 0 | 0w |
| Mandatory retirement | 0 | 0 | | | Net wage paycheck | | 2534 | 2534 |
| Hardship deduction | 0 * | 0 * | Saving | 21 | | | | |
| Other GDL deductions | 0 | 0 | Releases | 1 | | | | |
| Child care expenses | 0 | 0 | Released to Father | | | | | |

Father pays Guideline CS, Guideline SS, Proposed CS, Proposed SS

FC 4055 checking:  ON

Per Child information

| | Timeshare | cce(F) | cce(M) | Addons | Payor | Basic CS | Payor | Pres CS | Payor |
|---|---|---|---|---|---|---|---|---|---|
| All children | 33 - 67 | 0 | 0 | 0 | Father | 1375 | Father | 1375 | Father |
| | 33 - 67 | 0 | 0 | 0 | Father | 1375 | Father | 1375 | Father |

Time: 16:03:55                    Superior Court of California                    Date: 06/24/25
                                   San Diego County

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 6

DOCUMENTARY EVIDENCE OF UNAUTHORIZED CAPITAL EXTRACTION AND EXTRINSIC FRAUD

**Description of Evidence:** This exhibit contains the primary financial and procedural records documenting the Enterprise's unauthorized extraction of capital and subversion of the adversarial process.

A. **Attachment A-The Primary Forgery:** The Forged June 24, 2025 Findings and Orders After Hearing (FOAH) demonstrating unauthorized signature fabrication.

B. **Attachment B:** Unexecuted October 2, 2024 Stipulation (Confirming the $150,000 extraction was drafted but never executed by Plaintiff or authorized by a valid court order).

C. **Attachment C:** November 20, 2024 Fiduciary Admission Email (Co-conspirator Blado explicitly admitting the $150,000 was extracted entirely without Plaintiff's signature).

D. **Attachment D:** October 25, 2024 Co-Conspirator Collusion Email (Saatjian to Schulman confirming the *quid pro quo* agreement to freeze funds and maliciously expand the trial to churn fees).

E. **Attachment E:** Register of Actions (ROA) excerpt confirming absolutely no Proof of Service was filed for the October 15, 2024 "Ghost Motion," proving intentional subversion of the adversarial process.

ORIGINAL

FL-340

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Peter Saatjian, Esq. (SBN 293662) 293662 Farzad & Ochoa Family Law Attorneys, LLP 402 W. Broadway, Ste. 400 San Diego, CA 92101 TELEPHONE NO: (619)929-3040   FAX NO. (Optional): E-MAIL ADDRESS (Optional): peter@farzadlaw.com ATTORNEY FOR (Name): Brett F. Truitt | **F I L E D** Clerk of the Superior Court **AUG 11 2025** Filed By: B. Rosselle |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 1100 Union Street
MAILING ADDRESS: 1100 Union Street
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Courthouse

PETITIONER/PLAINTIFF: Brett F. Truitt

RESPONDENT/DEFENDANT: Cristina M. Lancranjan

OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER: 23FL000584C |
|---|---|

1. This proceeding was heard
on (date): June 24, 2025     at (time): 1:45 p.m.     in Dept.: 702     Room:
by Judge (name): Hon. Christopher S. Morris, Judge     ☐ Temporary Judge
On the order to show cause, notice of motion or request for order filed (date): May 15, 2025 by (name): Cristina M. Lancranjan
   a. ☒ Petitioner/plaintiff present          ☒ Attorney present (name): Peter Saatjian, Esq.
   b. ☒ Respondent/defendant present       ☐ Attorney present (name):
   c. ☐ Other party present                 ☐ Attorney present (name):

**THE COURT ORDERS**

2. Custody and visitation/parenting time:   As attached   ☐ on form FL-341   ☐ Other   ☒ Not applicable

3. Child support:   As attached   ☐ on form FL-342   ☒ Other   ☐ Not applicable

4. Spousal or family support:   As attached   ☐ on form FL-343   ☒ Other   ☐ Not applicable

5. Property orders:   As attached   ☐ on form FL-344   ☒ Other   ☐ Not applicable

6. Attorney's fees   As attached   ☐ on form FL-346   ☒ Other   ☐ Not applicable

7. Other orders:   ☒ As attached   ☐ Not applicable

8. All other issues are reserved until further order of court.

9. ☐ This matter is continued for further hearing on (date):          at (time):          in Dept.:
   on the following issues:

Date: 8-11-25

_____
JUDICIAL OFFICER
**CHRISTOPHER S. MORRIS**

Approved as conforming to court order.

▶ Cristina M. Lancranjan
SIGNATURE OF ATTORNEY FOR   ☐ PETITIONER/PLAINTIFF   ☒ RESPONDENT/DEFENDANT   ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 (Rev. January 1, 2012)
CEB Essential Forms

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

www.courts.ca.gov

TRUITT, BRETT

PETER SAATJIAN, ESQ. (SBN 293662)
FARZAD & OCHOA FAMILY LAW ATTORNEYS, LLP
402 West Broadway, Suite 400
San Diego, CA 92101
Telephone    (619) 929-3040

Attorneys for Petitioner,
BRETT F. TRUITT

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL COURTHOUSE

| | |
|---|---|
| Brett F. Truitt <br><br> Petitioner, <br><br> vs. <br><br> Cristina M. Lancranjan <br><br> Respondent. | Case No.: 23FL000584C <br><br> **ASSIGNED FOR ALL PURPOSES TO:** <br> The Hon. Christopher S. Morris, Dept. SD-702 <br><br> **ATTACHMENT TO FINDINGS AND ORDER AFTER HEARING (FL-340)** <br><br> **Hearing:** <br> Date: June 24, 2025 <br> Time: 1:45 p.m. <br> Dept.: SD-702 |

### Recitals

1.     Throughout this Order, Petitioner, Brett F. Truitt, and Respondent, Cristina M. Lancranjan, are referred to by their first name.

2.     On May 15, 2025, Cristina filed a request for order for (1) Modification of child support, (2) Modification of temporary spousal support, (3) Attorney's fees, (4) and Other orders, including "Orders regarding ATROS violations, breach of fiduciary duty, unauthorized $150k transfer and related misrepresentations/coercion/false FOAHs, discovery abuse, violations of CRC 5.125, submission of illegally obtained evidence, access to marital funds, freeze of assets, accounting, and sanctions against Petitioner and Petitioner's Counsel." A hearing was set for June 24, 2025.

1

IRMO Truitt & Lancranjan. SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

3.      This matter came on for hearing on the Court's Request for Order calendar on June 24, 2025, at 1:45 p.m. in Department 702, the Honorable Christopher S. Morris, presiding. Brett was present and appeared virtually, and was represented by his attorney, Peter Saatjian, Esq., who appeared personally. Cristina appeared personally as a self-represented litigant.

**Findings and Orders**

After considering the pleadings and documents filed with the Court, testimony from the parties, and hearing argument from counsel, the Court makes the following findings and orders:

4.      Pre-judgment distribution of community property. The Court considered Brett's accounting regarding the approximate $524,000 in net community property income received from "milestone" payments in the year 2023 from Brett's prior employment during the marriage. Of that sum, $150,000 is presently held in the attorney-client trust account of Cristina's former attorney, Moore, Schulman & Moore, APC. The Court performed the following calculations in reaching its ruling for the distributions awarded to each party on this date from the approximate $524,000 received in 2023.

    a.  The Court initially presumes each party would be entitled to one-half of $524,000, or $262,000 owing to each party.

    b.  The Court allocates approximately $150,000 in separate expenses paid on behalf of Cristina, with one-half of that sum allocated against Brett's share, so $75,000 each.

    c.  The Court allocates approximately $100,000 paid towards community tax obligations, one-half to each party, or $50,000 each.

    d.  The Court allocates $15,000 in attorney's fees previously awarded and paid against Cristina's one-half share.

    e.  The Court allocates $34,000 in other joint expenses paid, one-half to each party, or $17,000 each.

    f.  Accordingly, Cristina is awarded a pre-judgment distribution of community property in the sum of $105,000 ($262,000 - $75,000 - $50,000 - $15,000 - $17,000). Brett shall pay to Cristina the sum of $105,000 from the community property funds in his possession within two weeks of June 24, 2025, or by July 8, 2025.

2

IRMO Truitt & Lancranjan. SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

g. The remaining amounts from the approximate $524,000 in milestone payments received in 2023 are awarded to Brett as a pre-judgment distribution of community property.

h. From the $150,000 held in the attorney-client trust account of Cristina's former attorney, Moore, Schulman & Moore, APC, there remains a disputed portion of $35,000 for Cristina's attorney's fees between her and Moore, Schulman & Moore, APC, pursuant to the Notice of Charging Lien filed on October 29, 2025 by Moore, Schulman & Moore, APC. The Court makes no findings or orders regarding the validity or enforcement of the Notice of Charging Lien. The Court orders the release of the undisputed portion of the $150,000, which is $115,000, to be released forthwith and sent via check to Brett's counsel of record, Farzad & Ochoa Family Law Attorneys, LLP. Said disbursement shall be made via check, issued to "Farzad & Ochoa Family Law Attorneys, LLP" and delivered via Certified Mail to "Farzad & Ochoa Family Law Attorneys, LLP, Attn: Ann Thompson, 611 Anton Blvd., Ste. 840, Costa Mesa CA 92626". There shall be no restrictions on the subsequent distribution of the $115,000 to Brett from his counsel of record. Farzad & Ochoa will promptly release the entire $115,000 to Brett.

i. The remaining $35,000 in the attorney-client trust account of Moore, Schulman & Moore, APC, shall remain in trust pending further order of the Court or written and signed agreement of the parties, but is part of the remaining sum distributed to Brett after the $105,000 payment to Cristina from the $524,000, which shall remain reserved for reallocation at the time of trial.

j. All sums allocated and distributed above are subject to reallocation and recharacterization at the time of trial based upon any new evidence to be submitted at the time of trial, including through any forensic accounting.

k. This order modifies the Court orders of May 20, 2025 that are in conflict herewith regarding the freeze of these funds and the disbursements from the attorney-client

3

IRMO Truitt & Laneranjan. SDSC Case No. 23FL000584C. Attachment to Findings and Order After Hearing.

trust account of Moore, Schulman & Moore, APC, with the Standard Family Law Restraining Orders remaining in full force and effect.

5. <u>Modification of Child Support</u>. The Court modifies child support as follows:

    a. The Court maintains the imputation of minimum wage income to Cristina.

    b. The Court imputes income to Brett in the sum of $10,000 in gross wages per month.

    c. The Court's findings regarding child support are reflected in the attached XSpouse calculation and fully incorporated herein.

    d. Commencing July 1, 2025, guideline child support is set at $1,375 per month, payable by Brett to Cristina in full on the first of each month. Said child support order shall remain in place pursuant to Family Code section 3901(a), or upon further order of the Court or further signed agreement of the parties, whichever occurs first.

6. <u>Modification of Temporary Spousal Support</u>. The Court modifies temporary spousal support as follows:

    a. The Court maintains the imputation of minimum wage income to Cristina.

    b. The Court imputes income to Brett in the sum of $10,000 in gross wages per month.

    c. The Court's findings regarding temporary spousal support are reflected in the attached XSpouse calculation and fully incorporated herein.

    d. Commencing July 1, 2025, temporary spousal support is set at $1,198 per month, payable by Brett to Cristina in full on the first of each month. Said temporary spousal support order shall remain in place until further order of the Court or further signed agreement of the parties, whichever occurs first.

7. Each party's claims for breaches in fiduciary duty, violations of Standard Family Law Restraining Orders (formerly known as "ATROs"), and sanctions are reserved until the time of trial or settlement.

8. Counsel for Brett shall prepare the Findings and Order After Hearing (FL-340) and submit it to Cristina in compliance with California Rules of Court, Rule 5.125.

