**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRISTINA LANCRANJAN,<br>Plaintiff,<br>v.<br>PETER SAATJIAN *et al*.,<br>Defendants. | Case No. 26-cv-02817-BAS-VET<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION FOR PRO BONO COUNSEL (ECF No. 7);**<br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS (ECF No. 21);**<br>**(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT (ECF No. 22);**<br>**(4) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE EXHIBITS THROUGH ELECTRONIC STORAGE MEDIA (ECF No. 6); AND** |

(5) **GRANTING PLAINTIFF'S MOTION REQUESTING JUDICIAL NOTICE OF ATTEMPTED SERVICE WAIVERS UNDER RULE 4(D) (ECF No. 28)**

Pending before the Court are Plaintiff Cristina Lancranjan's: (1) motion for pro bono counsel (ECF No. 7), (2) motion for alternative service of process (ECF No. 21), (3) motion for leave to serve exhibits through electronic storage media (ECF No. 6), (4) motion to supplement (ECF No. 22), and (5) motion requesting judicial notice of attempted service waivers under Rule 4(d) (ECF No. 28).

For the reasons below, the Court **DENIES** Plaintiff's motion for pro bono counsel. (ECF No. 7.) However, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions for alternative service of process (ECF Nos. 21, 22); and **GRANTS** Plaintiff's other service-related motions. (ECF Nos. 6, 28.)

## I. MOTION FOR PRO BONO COUNSEL (ECF No. 7)

Unlike criminal defendants, indigent civil litigants have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even assuming Plaintiff is an indigent civil litigant, Plaintiff has not alleged any exceptional circumstances warranting appointment of pro bono counsel—especially given the early stage of proceedings. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (two factors determine whether exceptional circumstances exist: (1) the likelihood

of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved).

Therefore, though Plaintiff contends that the current case involves complex claims, the Court **DENIES** Plaintiff's motion for appointment of pro bono counsel at this time. (ECF No. 7.)

## II. MOTION FOR ALTERNATIVE SERVICE OF PROCESS AND TO SUPPLEMENT (ECF Nos. 21, 22)

Under Federal Rule of Civil Procedure 4(e)(1), plaintiffs may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). California—the state in which the Court sits—allows for five basic methods of service: (1) personal delivery to the party; (2) delivery to someone else at the party's usual residence or place of business; (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10–50. Alternatively, California Code of Civil Procedure Section 413.30 permits the court to "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30.

Prior to seeking alternative service of process under Cal. Civ. Proc. Code § 413.30, Plaintiff must first demonstrate that she exercised "reasonable diligence" in attempting to serve Defendants through other means of service specified in the California Code of Civil Procedure, including "personal delivery . . . to the person to be served" (Cal. Civ. Proc. Code § 415.10(a)). California state courts have held that "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992).

Here, Plaintiff claims her process server attempted to personally serve Defendants David Schulman, Peter Saatjian, and PS Law, SPC at their places of residence and

business—and attempted to serve each Defendant multiple times. (*See* ECF Nos. 21-1 ¶ 4, 22 ¶ 4 (attempted to serve Defendant David Schulman at workplace three times); ECF Nos. 21-1 ¶ 4, 22 ¶ 3 (attempted to serve Defendant Peter Saatjian at residence at least five times); ECF No. 22 at 12 (attempted to serve Defendant PS Law, SPC via serving employee Defendant Peter Saatjian at place of business at least twice).) Thus, the Court finds Plaintiff has exercised reasonable diligence in attempting to serve the aforementioned Defendants.

Plaintiff seeks the Court's approval for the following methods of service: (1) certified mail; (2) electronic mail; (3) delivery to professional office suites; and (4) delivery to residential addresses of record. (ECF Nos. 21 at 2, 21-1 ¶ 5.) Plaintiff supplements her request through a Declaration filed at ECF No. 22.

As a threshold matter, certified mail, delivery to professional addresses, and delivery to residential addresses are permissible methods of service under Cal. Civ. Proc. Code §§ 415.20–30. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (2013) ("Neither service by mail nor substituted service requires the plaintiff to obtain permission of the court before using the alternative to personal service."). Thus, the Court **GRANTS** Plaintiff's request to serve Defendants through certified mail, delivery to professional addresses, and delivery to residential addresses. (ECF Nos. 21, 22)

However, to electronically serve Defendants David Schulman, Peter Saatjian, and PS Law, SPC, Plaintiff must propose specific email addresses to serve each Defendant and describe how Plaintiff has ascertained that those email addresses are still active. *See Creative Intellects v. Haygood*, No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021) (finding email service reasonably calculated where the plaintiff did not receive any bounce-back email *and* where the defendant admitted to receiving the email over a phone call with the plaintiff's counsel under Cal. Civ. Proc. Code § 413.30); *see also LawRank LLC v. LawRankSEO.com*, No. 21-CV-04515-HSG, 2021 WL 4461592, at *2 (N.D. Cal. Sept. 29, 2021) (denying service by email under Cal. Civ. Proc. Code § 413.30 where the plaintiff did not receive any response, including a bounce-back email).

Since Plaintiff has not done so, the Court **DENIES** Plaintiff's request to electronically serve Defendants. (ECF Nos. 21, 22.)

## III. MOTION FOR LEAVE TO SERVE EXHIBITS THROUGH ELECTRONIC STORAGE MEDIA (USB) (ECF No. 6)

Plaintiff seeks to serve exhibits accompanying a paper copy of the complaint through USB drives. (ECF No. 6.) Since the Court grants in part Plaintiff's motion for alternative service of process (ECF Nos. 21, 22) and Plaintiff's request does not meaningfully change the methods of service now approved by the Court (certified mail, delivery to professional addresses, and delivery to residential addresses), the Court also **GRANTS** Plaintiff's motion for leave to serve exhibits through USB. (ECF No. 6.)

## IV. MOTION REQUESTING JUDICIAL NOTICE OF ATTEMPTED SERVICE WAIVERS UNDER RULE 4(D) (ECF No. 28)

Federal Rule of Evidence 201 allows the Court to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may take judicial notice of documents that are matters of public record. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (When determining whether a complaint fails to state a claim, a district court may take "judicial notice of matters of public record outside the pleadings.").

Courts within this Circuit have taken judicial notice of declarations of service attempts when those attempts have been previously filed on a public docket. *See Smadja v. PetSmart, Inc.*, No. CV 17-654 DMG (PLAx), 2017 WL 1483322, at *1 n.1 (C.D. Cal. Apr. 21, 2017). This Court agrees, and **GRANTS** Plaintiff's motion for judicial notice (ECF No. 28)—since Plaintiff has previously filed her process server's attempts on the public docket in this action.

## V. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for pro bono counsel. (ECF No. 7.) However, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's

motions for alternative service of process (ECF Nos. 21, 22); and **GRANTS** Plaintiff's other service-related motions. (ECF Nos. 6, 28.)

**IT IS SO ORDERED.**

**DATED: August 14, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**