– End of Findings and Order After Hearing –

4

lancrajan 6.24.25.xsp                     Xspouse 2025-1-CA

| Fixed Shares | Father | Mother | Monthly figures | | Cash Flow | | Guideline | Proposed |
|---|---|---|---|---|---|---|---|---|
| #of children | 0 | 1 | 2025 | | | | | |
| % time with NCP | 33.00 % | 0.00 % | | | Comb. net spendable | | 11026 | 11046 |
| Filing status | <-MFJ | HH/MLA | GUIDELINE | | Percent change | | 0% | 0% |
| # exemptions | 2 * | 2 * | Nets(adjusted) | | Father | | | |
| Wages+salary | 10000 | 2990 | Father | 8051 | Payment cost/benefit | | -2501 | -2478 |
| Self-employed income | 0 | 0 | Mother | 2974 | Net spendable income | | 5478 | 5501 |
| Other taxable income | 0 | 0 | Total | 11026 | Change from guideline | | 0 | 23 |
| TANF+CS received | 0 | 0 | Support | | % of combined spendable | | 50% | 50% |
| Other nontaxble income | 0 | 0 | Addons | 0 | % of saving over guideline | | 0% | 110% |
| New spouse income | 0 | 0 | Guidein CS | 1375 | Total taxes | | 1949 | 1735 |
| 401(k) employee contrib | 0 | 0 | S.Diego SS | 1198 | Dep. exemption value | | 0 | 0 |
| Adjustments to income | 0 | 0 | Total | 2573 | # withholding allowances | | 0 | 0 |
| SS paid prev marriage | 0 | 0 | | | Net wage paycheck | | 7702 | 7702 |
| CS paid prev marriage | 0 | 0 | | | Mother | | | |
| Health insurance | 0 | 0 | | | Payment cost/benefit | | 2573 | 2571 |
| Other medical expense | 0 | 0 | | | Net spendable income | | 5548 | 5545 |
| Property tax expense | 0 | 0 | | | Change from guideline | | 0 | -2 |
| Ded interest expense | 0 | 0 | Proposed | | % of combined spendable | | 50% | 50% |
| Contribution deduction | 0 | 0 | Tactic 9 | | % of saving over guideline | | 0% | -10% |
| Misc tax deductions | 0 | 0 | CS | 1433 | Total taxes | | 16 | 209 |
| Qual bus income ded | 0 | 0 | SS | 1332 | Dep. exemption value | | 0 | 0 |
| Required union dues | 0 | 0 | Total | 2764 | # withholding allowances | | 0 | 0w |
| Mandatory retirement | 0 | 0 | | | Net wage paycheck | | 2534 | 2534 |
| Hardship deduction | 0 * | 0 * | Saving | 21 | | | | |
| Other GDL deductions | 0 | 0 | Releases | 1 | | | | |
| Child care expenses | 0 | 0 | Released to Father | | | | | |

Father pays Guideline CS, Guideline SS, Proposed CS, Proposed SS

FC 4055 checking:  ON

Per Child information

| | Timeshare | cce(F) | cce(M) | Addons | Payor | Basic CS | Payor | Pres CS | Payor |
|---|---|---|---|---|---|---|---|---|---|
| All children | 33 - 67 | 0 | 0 | 0 | Father | 1375 | Father | 1375 | Father |
| | 33 - 67 | 0 | 0 | 0 | Father | 1375 | Father | 1375 | Father |

Time: 16:03:55                     Superior Court of California                     Date: 06/24/25
                                   San Diego County

David S. Schulman, CLS-F (State Bar No. 165285)
Tana Landau, Esq. (State Bar No. 272720)
**MOORE, SCHULMAN & MOORE, APC**
12220 El Camino Real, Suite 300
San Diego, California 92130
Telephone: (858) 755-3300
Facsimile: (858) 755-3387

Attorney for Respondent
Cristina Lancranjan

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| In re Marriage of:<br><br>Petitioner: BRETT F. TRUITT<br><br>and<br><br>Respondent: CRISTINA MARIA<br>LANCRANJAN | **CASE NO. 23FL000584C**<br><br>**STIPULATION AND ORDER RE:<br>RELEASE OF FUNDS FROM BANK OF<br>AMERICA ACCOUNT**<br><br>Department 702<br>Honorable Christopher Morriss |

Petitioner, BRETT TRUITT (hereinafter "Petitioner"), by and through his attorney of record, Peter Saatjian, Esq. and Respondent, CRISTINA LANCRANJAN (hereinafter "Respondent"), by and through her attorney of record, David S. Schulman, CLS-F stipulate to the following:

**RELEASE OF FUNDS**

1. The parties agree the sum of $150,000 shall be released from Petitioner's Bank of America account ending in x1590 to the attorney-client trust account of Moore, Schulman & Moore, APC, to be utilized for Respondent's attorney's fees in this matter and distribution to the Respondent as may be agreed upon between Respondent and her attorney of record. Within 10 days of all parties' and counsel's signature of this agreement, Petitioner shall issue a check made payable to "Moore, Schulman & Moore,

Stipulation and Order                    1



APC" and have it delivered to the office of Respondent's counsel, located at 12220 El Camino Real, Suite 300, San Diego, CA 92130. The Court reserves jurisdiction over the characterization of the $150,000, and over the reallocation of this distribution, until a later date.

2. All other orders remain in full force and effect.

3. This Stipulation/Agreement may be signed in counterparts and by facsimile or other electronic signature.  Such signature shall be deemed to be as valid as an original.

4. All parties hereby acknowledge that this stipulated agreement was entered into voluntarily by each party, without duress or coercion.

**ACKNOWLEDGMENTS**

5. Each party to the agreement acknowledges and declares that he or she respectively:

    a.    Has had the opportunity for independent legal advice concerning his or her rights, duties, and obligations, and as to the legal effects of this agreement.

    b.    Is fully and completely informed as to the facts relating to the subject matter of this agreement, and as to the rights and liabilities of both parties;

    c.    Enters into this agreement voluntarily, free from fraud, undue influence, coercion, or duress of any kind;

    d.    Has given careful and mature thought to the making of this agreement; and,

    e.    Fully and completely understands the legal effect of each provision of this agreement.

///

///

///

Stipulation and Order                                        -2-



6. EACH PARTY ACKNOWLEDGES THAT THERE HAVE BEEN NO PROMISES, AGREEMENTS, OR UNDERTAKINGS BY EITHER PARTY TO THE OTHER, EXCEPT AS SET FORTH ABOVE, RELIED UPON BY EITHER AS A MATTER OF INDUCEMENT TO ENTER INTO THIS AGREEMENT.

**APPROVED AS TO FORM AND CONTENT:**

Dated:                                    Dated:

_____          _____
BRETT TRUITT,                     CRISTINA LANCRANJAN,
PETITIONER                        RESPONDENT


**APPROVED AS TO FORM:**

Dated:                                    Dated:

_____          _____
PETER SAATIJAN, ESQ.              DAVID S. SCHULMAN, CFLS
Attorney for Petitioner           Attorney for Respondent

### ORDER

Having read the herein above Stipulation and finding good cause therefore, **IT IS HEREBY ORDERED:**

                                          Dated:


                                          _____
                                          JUDGE OF THE SUPERIOR COURT

Stipulation and Order                          -3-



MSM

**From:** Matthew S. Blado matthew@bickfordlaw.com
**Subject:** Lancranjan - Funds Held
**Date:** November 20, 2024 at 4:59 PM
**To:** Dave Schulman dschulman@msmfamilylaw.com
**Cc:** Linda Hansen lhansen@msmfamilylaw.com, Orion Bylsma orion@bickfordlaw.com, Marina Baker marina@bickfordlaw.com, Peter Saatjian peter@farzadlaw.com

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and have confirmed that the content is safe.**

Dear Dave:

Thank you for your messages concerning the $150,000 your firm is holding in the Lancranjan matter. I had the opportunity to discuss the issue with Cristina who confirmed she did not sign the stipulation the resulted in Mr. Truitt sending your office the check. Accordingly, she has asked that contact you with the instruction to return the $150,000 to him. Please provide confirmation when the funds have been returned to Mr. Truitt.

I have copied Mr. Truitt's counsel, Peter Saatjian on this email so he is aware of the situation.

Regards,

**MATTHEW S. BLADO** I Partner
*Certified Family Law Specialist
Main I (858) 793-8884
Fax I (858) 793-8874
12348 High Bluff Drive, Suite 220
San Diego, CA 92130
BBBFamilylaw.com



  



*State Bar of California, Board of Legal Specialization
This communication may contain privileged or confidential information. If it has been sent to you in error, please do not read it. You are requested to reply to the sender that you received it in error, and delete it.

This email has been scanned for spam and viruses. Click here to report this email as spam.

| From: | Peter Saatjian |
|---|---|
| To: | Tana Landau; Paul Bui; Dave Schulman; Sarah Cobbs; Linda Hansen |
| Subject: | RE: Truitt - Signed Stipulation & Order |
| Date: | Wednesday, October 9, 2024 9:33:00 AM |

---

Hello – I am following up on the stipulation and order. Can we expect a fully executed copy today?

Separately, please ask Mr. Schulman when is a good date/time for him next week so we can appear ex parte to reset the move-away evidentiary hearing. We agreed it should be reset to a 2-day trial. Does October 16 work?

Peter Saatjian, Esq.

**FARZAD & OCHOA FAMILY LAW ATTORNEYS, LLP**

**Offices in Los Angeles | Orange County | San Diego**

**SAN DIEGO LOCATION**

402 W. Broadway, Suite 400
San Diego, CA 92101
Telephone: (619) 929-3040
email: peter@farzadlaw.com
Website: farzadlaw.com

Confidentiality Notice: This message is intended solely for the person(s) to whom it is addressed and it may contain legally privileged and/or confidential information. This message may contain material that is protected by the attorney-client privilege and/or attorney work-product doctrine. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, copying or other use of this message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (714) 937-1193 and delete this message and destroy any and all copies thereof.

**From:** Peter Saatjian
**Sent:** Monday, October 7, 2024 8:07 AM
**To:** Tana Landau · Paul Bui · Dave Schulman · Sarah Cobbs · Linda Hansen

| From: | Dave Schulman |
|---|---|
| To: | Peter Saatjian; Tana Landau; Paul Bui; Sarah Cobbs; Linda Hansen |
| Subject: | RE: Truitt - Declaration In Opposition to Ex Parte |
| Date: | Friday, October 25, 2024 9:30:56 AM |

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and have confirmed that the content is safe.**

Peter, I did not appear, and frankly, forgot to ask Matt to do that- I will do it today. He subbed in late and asked me if I was taking my ex parte off calendar, and I told him I did. Why did you just ask the Court to do it? I will send a letter or dec if you need. Again, it was an oversight by the Paralegal that is all-the Judge will remove it and let me know what you need. Have a good weekend.

**From:** Peter Saatjian
**Sent:** Friday, October 25, 2024 9:03 AM
**To:** Tana Landau ; Paul Bui ; Dave Schulman ; Sarah Cobbs ; Linda Hansen
**Subject:** RE: Truitt - Declaration In Opposition to Ex Parte

Counsel,

Your office substituted off of the case and you did not remedy the issue as you said you would. I was not served with the response/opposition you filed yesterday.

I know it means little to you, but I had held Mr. Schulman and your firm in the highest esteem, and feel quite let down and misled in my dealings with your office on our first case together. I had hoped with your wisdom you would know clients come and go. I will remember this case the next time we work together.

Peter Saatjian, Esq.

**FARZAD & OCHOA FAMILY LAW ATTORNEYS, LLP**

**Offices in Los Angeles | Orange County | San Diego**

**SAN DIEGO LOCATION**

402 W. Broadway, Suite 400

San Diego, CA 92101

Telephone: (619) 929-3040

email: **peter@farzadlaw.com**

Website: **farzadlaw.com**

Confidentiality Notice: This message is intended solely for the person(s) to whom it is addressed and it may contain legally privileged and/or confidential information. This message may contain material that is protected by the attorney-client privilege and/or attorney work-product doctrine. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, copying or other use of this message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (714) 937-1193 and delete this message and destroy any and all copies thereof.

**From:** Tana Landau <tlandau@msmfamilylaw.com>
**Sent:** Thursday, October 24, 2024 2:04 PM
**To:** Paul Bui <paul.bui@farzadlaw.com>; Dave Schulman <dschulman@msmfamilylaw.com>; Sarah Cobbs <scobbs@msmfamilylaw.com>; Linda Hansen <lhansen@msmfamilylaw.com>

**Cc:** Peter Saatjian <peter@farzadlaw.com>

**Subject:** RE: Truitt - Declaration In Opposition to Ex Parte

CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender **and** have confirmed that the content is safe.

Mr. Saatjian:

Dave will remedy the bank record redaction issue. That was not done intentionally and was an oversight/clerical error by our office. We will remedy it. I apologize.

**From:** Paul Bui <paul.bui@farzadlaw.com>

**Sent:** Thursday, October 24, 2024 1:55 PM

**To:** Dave Schulman <dschulman@msmfamilylaw.com>; Sarah Cobbs <scobbs@msmfamilylaw.com>; Tana Landau <tlandau@msmfamilylaw.com>; Linda Hansen <lhansen@msmfamilylaw.com>

**Cc:** Peter Saatjian <peter@farzadlaw.com>

**Subject:** Truitt - Declaration In Opposition to Ex Parte

Hello Mr. Schulman,

Please see the attached Declaration of Counsel In Opposition to Ex Parte and Notice of Intent to Lodge Documents along with a Proof of Electronic Service.

Sincerely,

Paul Bui

Secretary

## FARZAD & OCHOA FAMILY LAW ATTORNEYS, LLP

### Offices in Los Angeles | Orange County | San Diego

### SAN DIEGO LOCATION

402 W. Broadway, Suite 400

San Diego, CA 92101

Telephone: (619) 929-3040

email: **paul.bui@farzadlaw.com**

Website: **farzadlaw.com**

Confidentiality Notice: This message is intended solely for the person(s) to whom it is addressed and it may contain legally privileged and/or confidential information. This message may contain material that is protected by the attorney-client privilege and/or attorney work-product doctrine. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution, copying or other use of this message is strictly prohibited by law. If you have received this message in error, please immediately notify the sender at (714) 937-1193 and delete this message and destroy any and all copies thereof.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

---

This email has been scanned for spam and viruses. Click here to report this email as spam.

**From:** Sarah Cobbs scobbs@msmfamilylaw.com
**Subject:** RE: Lancranjan, UPDATE re: ExParte
**Date:** October 2, 2024 at 2:03 PM
**To:** Cristina Lancranjan lancranjan.cristina@gmail.com
**Cc:** Dave Schulman dschulman@msmfamilylaw.com, Tana Landau tlandau@msmfamilylaw.com, Linda Hansen lhansen@msmfamilylaw.com

Hello Ms. Lancranjan,

The Ex-parte will not be moving forward tomorrow as Dave and opposing counsel was able to solve the issue regarding the BofA account. Thank you.

Sarah Cobbs
Paralegal
**Moore, Schulman & Moore, APC**
12220 El Camino Real, Ste. 300
San Diego, CA 92130-2091
Main: 858-755-3300 / Fax: 858-755-3387
scobbs@msmfamilylaw.com
msmfamilylaw.com



**Make a payment through LawPay.** https://www.msmfamilylaw.com/payment/

Internet Email Confidentiality Footer:

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Moore, Schulman & Moore APC client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

**From:** Sarah Cobbs
**Sent:** Wednesday, October 2, 2024 11:08 AM
**To:** Cristina Lancranjan <lancranjan.cristina@gmail.com>
**Cc:** Dave Schulman <dschulman@msmfamilylaw.com>; Tana Landau <tlandau@msmfamilylaw.com>; Linda Hansen <lhansen@msmfamilylaw.com>
**Subject:** Lancranjan, Copy of ExParte Documents

Hello Ms. Lancranjan,

Dave will be appearing ExParte on 10/3/24 @ 8:30 a.m., in Dept. 702 to request that the BofA account monies be placed in either attorney's trust account. I've attached a copy of the

documents for your records. Your attendance is not required. We will update as to the outcome. Thank you.

Sarah Cobbs
Paralegal
**Moore, Schulman & Moore, APC**
12220 El Camino Real, Ste. 300
San Diego, CA 92130-2091
Main: 858-755-3300 / Fax: 858-755-3387
scobbs@msmfamilylaw.com
msmfamilylaw.com



**Make a payment through LawPay.** https://www.msmfamilylaw.com/payment/

Internet Email Confidentiality Footer:

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Moore, Schulman & Moore APC client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.



# Case Details

| | |
|---|---|
| **Case Number** | 23FL000584C |
| **Case Title** | Truitt, Brett Franklin vs Lancranjan, Cristina Maria [IMAGED] |
| **Case Type** | Dissolution with Minor Children |
| **Case Status** | Active |
| **Date Filed** | 1/19/2023 |
| **Department** | 902 |
| **Court Location** | Central |
| **Judicial Officer** | Ferrara, Jami L. |
| **Parties** | **Petitioner**<br>Truitt, Brett Franklin<br><br>**Respondent**<br>Lancranjan, Cristina Maria<br>• Attorney: Lee, T. Healoha<br><br>**Defendant/Respondent**<br>Lancranjan, Cristina<br>• Attorney: Lee, T. Healoha<br><br>**Respondent**<br>Lancranjan, Cristina<br>• Attorney: Lee, T. Healoha |

# Register of Actions

| Event Date | Event Type | Documents<br>Select All  Clear All |
|---|---|---|
| 8/28/2026 | Trial – One-Day Trial<br>• Hearing Date: 8/28/2026 9:00 AM<br>• Judicial Officer: Ferrara, Jami L. | ☐ D-101 – 1 day Trial<br>• Page Count: 2 |
| 8/26/2026 | Trial – One-Day Trial<br>• Hearing Date: 8/26/2026 1:45 PM<br>• Judicial Officer: Ferrara, Jami L. | ☐ D-275 Notice of Rescheduled Hearing (Family)<br>• Page Count: 5 |
| 8/24/2026 | Trial – One-Day Trial<br>• Hearing Date: 8/24/2026 9:00 AM<br>• Judicial Officer: Ferrara, Jami L. | ☐ D-275 Notice of Rescheduled Hearing (Family)<br>• Page Count: 3 |
| 5/1/2026 | Notice of Filing | ☐ Notice of Filing<br>• Page Count: 1 |
| 5/1/2026 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 4/29/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 62 |
| 4/27/2026 | Returned Mail | N/A |
| 4/21/2026 | Ex Parte Hearing<br>• Hearing Date: 4/21/2026 8:30 AM<br>• Judicial Officer: Ferrara, Jami L. | N/A |

3/2/26, 5:15 PM
Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 4/20/2026 | Notice of Appeal | ☐ Notice of Appeal • Page Count: 1 |
| 4/20/2026 | Order from the Court of Appeal | ☐ Order from the Court of Appeal • Page Count: 1 |
| 4/20/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 4/20/2026 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 8 |
| 4/20/2026 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law • Page Count: 1 |
| 4/17/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal • Page Count: 9 |
| 4/15/2026 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage) • Page Count: 8 |
| 4/10/2026 | Remittitur Filed | ☐ Remittitur Filed • Page Count: 2 |
| 4/6/2026 | (Cancelled) Evidentiary Hearing • Hearing Date: 4/6/2026 9:00 AM • Judicial Officer: Ferrara, Jami L. • Cancellation Reason: Vacated – Per Court Order | N/A |
| 4/3/2026 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals) • Page Count: 1 |
| 4/2/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal • Page Count: 123 |
| 3/30/2026 | Remittitur Filed | ☐ Remittitur Filed • Page Count: 2 |
| 3/27/2026 | Order from the Court of Appeal | ☐ Order from the Court of Appeal • Page Count: 1 |
| 3/26/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 3/25/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal • Page Count: 62 |
| 3/25/2026 | Returned Mail | ☐ Returned Mail • Page Count: 2 |
| 3/24/2026 | Request for Order Hearing • Hearing Date: 3/24/2026 1:45 PM • Judicial Officer: Ferrara, Jami L. | N/A |
| 3/24/2026 | Request for Order Hearing • Hearing Date: 3/24/2026 1:45 PM • Judicial Officer: Ferrara, Jami L. | N/A |

3/2/26, 5:11 PM    Electronic - Family Division

Documents

| Event Date | Event Type | |
|---|---|---|
| 3/24/2026 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 3/24/2026 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 3/20/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 3/20/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 3/19/2026 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 3/18/2026 | Request for Court Reporter by Party with Fee Waiver | ☐ FW-020 Request for Court Reporter by Party with Fee Waiver<br>• Page Count: 1 |
| 3/17/2026 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 3/17/2026 | Notice of Filing | ☐ Notice of Filing<br>• Page Count: 1 |
| 3/17/2026 | Notice of Failure to Clear Default | ☐ Notice of Failure to Clear Default<br>• Page Count: 1 |
| 3/13/2026 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 16 |
| 3/13/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 3/13/2026 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/13/2026 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 3/12/2026 | Request for Order | ☐ Request for Order<br>• Page Count: 4 |
| 3/12/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 3/12/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 3/12/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 17 |
| 3/11/2026 | Findings and Order After Hearing Received | N/A |
| 3/11/2026 | Remittitur Filed | ☐ Remittitur Filed<br>• Page Count: 2 |

3/2/26, 5:11 PM                                                    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 3/10/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 3/9/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 73 |
| 3/9/2026 | Declaration | ☐ MC-030 Declaration<br>• Page Count: 1 |
| 3/9/2026 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 3/3/2026 | Request for Order Hearing<br>• Hearing Date: 3/3/2026 1:45 PM<br>• Judicial Officer: Ferrara, Jami L. | N/A |
| 3/3/2026 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 3/3/2026 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 3/2/2026 | Order on Court Fee Waiver | 🔒 Order on Court Fee Waiver<br>• Page Count: 3 |
| 2/27/2026 | Notice of Appeal | ☐ Notice of Appeal<br>• Page Count: 2 |
| 2/27/2026 | Request to Waive Court Fees (FW-001) | 🔒 Request to Waive Court Fees (FW-001)<br>• Page Count: 2 |
| 2/26/2026 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 2/26/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 2/26/2026 | Proof of Service by Mail | ☐ FL-335 Proof of Service by Mail<br>• Page Count: 1 |
| 2/25/2026 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 2/17/2026 | Petitioner's Income and Expense Declaration | ☐ Petitioner's Income and Expense Declaration<br>• Page Count: 6 |
| 2/17/2026 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br>• Page Count: 16 |
| 2/11/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 2/11/2026 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 2/11/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

3/2/26, 5:11 PM

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 2/11/2026 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 2 |
| 2/9/2026 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 12 |
| 2/9/2026 | Respondent's Income and Expense Declaration | ☐ FL-150 Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 2/9/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 2/9/2026 | Amended RFO | ☐ FL-300 Amended RFO<br>• Page Count: 13 |
| 2/5/2026 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 2/4/2026 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 2/2/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 68 |
| 2/2/2026 | Substitution of Attorney Civil (without Court Order) | ☐ MC-050 Substitution of Attorney Civil (without Court Order)<br>• Page Count: 2 |
| 2/2/2026 | Notice of Change of Address | ☐ Notice of Change of Address<br>• Page Count: 3 |
| 1/30/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/30/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/28/2026 | Ex Parte Hearing<br>• Hearing Date: 1/28/2026 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 1/27/2026 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 1/27/2026 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 6 |
| 1/26/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 1/26/2026 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 1/24/2026 | Notice of Case Reassignment | N/A |
| 1/23/2026 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |

3/2/26, 5:11 PM

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 1/23/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 9 |
| 1/15/2026 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 1/15/2026 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/13/2026 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 71 |
| 1/12/2026 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 1/9/2026 | Clerk's Certificate of Service by Mail | ☐ Clerks Certificate of Service By Mail SD<br>• Page Count: 1 |
| 1/8/2026 | Request for Order Hearing<br>• Hearing Date: 1/8/2026 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 1/8/2026 | Findings and Order After Hearing Received | N/A |
| 1/8/2026 | Prefiling Order (Vexatious Litigant) | ☐ Prefiling Order (Vexatious Litigant)<br>• Page Count: 1 |
| 1/8/2026 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 1/7/2026 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 1/7/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 1/7/2026 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 1/6/2026 | Order from the Court of Appeal | ☐ Order<br>• Page Count: 1 |
| 1/5/2026 | Ex Parte Hearing<br>• Hearing Date: 1/5/2026 8:30 AM<br>• Judicial Officer: Ferrara, Jami L. | N/A |
| 1/5/2026 | Ex Parte Hearing<br>• Hearing Date: 1/5/2026 8:30 AM<br>• Judicial Officer: Ferrara, Jami L. | N/A |
| 1/5/2026 | Document Rejection E-Filing | N/A |
| 1/5/2026 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 1/2/2026 | Lodgment Received | N/A |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 1/2/2026 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 1/2/2026 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 1/2/2026 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 2 |
| 12/31/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 71 |
| 12/31/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 12/30/2025 | Notice of Appeal | ☐ Notice of Appeal<br>• Page Count: 4 |
| 12/30/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 12/29/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/29/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 2 |
| 12/29/2025 | Lodgment Received | N/A |
| 12/29/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 3 |
| 12/29/2025 | Trial Brief | ☐ Trial Brief<br>• Page Count: 46 |
| 12/29/2025 | Request for Judicial Notice | ☐ Request for Judicial Notice<br>• Page Count: 2 |
| 12/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 12/29/2025 | Witness List | ☐ Witness List<br>• Page Count: 1 |
| 12/26/2025 | Ex Parte Hearing<br>• Hearing Date: 12/26/2025 8:30 AM<br>• Judicial Officer: BOUCEK, LEAH M. | N/A |
| 12/24/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 12/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 12/24/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 3 |

5/2/26, 5:11 PM

Electronic - Family Division
Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 12/24/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 2 |
| 12/23/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/23/2025 | Substitution of Attorney Civil (without Court Order) | ☐ MC-050 Substitution of Attorney Civil (without Court Order)<br>• Page Count: 2 |
| 12/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 15 |
| 12/19/2025 | Ex Parte Hearing<br>• Hearing Date: 12/19/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 12/19/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/19/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 1 |
| 12/19/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 2 |
| 12/19/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 12/19/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 9 |
| 12/18/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 12/18/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 12/18/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 68 |
| 12/18/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 12/18/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 12/18/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 12/18/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 12/18/2025 | Prefiling Order (Vexatious Litigant) | ☐ Prefiling Order (Vexatious Litigant)<br>• Page Count: 1 |
| 12/18/2025 | Document Rejection E-Filing | N/A |

3/2/26, 5:11 PM                                                                Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 12/18/2025 | Document Rejection E-Filing | N/A |
| 12/18/2025 | Document Rejection E-Filing | N/A |
| 12/18/2025 | Document Rejection E-Filing | N/A |
| 12/18/2025 | Document Rejection E-Filing | N/A |
| 12/18/2025 | Document Rejection E-Filing | N/A |
| 12/18/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 7 |
| 12/18/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 12/18/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 5 |
| 12/18/2025 | Declaration of Petitioner(s) | ☐ Declaration of Petitioner(s) • Page Count: 3 |
| 12/18/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law • Page Count: 1 |
| 12/16/2025 | Request for Order Hearing • Hearing Date: 12/16/2025 1:45 PM • Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 12/16/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court • Page Count: 2 |
| 12/13/2025 | Proof of Electronic Service | N/A |
| 12/12/2025 | Notice of Filing | ☐ Notice of Filing • Page Count: 1 |
| 12/11/2025 | Order from the Court of Appeal | ☐ Order from the Court of Appeal • Page Count: 1 |
| 12/8/2025 | Notice of Appeal | ☐ Notice of Appeal • Page Count: 4 |
| 12/4/2025 | Document Rejected | ☐ D-202 Document Rejection - Return Sheet • Page Count: 2 ☐ Document Rejected • Page Count: 2 |
| 12/3/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals) • Page Count: 1 |
| 12/2/2025 | Request for Order Hearing • Hearing Date: 12/2/2025 1:45 PM • Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |

3/2/26, 5:15 PM                                                Electronic - Family Division

Documents

| Event Date | Event Type | |
|---|---|---|
| 12/2/2025 | Request for Order Hearing<br>• Hearing Date: 12/2/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 12/2/2025 | Request for Order Hearing<br>• Hearing Date: 12/2/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 12/2/2025 | Ex Parte Hearing<br>• Hearing Date: 12/2/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 12/2/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 3 |
| 12/2/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 3 |
| 12/1/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 10 |
| 12/1/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 12/1/2025 | Notice | ☐ Notice<br>• Page Count: 5 |
| 12/1/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 12/1/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 2 |
| 12/1/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 12/1/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 12/1/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 14 |
| 12/1/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 12/1/2025 | Order | ☐ Order<br>• Page Count: 6 |
| 12/1/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/1/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 15 |
| 11/26/2025 | Findings and Order After Hearing Received | N/A |

3/2/26, 5:11 PM    Sac Civil - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 11/26/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 11/26/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 11/26/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 11/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 14 |
| 11/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 11/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/25/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 11/25/2025 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 11/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 46 |
| 11/25/2025 | Document Rejection E-Filing | N/A |
| 11/24/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 15 |
| 11/24/2025 | Declaration/Pleading | ☐ Request for Judicial Notice<br>• Page Count: 23 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 13 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 18 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 11/24/2025 | Document Rejection E-Filing | N/A |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 23 |

| Event Date | Event Type | Documents |
|---|---|---|
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 12 |
| 11/24/2025 | Resp Final Dec Re: Service of Dec of Disclosure | ☐ FL-141 Resp Final Dec Re: Service of Dec of Disclosure<br>• Page Count: 1 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 11/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 11/21/2025 | Notice of Appeal | ☐ Notice of Appeal<br>• Page Count: 2 |
| 11/20/2025 | Request for Order Hearing<br>• Hearing Date: 11/20/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 11/20/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 11/20/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 11/19/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 7 |
| 11/19/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 11/19/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 12 |
| 11/19/2025 | Request for Court Reporter by Party with a Fee Waiver | ☐ ADM-379 Request for Court Reporter by Party with a Fee Waiver<br>• Page Count: 1 |
| 11/18/2025 | Request for Order Hearing<br>• Hearing Date: 11/18/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 11/18/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 11/17/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 11/17/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 2 |
| 11/17/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |

3/2/26, 5:11 PM     Electronic - Family Division

**Documents**

| Event Date | Event Type | Documents |
|---|---|---|
| 11/17/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/17/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 11/17/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 22 |
| 11/17/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 11/17/2025 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 11/17/2025 | Lodgment Received | N/A |
| 11/17/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 11/17/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/14/2025 | Lodgment Received | N/A |
| 11/13/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 15 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/13/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

| Event Date | Event Type | |
|---|---|---|

3/2/26, 5:11 PM                                    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 28 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 50 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 37 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 39 |
| 11/12/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 14 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 50 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 37 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 51 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 46 |
| 11/12/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 18 |
| 11/10/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 11/10/2025 | Notice of Lodgment | ☐ Notice of Lodgment • Page Count: 2 |
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 28 |
| 11/10/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 11/10/2025 | Notice of Lodgment | ☐ Notice of Lodgment • Page Count: 2 |
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 17 |
| 11/10/2025 | Notice | ☐ Notice • Page Count: 16 |
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 31 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 11/10/2025 | Respondent's Income and Expense Declaration | ☐ FL-150 Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 27 |
| 11/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 11/7/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 11/7/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 11/7/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal<br>• Page Count: 8 |
| 11/6/2025 | Request for Order Hearing<br>• Hearing Date: 11/6/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 11/6/2025 | Ex Parte Hearing<br>• Hearing Date: 11/6/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 11/6/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 11/6/2025 | Findings and Order After Hearing Received | N/A |
| 11/6/2025 | Lodgment Received | N/A |
| 11/6/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 11/6/2025 | Ex Parte Minute Order | ☐ Ex Parte Minute Order<br>• Page Count: 1 |
| 11/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 38 |
| 11/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 11/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 11/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |

3/2/26, 5:11 PM

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 11/5/2025 | Document Rejection E-Filing | N/A |
| 11/5/2025 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 11/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 11/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/5/2025 | Lodgment Received | N/A |
| 11/5/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 11/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/5/2025 | Lodgment Received | N/A |
| 11/5/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 11/5/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 11/5/2025 | Request for Court Reporter by Party with Fee Waiver | ☐ Request for Court Reporter by Party with Fee Waiver<br>• Page Count: 1 |
| 11/5/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 11/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 11/5/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 17 |
| 11/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 13 |
| 11/4/2025 | Ex Parte Hearing<br>• Hearing Date: 11/4/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 11/4/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 11/3/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 11/3/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |

| Event Date | Event Type | Documents |
|---|---|---|
| 11/3/2025 | Petitioner's Income and Expense Declaration | ☐ FL-150 Petitioner's Income and Expense Declaration<br>• Page Count: 7 |
| 11/3/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 3 |
| 11/3/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 8 |
| 11/3/2025 | Lodgment Received | N/A |
| 11/3/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 11/3/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 17 |
| 11/3/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 11/3/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 2 |
| 10/31/2025 | Notice of Filing | ☐ Notice of Filing<br>• Page Count: 1 |
| 10/30/2025 | FCS Child Custody Recommending Counseling – Pre RFO<br>• Hearing Date: 10/30/2025 1:00 PM | 🔒 FCS-50 Child Custody Recommending Counseling<br>• Page Count: 4<br><br>🔒 FCS-53 FCS Case Disposition Data Sheet – CCRC<br>• Page Count: 1 |
| 10/30/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 10/29/2025 | Notice of Appeal | ☐ Notice of Appeal<br>• Page Count: 1 |
| 10/29/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals)<br>• Page Count: 1 |
| 10/28/2025 | Ex Parte Hearing<br>• Hearing Date: 10/28/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 10/27/2025 | Proof of Service | ☐ Proof of Service<br>• Page Count: 1 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |

3/2/26, 5:15 PM · Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 47 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 10/27/2025 | Document Rejection E-Filing | N/A |
| 10/27/2025 | Lodgment Received | N/A |
| 10/27/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 10/27/2025 | Lodgment Received | N/A |
| 10/27/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/27/2025 | Lodgment Received | N/A |
| 10/27/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 10/27/2025 | Lodgment Received | N/A |
| 10/27/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 10/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 12 |
| 10/27/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 10/27/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 6 |
| 10/27/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 17 |
| 10/27/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 10/24/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |

5/2/26, 5:15 PM                                                    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 10/24/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service <br> • Page Count: 1 |
| 10/24/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service <br> • Page Count: 2 |
| 10/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading <br> • Page Count: 4 |
| 10/24/2025 | Declaration of Respondent | ☐ Declaration of Respondent <br> • Page Count: 38 |
| 10/24/2025 | Declaration of Respondent | ☐ Declaration of Respondent <br> • Page Count: 5 |
| 10/24/2025 | Lodgment Received | N/A |
| 10/24/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents <br> • Page Count: 1 |
| 10/24/2025 | Lodgment Received | N/A |
| 10/24/2025 | Notice of Lodgment | ☐ Notice of Lodgment <br> • Page Count: 1 |
| 10/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading <br> • Page Count: 8 |
| 10/24/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals) <br> • Page Count: 1 |
| 10/22/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal <br> • Page Count: 51 |
| 10/22/2025 | Declaration/Pleading | ☐ Declaration/Pleading <br> • Page Count: 4 |
| 10/22/2025 | Document Rejection E-Filing | N/A |
| 10/20/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents <br> • Page Count: 1 |
| 10/20/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order <br> • Page Count: 38 |
| 10/20/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order <br> • Page Count: 26 |
| 10/16/2025 | Pet Final Dec Re: Service of Dec of Disclosure | ☐ FL-141 Pet Final Dec Re: Service of Dec of Disclosure <br> • Page Count: 1 |
| 10/16/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service <br> • Page Count: 1 |
| 10/16/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order <br> • Page Count: 3 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 10/16/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 10/16/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 10/16/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 2 |
| 10/16/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 10/16/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 10/16/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 28 |
| 10/13/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities • Page Count: 16 |
| 10/13/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 5 |
| 10/10/2025 | Notice of Default (Appeals) | ☐ Notice of Default (Appeals) • Page Count: 1 |
| 10/10/2025 | Notice of Filing | ☐ Notice of Filing • Page Count: 1 |
| 10/7/2025 | Order on Court Fee Waiver – Granted | ☐ Order on Court Fee Waiver – Granted • Page Count: 3 |
| 10/6/2025 | Appellant's Notice Designating Record on Appeal | ☐ Appellant's Notice Designating Record on Appeal • Page Count: 7 |
| 10/6/2025 | Notice of Appeal | ☐ Notice of Appeal • Page Count: 19 |
| 10/6/2025 | Request to Waive Court Fees (FW-001) | 🔒 Request to Waive Court Fees (FW-001) • Page Count: 2 |
| 10/2/2025 | (Cancelled) Mandatory Settlement Conference • Hearing Date: 10/2/2025 8:30 AM • Judicial Officer: ROBERTS, TERRIE E. • Cancellation Reason: Vacated | ☐ D-100 Settlement • Page Count: 6  ☐ (Cancelled) D-100 Settlement • Page Count: 3 |
| 9/30/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 9/30/2025 | Notice | ☐ Notice • Page Count: 1 |
| 9/30/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |

3/2/26, 5:11 PM

Documents - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 9/30/2025 | Notice | ☐ Notice<br>• Page Count: 1 |
| 9/30/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 9/18/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 9/18/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 9/18/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 6 |
| 9/18/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 15 |
| 9/15/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 9/11/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 9/10/2025 | Restraining Order Hearing<br>• Hearing Date: 9/10/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 9/10/2025 | Minutes of the Family Court- Rest Ords, Contempt, Dismissals | ☐ Minutes of the Family Court- Rest Ords, Contempt, Dismissals<br>• Page Count: 2 |
| 9/10/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 2 |
| 9/10/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 11 |
| 9/10/2025 | Document Rejection E-Filing | N/A |
| 9/8/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 25 |
| 9/5/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 9/5/2025 | Response to Request for Domestic Violence Restraining Order | ☐ DV-120 Response to Request for Domestic Violence Restraining Order<br>• Page Count: 9 |
| 9/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |
| 9/4/2025 | Request for Order Hearing<br>• Hearing Date: 9/4/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |

| Event Date | Event Type | Documents |
|---|---|---|
| 9/4/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore • Page Count: 1 |
| 9/4/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court • Page Count: 2 |
| 9/3/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 14 |
| 9/3/2025 | Request for Order | ☐ FL-300 Request for Order • Page Count: 4 |
| 9/2/2025 | MSC Readiness Conference • Hearing Date: 9/2/2025 10:00 AM • Judicial Officer: MILLER, LAURA H. | N/A |
| 9/2/2025 | Request for Order Hearing • Hearing Date: 9/2/2025 9:00 AM • Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 9/2/2025 | Request for Order Hearing • Hearing Date: 9/2/2025 9:00 AM • Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 9/2/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore • Page Count: 1 |
| 9/2/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court • Page Count: 2 |
| 9/2/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court • Page Count: 2 |
| 9/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 11 |
| 9/2/2025 | Respondent's Income and Expense Declaration | ☐ FL-150 Respondent's Income and Expense Declaration • Page Count: 4 |
| 9/2/2025 | Gen Minutes of the Family Court | ☐ Gen Minutes of the Family Court • Page Count: 1 |
| 9/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 9 |
| 8/29/2025 | Substitution of Attorney Civil (without Court Order) | ☐ MC-050 Substitution of Attorney Civil (without Court Order) • Page Count: 3 |
| 8/29/2025 | Proof of Personal Service Civil | ☐ Proof of Personal Service Civil • Page Count: 3 |
| 8/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 3 |
| 8/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |

3/2/26, 5:11 PM    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 8/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 8/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 8/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 8/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 8/28/2025 | Request for Order Hearing<br>• Hearing Date: 8/28/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 8/28/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 8/28/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 8/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 8/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 8/26/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 8/26/2025 | Lodgment Received | N/A |
| 8/26/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 8/26/2025 | Document Rejection E-Filing | N/A |
| 8/26/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 13 |
| 8/25/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 3 |
| 8/25/2025 | Order on Request to Keep Minor's Information Confidential | ☐ Order on Request to Keep Minor's Information Confidential<br>• Page Count: 6 |
| 8/25/2025 | Notice of Court Hearing (Domestic Violence) | ☐ Notice of Court Hearing (Domestic Violence)<br>• Page Count: 3 |
| 8/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 13 |
| 8/25/2025 | Request to Keep Minor's Information Confidential | 🔒 Request to Keep Minor's Information Confidential<br>• Page Count: 19 |

Electronic - Family Division
Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 8/25/2025 | DV Prevention w/Minor Children Subsequent | ☐ DV Prevention w/Minor Children Subsequent<br>• Page Count: 19 |
| 8/25/2025 | Lodgment Received | N/A |
| 8/25/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 8/25/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 28 |
| 8/22/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 23 |
| 8/21/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 8/21/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 8/21/2025 | Petitioner's Income and Expense Declaration | ☐ FL-150 Petitioner's Income and Expense Declaration<br>• Page Count: 4 |
| 8/21/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 14 |
| 8/20/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 8/20/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 8/20/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 8/20/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 8/19/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 25 |
| 8/19/2025 | Lodgment Received | N/A |
| 8/19/2025 | Lodgment Received | N/A |
| 8/18/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 60 |
| 8/18/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 8/18/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 8/18/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 2 |

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 8/18/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 8/15/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 24 |
| 8/15/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 5 |
| 8/15/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 14 |
| 8/15/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |
| 8/15/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 8/15/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 8/11/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 8/11/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 6 |
| 8/11/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 8/11/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 4 |
| 8/11/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 8/11/2025 | Statement of Decision | ☐ Statement of Decision<br>• Page Count: 16 |
| 8/7/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 8/6/2025 | Trial Brief | ☐ Trial Brief<br>• Page Count: 11 |
| 8/6/2025 | Notice | ☐ Notice<br>• Page Count: 2 |
| 8/6/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 8/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 8/6/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |

Superior Court - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 8/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 8/6/2025 | Document Rejection E-Filing | N/A |
| 8/5/2025 | Ex Parte Hearing<br>• Hearing Date: 8/5/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 8/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 8/4/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 8/4/2025 | Lodgment Received | N/A |
| 8/4/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 20 |
| 8/4/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 8/4/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 7/31/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 7/28/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 7/28/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 7/28/2025 | Statement of Decision | ☐ Statement of Decision<br>• Page Count: 16 |
| 7/28/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 7/25/2025 | Findings and Order After Hearing Received | N/A |
| 7/25/2025 | Document Rejection E-Filing | N/A |
| 7/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 15 |
| 7/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 7/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 14 |
| 7/24/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 14 |

5/2/26, 5:11 PM Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 7/23/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 2 |
| 7/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 37 |
| 7/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 7/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 7/21/2025 | Findings and Order After Hearing Received | N/A |
| 7/21/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 7/17/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 7/17/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 4 |
| 7/17/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 7/17/2025 | Miscellaneous | ☐ Miscellaneous<br>• Page Count: 7 |
| 7/17/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 7/17/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 7/16/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 7/16/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 14 |
| 7/15/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |
| 7/15/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 7/14/2025 | Notice | ☐ Notice<br>• Page Count: 17 |
| 7/14/2025 | Motion in Limine | ☐ Motion in Limine<br>• Page Count: 6 |
| 7/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 17 |

3/2/26, 5:11 PM                                                    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 7/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 13 |
| 7/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 7/11/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 7/11/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 7/11/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 7/11/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 7/11/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 7/11/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 7/11/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 7/10/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 7/10/2025 | Order from the Court of Appeal | ☐ Order from the Court of Appeal<br>• Page Count: 1 |
| 7/9/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 7/9/2025 | Ex Parte Minute Order | ☐ Ex Parte Minute Order<br>• Page Count: 1 |
| 7/8/2025 | Request for Order Hearing<br>• Hearing Date: 7/8/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 7/8/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 7/8/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 7/7/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 7/7/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 46 |
| 7/3/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |

5/2/26, 5:11 PM    Superior Court - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 6/27/2025 | Trial Brief | ☐ Trial Brief<br>• Page Count: 24 |
| 6/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 20 |
| 6/27/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 6/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 24 |
| 6/27/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 6/27/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 20 |
| 6/26/2025 | (Cancelled) Request for Order Hearing<br>• Hearing Date: 6/26/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S.<br>• Cancellation Reason: Failure to Pay Court Fees | N/A |
| 6/25/2025 | Lodgment Received | N/A |
| 6/24/2025 | Request for Order Hearing<br>• Hearing Date: 6/24/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 6/24/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 3 |
| 6/24/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 6/24/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 6/24/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 12 |
| 6/23/2025 | Lodgment Received | N/A |
| 6/23/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 6/23/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 5 |
| 6/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 21 |
| 6/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |

3/2/26, 5:11 PM | Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 6/18/2025 | Ex Parte Hearing<br>• Hearing Date: 6/18/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 6/17/2025 | Findings and Order After Hearing Received | N/A |
| 6/17/2025 | Lodgment Received | N/A |
| 6/17/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 6/17/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 3 |
| 6/17/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 6/16/2025 | Declaration of Petitioner(s) | ☐ Declaration of Petitioner(s)<br>• Page Count: 8 |
| 6/16/2025 | Lodgment Received | N/A |
| 6/16/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 6/16/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 6/16/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 6/16/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 6/13/2025 | Findings and Order After Hearing Received | N/A |
| 6/10/2025 | Request for Order Hearing<br>• Hearing Date: 6/10/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 6/10/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 6/10/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 12 |
| 6/10/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 6/6/2025 | Ex Parte Hearing<br>• Hearing Date: 6/6/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 6/6/2025 | Lodgment Received | N/A |

Electronic - Family Division
Documents

| Event Date | Event Type | |
|---|---|---|
| 6/5/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 6/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 13 |
| 6/5/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 6 |
| 6/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 34 |
| 6/5/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 6/5/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 2 |
| 6/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 6/5/2025 | Response to Request for Domestic Violence Restraining Order | ☐ Response to Request for Domestic Violence Restraining Order<br>• Page Count: 8 |
| 5/29/2025 | Order | ☐ Order<br>• Page Count: 1 |
| 5/29/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 5/28/2025 | Ex Parte Minute Order | ☐ Ex Parte Minute Order<br>• Page Count: 1 |
| 5/27/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 5/27/2025 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 2 |
| 5/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 5/23/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 5 |
| 5/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 5/23/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 4 |
| 5/22/2025 | Ex Parte Hearing<br>• Hearing Date: 5/22/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/22/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |

5/2/26, 5:11 PM                                    Doc Site - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 5/22/2025 | Order | ☐ Order<br>• Page Count: 9 |
| 5/22/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 5/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 5/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 18 |
| 5/21/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 13 |
| 5/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 5/21/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 8 |
| 5/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 12 |
| 5/21/2025 | Lodgment Received | N/A |
| 5/21/2025 | Proof of Personal Service Civil | ☐ Proof of Personal Service Civil<br>• Page Count: 2 |
| 5/21/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 6 |
| 5/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |
| 5/21/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 21 |
| 5/21/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 5/21/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 5/20/2025 | Request for Order Hearing<br>• Hearing Date: 5/20/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/20/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 5/20/2025 | Joint Readiness Declaration Mandatory Settlement Conference | ☐ Joint Readiness Declaration Mandatory Settlement Conference<br>• Page Count: 1 |
| 5/20/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |

| Event Date | Event Type | Documents |
|---|---|---|
| 5/19/2025 | Family Resolution Conference<br>• Hearing Date: 5/19/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/19/2025 | Evidentiary Hearing<br>• Hearing Date: 5/19/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/19/2025 | Gen Minutes of the Family Court | ☐ Gen Minutes of the Family Court<br>• Page Count: 2 |
| 5/16/2025 | Evidentiary Hearing<br>• Hearing Date: 5/16/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/16/2025 | Family Resolution Conference<br>• Hearing Date: 5/16/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | ☐ D-131 NOTICE OF HEARING<br>• Page Count: 4 |
| 5/16/2025 | Minutes of the Family Court-Family Resolution Conference | ☐ Minutes of the Family Court-Family Resolution Conference<br>• Page Count: 1 |
| 5/16/2025 | Gen Minutes of the Family Court | ☐ Gen Minutes of the Family Court<br>• Page Count: 2 |
| 5/16/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 5/16/2025 | Clerk's Certificate of Service by Mail | ☐ Clerk's Certificate of Service by Mail<br>• Page Count: 1 |
| 5/16/2025 | Ex Parte Minute Order | ☐ Ex Parte Minute Order<br>• Page Count: 2 |
| 5/16/2025 | Lodgment Received | N/A |
| 5/16/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 5/16/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 38 |
| 5/16/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 5/15/2025 | Request for Order Hearing<br>• Hearing Date: 5/15/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/15/2025 | Request for Order Hearing<br>• Hearing Date: 5/15/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/15/2025 | Ex Parte Hearing<br>• Hearing Date: 5/15/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/15/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |

| Event Date | Event Type | Documents |
|---|---|---|
| 5/15/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 5/15/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 5/15/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 5/15/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 4 |
| 5/15/2025 | Respondent's Income and Expense Declaration | ☐ Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 5/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 5/14/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 5/14/2025 | Respondent's Income and Expense Declaration | ☐ Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 5/14/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 5/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 38 |
| 5/14/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 5/12/2025 | Evidentiary Hearing<br>• Hearing Date: 5/12/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/12/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 5/12/2025 | Gen Minutes of the Family Court | ☐ Gen Minutes of the Family Court<br>• Page Count: 2 |
| 5/12/2025 | Declaration/Pleading | N/A |
| 5/9/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 5/9/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 13 |
| 5/9/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 12 |
| 5/9/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 5/9/2025 | Supplemental Family Resolution Conference Statement | ☐ Supplemental Family Resolution Conference Statement<br>• Page Count: 2 |
| 5/8/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 5/8/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 5/8/2025 | Miscellaneous | ☐ Miscellaneous<br>• Page Count: 4 |
| 5/8/2025 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 4 |
| 5/8/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 5/8/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 5/8/2025 | Document Rejection E-Filing | N/A |
| 5/7/2025 | Ex Parte Hearing<br>• Hearing Date: 5/7/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 5/7/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 6 |
| 5/7/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 22 |
| 5/6/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 5/6/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 7 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |

| Event Date | Event Type | Documents |
|---|---|---|
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 3 |
| 5/6/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br> • Page Count: 2 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 8 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 5 |
| 5/6/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br> • Page Count: 9 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 8 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 6 |
| 5/6/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br> • Page Count: 1 |
| 5/6/2025 | Notice | ☐ Notice<br> • Page Count: 2 |
| 5/6/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br> • Page Count: 5 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 3 |
| 5/6/2025 | Notice | ☐ Notice<br> • Page Count: 3 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 5 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 2 |
| 5/6/2025 | Notice | ☐ Notice<br> • Page Count: 3 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 3 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 23 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br> • Page Count: 3 |
| 5/6/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br> • Page Count: 4 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 5/6/2025 | Lodgment Received | N/A |
| 5/6/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 29 |
| 5/6/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 9 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 5/6/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 5/6/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 5/6/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 5/6/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 5/5/2025 | Exhibits Received | N/A |
| 5/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 5/5/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 5/5/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 5/2/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |
| 5/2/2025 | Proof of Service by Mail | ☐ Proof of Service by Mail<br>• Page Count: 1 |
| 5/2/2025 | Witness List | ☐ Witness List<br>• Page Count: 1 |
| 5/2/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 2 |
| 5/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 15 |

3/2/26, 5:15 PM    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 5/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 15 |
| 4/29/2025 | Request for Order Hearing<br>• Hearing Date: 4/29/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 4/29/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 4/29/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 4/29/2025 | Witness List | ☐ Witness List<br>• Page Count: 1 |
| 4/29/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 3 |
| 4/29/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 4/29/2025 | Lodgment Received | N/A |
| 4/29/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 4/29/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 4/28/2025 | Notice of Intent to Lodge Documents | N/A |
| 4/28/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 4/28/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 4/28/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br>• Page Count: 13 |
| 4/23/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 12 |
| 4/23/2025 | Amended RFO | ☐ Amended RFO<br>• Page Count: 15 |
| 4/23/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 4 |
| 4/23/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |
| 4/23/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |

5/2/26, 5:15 PM                                                                    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 4/23/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |
| 4/23/2025 | Respondent's Income and Expense Declaration | ☐ Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 4/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 4/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 4/23/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 4/23/2025 | Lodgment Received | N/A |
| 4/23/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 4/16/2025 | Findings and Order After Hearing Received | N/A |
| 4/16/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 4/15/2025 | Ex Parte Hearing<br>• Hearing Date: 4/15/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 4/15/2025 | Lodgment Received | N/A |
| 4/15/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 4/15/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 4/15/2025 | Petitioner's Income and Expense Declaration | ☐ Petitioner's Income and Expense Declaration<br>• Page Count: 10 |
| 4/15/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br>• Page Count: 12 |
| 4/15/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 4/15/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 11 |
| 4/15/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 5 |
| 4/14/2025 | Findings and Order After Hearing Received | N/A |
| 4/14/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 4/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 10 |
| 4/14/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 4/14/2025 | Declaration | ☐ Declaration<br>• Page Count: 1 |
| 4/14/2025 | Lodgment Received | N/A |
| 4/14/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 4/14/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 4/14/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 4/9/2025 | Ex Parte Hearing<br>• Hearing Date: 4/9/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 4/9/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 4 |
| 4/9/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 9 |
| 4/9/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |
| 4/9/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 5 |
| 4/9/2025 | Proof of Personal Service | ☐ Proof of Personal Service<br>• Page Count: 10 |
| 4/8/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 4/8/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 13 |
| 4/8/2025 | Declaration | ☐ Declaration<br>• Page Count: 21 |
| 4/7/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 4/7/2025 | Lodgment Received | N/A |
| 4/7/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |

3/3/26, 5:15 PM                                           Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 4/7/2025 | Declaration | ☐ Declaration<br>• Page Count: 6 |
| 4/7/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |
| 4/7/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 4/4/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 4/4/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/24/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 3/24/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/24/2025 | Proof of Service by First Class Mail | ☐ POS-030 Proof of Service by First Class Mail<br>• Page Count: 1 |
| 3/19/2025 | Findings and Order After Hearing Received | N/A |
| 3/18/2025 | Request for Order Hearing<br>• Hearing Date: 3/18/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 3/18/2025 | Request for Order Hearing<br>• Hearing Date: 3/18/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | ☐ D-106 Notice of Hearing<br>• Page Count: 3 |
| 3/18/2025 | Request for Order Hearing<br>• Hearing Date: 3/18/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 3/18/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 3/18/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 3/18/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 3/18/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 6 |
| 3/18/2025 | Order Granting Attorney Motion to Be Relvd as Counsel Civil | ☐ Order Granting Attorney Motion to Be Relvd as Counsel Civil<br>• Page Count: 2 |
| 3/18/2025 | Proof of Service by Mail | ☐ FL-335 Proof of Service by Mail<br>• Page Count: 1 |

| Event Date | Event Type | Documents |
|---|---|---|
| 3/18/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/18/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 3/17/2025 | Declaration | ☐ Declaration<br>• Page Count: 6 |
| 3/11/2025 | Lodgment Received | N/A |
| 3/11/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 3/11/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/11/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 3/11/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 3/6/2025 | Proof of Service by First Class Mail | ☐ POS-030 Proof of Service by First Class Mail<br>• Page Count: 1 |
| 3/6/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/6/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 3/5/2025 | Ex Parte Hearing<br>• Hearing Date: 3/5/2025 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 3/4/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 3/4/2025 | Dec in Support of Atty's Motion to be Relieved as Counsel | ☐ Dec in Support of Atty's Motion to be Relieved as Counsel<br>• Page Count: 2 |
| 3/4/2025 | Notice of Motion and Motion to Be Relieved as Counsel | ☐ Notice of Motion and Motion to Be Relieved as Counsel<br>• Page Count: 2 |
| 3/4/2025 | Declaration | ☐ Declaration<br>• Page Count: 5 |
| 3/4/2025 | Lodgment Received | N/A |
| 3/4/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 3/4/2025 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders<br>• Page Count: 2 |

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 3/4/2025 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 2/26/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 2/24/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 3 |
| 2/20/2025 | Findings and Order After Hearing Received | N/A |
| 2/19/2025 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage)<br>• Page Count: 55 |
| 2/6/2025 | Findings and Order After Hearing Received | N/A |
| 2/6/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 2/6/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 2/4/2025 | Request for Order Hearing<br>• Hearing Date: 2/4/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 2/4/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 1/28/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/28/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 1/28/2025 | Lodgment Received | N/A |
| 1/28/2025 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 1/28/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 1/23/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/23/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br>• Page Count: 13 |
| 1/15/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 1/15/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 14 |

| Event Date | Event Type | Documents |
| --- | --- | --- |
| 1/15/2025 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 7 |
| 1/15/2025 | Declaration of Petitioner(s) | ☐ Declaration of Petitioners<br>• Page Count: 4 |
| 1/15/2025 | Request for Order | ☐ Request for Order<br>• Page Count: 4 |
| 1/9/2025 | Request for Order Hearing<br>• Hearing Date: 1/9/2025 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 1/9/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 1/9/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 3 |
| 1/8/2025 | Findings and Order After Hearing Received | N/A |
| 1/7/2025 | Request for Order Hearing<br>• Hearing Date: 1/7/2025 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 1/7/2025 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 1/7/2025 | Appointment of Official Reporter Pro Tempore | ☐ Appointment of Official Reporter Pro Tempore<br>• Page Count: 1 |
| 1/6/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 1/6/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 1/6/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/6/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/6/2025 | Resp Prelim Dec Re: Service of Dec of Disclosure | ☐ Resp Prelim Dec Re: Service of Dec of Disclosure<br>• Page Count: 1 |
| 1/6/2025 | Respondent's Income and Expense Declaration | ☐ Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 1/6/2025 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br>• Page Count: 4 |
| 1/3/2025 | Lodgment Received | N/A |
| 1/3/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 1/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 1/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 1/2/2025 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 1/2/2025 | Petitioner's Income and Expense Declaration | ☐ FL-150 Petitioner's Income and Expense Declaration<br>• Page Count: 7 |
| 1/2/2025 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 1/2/2025 | Lodgment Received | N/A |
| 1/2/2025 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 1/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 7 |
| 1/2/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 2 |
| 1/2/2025 | Declaration of Petitioner(s) | ☐ Declaration of Petitioners<br>• Page Count: 5 |
| 1/2/2025 | Petitioner's Income and Expense Declaration | ☐ Petitioner's Income and Expense Declaration<br>• Page Count: 7 |
| 1/2/2025 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 1/2/2025 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 16 |
| 12/27/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 12/27/2024 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 12/27/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/27/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 12/27/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 12/27/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

3/2/26, 5:11 PM                                          Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 12/27/2024 | Lodgment Received | N/A |
| 12/26/2024 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order<br>• Page Count: 6 |
| 12/26/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 12/20/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/20/2024 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 4 |
| 12/17/2024 | Respondent's Income and Expense Declaration | ☐ FL-150 Respondent's Income and Expense Declaration<br>• Page Count: 4 |
| 12/17/2024 | Proof of Electronic Service | ☐ Packet.pdf<br>• Page Count: 1 |
| 12/17/2024 | Resp Prelim Dec Re: Service of Dec of Disclosure | ☐ FL-141 Resp Prelim Dec Re: Service of Dec of Disclosure<br>• Page Count: 1 |
| 12/10/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 12/10/2024 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 12/10/2024 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 3 |
| 12/10/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 12/10/2024 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 9 |
| 11/22/2024 | Notice of Entry of Judgment (Family Law) | ☐ Notice of Entry of Judgment (Family Law)<br>• Page Count: 1 |
| 11/20/2024 | (Cancelled) Evidentiary Hearing<br>• Hearing Date: 11/20/2024 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S.<br>• Cancellation Reason: Vacated | ☐ D-106 Notice of Hearing<br>• Page Count: 2 |
| 11/12/2024 | Status-only judgment (JBSIS) | ☐ Status-only judgment (JBSIS)<br>• Page Count: 5 |
| 11/7/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 11/7/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 11/5/2024 | Request for Order Hearing<br>• Hearing Date: 11/5/2024 9:00 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 11/5/2024 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 3 |
| 10/29/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 10/29/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 10/29/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 2 |
| 10/29/2024 | Substitution of Attorney Civil (without Court Order) | ☐ Substitution of Attorney Civil (without Court Order)<br>• Page Count: 2 |
| 10/25/2024 | Ex Parte Hearing<br>• Hearing Date: 10/25/2024 8:30 AM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 10/24/2024 | Document Rejection E-Filing | N/A |
| 10/24/2024 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/24/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |
| 10/24/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 10/24/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 10/24/2024 | Proof of Service | ☐ Proof of Service<br>• Page Count: 1 |
| 10/24/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 10/24/2024 | Declaration | ☐ Declaration<br>• Page Count: 4 |
| 10/24/2024 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/24/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 3 |
| 10/24/2024 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 10/23/2024 | Lodgment Received | N/A |

Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 10/23/2024 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/22/2024 | Request for Order Hearing<br>• Hearing Date: 10/22/2024 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 10/22/2024 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 10/22/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 10/22/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 10/22/2024 | Petitioner's Income and Expense Declaration | ☐ FL-150 Petitioner's Income and Expense Declaration<br>• Page Count: 7 |
| 10/22/2024 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/22/2024 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 12 |
| 10/22/2024 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/22/2024 | Judgment Received | N/A |
| 10/21/2024 | Request for Order | ☐ FL-300 Request for Order<br>• Page Count: 11 |
| 10/18/2024 | Notice of Intent to Lodge Documents | ☐ D-235 Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/18/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 10/18/2024 | Lodgment Received | N/A |
| 10/18/2024 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents<br>• Page Count: 1 |
| 10/18/2024 | Lodgment Received | N/A |
| 10/18/2024 | Notice of Lodgment | ☐ Notice of Lodgment<br>• Page Count: 1 |
| 10/15/2024 | Notice of Intent to Lodge Documents | ☐ Documents<br>• Page Count: 1 |
| 10/15/2024 | Memorandum of Points & Authorities | ☐ Memorandum of Points & Authorities<br>• Page Count: 3 |

3/2/26, 5:11 PM                                                                    Electronic - Family Division

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 10/15/2024 | Declaration/Pleading | ☐ Declaration/Pleading <br> • Page Count: 5 |
| 10/15/2024 | Request for Order | ☐ FL-300 Request for Order <br> • Page Count: 4 |
| 10/15/2024 | Lodgment Received | N/A |
| 10/15/2024 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents <br> • Page Count: 1 |
| 10/7/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service <br> • Page Count: 1 |
| 10/4/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service <br> • Page Count: 1 |
| 10/3/2024 | (Cancelled) Ex Parte Hearing <br> • Hearing Date: 10/3/2024 8:30 AM <br> • Judicial Officer: MORRIS, CHRISTOPHER S. <br> • Cancellation Reason: Off Calendar by Respondent | N/A |
| 10/2/2024 | Declaration/Pleading | ☐ Declaration/Pleading <br> • Page Count: 10 |
| 10/2/2024 | Declaration Regarding Notice/Service of Temporary Orders | ☐ Declaration Regarding Notice/Service of Temporary Orders <br> • Page Count: 2 |
| 10/2/2024 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law <br> • Page Count: 1 |
| 9/30/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service <br> • Page Count: 1 |
| 9/30/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service <br> • Page Count: 1 |
| 9/30/2024 | Declaration/Pleading | ☐ Declaration/Pleading <br> • Page Count: 3 |
| 9/30/2024 | Responsive Declaration to Request for Order | ☐ Responsive Declaration to Request for Order <br> • Page Count: 5 |
| 9/25/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service <br> • Page Count: 1 |
| 9/20/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service <br> • Page Count: 1 |
| 9/19/2024 | Request for Order Hearing <br> • Hearing Date: 9/19/2024 1:45 PM <br> • Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 9/19/2024 | Minutes of the Family Court | ☐ Minutes of the Family Court <br> • Page Count: 2 |

| Event Date | Event Type | Documents |
|---|---|---|
| 9/19/2024 | Stipulation & Order | ☐ Stipulation & Order • Page Count: 4 |
| 9/17/2024 | Declaration of Respondent's Attorney | ☐ Declaration of Respondents Attorney • Page Count: 3 |
| 9/17/2024 | Declaration of Respondent | ☐ Declaration of Respondent • Page Count: 5 |
| 9/17/2024 | Respondent's Income and Expense Declaration | ☐ Respondent's Income and Expense Declaration • Page Count: 4 |
| 9/17/2024 | Request for Order | ☐ Request for Order • Page Count: 13 |
| 8/19/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 8/15/2024 | Request for Order | ☐ FL-300 Request for Order • Page Count: 10 |
| 8/12/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 7/25/2024 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage) • Page Count: 10 |
| 7/25/2024 | FOAH (Family, Custody/Support, Parentage) | ☐ FOAH (Family, Custody/Support, Parentage) • Page Count: 10 |
| 7/25/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |
| 7/25/2024 | Declaration/Pleading | ☐ Declaration/Pleading • Page Count: 2 |
| 7/24/2024 | Ex Parte Hearing • Hearing Date: 7/24/2024 8:30 AM • Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 7/24/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service • Page Count: 1 |
| 7/24/2024 | Substitution of Attorney Civil (without Court Order) | ☐ Substitution of Attorney Civil (without Court Order) • Page Count: 2 |
| 7/24/2024 | Request for Order | ☐ Request for Order • Page Count: 4 |
| 7/23/2024 | Lodgment Received | N/A |
| 7/23/2024 | Notice of Intent to Lodge Documents | ☐ Notice of Intent to Lodge Documents • Page Count: 1 |
| 7/23/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service • Page Count: 1 |

3/2/26, 5:11 PM

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 7/23/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 8 |
| 7/23/2024 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 7/19/2024 | Self Represented Family Resolution Conference<br>• Hearing Date: 7/19/2024 3:00 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | ☐ D-62 Notice to Appear<br>• Page Count: 4<br><br>☐ D-275 Notice of Rescheduled Hearing (Family)<br>• Page Count: 3 |
| 7/19/2024 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 7/18/2024 | Substitution of Attorney Civil (without Court Order) | ☐ MC-050 Substitution of Attorney Civil (without Court Order)<br>• Page Count: 2 |
| 6/13/2024 | Request for Order Hearing<br>• Hearing Date: 6/13/2024 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 6/13/2024 | Request for Order Hearing<br>• Hearing Date: 6/13/2024 1:45 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | N/A |
| 6/13/2024 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 6/13/2024 | Minutes of the Family Court | ☐ Minutes of the Family Court<br>• Page Count: 2 |
| 6/12/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 6/12/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 6/12/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 6/12/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 6/12/2024 | Proof of Electronic Service | ☐ Proof of Electronic Service<br>• Page Count: 1 |
| 6/12/2024 | Declaration | ☐ Declaration<br>• Page Count: 3 |
| 6/11/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 6/4/2024 | Declaration | ☐ Declaration<br>• Page Count: 10 |
| 6/4/2024 | Declaration | ☐ Declaration<br>• Page Count: 10 |

| Event Date | Event Type | Documents |
|---|---|---|
| 6/4/2024 | Declaration | ☐ Declaration<br>• Page Count: 10 |
| 6/4/2024 | Declaration | ☐ Declaration<br>• Page Count: 10 |
| 5/31/2024 | Responsive Declaration to Request for Order | ☐ FL-320 Responsive Declaration to Request for Order<br>• Page Count: 3 |
| 5/31/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 5 |
| 5/22/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 5/21/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 11 |
| 4/23/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 4/23/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 1 |
| 4/9/2024 | Substitution of Attorney Civil (without Court Order) | ☐ Substitution of Attorney Civil (without Court Order)<br>• Page Count: 2 |
| 4/5/2024 | FCS Child Custody Recommending Counseling - Court Referral<br>• Hearing Date: 4/5/2024 8:00 AM | 🔒 FCS-50 Child Custody Recommending Counseling<br>• Page Count: 5<br>🔒 FCS-53 FCS Case Disposition Data Sheet - CCRC<br>• Page Count: 1 |
| 3/18/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 3/15/2024 | Ex Parte Hearing<br>• Hearing Date: 3/15/2024 8:30 AM<br>• Judicial Officer: CHURCH, REBECCA O. | N/A |
| 3/15/2024 | Request for Order | ☐ Request for Order<br>• Page Count: 5 |
| 3/14/2024 | Proof of Electronic Service | ☐ POS-050 Proof of Electronic Service<br>• Page Count: 2 |
| 3/14/2024 | Notice of Remote Appearance | ☐ Notice of Remote Appearance<br>• Page Count: 3 |
| 3/14/2024 | Substitution of Attorney Civil (without Court Order) | ☐ Substitution of Attorney Civil (without Court Order)<br>• Page Count: 3 |
| 3/14/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 6 |
| 3/14/2024 | Declaration/Pleading | ☐ Declaration/Pleading<br>• Page Count: 4 |

| Event Date | Event Type | Documents |
|---|---|---|
| 3/14/2024 | Ex Parte Application and Order Family Law | ☐ Ex Parte Application and Order Family Law<br>• Page Count: 1 |
| 3/12/2024 | Notice of Change of Address | ☐ Notice of Change of Address<br>• Page Count: 2 |
| 3/12/2024 | Consent to Electronic Service and Notice of Electronic Notif | ☐ Consent to Electronic Service and Notice of Electronic Notif<br>• Page Count: 2 |
| 3/12/2024 | Consent to Electronic Service and Notice of Electronic Notif | ☐ Consent to Electronic Service and Notice of Electronic Notif<br>• Page Count: 2 |
| 3/12/2024 | Declaration | ☐ Declaration<br>• Page Count: 10 |
| 2/20/2024 | FCS Child Custody Recommending Counseling – Pre RFO<br>• Hearing Date: 2/20/2024 8:00 AM | 🔒 FCS-50 Child Custody Recommending Counseling<br>• Page Count: 2<br>🔒 FCS-53 FCS Case Disposition Data Sheet - CCRC<br>• Page Count: 1 |
| 2/20/2024 | FCS Failure to Appear-Child Custody Recommending Counseling | ☐ FCS Failure to Appear-Child Custody Recommending Counseling<br>• Page Count: 1 |
| 2/2/2024 | Proof of Service by Mail | ☐ Proof of Service by Mail<br>• Page Count: 1 |
| 1/27/2024 | Notice of Case Reassignment | N/A |
| 1/25/2024 | Resp Prelim Dec Re: Service of Dec of Disclosure | ☐ Resp Prelim Dec Re: Service of Dec of Disclosure<br>• Page Count: 1 |
| 1/17/2024 | Request for Order | ☐ Request for Order<br>• Page Count: 8 |
| 1/8/2024 | Case Status Conference<br>• Hearing Date: 1/8/2024 1:30 PM<br>• Judicial Officer: MORRIS, CHRISTOPHER S. | ☐ D-300 Notice of Case Status Conference<br>• Page Count: 4 |
| 1/8/2024 | FLF Case Status Conference Notes | ☐ FLF Case Status Conference Notes<br>• Page Count: 1 |
| 10/9/2023 | Proof of Service by Mail | ☐ Proof of Service by Mail<br>• Page Count: 1 |
| 10/9/2023 | Pet Prelim Dec Re: Service of Dec of Disclosure | ☐ Pet Prelim Dec Re: Service of Dec of Disclosure<br>• Page Count: 1 |
| 7/3/2023 | Case Status Conference<br>• Hearing Date: 7/3/2023 8:30 AM<br>• Judicial Officer: Pippins, Victor N. | ☐ D-300 Notice of Case Status Conference<br>• Page Count: 4 |
| 7/3/2023 | FLF Case Status Conference Notes | ☐ FLF Case Status Conference Notes<br>• Page Count: 1 |
| 2/28/2023 | Proof of Service by Mail | ☐ Proof of Service by Mail<br>• Page Count: 1 |

Documents

| Event Date | Event Type | Documents |
|---|---|---|
| 2/17/2023 | UCCJEA | ☐ UCCJEA<br>• Page Count: 2 |
| 2/17/2023 | Response – Marriage/Domestic Partnership | ☐ Response – Marriage/Domestic Partnership<br>• Page Count: 3 |
| 2/7/2023 | Proof of Service of Summons (Family Law) | ☐ Proof of Service of Summons (Family Law)<br>• Page Count: 2 |
| 1/19/2023 | Notice of Case Assignment | ☐ Notice of Case Assignment<br>• Page Count: 4 |
| 1/19/2023 | UCCJEA | ☐ UCCJEA<br>• Page Count: 2 |
| 1/19/2023 | Summons (Family Law) | ☐ Summons (Family Law)<br>• Page Count: 2 |
| 1/19/2023 | Family Law Certificate of Assignment | ☐ Family Law Certificate of Assignment<br>• Page Count: 1 |
| 1/19/2023 | Petition-Marriage | ☐ Petition-Marriage<br>• Page Count: 3 |

Add to Cart

® 2021 - San Diego Superior Court

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 7

THE EXTORTIONATE INTERSTATE WIRES (OCTOBER & Dec 2025)

**Description of Evidence:** This exhibit contains true and correct copies of the October 26 and December 18&19, 2025, email transmissions executed by Defendant Saatjian. These documents represent the primary predicate acts of Federal Extortion (18 U.S.C. § 1951). In these interstate transmissions, Defendant explicitly threatens Plaintiff with criminal prosecution and the manufacturing of a restraining order if she refuses to surrender her civil right to petition the court.

**From:** Peter Saatjian peter.saatjian@gmail.com
**Subject:** Re: Serve via email Peter Saatjian attorney fro Brett Truitt the following documents: 1. Respondent's Declaration and Memorandum ISO RFO for Nov 20 Hearing RE Set Aside Bifurcation from Oct 22, 2024 and Other RFOs; 2. Proof of Service .
**Date:** October 26, 2025 at 8:24 AM
**To:** Cristina Lancranjan lancranjan.cristina@gmail.com

This is not valid service.

The court is not going to read this. You are not permitted to file unlimited documents in support of your motion.

Its just more falsities and perjury anyway.

The court's valid orders and judgment will not be set aside. Accept it and move on. Perhaps if you spent 1% of this effort in finding employment, Alex would be much better off.

Ive had enough of your perjury. I'm going to be putting in a report to the DA with all the evidence of your perjury so you can be prosecuted for it.

I told you, I promised you. I will hold you accountable, since no one, not even yourself, ever has.

Peter Saatjian, Esq.
PS Law, APC
11622 El Camino Real, Ste. 100
San Diego, CA 92130
t.: (818)606-1654

On Sat, Oct 25, 2025 at 11:12 PM Cristina Lancranjan <lancranjan.cristina@gmail.com> wrote:
Hello,  please serve via email Peter Saatjian attorney fro Brett Truitt  at peter.saatjian@gmail.com, the following documents:

**1. Respondent's Declaration and Memorandum ISO RFO for Nov 20 Hearing RE Set Aside Bifurcation from Oct 22, 2024 and Other RFOs**
2. Complete the Proof Of Service

After service, please send me the completed Proof of service

Thank you

Best,
Cristina

**From:** Peter Saatjian peter.saatjian@gmail.com
**Subject:** Re: Ex Parte Notice for December 19, 2025 at 8:30 a.m.
**Date:** December 18, 2025 at 2:05 PM
**To:** Cristina Lancranjan lancranjan.cristina@gmail.com

Here are the filed pleadings from our application.

Please serve me with the documents you are trying to e-file that are getting rejected. You have them ready, please serve them.

On Thu, Dec 18, 2025 at 10:50 AM Peter Saatjian <peter.saatjian@gmail.com> wrote:

Ms. Lancranjan,

First, stop your intimidation tactics.

Second, stop lying.

Third, thank you for trying to educate me with Chat GPT.

I never said you cant respond to the ex parte. You're welcome to oppose it but you cannot ask for affirmative relief unrelated to the requests in the application.

You literally noticed your own ex parte application for relief not requested in Mr. Truitt's application, namely to vacate trial. It is that application you are prohibited from bringing without an attorney or forensic per the courts orders from 12/2.

I intend to show the court your declaration from this week under oath wherein you claim you are not a vexatious litigant because you believe the order was void.

Ms. Salcido did not have a "medical emergency". In my opinion, she realized you lied to her about how much money she can receive and lied to her about many facts including the false claim that there's an active criminal investigation against me. Please be advised that making a false criminal complaint is a misdemeanor.

Good luck to you, you are on notice.

Peter Saatjian, Esq.
PS Law, APC
11622 El Camino Real, Ste. 100
San Diego, CA 92130
t.: (818)606-1654

On Thu, Dec 18, 2025 at 10:20 AM Cristina Lancranjan <lancranjan.cristina@gmail.com> wrote:

**Mr. Saatjian,**

First, **cease your intimidation tactics immediately.** Your threats of "contempt" and "sanctions" are baseless and clearly intended to deter me from appearing to defend my rights.

Second, regarding your assertion that I am violating the pre-filing order: **You need to learn what the Vexatious Litigant statute actually does and does not do.**

1. **Right to Respond:** The pre-filing order prevents me from initiating *new*, **frivolous litigation**. It does **not** strip me of my Due Process right to appear and **respond** to an Ex Parte application *you* filed against me. You noticed a hearing to seize the last remaining community funds; I have the absolute right to file an Opposition and a Counter-Request regarding those same funds at that same hearing.

2. **Legal Impossibility:** Your argument that I must have an attorney to request funds *to hire* an attorney is a logical and legal paradox. I am appearing Pro Per solely because my retained counsel, Ms. Salcido, withdrew yesterday due to a medical emergency. I cannot be penalized for an "Act of God" that occurred 48 hours before trial.

3. **Court Authorization:** As previously stated, Judge Morris explicitly authorized this specific request on the record on December 2.

I am not filing "new litigation." I am **responding** to your Ex Parte application and informing the Court of the medical emergency regarding my counsel.

**Cristina Lancranjan**

On Dec 18, 2025, at 10:09 AM, Peter Saatjian <peter.saatjian@gmail.com> wrote:

Remarkable how you hired an attorney to bring an ex parte application for fees, then claim its legally impossible to do so...

Ms. Lancranjan, you are on notice. The court ordered an exception that you have to have an attorney making the application

stating how much they need and a time estimate. If you violate the pre filing orders, I will be pursuing all available remedies against you.

Peter Saatjian, Esq.
PS Law, APC
11622 El Camino Real, Ste. 100
San Diego, CA 92130
t.: (818)606-1654

On Thu, Dec 18, 2025 at 9:35 AM Cristina Lancranjan <lancranjan.cristina@gmail.com> wrote:

**Mr. Saatjian,**

Your interpretation is incorrect and creates an impossible legal paradox.

On December 2, Judge Morris authorized me to seek funds specifically **for the purpose of retaining counsel**. It is logically impossible to require an attorney to file the initial request for funds to *hire* that very attorney.

Furthermore, I **had** retained counsel (Ms. Salcido) who was prepared to make this application, but she was forced to withdraw yesterday due to a medical emergency. I cannot be penalized or silenced because my attorney fell ill 48 hours before the hearing.

I will be appearing Ex Parte tomorrow to present these facts, the medical evidence, and the counter-request for funds as authorized by the Court.

**Cristina Lancranjan**

> On Dec 18, 2025, at 9:30 AM, Peter Saatjian <peter.saatjian@gmail.com> wrote:
>
> With an attorney making the application, not pro per.. You are on notice.
>
> Peter Saatjian, Esq,
> PS Law, APC
> 11622 El Camino Real, Ste. 100
> San Diego, CA 92130
> t.: (818)606-1654
>
> On Thu, Dec 18, 2025 at 9:28 AM Cristina Lancranjan <lancranjan.cristina@gmail.com> wrote:
>
> > **Mr. Saatjian,**
> >
> > On December 2, 2025, Judge Morris explicitly ruled on the record that I was authorized to file an Ex Parte application regarding the retention of counsel and the release of funds without a pre-filing order.
> >
> > I am proceeding specifically under that direct authorization from the Court.
> >
> > See you tomorrow.
> >
> > **Cristina Lancranjan**
> >
> > > On Dec 18, 2025, at 9:26 AM, Peter Saatjian <peter.saatjian@gmail.com> wrote:
> > >
> > > Ok. Just make sure to get preapproval from the presiding judge or face a potential contempt of the vexatious litigant pre-filing orders. I will pursue that remedy in addition to sanctions.
> > >
> > > Peter Saatjian, Esq.
> > > PS Law, APC
> > > 11622 El Camino Real, Ste. 100
> > > San Diego, CA 92130
> > > t.: (818)606-1654
> > >
> > > On Thu, Dec 18, 2025 at 9:19 AM Cristina Lancranjan <lancranjan.cristina@gmail.com> wrote:
> > >
> > > > **Peter,**
> > > >
> > > > **I have received your notice for the Ex Parte hearing on Friday, December 19, 2025.**
> > > >
> > > > **TAKE NOTICE that at the same hearing, I will appear to oppose your request and to move the Court for the**

following emergency orders:

1. **Vacate Trial Date:** An emergency continuance of the Jan 5, 2026 trial due to the medical withdrawal of my counsel, DeAnn Salcido pending retaining new attorney.

2. **Release of Funds to Respondent:** An order denying your request for the remaining $35,000 in the Schulman Trust, and instead releasing those funds to me (Respondent) to retain successor counsel and the forensic expert, consistent with the Court's December 2 indication.

3. **Emergency Housing Funds:** Release of $15,000 from community funds to prevent my immediate homelessness and to secure a new lease.

I will submit and serve you with my Responsive Declaration and Counter-Application to the Court when they are completed, pursuant to Court Rules.

Cristina Lancranjan

On Dec 18, 2025, at 8:37 AM, Peter Saatjian <peter.saatjian@gmail.com> wrote:

Cristina,

Attached are the operative ex parte pleadings for tomorrow.

Governed accordingly,

On Wed, Dec 17, 2025 at 10:09 AM Peter Saatjian <peter.saatjian@gmail.com> wrote:

Cristina,

Please consider this email as **ex parte notice** for Friday, December 19, 2025, at 8:30 a.m. in Dept. 702 of the San Diego Superior Court, 1100 Union Street, San Diego, CA 92101.

Mr. Truitt is seeking an order for the immediate release of the $35,000 held in trust by Moore, Schulman, & Moore, APC, which has already been awarded to him as his share of the community property milestone payments pursuant to the ruling from June 24, 2025, for attorney's fees for trial and for living expenses.

I will serve you with the operative pleadings when they are complete, pursuant to Court Rules.

--
Peter Saatjian, Esq.
PS Law, APC
11622 El Camino Real, Ste. 100
San Diego, CA 92130
t.: (818)606-1654

--
Peter Saatjian, Esq.
PS Law, APC
11622 El Camino Real, Ste. 100
San Diego, CA 92130
t.: (818)606-1654
<Truitt; Dec of CL ISO Ex Parte for Release of Funds (signed).pdf><Truitt; Dec of PS ISO Ex Parte for Fees (signed).pdf><Truitt; Ex Parte Application and Order - FL, for our Ex Parte 12-19-2025 (signed).pdf><Truitt; RFO (FL-300) for our Ex Parte App (signed).pdf><Truitt; POES for our Ex Parte App Pleadings.pdf>

--
Peter Saatjian, Esq.
PS Law, APC
11622 El Camino Real, Ste. 100
San Diego, CA 92130
t.: (818)606-1654







Truitt; POES for our Ex...25).pdf     Truitt; Dec of CL ISO Ex...25).pdf     Truitt; Dec of PS ISO Ex...25).pdf

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

LANCRANJAN v. SAATJIAN, et al.

Case:26-CV-02817-BAS-VET

EXHIBIT 8

THE UNCONSTITUTIONAL "VEXATIOUS LITIGANT" PRE-FILING INJUNCTION (DEC 2, 2025)

**Description of Evidence:** This exhibit contains a copy of the December 2, 2025, "Vexatious Litigant" order. Plaintiff does not incorporate this document to seek appellate review of its merits, but rather strictly as documentary proof of the ongoing Deprivation of Civil Rights (42 U.S.C. § 1983) and the culmination of the Enterprise's extortionate leverage. This order represents the unconstitutional gag order procured by Defendant Saatjian, which is currently being weaponized by the Enterprise to paralyze Plaintiff's 1st Amendment rights and structurally bar her from defending the remainder of her estate.

VL-100

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (To be completed only if a party is making the motion) STATE BAR NUMBER | **FOR COURT USE ONLY** |

NAME: Peter Saatjian, Esq. (SBN 293662)

FIRM NAME: PS Law, APC

STREET ADDRESS: 11622 El Camino Real, Ste. 100

CITY: San Diego    STATE: CA    ZIP CODE: 92130

TELEPHONE NO.: (818)606-1654    FAX NO:

E-MAIL ADDRESS: peter.saatjian@gmail.com

ATTORNEY FOR (name): Brett F. Truitt

☐ COURT OF APPEAL,    APPELLATE DISTRICT, DIVISION

☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego

STREET ADDRESS: 1100 Union Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME: Central Courthouse

CASE NAME: Brett Franklin Truitt vs. Cristina Maria Lancranjan

**FILED**
San Diego Superior Court

**JAN 08 2026**

Clerk of the Superior Court

By: _____J. Young_____, Deputy

| PREFILING ORDER—VEXATIOUS LITIGANT | CASE NUMBER: 23FL000584C |
|---|---|

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:
CRISTINA MARIA LANCRANJAN
1011 Union St., Apt. 1205
San Diego, CA 92101

2. This prefiling order is entered pursuant to a motion made by ☐ the court ☒ party (name):
Brett Franklin Truitt

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the Judicial Council of California by fax at 415-865-4329 or by mail at the address below.

> Vexatious Litigant Prefiling Orders
> Judicial Council of California
> 455 Golden Gate Avenue
> San Francisco, California 94102-3688

Date: _____0 8 JAN 2026_____

_____CHRISTOPHER S. MORRIS_____
JUDICIAL OFFICER

Form Adopted for Mandatory Use
Judicial Council of California
VL-100 [Rev. September 1, 2018]

CEB Essential Forms

**PREFILING ORDER—VEXATIOUS LITIGANT**

Page 1 of 1

Code of Civil Procedure, § 391.7
www.courts.ca.gov

Truitt, Brett

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
Central Division
1100 Union Street, Rm 450
San Diego CA  92101

**SHORT TITLE:** TRUITT, BRETT FRANKLIN VS LANCRANJAN, CRISTINA MARIA [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
|---|---|
| | 23FL000584C |

I certify that I am not a party to this cause. I certify that a true copy of **Prefiling Order - Vexatious Litigant** was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below.  The mailing and this certification occurred at San Diego, California on 1/9/2026.

Clerk of the Court, by: _____ *J. Young* _____ , Deputy

PETER SAATJIAN
LAW OFFICES OF PETER SAATJIAN
11622 EL CAMINO REAL
SUITE100
SAN DIEGO, CA  92130

T.  HEALOHA LEE
ALOHA LAW PC
10620 TREENA STREET, STE  230-6262
SAN DIEGO, CA  92131

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

Court of Appeal
Fourth Appellate District

FILED ELECTRONICALLY
02/04/2026
Brandon L. Henson, Clerk
By: Lily Silva

In re the Marriage of BRETT FRANKLIN TRUITT and CRISTINA MARIA LANCRANJAN.

_____

BRETT FRANKLIN TRUITT,
Respondent,
v.
CRISTINA MARIA LANCRANJAN,
Appellant.
**D086958**
**San Diego County Super. Ct. No. 23FL000584C**

THE COURT:

The court has received Appellant's Request for Permission to Appeal from the December 2, 2025, order. (Code of Civ. Proc. sec. 391.7, subd. (b).)

Appellant's appeal from the December 2, 2025 order declaring her a vexatious litigant and imposing prefiling requirements may proceed.

Appellant also purportedly appeals from a December 2, 2025 custody and visitation order.  The December 2, 2025 minutes reflect that the court directed respondent Brett Truitt to prepare and send an order after hearing to appellant for approval.   As we have previously explained, a minute order is not appealable where it directs a party to prepare a final written order or judgment.  (*Luo v. Volokh* (2024) 102 Cal.App.5th 1312, 1326.)  *In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406 does not provide an exception, as it states that a minute order is not appealable if it "specifically recites that a formal order is to be prepared," as the minute order does in this case.  (*Id.* at p. 1410.)  Accordingly, within 15 days of this order, appellant shall file signed and filed copies of the order related to the December 2, 2025 custody and visitation hearing.   The failure to do so may result in dismissal of the appeal from this order.


MCCONNELL
_____
Presiding Justice


cc:  All Parties

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

**LANCRANJAN v. SAATJIAN, et al.**

**Case:26-CV-02817-BAS-VET**

**EXHIBIT 9**

**CALIFORNIA COURT OF APPEAL COMMUNICATIONS (CASE NO. D086958)**

**Description of Evidence:** This exhibit encompasses the October 2025 expedited appellate grant, and subsequent acceptances of appellate review (Feb 4, April 13, and April 20, 2026). These documents are incorporated strictly as documentary proof of Defendant's ongoing Abuse of Process and Extrinsic Fraud. Specifically, they establish the timeline proving Defendant maliciously withheld drafted orders in late 2025 to run out appellate clocks and intentionally obstruct Plaintiff's right to petition. Furthermore, they prove Defendant acted in bad faith by continuing to weaponize the structurally blinded trial court to advance his extortionate scheme, despite possessing actual knowledge that Plaintiff's perfected appeals had legally triggered a mandatory statutory stay (CCP § 916).

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

Court of Appeal
Fourth Appellate District

**FILED ELECTRONICALLY**
*10/15/2025*
Brandon L. Henson, Clerk
By: Lily Silva

In re the Marriage of BRETT FRANKLIN TRUITT and CRISTINA MARIA LANCRANJAN.

_____

BRETT FRANKLIN TRUITT,
Respondent,
v.
CRISTINA MARIA LANCRANJAN,
Appellant.
**D086958**
**San Diego County Super. Ct. No. 23FL000584C**

THE COURT:

On the Court's own motion calendar preference is GRANTED. The appeal is expedited. No extensions of time will be granted except upon stipulation of the parties or on a strong showing of good cause. The appeal will be placed upon the first available calendar following completion of briefing.

MCCONNELL
Presiding Justice

cc: All Parties

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

Court of Appeal
Fourth Appellate District

**FILED ELECTRONICALLY**

*04/20/2026*

Brandon L. Henson, Clerk
By: Lily Silva

In re the Marriage of BRETT FRANKLIN TRUITT and CRISTINA MARIA LANCRANJAN.

_____

BRETT FRANKLIN TRUITT,
Respondent,
v.
CRISTINA MARIA LANCRANJAN,
Appellant.
**D086958**
**San Diego County Super. Ct. No. 23FL000584C**

THE COURT:

The court has received Appellant's Request for Permission to Appeal from the February 11, 2026 Findings and Orders After Hearing (FOAH). (Code of Civ. Proc. sec. 391.7, subd. (b).) The application asks to appeal three orders contained in two February 11, 2026 FOAHs.

The request for permission to appeal the three orders is GRANTED. (Code of Civ. Proc., § 391.7, subd. (b).) The appeal from the February 11, 2026 FOAHs is limited to whether the court erred when it denied the motion to set aside May 15, 2025 and June 24, 2025 FOAHs; denied the request to set aside the Judgment – Status Only filed on November 12, 2024; and granted $10,000 in sanctions against appellant. The matter will proceed in accordance with the California Rules of Court.

MCCONNELL
_____
Presiding Justice

cc: All Parties